IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH,<br><br>        Plaintiff,<br><br>v.<br><br>BARBARA T. ALEXANDER, STEPHEN M. BENNETT, DONALD G. CRUICKSHANK, RAYMOND V. DITTAMORE, THOMAS W. HORTON, IRWIN M. JACOBS, PAUL E. JACOBS, ROBERT E. KAHN, SHERRY LANSING, DUANE NELLES, FRANCISCO ROS, BRENT SCOWCROFT, MARC I. STERN, WILLIAM E. KEITEL, STEVEN R. ALTMAN, STEVEN M. MOLLENKOPF, DONALD J. ROSENBERG and QUALCOMM INCORPORATED,<br>        Defendants,<br><br>-and-<br><br>QUALCOMM INCORPORATED,<br><br>        Nominal Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

### VERIFIED COMPLAINT

Plaintiff alleges, upon information and belief based upon, *inter alia*, the investigation made by and through his attorneys, except as to those allegations that pertain to the Plaintiff himself, which are alleged upon knowledge, as follows:

### JURISDICTION

1. The jurisdiction of this Court is founded upon: (a) federal question jurisdiction, pursuant to § 27 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78aa, and 28 U.S.C. § 1331; (b) diversity of citizenship, 28 U.S.C. § 1332; and (c)

1

supplemental jurisdiction, 28 U.S.C. § 1367. The plaintiff is a citizen of the state of Maine. The defendants are all citizens of jurisdictions other than Maine. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. The claims herein arise under § 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9, 17 C.F.R. § 240.14a-9, of the United States Securities and Exchange Commission (the "SEC") promulgated thereunder, SEC Schedule 14A, 17 C.F.R. § 240.14a-101, Item 402 of Reg. S-K, 17 C.F.R. § 229.402 (Feb. 28, 2010), and the laws of Delaware. In addition, § 162(m) of the Internal Revenue Code ("IRC" or the "Code"), 26 U.S.C. § 162(m), and the Treasury Regulation, 26 C.F.R. § 1.162-27, are applicable.

3. Plaintiff brings this action directly on behalf of himself and derivatively in the right of and for the benefit of nominal defendant Qualcomm Incorporated ("Qualcomm" or the "Company") against Qualcomm's board of directors and certain of Qualcomm's senior officers, to recover specific equitable relief for the false or misleading proxy statement, filed by the Company with the SEC on January 20, 2011 (the "Proxy Statement") and distributed in advance of the annual meeting of Qualcomm shareholders that was held on March 8, 2011, and to hold defendants liable for breach of their fiduciary duties of care and loyalty.

4. The 2011 Proxy Statement failed to comply with the Exchange Act, SEC Regulations, Treasury Regulations, and Delaware law governing the contents of proxy statements. The Proxy Statement solicited stockholder approval of the Qualcomm 2006 Long-Term Incentive Plan ("2006 LTIP") as amended at the annual meeting of the stockholders of the Company set for March 8, 2011.

5. This action is not a collusive one to confer jurisdiction that the court would otherwise lack. This action does not allege securities fraud or any other fraud. It does not seek

to recover damages, but rather specific, equitable relief. This is an action based on the false or misleading Proxy Statement and on breach of fiduciary duty, and the consequential harm to the Company that flowed directly from these wrongs.

## PARTIES

6. Plaintiff has been a stockholder of Qualcomm Incorporated since October 29, 2010, and has been such continuously since then.

7. Defendants Barbara T. Alexander, Stephen M. Bennett, Donald G. Cruickshank, Raymond V. Dittamore, Thomas W. Horton, Irwin M. Jacobs, Paul E. Jacobs, Robert E. Kahn, Sherry Lansing, Duane Nelles, Francisco Ros, Brent Scowcroft and Marc I. Stern are all the members of the Company's board of directors (collectively, the "Director Defendants"). In their capacities as directors, they are each responsible as fiduciaries to the Company and its shareholders. The Director Defendants authorized the distribution of the 2011 Proxy Statement for the annual meeting of stockholders held on March 8, 2011.

8. Defendants Paul E. Jacobs, William E. Keitel, Steven R. Altman, Stephen M. Mollenkopf, and Donald J. Rosenberg (collectively, the "Executive Defendants") were the Company's Named Executive Officers as defined in 17 C.F.R. § 229.402(a)(3), Covered Employees as defined in Internal Revenue Code § 162(m)(3), and Officers as defined in 10 Del. C. § 3114(b).

9. Defendants Bennett, Scowcroft and Stern are all members of the compensation committee of the Company's board of directors. Defendant Bennett serves as chair of the compensation committee. The members of the compensation committee assist the Board in fulfilling its responsibilities for the compensation of the Company's executive officers and non-employee directors.

10. The Company is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended September 26, 2010. As of November 1, 2010, it had 1,617,713,293 shares of stock outstanding. The Company's stock is traded on the NASDAQ under the symbol "QCOM." Qualcomm engages in the development, design, manufacture and marketing of digital wireless telecommunications products and services. The Company operates in four segments: Qualcomm CDMA Technologies (QCT), Qualcomm Technology Licensing (QTL), Qualcomm Wireless and Internet (QWI), and Qualcomm Strategic Initiatives (QSI).

## WRONGFUL ACTS AND OMISSIONS

11. In connection with the acts, omissions, conduct, and wrongs alleged herein, defendants used the mails and the means or instrumentalities of interstate commerce in committing the wrongs alleged herein.

12. The Director Defendants authorized the distribution of the Proxy Statement for the annual meeting of stockholders scheduled for March 8, 2011. In that Proxy Statement, the directors solicited the Company's stockholders' proxies for, *inter alia*, approval of the 2006 LTIP as amended. The Company and the defendants permitted the use of their names in the Proxy Statement to solicit proxies.

13. With respect to the solicitation of proxies for the annual meeting of stockholders set for March 8, 2011, the Proxy Statement contained materially false or misleading statements, as set forth herein. As a result, the Proxy Statement deprived the stockholders of the ability to assess the information provided therein for the purposes of voting for the 2006 LTIP as amended. The 2006 LTIP as amended provides for stock based compensation and for performance awards paid in equity or in cash meant to qualify under the Internal Revenue Code ("IRC," "26 U.S.C.," the "Tax Code," or the "Code") § 162(m).

14. IRC § 162(m) subjects publicly held corporations, such as the Company, to special restrictions concerning the compensation paid to Covered Employees, sometimes referred to as the "Named Executive Officers." Whereas IRC § 162(a)(1) generally allows the Company to take an income tax deduction for "a reasonable allowance for salaries or other compensation for personal services actually rendered" by its employees, IRC § 162(m) imposes requirements that must be met in order for the annual compensation to the Company's Covered Employees in excess of $1 million to be tax-deductible. The Covered Employees whose compensation is subject to these restrictions are those officers whose total individual compensation is, under the Exchange Act required to be reported to the stockholders each year. IRC § 162(m)(3). Besides the CEO, the Covered Employees are the "four highest compensated officers." Treas. Reg. §1.162-27(c)(2)(i)(B). Currently this information is reported in the annual proxy statement. The SEC refers to the Covered Employees as "the Named Executive Officers." Compensation paid to the Company's Covered Employees in excess of $1 million per year each is not deductible unless it is paid in compliance with the requirements of IRC § 162(m) and its implementing regulation, Treas. Reg. § 1.162-27.

15. The United States Treasury has promulgated regulations concerning IRC § 162(m). *See* Treas. Reg. § 1.162-27. Covered Employees are the persons for whom tax-deductible compensation awards must meet the statutory standards. IRC § 162(m)(4)(A); Treas. Reg. § 1.162-27(b). The 2011 Proxy Statement identifies these executives in its Summary Compensation Table and reports their compensation for the past three years.

16. Congress enacted IRC § 162(m) in 1993 as part of its important, historic, long-standing effort to regulate corporate affairs in favor of stockholders and other investors, as a counterweight to the policies of many states to regulate corporations in favor of officers,

directors, and other insiders. Here, Congress employed the Code as an instrument of corporate governance. As the Joint Committee on Taxation said, *"The $1 million deduction limitation reflects corporate governance issues regarding excessive compensation, rather than issues of tax policy."* Joint Committee on Taxation, Report of Investigation of Enron Corporation and Related Entities Regarding Federal Tax and Compensation Issues and Policy Recommendations, 2003 WL 25599037 n.2211 and accompanying text (2003). The purpose of IRC § 162(m) is to align the performance incentive with the interests of shareholders. *See* Internal Revenue Service Chief Counsel Attorney Memorandum, IRS AM 2009-006, 2009 WL 2138881 (July 17, 2009).

17. Though the purpose of IRC § 162(m) is aimed at corporate governance, as a part of the Tax Code, it is construed like other Tax Code provisions. Tax deductions are a matter of legislative grace and are to be construed narrowly unless the text of the statute authorizing the deductions reflects a contrary congressional intent. The statute at issue here reflects no congressional intent for a broad construction. On the contrary, the tax deduction for compensation paid must be reasonable, IRC § 162(a)(1), and IRC § 162(m) specifically disallows that deduction for publicly-held corporations in excess of $1 million annually to each of the Covered Employees unless it is objectively determined, performance-based, and approved by the stockholders. In addition, an independent committee of the board of directors must certify that any payments have been earned and correctly determined. IRC § 162(m)(4)(C)(iii).

18. The exception to the disallowance applies to a narrow set of compensation programs that are both strictly compliant with the statute and the regulations and timely approved by the stockholders. As set forth herein, the Company's incentive plan does not meet the exacting standards of the IRC and the Treasury Regulations to qualify as tax deductible.

Accordingly, the Company cannot properly take a tax deduction for compensation awards under the 2006 LTIP, as amended.

19. It is the public policy of the United States that senior corporate executive compensation must be reasonable, performance based, objectively determined and pre-approved by stockholders. In furtherance of this public policy, another purpose of IRC § 162(m) is to give stockholders a say on corporate executive compensation. H.R. Conf. Rep. 103-213, 1993 WL 302291 at *587 ("the compensation must be approved by a majority of shares voting in a separate vote"). The United States has increased the voice of stockholders on corporate executive compensation with the advisory say-on-pay provisions of the Dodd-Frank Act. PL 111-203, July 21, 2010, 15 U.S.C. § 78n-1.

20. The Company is a publicly held corporation within the meaning of IRC § 162(m)(2). The Company's stock is traded on the New York Stock Exchange.

21. As detailed in the Proxy Statement, the 2006 LTIP as amended would, *inter alia*, increase the maximum number of shares the Company may issue under the 2006 LTIP and change the ratio used to count awards granted under the 2006 LTIP. *Proxy Statement* at 14. Moreover, the Proxy Statement details, *inter alia*, how under the 2006 LTIP as amended, performance-based compensation would be deductible by the Company for federal income tax purposes. The Proxy Statement states that in order for awards to qualify as "performance-based compensation" under Section 162(m) of the IRC, no employee may be granted awards in excess of:

- *Stock options and stock appreciation rights:* No more than 3,000,000 shares.
- *Restricted stock and restricted stock unit awards vesting based upon the attainment of performance goals:* No more than 1,000,000 shares.
- *Performance stock awards:* No more than 1,000,000 shares for each full fiscal year contained in the performance period of the award.

- *Performance unit awards:* No more than $8,000,000 for each full fiscal year contained in the performance period of the award

*Id.* at 17.

22.     The Proxy Statement confirms that "to the extent compliance with Section 162(m) of the Code is desired, a committee comprised of solely 'outside directors' under Section 162(m) must act with respect to performance awards...." *Id.* at 19.  The Proxy Statement details that the "Board retains the discretion to eliminate or reduce, but not increase, the amount that would otherwise be payable to a participant who is a "covered employee" within the meaning of Section 162(m) of the Code." *Id.*

23.     In the event of a recapitalization, the 2006 LTIP "provides for appropriate adjustments in the number and class of shares subject to the 2006 LTIP and to any outstanding awards, in the Section 162(m) of the Code per employee grant limit (see "Federal Income Tax Information — Potential Limitation on Company Deductions"), and in the exercise price per share of any outstanding awards." *Id.*

24.     The Proxy further states "[s]tock options granted under the 2006 LTIP also qualify as performance-based compensation. Only actual shares distributed that are above the [performance stock units] target amount will qualify as deductible compensation under Section 162(m). From time-to-time, we may pay compensation to our Section 162(m) covered officers that may not be tax deductible if there are compelling business reasons to do so." *Id.* at 60. The Proxy Statement represents that "options or stock appreciation rights granted by the Compensation Committee qualify as performance-based compensation, and the other awards subject to performance goals may also qualify." *Id.* at 24.

25.     These representations concerning the availability of tax deductions were materially false or misleading.  Payments made regardless of stockholder approval are not tax

deductible. The Proxy Statement promises that if the stockholders were to fail to approve the 2006 LTIP as amended, the Company would not implement the amendments, and the 2006 LTIP will continue in effect pursuant to its current terms. *Id.* at 25. Thus, even if the stockholders did vote in favor of the proposed 2006 LTIP as amended, the Company would not be eligible for the deductions. Under Treas. Reg. § 1.162-27(e)(4)(i), "the material terms of the performance goal under which the compensation is to be paid must be disclosed to and subsequently approved by the shareholders" before the compensation is paid. The requirements of this regulation are not satisfied "if the compensation would be paid regardless of whether the material terms are approved by shareholders." *Id.* Because the defendants would still pay performance-based compensation under the 2006 LTIP as unamended, regardless of stockholder approval, no vote of the stockholders would make such payments deductible. 26 C.F.R. §1.162-27(e)(4)(i). Therefore, contrary to the misrepresentations and omissions in the Proxy Statement, awards under the 2006 LTIP as amended will not be tax-deductible even if the stockholders approve it.

26. The Director Defendants authorized the distribution of the Proxy Statement by means of which they solicited the proxies of Qualcomm's stockholders for, *inter alia*, the approval of the 2006 LTIP as amended. All the defendants were knew or should have known that they were making misrepresentations in the Proxy Statement concerning the deductibility of the incentive payments under IRC § 162(m).

27. As described in detail below, Defendants' acts and omissions have caused injury to the Company and its stockholders.

28. Under Delaware law, as members of the board of directors of the Company, the individual defendants owe a fiduciary duty of loyalty, including good faith and fair and full disclosure, to the Company. Each of the director defendants has breached those duties. The

director defendants also breached their fiduciary duty of loyalty, including good faith, to maximize tax benefits.

29. Moreover, failure to have to make full and fair disclosures and to avoid omissions under IRC § 162(m) contravenes the public policy that corporate executive compensation be paid pursuant to pre-determined objective standards that the stockholders have approved with correct disclosures.

## HARM TO QUALCOMM AND ITS SHAREHOLDERS

30. The aforesaid breach of duties of loyalty and good faith and the misrepresentations to and omissions from the Proxy Statement have caused injury to the Company and its stockholders.

31. The board's payment of compensation that is not properly tax-deductible constitutes waste. As Learned Hand, Felix Frankfurter, and others have famously stated, there is no patriotic duty to arrange your business so as to increase your taxes, because taxes are enforced exactions, not voluntary contributions.

32. Moreover, the board's grant of awards under the 2006 LTIP as amended without proper stockholder approval violates public policy.

33. Defendants were negligent in soliciting proxies and including their names in the 2011 Proxy Statement with material misrepresentations and omissions concerning, among other things, the amendments to the 2006 LTIP. But to the extent that this complaint seeks declaratory and injunctive relief, it is unnecessary that the court find that the defendants were negligent. Defendants' acts have caused injury to the plaintiff directly and to the Company.

34. The Company and its shareholders have been harmed by the failure of the 2006 LTIP as amended awards to comply with Section 162(m).

## DEMAND FUTILITY ALLEGATIONS

35. Plaintiff has not made any demand on the Company's board of directors to institute this action because none is required for a direct claim seeking redress for wrongs to fair corporate suffrage and other wrongful acts of the Director Defendants renders any demand requirement as futile.

36. The entire Board is either interested in the transactions and events alleged herein, and/or otherwise lacks independence for the following reasons:

    a. Of the thirteen members of the Board, all of them are eligible to participate in the 2006 LTIP as amended and are interested in the payments to be made under the 2006 LTIP as amended, rendering them incapable of making an impartial decision regarding pre-suit demand.

    b. Three of the members of the Company's board of directors, defendants Bennett, Scowcroft and Stern, are members of the Compensation Committee, the committee of the board of directors that is charged with, *inter alia,* making "recommendations concerning . . . incentive compensation, administers and approves stock offerings under [the] employee stock purchase plans and long term incentive plan ...." *Proxy Statement* at 4. The Proxy Statement disclosures regarding the 2006 LTIP as amended were so patently defective that the Compensation Committee members are liable for having adopted them, and those directors are interested and lack independence for that reason.

37. Even in the absence of a traditionally interested (or non-independent) board, demand is excused under the facts at bar.

38. The demand requirement and its exceptions are to encourage intra-corporate resolution of disputes and to obtain the business judgment of the board on whether the litigation

is in the best interest of the corporation and its shareholders. However, where a stockholder sues the board of directors over an act that is not a decision concerning the management of the business and affairs of the corporation, but one of disclosure, the business judgment rule does not apply. Delaware law excuses demand whenever the challenged act of the board is not the product of a valid exercise of business judgment, regardless of whether a majority of the board is disinterested and independent. The Board's conduct concerning the misrepresentations in, and the omissions from, a proxy statement are not matters of business judgment, and they are not protected by the business judgment rule for the following reasons:

      a.      When, for the stockholders' annual meeting, a corporate board solicits stockholders' votes for an executive compensation plan, the board owes the stockholders a statutory and fiduciary duty of full and fair disclosure, meaning that all material facts must be fully and fairly disclosed and no material facts may be omitted. This duty of disclosure is a thing apart from the duty and authority to deal with the business and property of the corporation. Courts give deference to a corporate board of directors as to questions of management of the corporation's business, but not as to questions of the board's performance of its disclosure duties, and for three reasons. First, a board's decision, even in good faith to misstate or to omit a material fact cannot be defended on the grounds that reasonable persons could differ on the subject. Second, although courts may not be well suited to making business decisions, courts are well suited to deciding questions concerning the quality of, and circumstances surrounding, disclosures. Third, allegations that a proxy statement has materially false or misleading representations and omissions could raise issues as to the honesty and good faith of the directors.

b. As with Delaware law, under federal policy, there is no need for prior demand on the board of directors with respect to the claim of misrepresentations and omissions in the Proxy Statement.

c. At bar, the Proxy Statement contains materially false or misleading statements and omissions concerning the tax deductibility of payments under the 2006 LTIP as amended.

39. Payments under the 2006 LTIP as amended will not be tax deductible and therefore will constitute waste, which is not protected by the business judgment rule, and it excuses pre-suit demand.

40. A transaction authorized by a Board in contravention of public policy is not protected by the business judgment rule.

## FIRST CLAIM RELIEF
### (Against All Defendants)

41. Paragraphs 1 through 34 state a direct claim for relief against all defendants pursuant to § 14(a) of the Exchange Act and SEC Rules 14a-4 and 14a-9 for making materially false and misleading statements to the stockholders in the 2011 Proxy Statement.

42. The Defendants caused materially false statements to be disseminated to the stockholders in the Proxy Statement.

43. The acts of the Defendants have injured the plaintiff directly by providing materially false information.

44. As a result of these actions of the Director Defendants, the Plaintiff has been and will be injured.

45. Plaintiff has no adequate remedy at law.

46. To ameliorate the injury, injunctive relief is required in the form of corrective disclosures regarding the 2006 LTIP as amended. If the 2006 LTIP as amended is adopted, the court should suspend the 2006 LTIP as amended, and require the defendants to distribute to its stockholders corrected disclosures.

## SECOND CLAIM FOR RELIEF
### (Derivative Claim On Behalf of the Company Against All Director Defendants and Executive Defendants)

47. Paragraphs 1 through 40 state a claim for relief as a stockholder's derivative action on behalf of Qualcomm against the Director Defendants and the Executive Defendants.

48. The acts of the Director Defendants in distributing the false or misleading Proxy Statement have injured the Company by interfering with proper governance on its behalf that follows the free and informed exercise of the stockholders' right to vote for directors and for compensation plans.

49. The acts of the Executive Defendants and the Director Defendants in distributing the false and misleading Proxy Statement, including their names in it, authorizing the acceptance and the payment of non-tax-deductible compensation under the 2006 LTIP as amended and failing to seek informed stockholder approval of amendments to the 2006 LTIP constitute breaches of these defendants' respective duties of loyalty to and care for the Company and its stockholders.

50. As a result of these actions of the Director Defendants and the Executive Defendants, the Company has been and will be injured.

### THIRD CLAIM FOR RELIEF
**(Derivative Claim On Behalf of the Company Against Director Defendants and the Executive Defendants)**

51. Paragraphs 1 through 40 state a claim for relief as a stockholder's derivative action on behalf of Qualcomm against the Director Defendants and the Executive Defendants.

52. The conduct of the Director Defendants in seeking stockholder approval of the Plan without adhering to SEC regulations and IRC § 162(m) and its accompanying regulations, causing the compensation to be non-tax-deductible, is irrational and constitutes waste and the contravention of public policy, and it has caused and will continue to cause injury to the Company.

53. The acts of the Director Defendants in including their names in the 2011 Proxy Statement, seeking stockholder approval of the 2006 LTIP as amended, with false statements and omissions, have been or will be a breach of their duty of loyalty to the Company in that these constitute acts and omissions contrary to the best interests of the Company. As members of the board of directors of the Company, the Director Defendants owe it fiduciary duties of loyalty, and good faith under Delaware law. Each of the Director Defendants has breached those duties by reason of the foregoing.

54. The Executive Defendants will enjoy unjust enrichment by their receipt of non-tax-deductible compensation in contravention of public policy.

55. As a result of these actions of the Director Defendants and Executive Defendants, the Company has been and will be injured.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for the following relief:

A.   An injunction requiring correction of the false statements in the 2011 Proxy Statement;

B.   For an order declaring void the vote of the stockholders for approval of the 2006 LTIP as amended, or alternatively;

C.   For an order requiring equitable accounting, with disgorgement, in favor of the Company for the losses that it has and will sustain by virtue of the conduct alleged herein;

D.   For an order awarding monetary relief, in addition to or in substitution of the specific equitable relief herein requested;

E.   For an order awarding plaintiff the costs and disbursements of this action, including reasonable accountants', experts' and attorneys' fees; and

F.   Granting such additional or different relief, including monetary relief, that the interests of justice or equity may require.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 11, 2011                           FARNAN LLP

/s/ Brian E. Farnan
Joseph J. Farnan, Jr.  (Bar No. 100245)
Joseph J. Farnan, III (Bar No.3945)
Brian Farnan (Bar No. 4089)
919 N. Market Street
12th Floor
Wilmington, Delaware 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*

*Of Counsel*:

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
1350 Broadway, Suite 1001
New York, New York 10018
Tel: (212) 688-0782
Fax: (212) 688-0783

BARRACK, RODOS & BACINE
Daniel E. Bacine
Julie B. Palley
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
(215) 963-0600