## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-217-BMS |
| | ) |
| BARBARA T. ALEXANDER, STEPHEN M. BENNETT, DONALD G. CRUICKSHANK, RAYMOND V. DITTAMORE, THOMAS W. HORTON, IRWIN M. JACOBS, PAUL E. JACOBS, ROBERT E. KAHN, SHERRY LANSING, DUANE NELLES, FRANCISCO ROS, BRENT SCOWCROFT, MARC I. STERN, WILLIAM E. KEITEL, STEVEN R. ALTMAN, STEVEN M. MOLLENKOPF, DONALD J. ROSENBERG and QUALCOMM INCORPORATED, | ) |
| Defendants, | ) |
| --and-- | ) |
| QUALCOMM INCORPORATED, | ) |
| Nominal Defendant. | ) |

### **REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
echesler@cravath.com
rskaistis@cravath.com

Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
POTTER ANDERSON & CORROON LLP
Hercules Plaza , 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com

*Attorneys for Defendants*

Dated: June 2, 2011
1015222 / 36664

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

EXPLANATION OF CITATION FORMS ........................................................................... iv

ARGUMENT ...........................................................................................................................1

I.  The Complaint Should Be Dismissed In Its Entirety Because It Does Not Plead Facts Sufficient To Show That Demand Is Excused. .....................................................1

II. The Section 14(A) Claim (Count I) Does Not State A Claim. ........................................5

    A.  The Complaint Does Not Plead An Actionable Misstatement. ..............................5

    B.  Plaintiff Did Not Adequately Plead Loss Causation.................................................8

    C.  Plaintiff Did Not Adequately Plead Negligence.......................................................8

    D.  Plaintiff Did Not Adequately Plead a Connection Between the Non-Director Defendants and the Solicitation of Proxies.................................................9

III. The State Law Claims (Counts Ii And Iii) Should Be Dismissed For Failure To State A Claim And For Lack Of Subject Matter Jurisdiction..........................................10

CONCLUSION........................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Aronson v. Lewis, 473 A.2d 805 (Del. 1984)..................................................................3, 4

Ash v. LFE Corp., 525 F.2d 215 (3d Cir. 1975).................................................................9

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)..........................................................................9

Bader v. Anderson, 101 Cal. Rptr. 3d 821 (Cal. Ct. App. 2009)....................................1, 2

Bader v. Blankfein, No. 07-CV-1130 (SLT) (JMA), 2008 WL 5274442 (E.D.N.Y. Dec. 19, 2008), aff'd, 356 Fed. Appx. 471 (2d Cir. 2009)..........................................4

Bader v. Blankfein, 356 Fed. Appx. 471 (2d Cir. 2009)................................................. 3-4

Black v. Cincinnati Fin. Corp., No. 1:11-cv-210, 2011 WL 1640962 (S.D. Ohio May 2, 2011) ...............................................................................................................3

Blasband v. Rales, 971 F.2d 1034 (3d Cir. 1992)......................................................... 2-3

Buckeye Power, Inc. v. U.S., 38 Fed. Cl. 283 (Fed. Cl. 1997)..........................................8

City of Roseville Emps. Ret. Sys. v. Horizon Lines, Inc., 713 F. Supp. 2d 378 (D. Del. 2010) ..............................................................................................................9

Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007)...................................................6

Grayson v. Imagination Station, Inc., C.A. No. 5051, 2010 WL 3221951 (Del. Ch. Aug. 16, 2010) .............................................................................................................2

In re Anderson, Clayton S'holders' Litig., 519 A.2d 669 (Del. Ch. 1986) ........................4

In re NYMEX S'holder Litig., C.A. Nos. 3621, 3835, 2009 WL 3206051 (Del. Ch. Sept. 30, 2009) .............................................................................................................1

In re Tri-Star Pictures, Inc., Litig., C.A. No. 9477, 1990 WL 82734 (Del. Ch. June 14, 1990) ................................................................................................................4

Ind. Elec. Workers Pension Trust Fund, IBEW v. Dunn, No. C-06-01711, 2008 WL 878424 (N.D. Cal. Mar. 28, 2008), aff'd, 352 Fed. Appx. 157 (9th Cir. 2009) ....................1, 2

President and Fellows of Harvard College v. Glancy, C.A. No. 18790, 2003 WL 21026784 (Del. Ch. Mar. 21, 2003)....................................................................3

Rales v. Blasband, 634 A.2d 927 (Del. 1993) ..................................................................4

Resnik v. Woertz, C.A. Nos. 10-527-GMS, 10-603-GMS, 2011 WL 1184739 (D. Del. Mar. 28, 2011) ............................................................................................................... *passim*

San Antonio Fire & Police Pension Fund v. Bradbury, C.A. No. 4446, 2010 WL 4273171 (Del. Ch. Oct. 28, 2010) ........................................................................................................ 2

SEC v. Falstaff Brewing Corp., 629 F.2d 62 (D.C. Cir. 1980) ........................................................ 9

Seinfeld v. Barrett, C.A. No. 05-298-JJF, 2006 WL 890909 (D. Del. Mar. 31, 2006) ............. 7,10

Seinfeld v. O'Connor, C.A. No. 09-997-LPS, 2011 WL 1193212 (D. Del. Mar. 30, 2011) ....... 7, 8

Shaev v. Saper, 320 F.3d 373 (3d Cir. 2003) ................................................................................. 7

St. Clair Shores Gen. Emp. Ret. Sys. v. Eibeler, No. 06 Civ. 688 (SWK), 2006 WL 2849783 (S.D.N.Y. Oct. 4, 2006) ............................................................................................... 4

Thom v. U.S., 283 F.3d 939 (8th Cir. 2002) .................................................................................. 8

Thorpe v. Cerbco, Inc., C.A. No. 11713, 1993 WL 35967 (Del. Ch. Jan. 26, 1993) ................. 1-2

Tooley v. Donaldson, Lufkin, & Jenrette, Inc., 845 A.2d 1031 (Del. 2004) ............................. 1, 2

Tracinda Corp. v. DaimlerChrysler AG, 364 F. Supp. 2d 362 (D. Del. 2005), aff'd, 502 F.3d 212 (3d Cir. 2007) .................................................................................................... 9

U.S. v. Hill, 506 U.S. 546 (1993) ................................................................................................. 8

**Statutes & Rules**

Section 14(a) of the Securities Exchange Act of 1934 .......................................................... *passim*

I.R.C. § 162(m) ..................................................................................................................... 5, 8, 10

**Other Authorities**

26 C.F.R. § 1.162-27(e)(4)(i) ........................................................................................................ 5

26 C.F.R. § 1.162-27(e)(4)(vi) .................................................................................................. 6, 7

# EXPLANATION OF CITATION FORMS

The following citation forms are used in this brief:

- "Defs. Br." or "Opening Brief" for references to the Opening Brief in Support of Defendants' Motion to Dismiss, filed April 18, 2011.

- "Pl. Br." for references to Plaintiff's Brief in Opposition of the Defendants' Motion to Dismiss, filed May 16, 2011.

- "Compl." or "Complaint" for references to the Verified Complaint, filed March 11, 2011.

- "Skaistis Declaration" or "Skaistis Decl." for references to the Declaration of Rachel G. Skaistis, dated April 18, 2011.

- "Ex." for references to documents attached as exhibits to the Skaistis Declaration.

- "Proxy" for references to the Qualcomm Incorporated Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 (Form DEF 14A) (January 19, 2011) (Ex. A).

- "1/12/06 DEF 14A" or "2006 Proxy Statement" for references to the Qualcomm Incorporated Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 (Form DEF 14A) (January 12, 2006) (Ex. B).

- "1/18/08 DEF 14A" or "2008 Proxy Statement" for references to the Qualcomm Incorporated Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 (Form DEF 14A) (January 18, 2008) (Ex. E).

- "Seinfeld v. Barrett Compl." for references to the Verified Complaint in Seinfeld v. Barrett, dated May 16, 2005 (Attached as Exhibit A hereto).

- "2006 LTIP" for references to Qualcomm's Long-Term Incentive Plan.

- "2011 Amendments" for references to amendments to the 2006 LTIP, approved by Qualcomm's shareholders on March 8, 2011.

Defendants respectfully submit this Reply Brief in further support of their Motion to Dismiss the Complaint.

## ARGUMENT

**I.  The Complaint Should Be Dismissed In Its Entirety Because It Does Not Plead Facts Sufficient To Show That Demand Is Excused.**

It is a bedrock principle of Delaware law that, before bringing a derivative suit on behalf of a corporation, a shareholder must first make a demand on the board asking the corporation to bring the suit itself.  (Defs. Br. at 6-7.)  Plaintiff does not dispute this principle, but he argues that demand is excused in this case.  Plaintiff is wrong as a matter of law.

First, plaintiff contends that his § 14(a) claim is a direct "right to vote" claim -- not a derivative claim -- and thus demand is not required.  As set forth in Defendants' Opening Brief (at 7-8), whether a claim is "direct" depends upon the "nature of the wrong alleged", not "plaintiff's characterization of the claim".  In re NYMEX S'holder Litig., C.A. Nos. 3621, 3835, 2009 WL 3206051, at *9 (Del. Ch. Sept. 30, 2009).  Here, although plaintiff's claim relates to a stockholder vote, the nature of the wrong plaintiff alleges, and the remedy plaintiff seeks, are derivative:  Qualcomm, not any stockholder, purportedly will be unable to take tax deductions, and plaintiff seeks revised disclosures and a revote for Qualcomm, not stockholders directly, to obtain the desired tax deductions.  See Bader v. Anderson, 101 Cal. Rptr. 3d 821, 841-42 (Cal. Ct. App. 2009); Ind. Elec. Workers Pension Trust Fund, IBEW v. Dunn, No. C-06-01711, 2008 WL 878424, at *14-15 (N.D. Cal. Mar. 28, 2008), aff'd, 352 Fed. Appx. 157 (9th Cir. 2009); see also Tooley v. Donaldson, Lufkin, & Jenrette, Inc., 845 A.2d 1031, 1033 (Del. 2004).[1]

---

[1] Thorpe v. Cerbco, Inc. (Pl. Br. at 4-5) is not to the contrary.  The Thorpe defendants allegedly used a misleading proxy statement to obtain voting control of the company.  See C.A. No. 11713, 1993 WL 35967, at *1 (Del. Ch. Jan. 26, 1993); Bader v. Anderson, 101 Cal. Rptr. 3d at 842 n.17.  There is no such claim here.

Plaintiff attempts to distinguish Bader v. Anderson by claiming that the decision "concerns California, not Delaware law". (Pl. Br. at 5.) That is not true; the Bader court independently analyzed both Delaware and California law. See 101 Cal. Rptr. 3d at 842 ("Even were we to agree . . . that Delaware law applies to this inquiry, we would conclude that [the] claims are derivative" under Tooley); see also id. at 833 n.5 (Delaware and California law are not "inconsistent"). Plaintiff also attempts to distinguish Indiana Electric Workers by arguing that the decision "was later rejected in Grayson and San Antonio Fire where the Delaware Chancery Court held that rescission of corporate compensation would benefit the stockholder directly". (Pl. Br. at 6.) Again, that is not true. Neither Grayson nor San Antonio Fire mentions Indiana Electric Workers, involves a compensation claim or addresses rescission. See Grayson v. Imagination Station, Inc., C.A. No. 5051, 2010 WL 3221951 (Del. Ch. Aug. 16, 2010); San Antonio Fire & Police Pension Fund v. Bradbury, C.A. No. 4446, 2010 WL 4273171 (Del. Ch. Oct. 28, 2010).

Second, plaintiff argues that demand is excused because "every director is eligible to participate in the 2006 Plan", and therefore "every director is interested". (Pl. Br. at 7.) This conclusory statement -- directed to ordinary director compensation -- is legally insufficient. (Defs. Br. at 6-7 (plaintiff must plead particularized facts), 8-9 (ordinary director compensation cannot create disqualifying interest).) Plaintiff challenges Qualcomm's disclosures surrounding the 2011 Amendments. To show that the Outside Directors (a majority of the Board) had a disqualifying interest in those disclosures, he must plead with particularity that they would receive a material benefit from the amendments themselves. See Blasband v. Rales, 971 F.2d 1034, 1048 (3d Cir. 1992) ("Directorial interest exists . . . where the director stands to receive a personal financial benefit from the transaction not equally shared by the shareholders."

2

(emphasis added)). However, the only Outside Director "benefit" plaintiff points to is the grant of "tax-deferred stock units under the 2006 Plan". (Pl. Br. at 8.) In doing so, plaintiff concedes that the Outside Directors already were entitled to the stock units -- "under the 2006 Plan" -- regardless of whether the 2011 Amendments were adopted. As a result, the stock units could not have rendered the Outside Directors interested in the 2011 Amendments.

Plaintiff's reliance upon Resnik v. Woertz is disingenuous. The directors in Resnik were not covered by the company's prior plan but were each eligible to receive more than $90 million per year under the proposed plan. See C.A. Nos. 10-527-GMS, 10-603-GMS, 2011 WL 1184739, at *3-4, 15 (D. Del. Mar. 28, 2011). It was under those circumstances -- which are entirely distinguishable from the facts alleged here, where the Outside Directors' benefits did not change under the proposed amendments, and where such benefits are not claimed to be anything other than ordinary director compensation -- that the court found a disqualifying interest.[2]

Third, the second prong of Aronson v. Lewis, 473 A.2d 805 (Del. 1984), does not excuse demand simply because plaintiff asserts a disclosure claim. (See Pl. Br. at 8-9.) As set forth in Defendants' Opening Brief, the overwhelming majority of courts have rejected the argument that demand is excused in disclosure cases. (Defs. Br. at 9-10 (citing cases).) Indeed, another court recently reached the same conclusion. See Black v. Cincinnati Fin. Corp., No. 1:11-cv-210, 2011 WL 1640962, at *4 (S.D. Ohio May 2, 2011).

In opposition, plaintiff cites various cases that are either mischaracterized or against the weight of authority. For example, plaintiff claims that in Bader v. Blankfein, the Second Circuit affirmed dismissal for failure to make a demand only because it found "an exception to the

---

[2] President and Fellows of Harvard College v. Glancy is inapposite because, inter alia, it did not involve demand futility. See C.A. No. 18790, 2003 WL 21026784 (Del. Ch. Mar. 21, 2003).

3

Delaware rule that disclosure was not the product of business judgment". (Pl. Br. at 10.) However, the court cited no such purported "Delaware rule", and it explicitly "decline[d] plaintiff's invitation to create a blanket rule under the second prong of Aronson declaring that demand is generally not required" in disclosure cases. 356 Fed. Appx. 471, 473 (2d Cir. 2009).[3]

In re Anderson, Clayton Shareholders' Litigation and In re Tri-Star Pictures, Inc., Litigation, (Pl. Br. at 10), are simply not relevant. Both address the business judgment rule as a substantive defense to a disclosure claim. See Anderson, Clayton, 519 A.2d 669, 675 (Del. Ch. 1986); Tri-Star, C.A. No. 9477, 1990 WL 82734, at *8 (Del. Ch. June 14, 1990). That issue has nothing to do with whether a stockholder should be allowed to circumvent the demand requirement -- and effectively usurp the board's decision-making authority -- in disclosure cases. See, e.g., St. Clair Shores Gen. Emp. Ret. Sys. v. Eibeler, No. 06 Civ. 688 (SWK), 2006 WL 2849783, at *6 (S.D.N.Y. Oct. 4, 2006) ("[T]he law regards the board as best positioned to make the business decision as to whether derivative litigation should be initiated . . . [E]ven if Section 14(a) has been violated, the board might reasonably determine that it is not in the best interest of the corporation to pursue derivative litigation." (emphasis added)); Bader v. Blankfein, No. 07-CV-1130 (SLT) (JMA), 2008 WL 5274442, at *6 (E.D.N.Y. Dec. 19, 2008) (Anderson, Clayton and Tri-Star "support the proposition that the business judgment rule cannot be interposed as a bar to actions alleging misrepresentations or omissions in proxy statements. However, [they] can [not] be read as excusing a shareholder from making a demand."), aff'd, 356 Fed. Appx. 471 (2d Cir. 2009); see also Defs. Br. at 6. To the extent plaintiff's other cases even are relevant, they

---

[3] Plaintiff's insistence that the content of the Proxy does not reflect a business decision (Pl. Br. at 8) proves too much because Aronson is inapplicable in the absence of a challenged business decision. See, e.g., Rales v. Blasband, 634 A.2d 927, 933-34 (Del. 1993). Notably, many of the cases plaintiff relies upon to argue that demand is excused predate Rales.

4

are outliers for the reasons discussed in Defendants' Opening Brief. (Defs. Br. at 10-11.)[4]

## II. The Section 14(A) Claim (Count I) Does Not State A Claim.

### A. The Complaint Does Not Plead An Actionable Misstatement.

To state a claim under § 14(a), plaintiff must allege, at a minimum, that the relevant proxy statement contained a material misstatement. (Defs. Br. at 11-12.) Here, plaintiff challenges certain "representations concerning the availability of tax deductions" based solely on the theory that, by disclosing that Qualcomm "would not implement the amendments, and the 2006 LTIP will continue in effect pursuant to its" pre-amendment terms if shareholders declined to approve them, the Company violated Treasury Regulation 1.162-27(e)(4)(i) and its 2006 LTIP, as amended by the 2011 Amendments, no longer complies with § 162(m). (Compl. ¶ 25) In plaintiff's view: "Because the defendants would still pay performance-based compensation under the 2006 LTIP as unamended, regardless of stockholder approval, no vote of the stockholders would make such payments deductible." (Id.)

As set forth in Defendants' Opening Brief, plaintiff's theory misreads both Regulation 1.162-27(e)(4)(i) and the Proxy. (Defs. Br. at 11-15.) The regulation provides that the shareholder-approval requirement of § 162(m) is not satisfied if "compensation would be paid regardless of whether the material terms are approved by shareholders". 26 C.F.R. § 1.162-27(e)(4)(i). But the Proxy did not say that would happen. The Proxy stated only that, in the event of a negative vote, Qualcomm would disregard the proposed 2011 Amendments and the existing shareholder-approved 2006 LTIP "will continue in effect pursuant to its current terms".

---

[4] Plaintiff does not meaningfully address Defendants' showing that the Complaint's deficient waste allegations cannot excuse demand. (Compare Defs. Br. at 11 with Pl. Br. at 9.) The cases plaintiff cites (Pl. Br. at 9) are inapposite because they involve waste allegations that did not suffer from such deficiencies.

(Proxy at 25 (Ex. A).)

Plaintiff's first argument in response is a series of disconnected assertions, which are difficult to follow and do not appear anywhere in the Complaint -- a ground for dismissal in and of itself.[5] Plaintiff asserts that "[t]he directors proposed narrow amendments that increased the number of shares, changed the way they counted shares, and added terms and conditions concerning termination of employment". (Pl. Br. at 12.) He then asserts that "[b]y voting for the Plan, as amended, and not just the amendments, the stockholders' vote would also be a reapproval of the performance goals of the Plan, as described in the Proxy Statement". (Id.) However, he never explains the significance of either assertion, how they fit together or how they are relevant to his claim under § 14(a).

Plaintiff also makes the assertion -- again, one that appears nowhere in the Complaint and seems unrelated to the preceding assertions -- that "in sharp contrast" to the 2011 vote, "the stockholders' vote in 2008 . . . was a vote to approve only the amendments and not the Plan itself including its performance goals", and that "[t]he 2008 stockholder vote did not reapprove the Plan's performance goals, which the stockholders must do every five years". (Id.) Although under certain circumstances shareholders must approve the "material terms of the performance goal[s]" every five years, see 26 C.F.R. § 1.162-27(e)(4)(vi), there is no basis for plaintiff's claim that the 2008 vote did not constitute reapproval. For example, the 2008 Proxy Statement explicitly set forth (with minor wording changes) the description of the "Performance Goals" from the 2006 Proxy Statement, as modified by the proposed amendment, which the shareholders approved. (Compare 2008 Proxy Statement (Ex. E) at 14 with 2006 Proxy

---

[5] See, e.g., Frederico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations [raised in an opposition to a motion to dismiss] in determining the sufficiency of [the] complaint under . . . [Rule] 12(b)(6).").

6

Statement (Ex. B) at 17-18.) Nowhere does plaintiff state why this vote fails to meet the requirements of Regulation 1.162-27(e)(4)(vi), what additional language purportedly was required or how these new assertions are relevant to the instant claim. The sole authority plaintiff relies upon for these new assertions regarding the 2008 Proxy is Resnik v. Woertz, but the language plaintiff cites (Pl. Br. at 12, 13) is merely the court's recitation of the allegations in the complaint; it is not a legal ruling, see 2011 WL 1184739, at 3 & n.1.

Plaintiff's remaining arguments are equally unpersuasive. First, he repeats his contention that payments under the 2011 Amendments would not be deductible. (Pl. Br. at 12.) Plaintiff fails to address Defendants' arguments and the cases he relies upon are entirely distinguishable. (Defs. Br. at 12-16 & n.10.) Particularly mystifying is the notion that Resnik v. Woertz is "on all fours" (Pl. Br. at 12); Resnik did not include a claim that the company would have paid the proposed compensation regardless of the shareholder vote. See 2011 WL 1184739, at *11.

Second, plaintiff's claim that "'[n]o part" of Shaev, Seinfeld v. O'Connor or Seinfeld v. Barrett establish that he must show coercion is wrong. The courts in all three cases considered allegations of coercion to be critical. See Shaev v. Saper, 320 F.3d 373, 381 (3d Cir. 2003) ("The Board's threat undermines the deductibility of the bonus even if the shareholders approved it." (emphasis added)); Seinfeld v. O'Connor, C.A. No. 09-997-LPS, 2011 WL 1193212, at *4 (D. Del. Mar. 30, 2011) (considering whether shareholders were coerced); Seinfeld v. Barrett Compl. ¶ 14 (attached as Exhibit A hereto) (alleging that defendants "intended to coerce the stockholders to vote for the Plan").

Third, plaintiff's attempt to discredit the IRS private letter ruling (Pl. Br. at 13-14), which Defendants expressly acknowledged was informative rather than precedential, is without merit.

7

See Seinfeld v. O'Connor, 2011 WL 1193212, at *6; Defs. Br. at 13-14.[6] Plaintiff is mistaken that the letter ruling does not interpret Regulation 1.162-27(e)(4)(i). Seinfeld v. O'Connor, 2011 WL 1193212, at *6 n.6.

### B. Plaintiff Did Not Adequately Plead Loss Causation.

As set forth in Defendants' Opening Brief, the Complaint does not plead loss causation because it fails to identify the economic injury that plaintiff allegedly suffered. (Defs. Br. at 15-16.) In virtually identical circumstances, the court in Resnik v. Woertz (on which plaintiff otherwise heavily relies) dismissed a direct § 14(a) claim for failure to plead loss causation. See 2011 WL 1184739, at *12. Plaintiff's response -- that Resnik did not also dismiss a derivative § 14(a) claim on loss causation grounds (Pl. Br. at 15) -- is beside the point, because plaintiff purports to pursue only a direct § 14(a) claim.[7]

### C. Plaintiff Did Not Adequately Plead Negligence.

Plaintiff argues that the Directors "thr[e]w caution to the wind" by "representing that [the Plan] would be tax-deductible, all the while fully intending to use the Plan even if the stockholders rejected it". (Pl. Br. at 14.) Because plaintiff's § 162(m) theory is spurious (see supra Part II.A.), that negligence allegation necessarily fails. But even if plaintiff's theory were viable, plaintiff still does not adequately plead negligence. Among other things, his conclusory assertions do not identify what steps the Directors (let alone the Non-Director Defendants, who are not even mentioned) took or did not take, and thus provide no basis for the Court to "draw

---

[6] U.S. v. Hill, 506 U.S. 546 (1993), did not, as plaintiff claims (see Pl. Br. at 14), prohibit courts from considering private letter rulings. See Buckeye Power, Inc. v. U.S., 38 Fed. Cl. 283, 285 n.1 (Fed. Cl. 1997); Thom v. U.S., 283 F.3d 939, 943 n.6 (8th Cir. 2002).

[7] Plaintiff cannot have it both ways. If he argues that his § 14(a) claim is a direct claim for purposes of the demand requirement, then he cannot argue the opposite in the loss causation context. As set forth above, Defendants believe plaintiff's § 14(a) claim is in fact a derivative claim and should be dismissed for failure to make a presuit demand. (See supra at 1-2.)

8

the reasonable inference that the defendant is liable for the misconduct alleged". Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plaintiff's claim that negligence is not required because he seeks only injunctive relief (Pl. Br. at 14-15) ignores the cases cited by Defendants, which demonstrate that courts in the Third Circuit have applied the negligence requirement to claims for equitable or injunctive relief (Defs. Br. at 16-17). Ash v. LFE Corp. is not to the contrary; it concerns only whether scienter is required. See 525 F.2d 215, 220 (3d Cir. 1975).

### D. Plaintiff Did Not Adequately Plead a Connection Between the Non-Director Defendants and the Solicitation of Proxies.

Plaintiff seeks to impose § 14(a) liability on the Non-Director Defendants merely because their names appear in the Proxy Statement. (Pl. Br. at 16.) As the court held in SEC v. Falstaff Brewing Corp., a case plaintiff cites: "[T]he simple appearance of one's name in a proxy statement does not trigger liability for any misstatement appearing therein. Instead, there must have been a substantial connection between the use of the person's name and the solicitation effort." 629 F.2d 62, 68 (D.C. Cir. 1980) (quotations omitted); see also Defs. Br. at 17 (citing cases).[8] The Complaint also engages in improper "group pleading" by seeking to attribute in conclusory and generalized fashion the Company's Proxy to the Non-Director Defendants. (See Defs. Br. at 17.) The court in City of Roseville Emps. Ret. Sys. v. Horizon Lines, Inc., another case cited by plaintiff, rejected a similar attempt: "To attribute to [the defendant] a statement issued by [the company], without some facts identifying [him] as its author or as having

---

[8] In the other cases plaintiff cites, the relevant individuals allegedly played a significant role in the solicitation effort, highlighting the deficiencies here. See Tracinda Corp. v. DaimlerChrysler AG, 364 F. Supp. 2d 362, 393 (D. Del. 2005) (merger partner who "intended [the proxy] to be a joint submission"), aff'd, 502 F.3d 212 (3d Cir. 2007); Falstaff, 629 F.2d at 69 (putative buyer who, "in reality . . . was . . . seeking the shareholders' votes to approve his taking control. His connection with the transaction was more than substantial. It was pivotal."). The exception is plaintiff's citation to Resnik v. Woertz (Pl. Br. at 16), which is just puzzling because that case did not address whether plaintiff adequately pleaded a connection to the solicitation of proxies.

9

personally signed-off on it, amounts to non-specific group pleading of the kind that has been rejected by our Court of Appeals as inconsistent with the particularity requirements of the PSLRA." 713 F. Supp. 2d 378, 391 (D. Del. 2010).

### III. The State Law Claims (Counts Ii And Iii) Should Be Dismissed For Failure To State A Claim And For Lack Of Subject Matter Jurisdiction.

As set forth in Defendants' Opening Brief, Counts II and III should be dismissed because they are alleged in cursory fashion and are wholly dependent on plaintiff's mistaken view that payments pursuant to the 2006 LTIP, as amended by the 2011 Amendments, would not be deductible under § 162(m). (Defs. Br. at 17-18 & 18 n.12.) Plaintiff's response is equally cursory. Plaintiff cites Resnik v. Woertz (Pl. Br. at 18), a case that is distinguishable because plaintiff's underlying theory of liability was found to be sufficient at the pleading stage, which is not the situation here. 2011 WL 1184739, at *13.

Moreover, because Counts II and III are based on possible future payments and hypothetical future tax disputes, plaintiff does not have standing and the claims are not ripe for adjudication. (Defs. Br. at 18-19.) Plaintiff's claim that a one-year statute of limitations will cause him hardship (Pl. Br. at 19) is baseless. The statute of limitations for plaintiff's state law claims is three years and would not start to run unless and until Qualcomm suffers an actual loss. (Defs. Br. at 19.) Only the § 14(a) claim (which Defendants do not attack on jurisdictional grounds) is subject to a one-year limit. Thus, plaintiff's reliance on Seinfeld v. Barrett in support of ripeness is misguided, because the court's hardship analysis there addressed § 14(a). See 2006 WL 890909, at *4.

### CONCLUSION

For the reasons set forth in Defendants' Opening Brief and herein, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice.

| | POTTER ANDERSON & CORROON LLP |
|---|---|
| *Of Counsel:* | |
| | By: */s/ Richard L. Horwitz* |
| Evan R. Chesler | Richard L. Horwitz (#2246) |
| Rachel G. Skaistis | Peter J. Walsh, Jr. (#2437) |
| CRAVATH, SWAINE & MOORE LLP | Hercules Plaza, 6th Floor |
| Worldwide Plaza | 1313 N. Market Street |
| 825 Eighth Avenue | P.O. Box 951 |
| New York, New York 10019 | Wilmington, DE 19801 |
| Tel: (212) 474-1000 | Tel: (302) 984-6000 |
| echesler@cravath.com | rhorwitz@potteranderson.com |
| rskaistis@cravath.com | pwalsh@potteranderson.com |
| | |
| Dated: June 2, 2011 | *Attorneys for Defendants* |
| 1015222 / 36664 | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on June 2, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on June 2, 2011, the attached document was Electronically Mailed to the following person(s):

Joseph J. Farnan, Jr.
Joseph J. Farnan, III
Brian E. Farnan
FARNAN LLP
919 N. Market Street
12th Floor
Wilmington, DE 19801
farnan@farnanlaw.com
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

Leonard Barrack
Daniel E. Bacine
Lisa M. Lamb
Julie B. Palley
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
dbacine@barrack.com
jpalley@barrack.com

Alexander Arnold Gershon
Michael A. Toomey
BARRACK RODOS & BACINE
425 Park Avenue, Suite 3100
New York, NY 10022
agershon@barrack.com
mtoomey@barrack.com

By: */s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com