## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH HOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-217-BMS |
| | ) | |
| BARBARA T. ALEXANDER, STEPHEN M. | ) | **JURY TRIAL DEMANDED** |
| BENNETT, DONALD G. CRUICKSHANK, | ) | |
| RAYMOND V. DITTAMORE, THOMAS W. | ) | |
| HORTON, IRWIN M. JACOBS, PAUL E. | ) | |
| JACOBS, ROBERT E. KAHN, SHERRY | ) | |
| LANSING, DUANE NELLES, FRANCISCO | ) | |
| ROS, BRENT SCOWCROFT, MARC I. STERN, | ) | |
| WILLIAM E. KEITEL, STEVEN R. ALTMAN, | ) | |
| STEVEN M. MOLLENKOPF, DONALD J. | ) | |
| ROSENBERG and QUALCOMM | ) | |
| INCORPORATED, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| QUALCOMM INCORPORATED, | ) | |
| | ) | |
| Nominal Defendant. | ) | |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR REARGUMENT

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Dated: July 15, 2011
1020427 / 36664

Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................ii

EXPLANATION OF CITATION FORMS ...........................................................................iv

NATURE AND STAGE OF PROCEEDINGS .......................................................................1

SUMMARY OF ARGUMENT ..............................................................................................2

STATEMENT OF FACTS .....................................................................................................2

ARGUMENT .........................................................................................................................4

I.     REARGUMENT SHOULD BE GRANTED WHERE THERE IS CLEAR
      ERROR. ...................................................................................................................4

II.    THE COURT SHOULD GRANT REARGUMENT HERE TO CORRECT
      CLEAR ERROR IN FINDING DEMAND WAS EXCUSED. ........................................5

CONCLUSION ......................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Aronson v. Lewis, 473 A.2d 805 (Del. 1984) ...................................................................5, 6

Berg Chilling Sys. v. Hull Corp., No. 00CV5075, 2002 WL 1833351 (E.D. Pa. Apr. 2, 2002)................................................................................................................................4

Blasband v. Rales, 971 F.2d 1034 (3d Cir. 1992) ...................................................................5

BP Amoco Chem. Co. v. Sun Oil Co., 200 F. Supp. 2d 429 (D. Del. 2002)............................4

Brehm v. Eisner, 746 A.2d 244 (Del. 2000)...........................................................................5

Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526 (D. Del. 2005) ........................................4

Conway v. A.I. DuPont Hosp. for Children, No. 04-4862, 2009 WL 1492178 (E.D. Pa. May 26, 2009)...........................................................................................................8

Grobow v. Perot, 539 A.2d 180 (Del. 1988) ...........................................................................8

In re Walt Disney Co. Deriv. Litig., 731 A.2d 342 (Del. Ch. 1998) .......................................8

Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90 (1991)..........................................................5

Karr v. Castle, 768 F. Supp. 1087 (D. Del. 1991) ..................................................................4

Max's Seafood Cafe v. Quinteros, 176 F.3d 669 (3d Cir. 1999)..............................................4

Morningred v. Delta Family-Care & Survivorship Plan, --- F. Supp. 2d ---, 2011 WL 2580300 (D. Del. June 30, 2011)........................................................................................4

New Castle Cnty. v. Hartford Accident and Indem. Co., 933 F.2d 1162 (3d Cir. 1991)..........4

Nielsen Elecs. Inst. v. Student Fin. Corp., C.A. No. 99-285-JJF, 2001 WL 34367325 (D. Del. Jan. 18, 2001)........................................................................................................4

Resnik v. Woertz, --- F. Supp. 2d. ---, C.A. Nos. 10-527-GMS, 10-603-GMS, 2011 WL 1184739 (D. Del. Mar. 28, 2011) ................................................................................7

Robotti & Co., LLC v. Liddell, C.A. No. 3128-VCN, 2010 WL 157474 (Del. Ch. Jan. 14, 2010)..............................................................................................................................6

Stone v. Ritter, 911 A.2d 362 (Del. 2006)................................................................................5

United States v. White, No. CR. 01-434-1, 2002 WL 32351115 (E.D. Pa. June 27, 2002)....................................................................................................................................4

**Statutes & Rules**

Fed. R. Civ. P. 23.1 ................................................................................................................. 5

Fed. R. Civ. P. 59(e) ............................................................................................................. 4

I.R.C. § 162(m) ...................................................................................................................... 2

D.Del. LR 7.1.5 .................................................................................................................. 1, 4

## EXPLANATION OF CITATION FORMS

The following citation forms are used in this brief:

- "Defs. Br." for references to the Opening Brief in Support of Defendants' Motion to Dismiss, filed April 18, 2011.

- "Pl. Br." for references to Plaintiff's Brief in Opposition of the Defendants' Motion to Dismiss, filed May 16, 2011.

- "Compl." or "Complaint" for references to the Verified Complaint, filed March 11, 2011.

- "Skaistis Declaration" or "Skaistis Decl." for references to the Declaration of Rachel G. Skaistis, dated April 18, 2011.

- "Ex." for references to documents attached as exhibits to the Skaistis Declaration.

- "Op." for references to this Court's opinion, dated July 1, 2011.

- "Proxy" for references to the Qualcomm Incorporated Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 (Form DEF 14A) (January 19, 2011) (Ex. A).

- "2006 Proxy" for references to the Qualcomm Incorporated Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 (Form DEF 14A) (January 12, 2006) (Ex. B).

- "2006 LTIP" for references to Qualcomm's Long-Term Incentive Plan, approved by Qualcomm's shareholders on March 7, 2006.

- "2011 Amendments" for references to amendments to the 2006 LTIP, approved by Qualcomm's shareholders on March 8, 2011.

- "2011 Amended Plan" for references to the 2006 LTIP as amended by the 2011 Amendments.

Defendants Qualcomm Incorporated ("Qualcomm" or the "Company") and

Barbara T. Alexander, Stephen M. Bennett, Donald G. Cruickshank, Raymond V. Dittamore,

Thomas W. Horton, Irwin M. Jacobs, Paul E. Jacobs, Robert E. Kahn, Sherry Lansing, Duane

Nelles, Francisco Ros, Brent Scowcroft, Marc I. Stern, William E. Keitel, Steven R. Altman,

Steven M. Mollenkopf and Donald J. Rosenberg respectfully submit this Brief in Support of

Defendants' Motion For Reargument.

## NATURE AND STAGE OF PROCEEDINGS

On March 11, 2011, plaintiff filed this derivative action alleging claims under

federal and state law.  On April 18, 2011, Defendants filed a motion to dismiss the action for

failure to make a presuit demand on Qualcomm's Board of Directors as required by Delaware

law, and for failure to state a claim.

In an opinion and order dated July 1, 2011, this Court granted in part and denied

in part Defendants' motion.  The Court dismissed plaintiff's federal securities law claim for

failure to plead loss causation.  (Op. at 8-9.)  However, the Court declined to dismiss the

remaining Delaware state law claims, ruling that plaintiff was excused from making a presuit

demand and adequately had alleged those claims at the pleadings stage.  (Id. at 9.)

Defendants now move for reargument, pursuant to Local Rule 7.1.5, as to the

Court's finding that the demand requirement is excused.  Defendants respectfully submit that

reargument is warranted because the Court made a clear error in concluding that the Outside

Directors[1] are not sufficiently independent to consider a shareholder demand related to the 2011

Amendments.  Reargument is also warranted because the Court's ruling will result in a manifest

---

[1] "Outside Directors" refers to all of the individual defendants, with the exception of Messrs. I. Jacobs, P. Jacobs, Keitel, Altman, Mollenkopf and Rosenberg.  (See Proxy at 7 (Ex. A).)

injustice to Qualcomm's shareholders, who elected the Outside Directors -- and not plaintiff -- to manage the affairs of the Company.

## SUMMARY OF ARGUMENT

The Court committed clear error in holding that plaintiff could proceed on his derivative state law claims without having first made a demand on Qualcomm's Board. In excusing demand on the basis that the Outside Directors lacked the requisite independence, the Court relied on plaintiff's assertion that the directors stood to receive compensation under the 2006 LTIP. Such ordinary compensation cannot, as a matter of law, impair the Outside Directors' independence with respect to the 2011 shareholder vote. The amendments the shareholders were asked to approve in 2011 conferred no benefit -- let alone a material benefit -- on the Outside Directors that they did not already enjoy. Under these circumstances, permitting a single shareholder to seize control of Qualcomm's litigation decision-making from the Outside Directors, who were elected by the shareholders, would be unwarranted.

## STATEMENT OF FACTS

On March 7, 2006, Qualcomm's shareholders approved the Company's 2006 LTIP, to remain in effect, if not earlier terminated, through March 2016. (Proxy at 14 (Ex. A); 2006 Proxy at 19, Appendix 3, p. 1 (Ex. B).) Among other things, the 2006 LTIP authorized awards to Qualcomm's directors (see 2006 Proxy at 15, Appendix 3, p. 9 (Ex. B))[2], and permitted the Board to issue tax-deferred stock units ("DSUs") to the directors and others (see id. at 18).

---

[2] Awards under the 2006 LTIP to Outside Directors are not subject to the deduction limits of § 162(m) of the Internal Revenue Code -- the tax provision that forms the basis for plaintiff's claims -- because that provision applies only to the chief executive officer and the four other highest paid employees. See I.R.C. § 162(m)(3).

On January 20, 2011, the Board filed the Proxy, in which it sought shareholder approval of the 2011 Amendments. (Proxy at 14 (Ex. A).) These "narrow" amendments (Pl. Br. at 12) "increased the maximum number of shares that Qualcomm could issue under the program, changed the ratio used to count awards under the program, and provided 'added flexibility for the Compensation Committee by allowing it to include terms and conditions in award agreements for accelerating the vesting of full value awards'" in certain circumstances (Op. at 2 (quoting Proxy at 14); see also Pl. Br. at 12). The 2011 Amendments did not mention the compensation of directors. However, the Compensation Committee Report section of the Proxy disclosed that, starting the previous year, the Committee had "[t]ransition[ed]" directors' "annual equity award from a fixed share amount of 14,000 stock options to a fixed value amount of $200,000 in the form of tax-deferred stock units". (Proxy at 72 (Ex. A).) The Proxy did not ask shareholders to approve the award of the $200,000 in DSUs to the directors -- again, that change already had been implemented prior to the vote.[3]

On March 8, 2011, the Company's shareholders overwhelmingly approved the 2011 Amendments. (See 2011 8-K, at 2 (Ex. D).) On March 11, 2011, plaintiff filed this lawsuit. Although plaintiff acknowledged that his state law claims were derivative, he did not make a presuit demand on the Board, claiming that demand was excused. (E.g., Compl. ¶¶ 35, 36(a)-(b).)

---

[3] The "Notice of Annual Meeting of Shareholders" and the "Proxy Card" contained in the Proxy identify the items for which the Board sought shareholder approval. The Court can find them at the sixth page and penultimate page of the Proxy, respectively. (See Ex. A.)

3

**ARGUMENT**

I.   **REARGUMENT SHOULD BE GRANTED WHERE THERE IS CLEAR ERROR**.

A motion for reargument under Local Rule 7.1.5 "balance[s] the need for finality in judicial decision-making with a recognition that courts sometimes make mistakes". Karr v. Castle, 768 F. Supp. 1087, 1093 (D. Del. 1991).[4] Reargument is proper where, among other things, it is "need[ed] to correct a clear error of law or fact or to prevent manifest injustice". Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (reversing denial of reconsideration); see also Nielsen Elecs. Inst. v. Student Fin. Corp., C.A. No. 99-285-JJF, 2001 WL 34367325, at *1 (D. Del. Jan. 18, 2001) (holding that "motion for reconsideration may be granted to correct error of law or fact"); Morningred v. Delta Family-Care & Survivorship Plan, --- F. Supp. 2d ---, 2011 WL 2580300, at *2 (D. Del. June 30, 2011) (reargument appropriate where court committed error of "apprehension"). A court should grant reargument when it is presented "with an opportunity to correct [an] erroneous ruling[]". BP Amoco Chem. Co. v. Sun Oil Co., 200 F. Supp. 2d 429, 432 (D. Del. 2002); see also United States v. White, No. CR. 01-434-1, 2002 WL 32351115, at *1-2 (E.D. Pa. June 27, 2002) (granting reconsideration where record originally misconstrued). "While motions for reconsideration are not favorites of the law, nevertheless one ought not to reject wisdom merely because it comes late." Berg Chilling Sys. v. Hull Corp., No. 00CV5075, 2002 WL 1833351 (E.D. Pa. Apr. 2, 2002), rev'd on other grounds, 70 Fed. Appx. 620 (3d Cir. 2003)).

---

[4]   A motion for reargument pursuant to Local Rule 7.1.5 is the "functional equivalent" of a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). See New Castle Cnty v. Hartford Accident and Indem. Co., 933 F.2d 1162, 1177 (3d Cir. 1991), abrogated on other grounds by N. Ins. Co. of N.Y. v. Aardvark Assocs., 942 F.2d 189 (3d Cir. 1991). Accordingly, cases interpreting Rule 59(e) are relevant here. See Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 528-29 (D. Del. 2005).

4

## II.   THE COURT SHOULD GRANT REARGUMENT HERE TO CORRECT CLEAR ERROR IN FINDING DEMAND WAS EXCUSED.

Under Delaware law it is a "cardinal precept . . . that directors, rather than shareholders, manage the business and affairs of the corporation". Aronson v. Lewis, 473 A.2d 805, 811 (Del. 1984), overruled on other grounds by Brehm v. Eisner, 746 A.2d 244 (Del. 2000); see also Stone v. Ritter, 911 A.2d 362, 366 (Del. 2006) ("[B]y its very nature a derivative action impinges on the managerial freedom of directors."). The demand requirement was imposed to prevent "abuse of th[e] remedy [of derivative suits]", and it is excused only in "extraordinary conditions". Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 95-96 (1991). Accordingly, a shareholder who wishes to pursue derivative claims without making a demand must plead, with particularity, why demand purportedly was excused; conclusory statements that directors are interested or not independent, without specific supporting assertions, are not sufficient. See Brehm, 746 A.2d at 254 (holding that "conclusory statements or mere notice pleading" are insufficient; complaint must contain "particularized factual statements that are essential to the clam"); Fed. R. Civ. P. 23.1.

> In ruling that the demand requirement was excused in this case, the Court stated:

> "According to the Complaint, all of the members of the board of directors are eligible to participate in the 2006 LTIP and thus have an interest in receiving such payments. (Compl. ¶ 36)  Additionally, three members of the board of directors are members of the Compensation Committee and are charged with making recommendations about incentive compensation. (Id.)"  (Op. at 9.)

Defendants respectfully submit that, in reaching its determination, the Court was in error. Delaware law is clear that "[d]irectorial interest exists . . . where the director stands to receive a personal financial benefit from the transaction not equally shared by the shareholders." Blasband v. Rales, 971 F.2d 1034, 1048 (3d Cir. 1992) (emphasis added). Moreover, plaintiff must "do more than allege that the director is interested because he or she received a benefit . . . not shared

. . . by the stockholders generally; instead, the plaintiff must allege that this interest is material to

that director". <u>Robotti & Co., LLC v. Liddell</u>, C.A. No. 3128-VCN, 2010 WL 157474, at *12

(Del. Ch. Jan. 14, 2010) (holding demand not excused).

      In this case, the "transaction" at issue was the 2011 shareholder vote to approve

the 2011 Amendments, and the question before the Court was whether what the shareholders

approved in that vote -- the 2011 Amendments -- provided the directors with material benefits

they did not already have, thus rendering them interested in the outcome of the vote.[5]  Plaintiff

does not dispute that this is the necessary inquiry, as he acknowledged in his brief opposing the

motion to dismiss: "For director interest to make demand futile, the directors must . . . have

[had] a <u>material interest in seeing [the 2011 Amended Plan] approved</u>."  (Pl. Br. at 8 (emphasis

added).)

      Here, because the 2011 Amendments provided the Outside Directors with no new

benefits at all, let alone material benefits, the Outside Directors had no "material interest" in

seeing the amended plan approved.  To the contrary, the Outside Directors were personally

indifferent to the outcome of the shareholder vote.

      Notably, plaintiff does not even attempt to allege (let alone with particularity) that

the 2011 Amendments were linked to any new director benefit.  Nor could he, given his

acknowledgment that the 2011 Amendments were "narrow" and only addressed the "number of

shares", the "way [Qualcomm] counted shares" and the Compensation Committee's authority to

"add[] terms and conditions concerning terms of employment".  (Pl. Br. at 12; <u>see also</u> Op. at 2.)

---

[5] Although the Court noted that three directors served on the Compensation Committee, that is
legally insufficient to support the Court's ruling that the directors lacked the requisite
independence.  Demand futility requires a showing that a majority of the directors are not
independent.  <u>Aronson</u>, 473 A.2d at 815.  Qualcomm has 13 directors total, and 11 Outside
Directors (<u>see</u> Compl. ¶ 7), so even if the three Outside Directors who served on the
Compensation Committee were in fact interested (which they were not), that does not undermine
the independence of a majority of the Board.

Indeed, in the portion of the Complaint the Court cited in support of its conclusion that directors had an interest in the 2011 Amendments (see Op. at 9), plaintiff's sole contention is that the directors "are eligible to participate in the 2006 LTIP as amended and are interested in the payments to be made under the 2006 LTIP as amended". (Compl. ¶ 36(a).) While it is technically accurate that the directors are eligible to participate in the 2006 LTIP as amended, that language obscures the fact -- crucial to this Court's inquiry and not open to dispute -- that the directors were equally eligible to participate in the 2006 LTIP as unamended.[6]

For that reason, this case is entirely distinguishable from Resnik v. Woertz, --- F. Supp. 2d. ---, C.A. Nos. 10-527-GMS, 10-603-GMS, 2011 WL 1184739 (D. Del. Mar. 28, 2011). The Resnik court found director interest because the plaintiff pleaded particularized allegations that the challenged shareholder vote made the directors newly eligible to receive up to "$90,250,000 per year, per Board Member". Id. at *4; see also id. at *3, *15. By contrast, plaintiff here does not allege -- nor could he -- any new or different or material benefit that the directors gained because the shareholders approved the 2011 Amendments. At most, plaintiff challenges ordinary director compensation that the Outside Directors received both before and following the 2011 shareholder vote, something the Delaware Supreme Court has made clear does not create a disqualifying interest. See, e.g., Grobow v. Perot, 539 A.2d 180, 188 (Del. 1988), overruled on other grounds by Brehm, 746 A.2d 244; In re Walt Disney Co. Deriv. Litig., 731 A.2d 342, 355 n.18 (Del. Ch. 1998), aff'd in part sub nom. Brehm, 746 A.2d 244.

---

[6] Plaintiff does assert (not in the Complaint but in his opposition papers) that the directors each "received a grant of $200,000 worth of so-called tax deferred stock units under the 2006 Plan". (Pl. Br. at 8.) Again, however, plaintiff does not claim (nor could he) that the grant of these DSUs resulted from the shareholders' approval of the 2011 Amendments. As set forth above, the 2006 LTIP already authorized the Board to issue DSUs (see 2006 Proxy at 18 (Ex. B)), and the very Proxy at issue here shows that the $200,000 DSU grant had nothing to do with the 2011 Amendments, but rather was part of the Compensation Committee's effort, starting in 2010, to reduce director compensation (Proxy at 72 (Ex. A); see also supra p. 3).

7

Reargument on the demand requirement is particularly warranted in this case considering the tenuous nature of plaintiff's underlying theory of liability.  As the Court noted, "it is a close question as to whether Hoch has properly interpreted the proxy statement".  (Op. at 9.)  And, as Defendants previously argued, plaintiff's claim is entirely speculative at this point. Among other things, plaintiff does not (and cannot) allege that the Company has taken, or attempted to take, any tax deduction that has been challenged by the IRS.  Nor can plaintiff allege that the Company has incurred any tax liability as a result of the 2011 Amendments. (Defs. Br. at 18-19.)  Put simply, plaintiff has pleaded very little of any substance:  he has not shown that the directors are incapable of considering objectively a demand, and he has not alleged that the Company has suffered actual injury (e.g., by incurring any undesired tax liability for executive compensation payments).  Under these circumstances, to allow plaintiff -- a single shareholder -- to take over a duly-constituted Board's decision-making authority and cause the Company to incur millions of dollars in litigation costs would be unjust.  See, e.g., Conway v. A.I. DuPont Hosp. for Children, No. 04-4862, 2009 WL 1492178, at *6-8 (E.D. Pa. May 26, 2009) (finding manifest injustice to be an error that is "direct, obvious, and observable" and causes a result that is "patently unfair").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant

their motion for reargument and dismiss the remainder of the Complaint with prejudice.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Evan R. Chesler                          By: */s/ Richard L. Horwitz*
Rachel G. Skaistis                            Richard L. Horwitz (#2246)
CRAVATH, SWAINE & MOORE LLP                   Peter J. Walsh, Jr. (#2437)
Worldwide Plaza                               Hercules Plaza, 6th Floor
825 Eighth Avenue                             1313 N. Market Street
New York, New York 10019                      Wilmington, DE19801
Tel:  (212) 474-1000                          Tel:  (302) 984-6000
EChesler@cravath.com                          rhorwitz@potteranderson.com
RSkaistis@cravath.com                         pwalsh@potteranderson.com

Dated:  July 15, 2011                    *Attorneys for Defendants*
1020427 / 36664

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on July 15, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 15, 2011, the attached document was Electronically Mailed to the following person(s):

Joseph J. Farnan, Jr.
Joseph J. Farnan, III
Brian E. Farnan
FARNAN LLP
919 N. Market Street
12th Floor
Wilmington, DE 19801
farnan@farnanlaw.com
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

Daniel E. Bacine
Julie B. Palley
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
dbacine@barrack.com
jpalley@barrack.com

Alexander Arnold Gershon
BARRACK RODOS & BACINE
1350 Broadway, Suite 1001
New York, NY 10018
agershon@barrack.com

By:   /s/ Richard L. Horwitz
Richard L. Horwitz
Peter J. Walsh
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com

1009647 / 36664