# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 11-217-BMS |
| ) | |
| BARBARA T. ALEXANDER, STEPHEN M. ) | **JURY TRIAL DEMANDED** |
| BENNETT, DONALD G. CRUICKSHANK, ) | |
| RAYMOND V. DITTAMORE, THOMAS W. ) | |
| HORTON, IRWIN M. JACOBS, PAUL E. ) | |
| JACOBS, ROBERT E. KAHN, SHERRY ) | |
| LANSING, DUANE NELLES, FRANCISCO ) | |
| ROS, BRENT SCOWCROFT, MARC I. STERN, ) | |
| WILLIAM E. KEITEL, STEVEN R. ALTMAN, ) | |
| STEVEN M. MOLLENKOPF, DONALD J. ) | |
| ROSENBERG and QUALCOMM ) | |
| INCORPORATED, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| -and- ) | |
| ) | |
| QUALCOMM INCORPORATED, ) | |
| ) | |
| Nominal Defendant. ) | |

## **REPLY BRIEF IN FURTHER SUPPORT OF REARGUMENT**

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com

*Attorneys for Defendants*

Dated: August 3, 2011
1022602 / 36664

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

EXPLANATION OF CITATION FORMS ............................................................................ iii

ARGUMENT .............................................................................................................................1

A.     THE OUTSIDE DIRECTORS WERE NOT INTERESTED IN THE 2011 SHAREHOLDER VOTE ................................................................................................1

B.     THE COURT'S DECISION NOT TO DISMISS THE WASTE CLAIM IS IRRELEVANT TO WHETHER DEMAND WAS EXCUSED ..........................................4

CONCLUSION ..........................................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007).................................................................2

In re NAHC, Inc. Secs. Litig., 306 F.3d 1314 (3d Cir. 2002)...........................................................3

Robotti & Co., L.L.C. v. Liddell, C.A. No. 3128-VCN, 2010 WL 157474
    (Del. Ch. Jan. 14, 2010) ..............................................................................................................2


**Statutes & Rules**

Fed. R. Civ. P. 12(b)(6)…………………………………………........................................2, 4

Fed. R. Civ. P. 23.1…………………………………………........................................... 2, 4

**EXPLANATION OF CITATION FORMS**

The following citation forms are used in this brief:

- "Pl. Br." for references to Plaintiff's Brief in Opposition of the Defendants' Motion to Dismiss, filed May 16, 2011.

- "Complaint" for references to the Verified Complaint, filed March 11, 2011.

- "Skaistis Declaration" or "Skaistis Decl." for references to the Declaration of Rachel G. Skaistis, dated April 18, 2011.

- "Ex." for references to documents attached as exhibits to the Skaistis Declaration.

- "Op." for references to this Court's opinion, dated July 1, 2011.

- "Proxy" for references to the Qualcomm Incorporated Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 (Form DEF 14A) (January 19, 2011) (Ex. A).

- "Rearg. Br." for references to the Brief in Support of Defendants' Motion for Reargument, filed July 14, 2011.

- "Rearg. Opp'n" for references to Plaintiff's Brief Answer Opposing Defendants' Motion for Reargument, filed July 29, 2011.

- "Gershon Decl." for references to the Declaration of Alexander Arnold Gershon in Support of Plaintiff's Brief Answer, filed July 29, 2011.

- "2006 LTIP" for references to Qualcomm's Long-Term Incentive Plan.

- "2011 Amendments" for references to amendments to the 2006 LTIP, approved by Qualcomm's shareholders on March 8, 2011.

- "2011 Amended Plan" for references to the 2006 LTIP as amended by the 2011 Amendments.

Defendants Qualcomm Incorporated ("Qualcomm") and Barbara T. Alexander, Stephen M. Bennett, Donald G. Cruickshank, Raymond V. Dittamore, Thomas W. Horton, Irwin M. Jacobs, Paul E. Jacobs, Robert E. Kahn, Sherry Lansing, Duane Nelles, Francisco Ros, Brent Scowcroft, Marc I. Stern, William E. Keitel, Steven R. Altman, Steven M. Mollenkopf and Donald J. Rosenberg respectfully submit this Reply Brief in Further Support of Their Motion for Reargument.

**ARGUMENT**

Plaintiff's opposition demonstrates precisely why reargument is appropriate here: it is based on a new theory -- one that is pleaded nowhere in the Complaint and has never before been presented to the Court. As shown below, that theory is not merely belated and therefore inappropriate, it is also wrong. There is simply no legally sufficient allegation, in the Complaint or elsewhere, that the Outside Directors[1] were materially interested in the 2011 shareholder vote.

**A.   THE OUTSIDE DIRECTORS WERE NOT MATERIALLY INTERESTED IN THE 2011 SHAREHOLDER VOTE.**

In his opposition to reargument, plaintiff claims for the first time that the Outside Directors were interested in the 2011 vote because "two of the three amendments to the LTIP, as amended in 2011, insured that each defendant would continue to receive . . . $200,000 in DSUs annually". (Rearg. Opp'n at 5-6.) The Complaint does not mention the DSUs at all, let alone

---

[1] "Outside Directors" refers to all defendants except Qualcomm and Messrs. I. Jacobs, P. Jacobs, Keitel, Altman, Mollenkopf and Rosenberg. (See Proxy at 7 (Ex. A).)

assert that there is any connection between the DSUs and the 2011 Amendments.[2]  Plaintiff also now seeks to rely upon Qualcomm's 2010 Proxy Statement (Rearg. Opp'n at 6-7; Gershon Decl. Ex. A), a document that is not referenced in the Complaint, or in plaintiff's opposition to Defendants' motion to dismiss.  It is improper to amend a complaint through subsequent arguments made in briefs, and therefore the Court should disregard plaintiff's unpleaded references to DSUs, and the purported connection between such DSUs and the 2011 Amendments.  See, e.g., Frederico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations [raised in an opposition to a motion to dismiss] in determining the sufficiency of [the] complaint under . . . Rule 12(b)(6).").[3]

Moreover, even if plaintiff is permitted to rely on alleged facts he did not plead, he still fails to identify any material interest by the Outside Directors in the 2011 vote.  See Robotti & Co., L.L.C. v. Liddell, C.A. No. 3128-VCN, 2010 WL 157474, at *12 (Del. Ch. Jan. 14, 2010) (plaintiff must "do more than allege that the director is interested because he or she received a benefit . . . not shared . . . .by the stockholders generally; instead, the plaintiff must allege that this interest is material to that director" (emphasis added)); see also Rearg. Br. at 5-6.

First, plaintiff now claims that the Proxy stated that unless shareholders adopted the first proposed amendment to increase the share pool by 65 million shares, "'the shares reserved for

---

[2] In his opposition to the motion to dismiss, plaintiff described the 2011 Amendments as "proposed narrow amendments", without any discussion of the Outside Directors' purported interest in their passage. (Pl. Br. at 12.) Although plaintiff referenced the DSUs (for the first time) in that brief, he claimed that the mere grant of the DSUs made the Outside Directors interested in the 2011 vote. (Id. at 8.) Plaintiff has abandoned that theory now that Defendants showed that the Compensation Committee decided to grant the DSUs in 2010, and that the grant was unrelated to the 2011 vote. (Defs. Rearg. Br. at 3, 7 n.6.)

[3] Reliance on arguments not in the Complaint would be especially inappropriate here, because derivative actions require a verified complaint. See Fed. R. Civ. P. 23.1.

2

issuance will be depleted . . .' meaning Qualcomm would not be able to issue the promised" DSUs to the Outside Directors.  (Opp'n to Rearg. at 6 (quoting Proxy at 25[4]) (citation omitted).)  But the language plaintiff omits from his quotation of the Proxy refutes that theory.  The omitted language states that the proposed additional 65 million shares were intended for Qualcomm's employees, not the Outside Directors: "Should stockholder approval not be obtained, then the proposed amendments will not be implemented, and the 2006 LTIP will continue in effect pursuant to its current terms.  However, the shares reserved for issuance will be depleted, and the 2006 LTIP will not achieve its intended objectives of <u>helping to attract and retain employees</u>."  (Proxy at 25 (Ex. A) (emphasis added).)  In other words, the amendment to increase shares and avoid depletion was motivated by a desire to compensate the Company's thousands of employees, not its Outside Directors.

<u>Second</u>, and similarly, the increase in the share pool did not result in any -- much less a material -- benefit to the Outside Directors, as their $200,000 in DSUs was never at risk.  As of December 15, 2010, more than 25 million shares remained available for issuance (<u>see</u> <u>id.</u> at 14), and the March 2011 DSU grant to the Outside Directors involved, at most, a pool reduction of fewer than 105,000 shares.[5]  In other words, the grant of $200,000 in DSUs to the Outside Directors comprised less than one-half of a percent (less than 0.42%) of the pre-amendment pool

---

[4] Plaintiff cites page 34 because page 25 of the Proxy is the 34th page of the Skaistis Declaration.

[5] The Proxy explains that "the number of [DSUs] awarded is determined by dividing $200,000 by the closing price of Qualcomm stock on the grant date".  (Proxy at 72 (Ex. A).)  The closing price of Qualcomm stock on the March 8, 2011, grant date was $57.15 per share (http://finance.yahoo.com/q/hp?s=QCOM&a=02&b=8&c=2011&d=02&e=8&f=2011&g=d), meaning that the total DSU grant to the 10 Outside Directors entailed fewer than 35,000 DSUs (200,000 divided by 57.15 times 10).  Even if plaintiff is right that, before the second proposed 2011 amendment, each DSU reduced the share pool by three shares (<u>see</u> Rearg. Opp'n at 6), the maximum share-pool impact of the 2011 DSU grant to the Outside Directors was a less than 105,000 share reduction (35,000 times three).  The Court may take judicial notice of stock price data.  <u>See, e.g.</u>, <u>In re NAHC, Inc. Secs. Litig.</u>, 306 F.3d 1314, 1331 (3d Cir. 2002).

of 25 million available shares. Under these circumstances, the Outside Directors cannot possibly be deemed to have had a material interest in either the expansion of the share pool (the first proposed amendment), or in the method for counting share grants against the pool (the second proposed amendment).

Third, even assuming the share pool somehow became fully depleted at some point in time, plaintiff cites no basis -- and there is none -- for his assumption that Qualcomm would be unable to compensate its Outside Directors in that scenario. As Defendants noted in their opening brief (see Rearg. Br. at 3, 7 n.6), and plaintiff does not dispute, the DSU grant predated the 2011 vote. Plaintiff makes no attempt to explain why, in the extraordinarily unlikely event of a share shortage, Qualcomm could not simply decide, as it could have decided prior to 2011 and without shareholder action, to provide the Outside Directors with an alternative form of compensation, such as cash.

    **B.    THE COURT'S DECISION NOT TO DISMISS THE WASTE CLAIM IS IRRELEVANT TO WHETHER DEMAND WAS EXCUSED.**

Plaintiff claims the Court held that demand was excused for the independent reason that it did not dismiss the waste claim for failure to state a claim. (See Rearg. Opp'n at 7-8.) That is not what the Court's Opinion says. (Op. at 9-10.) Moreover, because the Rule 23.1 demand-futility pleading standard is more stringent than the Rule 12(b)(6) standard, the fact that plaintiff may have stated a waste claim is insufficient to show that demand is excused.

## CONCLUSION

For the reasons set forth in their opening brief and herein, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Evan R. Chesler<br>Rachel G. Skaistis<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, New York 10019<br>Tel:  (212) 474-1000<br>EChesler@cravath.com<br>RSkaistis@cravath.com | By: */s/ Richard L. Horwitz*<br>   Richard L. Horwitz (#2246)<br>   Peter J. Walsh, Jr. (#2437)<br>   Hercules Plaza, 6th Floor<br>   1313 N. Market Street<br>   Wilmington, DE19801<br>   Tel:  (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   pwalsh@potteranderson.com |
| Dated:  August 3, 2011<br>1022602 / 36664 | *Attorneys for Defendants* |