## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH<br><br>     Plaintiff,<br><br>v.<br><br>BARBARA T. ALEXANDER, STEPHEN M. BENNETT, DONALD G. CRUICKSHANK, RAYMOND V. DITTAMORE, THOMAS W. HORTON, IRWIN M. JACOBS, PAUL E. JACOBS, ROBERT E. KAHN, SHERRY LANSING, DUANE NELLES, FRANCISCO ROS, BRENT SCOWCROFT, MARC I. STERN, WILLIAM E. KEITEL, STEVEN R. ALTMAN, STEVEN M. MOLLENKOPF, DONALD J. ROSENBERG and QUALCOMM INCORPORATED,<br><br>     Defendants,<br><br>     -and-<br><br>QUALCOMM INCORPORATED,<br><br>     Nominal Defendant. | C.A. No. 11-217-BMS |

## DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

Defendants Qualcomm Incorporated ("Qualcomm" or the "Company") and Barbara T. Alexander, Stephen M. Bennett, Donald G. Cruickshank, Raymond V. Dittamore, Thomas W. Horton, Irwin M. Jacobs, Paul E. Jacobs, Robert E. Kahn, Sherry Lansing, Duane Nelles, Francisco Ros, Brent Scowcroft, Marc I. Stern, William E. Keitel, Steven R. Altman, Steven M. Mollenkopf and Donald J. Rosenberg (collectively with Qualcomm, "Defendants"), by their undersigned counsel, and for their answer to each of the allegations in the Verified Complaint

(the "Complaint"), state, upon personal knowledge and/or upon information and belief, as follows:

Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in the first un-numbered paragraph of the Complaint concerning Plaintiff's information and belief or the investigation made by and through Plaintiff's attorneys, and on that basis deny such averments.

Complaint ¶1

The jurisdiction of this Court is founded upon: (a) federal question jurisdiction, pursuant to § 27 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78aa, and 28 U.S.C. § 1331; (b) diversity of citizenship, 28 U.S.C, § 1332; and (c) supplemental jurisdiction, 28 U.S.C. § 1367. The plaintiff is a citizen of the state of Maine. The defendants are all citizens of jurisdictions other than Maine. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**ANSWER TO ¶1.**

Defendants deny the averments of paragraph 1, except admit that Plaintiff seeks to invoke jurisdiction under the statutes cited therein, state that they are without knowledge or information sufficient to form a belief as to the truth of the averments of the second sentence, and admit the averments of the third sentence. Defendants further state that no response is required as to section (a) of paragraph 1 on the basis that the Court's July 1, 2011, Order dismissed Plaintiff's First Claim for Relief, Plaintiff's only claim under federal law.

Complaint ¶2

The claims herein arise under § 14(a) of the Exchange Act, 15 U.S.C, § 78n(a), and Rule 14a-9, 17 C.F.R. § 240.14a-9, of the United States Securities and Exchange Commission (the "SEC") promulgated thereunder, SEC Schedule 14A, 17 C.F.R. § 240.14a-101, Item 402 of Reg. S-K, 17 C.F.R, § 229.402 (Feb. 28, 2010), and the laws of Delaware. In addition, § 162(m) of the Internal Revenue Code ("IRC" or the "Code"), 26 U.S.C. § 162(m), and the Treasury Regulation, 26 C.F.R. § 1.162-27, are applicable.

**ANSWER TO ¶2.**

Defendants deny the averments of paragraph 2, except admit that Plaintiff purports to bring claims arising under the statutes and rules cited therein.  Defendants further state that no response is required to the extent that Plaintiff purports to bring a claim arising under the federal securities laws because that claim was dismissed pursuant to the Court's July 1, 2011, Order.

Complaint ¶3

> Plaintiff brings this action directly on behalf of himself and derivatively in the right of and for the benefit of nominal defendant Qualcomm Incorporated ("Qualcomm" or the "Company") against Qualcomm's board of directors and certain of Qualcomm's senior officers, to recover specific equitable relief for the false or misleading proxy statement, filed by the Company with the SEC on January 20, 2011 (the "Proxy Statement") and distributed in advance of the annual meeting of Qualcomm shareholders that was held on March 8, 2011, and to hold defendants liable for breach of their fiduciary duties of care and loyalty.

**ANSWER TO ¶3.**

Defendants deny the averments of paragraph 3, except admit that plaintiff purports to bring the action described therein.

Complaint ¶4

> The 2011 Proxy Statement failed to comply with the Exchange Act, SEC Regulations, Treasury Regulations, and Delaware law governing the contents of proxy statements.  The Proxy Statement solicited stockholder approval of the Qualcomm 2006 Long-Term Incentive Plan ("2006 LTIP") as amended at the annual meeting of the stockholders of the Company set for March 8, 2011.

**ANSWER TO ¶4.**

Defendants deny the averments of the first sentence of paragraph 4, and admit the averments of the second sentence of paragraph 4.

Complaint ¶5

> This action is not a collusive one to confer jurisdiction that the court would otherwise lack.  This action does not allege securities fraud or any other fraud. It does not seek to recover damages, but rather specific, equitable relief.  This is an action based on the false or misleading Proxy Statement and on breach of fiduciary duty, and the consequential harm to the Company that flowed directly from these wrongs.

**ANSWER TO ¶5.**

Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 5. Defendants admit the averments of the second sentence of paragraph 5. Defendants deny the averments of the third sentence of paragraph 5, except admit that Plaintiff purports to seek the relief mentioned therein. Defendants deny the fourth sentence of paragraph 5.

Complaint ¶6

> Plaintiff has been a stockholder of Qualcomm Incorporated since October 29, 2010, and has been such continuously since then.

**ANSWER TO ¶6.**

Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6.

Complaint ¶7

> Defendants Barbara T. Alexander, Stephen M. Bennett, Donald G. Cruickshank, Raymond V. Dittamore, Thomas W. Horton, Irwin M. Jacobs, Paul E. Jacobs, Robert E. Kahn, Sherry Lansing, Duane Nelles, Francisco Ros, Brent Scowcroft and Marc I. Stern are all the members of the Company's board of directors (collectively, the "Director Defendants"). In their capacities as directors, they are each responsible as fiduciaries to the Company and its shareholders. The Director Defendants authorized the distribution of the 2011 Proxy Statement for the annual meeting of stockholders held on March 8, 2011.

**ANSWER TO ¶7.**

Defendants admit the averments of paragraph 7.

Complaint ¶8

> Defendants Paul E. Jacobs, William E. Keitel, Steven R. Altman, Stephen M. Mollenkopf, and Donald J. Rosenberg (collectively, the "Executive Defendants') were the Company's Named Executive Officers as defined in 17 C.F.R. § 229.402(a)(3), Covered Employees as defined in Internal Revenue Code § 162(m)(3), and Officers as defined in 10 Del. C. § 3114(b).

**ANSWER TO ¶8.**

Defendants admit the averments of paragraph 8.

Complaint ¶9

> Defendants Bennett, Scowcroft and Stern are all members of the compensation committee of the Company's board of directors. Defendant Bennett serves as chair of the compensation committee. The members of the compensation committee assist the Board in fulfilling its responsibilities for the compensation of the Company's executive officers and non-employee directors.

**ANSWER TO ¶9.**

> Defendants admit the averments of paragraph 9 except deny that Defendant Scowcroft is

a member of the Compensation Committee of the Board of Directors of Qualcomm.

Complaint ¶10

> The Company is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended September 26, 2010. As of November 1, 2010, it had 1,617,713,293 shares of stock outstanding. The Company's stock is traded on the NASDAQ under the symbol "QCOM." Qualcomm engages in the development, design, manufacture and marketing of digital wireless telecommunications products and services. The Company operates in four segments: Qualcomm CDMA Technologies (QCT), Qualcomm Technology Licensing (QTL), Qualcomm Wireless and Internet (QW1), and Qualcomm Strategic initiatives (QSI).

**ANSWER TO ¶10.**

> Defendants admit the averments of paragraph 10.

Complaint ¶11

> In connection with the acts, omissions, conduct, and wrongs alleged herein, defendants used the mails and the means or instrumentalities of interstate commerce in committing the wrongs alleged herein.

**ANSWER TO ¶11.**

> Defendants deny the averments of paragraph 11.

Complaint ¶12

> The Director Defendants authorized the distribution of the Proxy Statement for the annual meeting of stockholders scheduled for March 8, 2011. In that Proxy Statement, the directors solicited the Company's stockholders' proxies for, *inter alia,* approval of the 2006 LTIP as amended. The Company and the defendants permitted the use of their names in the Proxy Statement to solicit proxies.

**ANSWER TO ¶12.**

Defendants admit the averments of the first and second sentence of paragraph 12, but

deny the averments of the third sentence to the extent that it alleges that Defendants William E.

Keitel, Steven R. Altman, Steven M. Mollenkopf and Donald J. Rosenberg (the "non-director

Defendants") "permitted the use of their names in the Proxy Statement to solicit proxies".

Complaint ¶13

> With respect to the solicitation of proxies for the annual meeting of stockholders
> set for March 8, 2011, the Proxy Statement contained materially false or
> misleading statements, as set forth herein. As a result, the Proxy Statement
> deprived the stockholders of the ability to assess the information provided therein
> for the purposes of voting for the 2006 LTIP as amended. The 2006 LTIP as
> amended provides for stock based compensation and for performance awards paid
> in equity or in cash meant to qualify under the Internal Revenue Code ("IRC,"
> "26 U.S.C. ," the "Tax Code," or the "Code") § 162(m).

**ANSWER TO ¶13.**

Defendants deny the averments of paragraph 13, except that with respect to the third

sentence of paragraph 13, Defendants refer to the Proxy Statement Pursuant to Section 14(a) of

the Securities and Exchange Act of 1934 which Qualcomm filed on January 19, 2011 ("2011

Proxy") for a complete and accurate description of the contents of the 2006 Long-Term Incentive

Plan ("2006 LTIP"), as amended.

Complaint ¶14

> IRC § 162(m) subjects publicly held corporations, such as the Company, to
> special restrictions concerning the compensation paid to Covered Employees,
> sometimes referred to as the "Named Executive Officers." Whereas IRC §
> 162(a)(1) generally allows the Company to take an income tax deduction for "a
> reasonable allowance for salaries or other compensation for personal services
> actually rendered" by its employees, IRC § 162(m) imposes requirements that
> must be met in order for the annual compensation to the Company's Covered
> Employees in excess of $1 million to be tax-deductible. The Covered Employees
> whose compensation is subject to these restrictions are those officers whose total
> individual compensation is, under the Exchange Act required to be reported to the
> stockholders each year. IRC § 162(m)(3). Besides the CEO, the Covered
> Employees are the "four highest compensated officers." Treas. Reg. §1.162-
> 27(c)(2)(i)(B). Currently this information is reported in the annual proxy
> statement. The SEC refers to the Covered Employees as "the Named Executive

Officers." Compensation paid to the Company's Covered Employees in excess of $1 million per year each is not deductible unless it is paid in compliance with the requirements of IRC § 162(m) and its implementing regulation, Treas. Reg. § 1.162-27.

## ANSWER TO ¶14.

Defendants deny the averments of paragraph 14, except refer to Internal Revenue Code ("IRC") Section 162 and Treasury Regulation Section 1.162-27 for a complete and accurate description of their contents.

Complaint ¶15

The United States Treasury has promulgated regulations concerning IRC § 162(m). *See* Treas. Reg. § 1.162-27. Covered Employees are the persons for whom tax-deductible compensation awards must meet the statutory standards. IRC § 162(m)(4)(A); Treas. Reg. § 1.162-27(b). The 2011 Proxy Statement identifies these executives in its Summary Compensation Table and reports their compensation for the past three years.

## ANSWER TO ¶15.

Defendants deny the averments of paragraph 15, except refer to IRC Section 162, Treasury Regulation Section 1.162-27, and the 2011 Proxy for a complete and accurate description of their contents.

Complaint ¶16

Congress enacted IRC § 162(m) in 1993 as part of its important, historic, long-standing effort to regulate corporate affairs in favor of stockholders and other investors, as a counterweight to the policies of many states to regulate corporations in favor of officers, directors, and other insiders. Here, Congress employed the Code as an instrument of corporate governance. As the Joint Committee on Taxation said, ***"The $1 million deduction limitation reflects corporate governance issues regarding excessive compensation, rather than issues of tax policy."*** Joint Committee on Taxation, Report of Investigation of Enron Corporation and Related Entities Regarding Federal Tax and Compensation Issues and Policy Recommendations, 2003 WL 25599037 n.2211 and accompanying text (2003). The purpose of IRC § 162(m) is to align the performance incentive with the interests of shareholders. *See* Internal Revenue Service Chief Counsel Attorney Memorandum, IRS AM 2009-006, 2009 WL 2138881 (July 17, 2009).

7

**ANSWER TO ¶16.**

Defendants deny the averments of paragraph 16, except refer to the Report of

Investigation of Enron Corporation and Related Entities Regarding Federal Tax and

Compensation Issues and Policy Recommendations issued by the Joint Committee on Taxation,

and the Internal Revenue Service Chief Counsel Attorney Memorandum dated July 17, 2009, for

a complete and accurate description of their contents.

Complaint ¶17

> Though the purpose of IRC § 162(m) is aimed at corporate governance, as a part of the Tax Code, it is construed like other Tax Code provisions. Tax deductions are a matter of legislative grace and are to be construed narrowly unless the text of the statute authorizing the deductions reflects a contrary congressional intent. The statute at issue here reflects no congressional intent for a broad construction. On the contrary, the tax deduction for compensation paid must be reasonable, IRC § 162(a)(1), and IRC § 162(m) specifically disallows that deduction for publicly-held corporations in excess of $1 million annually to each of the Covered Employees unless it is objectively determined, performance-based, and approved by the stockholders. In addition, an independent committee of the board of directors must certify that any payments have been earned and correctly determined. IRC § 162(m)(4)(C)(iii).

**ANSWER TO ¶17.**

Defendants deny the averments of paragraph 17, except refer to IRC Section 162 for a

complete and accurate description of its contents.

Complaint ¶18

> The exception to the disallowance applies to a narrow set of compensation programs that are both strictly compliant with the statute and the regulations and timely approved by the stockholders. As set forth herein, the Company's incentive plan does not meet the exacting standards of the IRC and the Treasury Regulations to qualify as tax deductible. Accordingly, the Company cannot properly take a tax deduction for compensation awards under the 2006 LTIP, as amended.

**ANSWER TO ¶18.**

Defendants deny the averments of paragraph 18.

Complaint ¶19

It is the public policy of the United States that senior corporate executive compensation must be reasonable, performance based, objectively determined and pre-approved by stockholders. In furtherance of this public policy, another purpose of IRC § 162(m) is to give stockholders a say on corporate executive compensation. H.R. Conf. Rep. 103-213, 1993 WL 302291 at *587 ("the compensation must be approved by a majority of shares voting in a separate vote"). The United States has increased the voice of stockholders on corporate executive compensation with the advisory say-on-pay provisions of the Dodd-Frank Act. PL 111-203, July 21, 2010, 15 U.S.C. § 78n-1.

**ANSWER TO ¶19.**

Defendants deny the averments of paragraph 19, except refer to the House of

Representatives Conference Report 103-213 and the Dodd-Frank Wall Street Reform and

Consumer Protection Act for a complete and accurate description of their contents.

Complaint ¶20

The Company is a publicly held corporation within the meaning of IRC § 162(m)(2). The Company's stock is traded on the New York Stock Exchange.

**ANSWER TO ¶20.**

Defendants admit the averments of the first sentence of paragraph 20 and deny the

averments of the second sentence of paragraph 20.

Complaint ¶21

As detailed in the Proxy Statement, the 2006 LTIP as amended would, *inter alia,* increase the maximum number of shares the Company may issue under the 2006 LTIP and change the ratio used to count awards granted under the 2006 LTIP. *Proxy Statement* at 14. Moreover, the Proxy Statement details, *inter alia,* how under the 2006 LTIP as amended, performance-based compensation would be deductible by the Company for federal income tax purposes. The Proxy Statement states that in order for awards to qualify as "performance-based compensation" under Section 162(m) of the IRC, no employee may be granted awards in excess of:

- *Stock options and stock appreciation rights*: No more than 3,000,000 shares.

- *Restricted stock and restricted stock unit awards vesting based upon the attainment of performance goals*: No more than 1,000,000 shares.

- *Performance stock awards*: No more than 1,000,000 shares for each full fiscal year contained in the performance period of the award.

- *Performance unit awards*: No more than $8,000,000 for each full fiscal year contained in the performance period of the award.

  *Id.* at 17.

## ANSWER TO ¶21.

Defendants deny the averments of paragraph 21, except refer to the 2011 Proxy for a

complete and accurate description of its contents.

Complaint ¶22

The Proxy Statement confirms that "to the extent compliance with Section 162(m) of the Code is desired, a committee comprised of solely 'outside directors' under Section 162(m) must act with respect to performance awards...." *Id.* at 19. The Proxy Statement details that the "Board retains the discretion to eliminate or reduce, but not increase, the amount that would otherwise be payable to a participant who is a "covered employee" within the meaning of Section 162(m) of the Code," *Id.*

## ANSWER TO ¶22.

Defendants deny the averments of paragraph 22, except refer to the 2011 Proxy for a

complete and accurate description of its contents.

Complaint ¶23

In the event of a recapitalization, the 2006 LTIP "provides for appropriate adjustments in the number and class of shares subject to the 2006 LTIP and to any outstanding awards, in the Section 162(m) of the Code per employee grant limit (see "Federal Income Tax Information — Potential Limitation on Company Deductions"), and in the exercise price per share of any outstanding awards." *Id.*

## ANSWER TO ¶23.

Defendants deny the averments of paragraph 23, except refer to the 2011 Proxy for a

complete and accurate description of the contents of the 2006 LTIP.

Complaint ¶24

The Proxy further states [s]tock options granted under the 2006 LTIP also qualify as performance-based compensation.   Only actual shares distributed that are above the [performance stock units] target amount will qualify as deductible compensation under Section 162(m).   From time-to-time, we may pay compensation to our Section 162(m) covered officers that may not be tax deductible if there are compelling business reasons to do so." *Id.* at 60.   The Proxy Statement represents that "options or stock appreciation rights granted by the

Compensation Committee qualify as performance-based compensation, and the other awards subject to performance goals may also qualify." *Id* at 24.

**ANSWER TO ¶24.**

Defendants deny the averments of paragraph 24, except refer to the 2011 Proxy for a complete and accurate description of its contents.

Complaint ¶25

These representations concerning the availability of tax deductions were materially false or misleading. Payments made regardless of stockholder approval are not tax deductible. The Proxy Statement promises that if the stockholders were to fail to approve the 2006 LTIP as amended, the Company would not implement the amendments, and the 2006 LTIP will continue in effect pursuant to its current terms. *Id.* at 25. Thus, even if the stockholders did vote in favor of the proposed 2006 LTIP as amended, the Company would not be eligible for the deductions. Under Treas. Reg. § 1.162-27(e)(4)(i), "the material terms of the performance goal under which the compensation is to be paid must be disclosed to and subsequently approved by the shareholders" before the compensation is paid. The requirements of this regulation are not satisfied "if the compensation would be paid regardless of whether the material terms are approved by shareholders." *Id.* Because the defendants would still pay performance-based compensation under the 2006 LTIP as unamended, regardless of stockholder approval, no vote of the stockholders would make such payments deductible, 26 C.F.R. §1.162-27(e)(4)(i). Therefore, contrary to the misrepresentations and omissions in the Proxy Statement, awards under the 2006 LTIP as amended will not be tax-deductible even if the stockholders approve it.

**ANSWER TO ¶25.**

Defendants deny the averments of paragraph 25, except that with respect to the third sentence of paragraph 25, Defendants refer to the 2011 Proxy for a complete and accurate description of its contents, and with respect to the fifth and sixth sentences of paragraph 25, Defendants refer to Treasury Regulation Section 1.162-27 for a complete and accurate description of its contents.

Complaint ¶26

The Director Defendants authorized the distribution of the Proxy Statement by means of which they solicited the proxies of Qualcomm's stockholders for, *inter alia*, the approval of the 2006 LTIP as amended. All the defendants were knew or should have known that they were making misrepresentations in the Proxy

Statement concerning the deductibility of the incentive payments under IRC §
162(m).

## ANSWER TO ¶26.

Defendants deny the averments of paragraph 26, except admit the averments of the first

sentence of paragraph 26.

Complaint ¶27

As described in detail below, Defendants' acts and omissions have caused injury
to the Company and its stockholders.

## ANSWER TO ¶27.

Defendants deny the averments of paragraph 27.

Complaint ¶28

Under Delaware law, as members of the board of directors of the Company, the
individual defendants owe a fiduciary duty of loyalty, including good faith and
fair and full disclosure, to the Company. Each of the director defendants has
breached those duties. The director defendants also breached their fiduciary duty
of loyalty, including good faith, to maximize tax benefits.

## ANSWER TO ¶28.

Defendants deny the averments of paragraph 28, except admit that under Delaware law,

members of the board of directors of a corporation owe fiduciary duties to that corporation and

its shareholders.

Complaint ¶29

Moreover, failure to have to make full and fair disclosures and to avoid omissions
under IRC § 162(m) contravenes the public policy that corporate executive
compensation be paid pursuant to pre-determined objective standards that the
stockholders have approved with correct disclosures.

## ANSWER TO ¶29.

Defendants deny the averments of paragraph 29, except refer to IRC Section 162(m) for a

complete and accurate description of its contents.

Complaint ¶30

> The aforesaid breach of duties of loyalty and good faith and the misrepresentations to and omissions from the Proxy Statement have caused injury to the Company and its stockholders.

**ANSWER TO ¶30.**

> Defendants deny the averments of paragraph 30.

Complaint ¶31

> The board's payment of compensation that is not properly tax-deductible constitutes waste. As Learned Hand, Felix Frankfurter, and others have famously stated, there is no patriotic duty to arrange your business so as to increase your taxes, because taxes are enforced exactions, not voluntary contributions.

**ANSWER TO ¶31.**

> Defendants deny the averments of paragraph 31.

Complaint ¶32

> Moreover, the board's grant of awards under the 2006 LTIP as amended without proper stockholder approval violates public policy.

**ANSWER TO ¶32.**

> Defendants deny the averments of paragraph 32.

Complaint ¶33

> Defendants were negligent in soliciting proxies and including their names in the 2011 Proxy Statement with material misrepresentations and omissions concerning, among other things, the amendments to the 2006 LTIP. But to the extent that this complaint seeks declaratory and injunctive relief, it is unnecessary that the court find that the defendants were negligent. Defendants' acts have caused injury to the plaintiff directly and to the Company.

**ANSWER TO ¶33.**

> Defendants deny the averments of paragraph 33.

Complaint ¶34

> The Company and its shareholders have been harmed by the failure of the 2006 LTIP as amended awards to comply with Section 162(m).

**ANSWER TO ¶34.**

> Defendants deny the averments of paragraph 34.

Complaint ¶35

       Plaintiff has not made any demand on the Company's board of directors to institute this action because none is required for a direct claim seeking redress for wrongs to fair corporate suffrage and other wrongful acts of the Director Defendants renders any demand requirement as futile.

**ANSWER TO ¶35.**

       Defendants deny the averments of paragraph 35, except admit that Plaintiff has not made

any demand on Qualcomm's Board of Directors.

Complaint ¶36

       The entire Board is either interested in the transactions and events alleged herein, and/or otherwise lacks independence for the following reasons:

          a.     Of the thirteen members of the Board, all of them are eligible to participate in the 2006 LTIP as amended and are interested in the payments to be made under the 2006 LTIP as amended, rendering them incapable of making an impartial decision regarding pre-suit demand.

          b.     Three of the members of the Company's board of directors, defendants Bennett, Scowcroft and Stern, are members of the Compensation Committee, the committee of the board of directors that is charged with, *inter alia*, making "recommendations concerning . . . . incentive compensation, administers and approves stock offerings under [the] employee stock purchase plans and long term incentive plan ...." *Proxy Statement* at 4. The Proxy Statement disclosures regarding the 2006 LTIP as amended were so patently defective that the Compensation Committee members are liable for having adopted them, and those directors are interested and lack independence for that reason.

**ANSWER TO ¶36.**

       Defendants deny the averments of paragraph 36, except refer to the 2011 Proxy for a

complete and accurate description of its contents.

Complaint ¶37

       Even in the absence of a traditionally interested (or non-independent) board, demand is excused under the facts at bar.

**ANSWER TO ¶37.**

       Defendants deny the averments of paragraph 37.

Complaint ¶38

The demand requirement and its exceptions are to encourage intra-corporate resolution of disputes and to obtain the business judgment of the board on whether the litigation is in the best interest of the corporation and its shareholders. However, where a stockholder sues the board of directors over an act that is not a decision concerning the management of the business and affairs of the corporation, but one of disclosure, the business judgment rule does not apply. Delaware law excuses demand whenever the challenged act of the board is not the product of a valid exercise of business judgment, regardless of whether a majority of the board is disinterested and independent. The Board's conduct concerning the misrepresentations in, and the omissions from, a proxy statement are not matters of business judgment, and they are not protected by the business judgment rule for the following reasons:

a.      When, for the stockholders' annual meeting, a corporate board solicits stockholders' votes for an executive compensation plan, the board owes the stockholders a statutory and fiduciary duty of full and fair disclosure, meaning that all material facts must be fully and fairly disclosed and no material facts may be omitted. This duty of disclosure is a thing apart from the duty and authority to deal with the business and property of the corporation. Courts give deference to a corporate board of directors as to questions of management of the corporation's business, but not as to questions of the board's performance of its disclosure duties, and for three reasons. First, a board's decision, even in good faith to misstate or to omit a material fact cannot be defended on the grounds that reasonable persons could differ on the subject. Second, although courts may not be well suited to making business decisions, courts are well suited to deciding questions concerning the quality of and circumstances surrounding, disclosures. Third, allegations that a proxy statement has materially false or misleading representations and omissions could raise issues as to the honesty and good faith of the directors.

b.      As with Delaware law, under federal policy, there is no need for prior demand on the board of directors with respect to the claim of misrepresentations and omissions in the Proxy Statement.

c.      At bar, the Proxy Statement contains materially false or misleading statements and omissions concerning the tax deductibility of payments under the 2006 LTIP as amended.

## ANSWER TO ¶38.

Defendants deny the averments of paragraph 38. Defendants further state that no response is required to the extent Plaintiff refers in paragraph 38 to his First Claim for Relief on the basis that the Court dismissed this claim in its July 1, 2011, Order.

Complaint ¶39

> Payments under the 2006 LTIP as amended will not be tax deductible and therefore will constitute waste, which is not protected by the business judgment rule, and it excuses pre-suit demand.

**ANSWER TO ¶39.**

> Defendants deny the averments of paragraph 39.

Complaint ¶40

> A transaction authorized by a Board in contravention of public policy is not protected by the business judgment rule.

**ANSWER TO ¶40.**

> Defendants admit the averments of paragraph 40.

Complaint ¶41

> Paragraphs 1 through 34 state a direct claim for relief against all defendants pursuant to § 14(a) of the Exchange Act and SEC Rules 14a-4 and 14a-9 for making materially false and misleading statements to the stockholders in the 2011 Proxy Statement.

**ANSWER TO ¶41.**

> Paragraph 41 does not require a response on the basis that the Court's July 1, 2011, Order

dismissed plaintiff's First Claim for Relief.

Complaint ¶42

> The Defendants caused materially false statements to be disseminated to the stockholders in the Proxy Statement.

**ANSWER TO ¶42.**

> Paragraph 42 does not require a response on the basis that the Court's July 1, 2011, Order

dismissed plaintiff's First Claim for Relief.

Complaint ¶43

> The acts of the Defendants have injured the plaintiff directly by providing materially false information.

**ANSWER TO ¶43.**

Paragraph 43 does not require a response on the basis that the Court's July 1, 2011, Order dismissed plaintiff's First Claim for Relief.

Complaint ¶44

As a result of these actions of the Director Defendants, the Plaintiff has been and will be injured.

**ANSWER TO ¶44.**

Paragraph 44 does not require a response on the basis that the Court's July 1, 2011, Order dismissed plaintiff's First Claim for Relief.

Complaint ¶45

Plaintiff has no adequate remedy at law.

**ANSWER TO ¶45.**

Paragraph 45 does not require a response on the basis that the Court's July 1, 2011, Order dismissed plaintiff's First Claim for Relief.

Complaint ¶46

To ameliorate the injury, injunctive relief is required in the form of corrective disclosures regarding the 2006 LTIP as amended. If the 2006 LTIP as amended is adopted, the court should suspend the 2006 LTIP as amended, and require the defendants to distribute to its stockholders corrected disclosures.

**ANSWER TO ¶46.**

Paragraph 46 does not require a response on the basis that the Court's July 1, 2011, Order dismissed plaintiff's First Claim for Relief.

Complaint ¶47

Paragraphs 1 through 40 state a claim for relief as a stockholder's derivative action on behalf of Qualcomm against the Director Defendants and the Executive Defendants.

**ANSWER TO ¶47.**

Defendants deny the averments of paragraph 47 and repeat their responses to paragraphs 1 through 40 as if fully set forth herein.

Complaint ¶48

The acts of the Director Defendants in distributing the false or misleading Proxy Statement have injured the Company by interfering with proper governance on its behalf that follows the free and informed exercise of the stockholders' right to vote for directors and for compensation plans.

**ANSWER TO ¶48.**

Defendants deny the averments of paragraph 48.

Complaint ¶49

The acts of the Executive Defendants and the Director Defendants in distributing the false and misleading Proxy Statement, including their names in it, authorizing the acceptance and the payment of non-tax-deductible compensation under the 2006 LTIP as amended and failing to seek informed stockholder approval of amendments to the 2006 LTIP constitute breaches of these defendants' respective duties of loyalty to and care for the Company and its stockholders.

**ANSWER TO ¶49.**

Defendants deny the averments of paragraph 49.

Complaint ¶50

As a result of these actions of the Director Defendants and the Executive Defendants, the Company has been and will be injured.

**ANSWER TO ¶50.**

Defendants deny the averments of paragraph 50.

Complaint ¶51

Paragraphs 1 through 40 state a claim for relief as a stockholder's derivative action on behalf of Qualcomm against the Director Defendants and the Executive Defendants.

**ANSWER TO ¶51.**

Defendants deny the averments of paragraph 51 and repeat their responses to paragraphs 1 through 40 as if fully set forth herein.

Complaint ¶52

    The conduct of the Director Defendants in seeking stockholder approval of the Plan without adhering to SEC regulations and IRC § 162(m) and its accompanying regulations, causing the compensation to be non-tax-deductible, is irrational and constitutes waste and the contravention of public policy, and it has caused and will continue to cause injury to the Company.

**ANSWER TO ¶52.**

    Defendants deny the averments of paragraph 52.

Complaint ¶53

    The acts of the Director Defendants in including their names in the 2011 Proxy Statement, seeking stockholder approval of the 2006 LTIP as amended, with false statements and omissions, have been or will be a breach of their duty of loyalty to the Company in that these constitute acts and omissions contrary to the best interests of the Company.  As members of the board of directors of the Company, the Director Defendants owe it fiduciary duties of loyalty, and good faith under Delaware law.  Each of the Director Defendants has breached those duties by reason of the foregoing.

**ANSWER TO ¶53.**

    Defendants deny the averments of paragraph 53, except admit that under Delaware law, the Director Defendants owe fiduciary duties to the Company and its shareholders.

Complaint ¶54

    The Executive Defendants will enjoy unjust enrichment by their receipt of non-tax-deductible compensation in contravention of public policy.

**ANSWER TO ¶54.**

    Defendants deny the averments of paragraph 54.

Complaint ¶55

    As a result of these actions of the Director Defendants and Executive Defendants, the Company has been and will be injured.

**ANSWER TO ¶55.**

    Defendants deny the averments of paragraph 55.

## DEFENSES

Defendants assert the following defenses, without assuming the burden of proof on any such defenses that would otherwise rest with Plaintiff. Defendants expressly reserve the right to supplement, amend or delete the following defenses, as warranted by discovery or other investigation, or as justice may require.

### First Defense

The Complaint fails adequately to plead that demand upon the directors required by Rule 23.1 of the Federal Rules of Civil Procedure is excused.

### Second Defense

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### Third Defense

Plaintiff has not suffered any legally cognizable injury.

### Fourth Defense

The Court lacks subject matter jurisdiction over Plaintiff's Complaint.

### Fifth Defense

Plaintiff's claims are barred by the doctrine of laches.

### Sixth Defense

Plaintiff's claims are barred by Qualcomm's Restated Certificate of Incorporation dated March 7, 2006, which states that the Company's directors are "not to be liable to the corporation or its stockholders for monetary damages for breach of his or her fiduciary duty as a director".

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Dated: September 12, 2011
1027036 / 36664

POTTER ANDERSON & CORROON LLP

By: */s/ Peter J. Walsh, Jr.*
    Richard L. Horwitz (#2246)
    Peter J. Walsh, Jr. (#2437)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    pwalsh@potteranderson.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Peter J. Walsh, Jr., hereby certify that on September 12, 2011, the attached document

was electronically filed with the Clerk of the Court using CM/ECF which will send notification

to the registered attorney(s) of record that the document has been filed and is available for

viewing and downloading.

I further certify that on September 12, 2011, the attached document was Electronically

Mailed to the following person(s):

Joseph J. Farnan, Jr.
Joseph J. Farnan, III
Brian E. Farnan
FARNAN LLP
919 N. Market Street
12th Floor
Wilmington, DE 19801
farnan@farnanlaw.com
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

Daniel E. Bacine
Julie B. Palley
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA  19103
dbacine@barrack.com
jpalley@barrack.com

Alexander Arnold Gershon
BARRACK RODOS & BACINE
1350 Broadway, Suite 1001
New York, NY  10018
agershon@barrack.com

By:   */s/ Peter J. Walsh, Jr.*
Richard L. Horwitz
Peter J. Walsh, Jr.
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com

1027036 / 36664