IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 11-CV-217-RGA ) |
| BARBARA T. ALEXANDER, et al., Defendants, | ) ) ) |
| -and- | ) ) |
| QUALCOMM INCORPORATED, | ) ) |
| Nominal Defendant. | ) |

## JOINT STATUS REPORT

The parties to the above-captioned action by and through their undersigned counsel and pursuant to this Court's oral order of December 14, 2011, respectfully submit this joint status report.

I. **NATURE OF THE ACTION AND STATUS**

Plaintiff, a Qualcomm Incorporated ("Qualcomm") shareholder, commenced this action on March 11, 2011 against Qualcomm and its directors and certain officers alleging, inter alia, that the January 20, 2011 proxy statement for Qualcomm's March 8, 2011 annual stockholders' meeting (the "Proxy") was false or misleading because it incorrectly stated that certain prospective payments under Qualcomm's long-term incentive plan (as amended per the proposal in the Proxy) would qualify as "performance-based compensation" for purposes of tax deductibility under § 162(m) of the Internal Revenue Code. The Complaint asserted claims under § 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and under Delaware law for breach of fiduciary duty, waste, and unjust enrichment.

On April 18, 2011, Qualcomm and the individual defendants moved to dismiss all counts of the Complaint for failure to make a demand and for failure to state a legal claim. (D.I. 42). On June 30, 2011, plaintiff moved for partial summary judgment. (D.I. 48, 49.)

On July 1, 2011, the Court entered an Order granting the defendants' motion to dismiss Count I, and denying the defendants' motion to dismiss Count II and Count III. (D.I. 51). The Court's memorandum (D.I. 50) is reported as *Hoch v. Alexander*, 2011 WL 2633722 (D. Del. July 1, 2011). On July 7, 2011, plaintiff withdrew his motion for partial summary judgment. (D.I. 52.) On July 15, 2011, defendants made a motion for reargument (D.I. 53), which the Court denied on August 29, 2011. (D.I. 62). There are no motions currently before the Court.

On August 2, 2011, plaintiff served his First Request for Production of Documents to All Defendants (the "First Request"). In accordance with the parties' agreed schedule, defendants served their Responses and Objections to the First Request (the "Responses and Objections") on September 12, 2011.

Defendants filed their Answer on September 12, 2011. (D.I. 64.)

On November 29, 2011, defendants advised plaintiff that Qualcomm participates in the Internal Revenue Service's ("IRS") Compliance Assurance Process program, pursuant to which it works with the IRS to resolve potential issues before filing its tax returns. Defendants further advised plaintiff that on November 9, 2011, Qualcomm alerted the IRS to this lawsuit and requested an Issue Resolution Agreement regarding whether the payments at issue are deductible under § 162(m). Accordingly, defendants suggested a stay of further discovery proceedings pending the outcome of the IRS's review. Plaintiff's position is that this case is not a matter for the Internal Revenue Service.

Following a discussion between the parties on December 5, defendants proposed on December 8, 2011: (1) that they produce by December 19, 2011 substantially all the documents they agreed to produce in their Responses and Objections, with any additional responsive documents to be produced within the following two weeks, (2) a 60-day stay of discovery following the December 19 production and (3) that the parties meet and confer regarding the status of the IRS review and a further discovery stay, if needed, during the week of February 20, 2010. On December 9, 2011, plaintiff agreed to defendants' proposal, although his counsel described the agreement as a "schedule for the timing of discovery and for meeting and conferring" rather than as a "stay". Plaintiff preserved his objection to the timeliness of any objection by Defendants to the production of documents based on any review by the Internal Revenue Service.

On December 19, 2011, defendants produced documents bates labeled 1-1501. Defendants intend to make an additional small production by January 3, 2012.

## II. Events Requiring Scheduling by the Court

Plaintiff's position is that the Court should set a scheduling conference at its earliest convenience. It is Defendants' position that no events require scheduling by the Court before the parties' agreed-upon meet and confer session the week of February 20, 2012, although defendants are prepared to attend a scheduling conference whenever the Court believes it would be appropriate.

Respectfully submitted,

| FARNAN LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| By: /s/ Brian E. Farnan<br>Joseph J. Farnan, Jr. (#100245)<br>Joseph J. Farnan, III (#3945)<br>Brian E. Farnan (#4089)<br>919 N. Market Street<br>12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>farnan@farnanlaw.com<br>jjfarnan@farnanlaw.com<br>bfarnan@farnanlaw.com<br><br>*Attorneys for Plaintiff* | By: /s/ Peter J. Walsh, Jr.<br>Richard L. Horwitz (#2246)<br>Peter J. Walsh, Jr. (#2437)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>Fax: (302) 658-1192<br>rhorwitz@potteranderson.com<br>pwalsh@potteranderson.com<br><br>*Attorneys for Defendants* |