## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 11-CV-217-RGA |
| v. | ) |
| | ) |
| BARBARA T. ALEXANDER, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| -and- | ) |
| | ) |
| QUALCOMM INCORPORATED, | ) |
| | ) |
| Nominal Defendant. | ) |

## STIPULATION AND [PROPOSED] ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the parties desire to establish a mechanism to prevent the improper disclosure of certain information, documents and things sought through discovery that contain or disclose trade secrets or other confidential or proprietary commercial or personal information.

IT IS HEREBY STIPULATED and agreed by the parties, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and through their undersigned counsel and subject to the approval of the Court, that:

1. This Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") is being entered into by the parties to facilitate the production, exchange, and discovery of documents and other information in this litigation (the "Litigation") that merit confidential treatment.

2. Any Producing Party (defined below) may designate documents (including electronically stored information), depositions, deposition exhibits, interrogatory responses,

admissions, and any other information produced, given, or exchanged, whether formally or informally, in connection with discovery in this Litigation ("Discovery Material") as "Confidential," if counsel for such party believes in good faith that such Discovery Material falls within the definition of "Confidential Information" set forth in paragraph 3, in the following manner:

  a. in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Information.

  b. in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at or before the conclusion of the deposition; or (ii) by written notice, sent by counsel to all parties within ten (10) calendar days of receipt of the transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts containing Confidential Information shall be designated as Confidential. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of ten (10) calendar days after a final transcript of said deposition is received by counsel for each of the parties. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

  c. in the case of non-written material, such as recordings, magnetic media, photographs, and things, a legend substantially in the form described in 2(a) and 2(b) shall be affixed to the material, or to a container for it, in any suitable manner.

  3. As used herein:

a. "Confidential Information" shall mean Discovery Material that contains non-public commercial, marketing, or business information, non-public business reports, projections, or analyses, personal financial or medical information or other personally sensitive information, trade secrets, proprietary business information, competitively sensitive information, technical or non-technical subject matter within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), other commercially sensitive or proprietary information, or other non-public information the disclosure of which would in the good faith judgment of the Producing Party be detrimental to the conduct of such party's business or the business of any of such party's employees, directors, customers, or clients.

b. "Producing Party" shall mean a party to this Litigation or a non-party who produces Confidential Information in connection with depositions, document production, or otherwise in this Litigation.

c. "Receiving Party" shall mean a party to this Litigation or a non-party, as permitted under this Stipulation, receiving Confidential Information in connection with depositions, document production, or otherwise in this Litigation.

4. A Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential. If the Producing Party does not agree to de-designate such Discovery Material, the Receiving Party may, after making a good faith effort to resolve any such objection, move the Court for an order de-designating such Discovery Material. If such motion is filed, the documents or other materials shall be designated Confidential unless and until the Court rules otherwise. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

    a. the individuals who are parties;

    b. the undersigned counsel for the parties and regular and temporary employees or vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of this Litigation;

    c. in-house counsel whose job responsibilities include conducting, participating in, or supervising the subject matter of this Litigation;

    d. officers, directors, and employees of Qualcomm Incorporated ("Qualcomm") who are assisting Qualcomm's undersigned or in-house counsel in the conduct of this Litigation;

    e. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation at trial or in other proceedings; provided, however, that any such persons receiving Confidential Information shall pledge to abide by the terms and conditions of this Stipulation, and shall so evidence such undertaking by signing a confidentiality statement in the form attached as Exhibit A, which shall be maintained by counsel of record for whom such expert or consultant is working and, in the case of testifying experts, shall be disclosed to opposing counsel by the date on which expert disclosures are due pursuant to any scheduling order entered by the Court in this Litigation;

    f. the Court and court personnel;

g. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer; and

h. any other person agreed to by the parties.

6. Every person given access to Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms thereof. Confidential Information shall be utilized by the persons described in paragraph 5 only for purposes of this Litigation and for no other purposes, including, without limitation, any other business or commercial purpose or in any other action or proceeding.

7. Inadvertent failure to designate Discovery Material as Confidential shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as Confidential. The party or parties receiving such supplemental written notice shall thereafter mark and treat materials so designated as Confidential, and such materials shall be fully subject to this Stipulation as if they had been initially so marked.

8. This Stipulation has no effect upon, and shall not apply to, the parties' use of their own Discovery Material for any purpose.

9. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, the parties shall raise the issue with the Court prior to using the Confidential Information so that the Court may determine the protections to be afforded to any such information.

10. This Stipulation shall not be construed to prevent examination of any person as a witness at trial or during deposition concerning any Confidential Information which that person

had lawfully received prior to and apart from this Litigation. Any Producing Party may be examined at trial or during deposition regarding Confidential Information that such Producing Party produced. During examination, a witness may be shown Confidential Information if it appears from the face of the document, or from other documents or testimony, to have been received by that witness or communicated to that witness.

11. Non-parties who produce documents pursuant to this Stipulation shall have the benefit of this Stipulation, and shall be entitled to enforce its terms, but only if they deliver to the parties' undersigned counsel a signed writing evidencing their agreement to be bound by this Stipulation.

12. A party may designate as Confidential Information any Discovery Material produced or given by any non-party. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to ten (10) calendar days after actual receipt of copies of those documents by counsel for the party asserting the Confidential designation. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to ten (10) calendar days after the transcript is received by counsel for the party asserting the Confidential designation. Prior to the expiration of such ten-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

13. All documents containing Confidential Information shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means (the "Procedures").

14. Extracts and summaries of Confidential Information shall also be treated as Confidential in accordance with this Stipulation.

15. The provisions of this Stipulation shall, absent the prior written consent of both parties or an order of the Court, continue to be binding after the conclusion of this Litigation, including any appeals therefrom.

16. Entering into, agreeing to, producing, or receiving Confidential Information, or otherwise complying with the terms of this Stipulation shall not:

   a. operate as an admission by any party that any particular Discovery Material designated as Confidential contains or reflects any type of Confidential Information;

   b. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular Discovery Material deemed by any party to contain Confidential Information;

   c. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation;

   d. prejudice in any way the rights of a party to seek a determination by the Court of whether any Discovery Material should be subject to the terms of this Stipulation;

   e. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential Information;

   f. prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

g. prejudice the parties from seeking relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of Confidential as inappropriate under applicable law.

17. If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any party is inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, that party shall promptly return to the claiming party or person that material, including all copies, as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose until further order of the Court. Nothing herein shall preclude the party returning such material from moving the Court for an order compelling production of the material or for any other relief with respect thereto.

18. Within sixty (60) calendar days after the final termination of this Litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) calendar days of the final termination of this Litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the

parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits.

19. This Court retains jurisdiction after final disposition of this Litigation, including any appeals therefrom, to enforce this Stipulation and to make such amendments, modifications, deletions, and additions to this Stipulation as the Court may from time to time deem appropriate or as may be requested by the parties.

20. If a party in possession of Confidential Information receives a subpoena or other compulsory process from a non-party to this Stipulation seeking production or other disclosure of such Confidential Information, that party shall give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process identifying the Confidential Information sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Information called for prior to receiving a court order or the consent of the Producing Party. In the event that such Confidential Information is produced to the non-party, such material shall still be treated in accordance with the designation as Confidential by the parties to this Stipulation.

21. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motions

so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

22. All parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, or an alternative thereto which is satisfactory to the parties and the Court, and any violation of the terms of this Stipulation while entry by the Court is pending shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court. Any violation of the terms of this Stipulation shall be punishable by relief deemed appropriate by the Court.

Dated: March 12, 2012

| POTTER ANDERSON & CORROON LLP | FARNAN LLP |
|---|---|
| By: /s/ Richard L. Horwitz<br>Richard L. Horwitz (#2246)<br>Peter J. Walsh (#2437)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>(302) 984-6000<br>rhorowitz@potteranderson.com<br>pwalsh@potteranderson.com<br><br>*Attorneys for Defendants* | By: Brian E. Farnan<br>Joseph J. Farnan, Jr. (#100245)<br>Joseph J. Farnan III (#3945)<br>Brian E. Farnan (#4089)<br>919 N. Market Street<br>12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>(302) 777-0301 (Fax)<br>farnan@farnanlaw.com<br>jjfarnan@farnanlaw.com<br>bfarnan@farnanlaw.com<br><br>*Attorneys for Plaintiff* |
| OF COUNSEL:<br><br>CRAVATH, SWAINE & MOORE LLP<br>Evan R. Chesler<br>Rachel G. Skaistis<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | OF COUNSEL:<br><br>BARRACK, RODOS & BACINE<br>Alexander Arnold Gershon<br>William J. Ban<br>Michael A. Toomey<br>425 Park Avenue. Suite 3100<br>New York, NY 10022<br>(212) 688-0782<br><br>BARRACK, RODOS & BACINE |

Daniel E. Bacine
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 963-0600

**SO ORDERED** this 12th day of March, 2012

*/s/ Richard G. Andrews*
The Honorable Richard G. Andrews
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 11-CV-217-RGA |
| v. | ) |
| | ) |
| BARBARA T. ALEXANDER, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| -and- | ) |
| | ) |
| QUALCOMM INCORPORATED, | ) |
| | ) |
| Nominal Defendant. | ) |

## CERTIFICATION

I, _____, hereby certify (i) my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Order") entered by the United States District Court for the District of Delaware, and (ii) that I have read the Order. I understand the terms of the Order and I agree to be fully bound by the Order. I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for purposes of enforcement of the Order and I agree to accept service by registered or certified mail at the address provided below. I understand that any violation of the terms of this Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

Dated: _____  Signature: _____

Address: _____
         _____