IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH, | ) |
| Plaintiff, | ) ) ) ) C.A. No. 11-CV-217-RGA |
| v. | ) ) |
| BARBARA T. ALEXANDER, STEPHEN M. BENNETT, DONALD G. CRUICKSHANK, RAYMOND V. DITTAMORE, THOMAS W. HORTON, IRWIN M. JACOBS, PAUL E. JACOBS, ROBERT E. KAHN, SHERRY LANSING, DUANE NELLES, FRANCISCO ROS, BRENT SCOWCROFT, MARC I. STERN, WILLIAM E. KEITEL, STEVEN R. ALTMAN, STEVEN M. MOLLENKOPF, DONALD J. ROSENBERG and QUALCOMM INCORPORATED, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| -and- | ) ) |
| QUALCOMM INCORPORATED, | ) ) |
| Nominal Defendant. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, Kenneth Hoch, by and through his attorneys, pursuant to Fed. R. Civ. P. 15(a)(2), hereby respectfully moves the Court for leave to file an Amended Complaint. A copy of the proposed Amended Complaint is annexed hereto as Exhibit A, and a redlined version of the Amended Complaint is annexed hereto as Exhibit B.

**I.   BACKGROUND**

1.   Plaintiff, a shareholder of Qualcomm Incorporated ("Qualcomm"), commenced this action on March 11, 2011, against Qualcomm and its directors and certain officers, alleging, *inter alia*, that the January 20, 2011 proxy statement (the "Proxy") for Qualcomm's March 8,

2011 annual stockholders' meeting was false or misleading because it incorrectly stated that certain prospective payments under Qualcomm's long-term incentive plan (as amended per the proposal in the Proxy) would qualify as "performance-based compensation" for purposes of tax deductibility under 162(m) of the Internal Revenue Code. The Complaint asserted direct and derivative claims under Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78n(a) (the "Exchange Act"), and under Delaware law for breach of fiduciary duty, waste and unjust enrichment.

2. On April 18, 2011, Defendants moved to dismiss the Complaint in its entirety. On July 1, 2011, the Honorable Berle M. Schiller, granted Defendant's motion as it pertained to Count I of the Complaint, which alleged a direct claim against Defendants. In dismissing this claim, the Court concluded that the Complaint lacked a "link between the alleged misstatements in the [Proxy] and actual economic harm." *Id.* at 5.[1] The Court declined to dismiss Counts II and III of the Complaint which alleged derivative claims. Defendants moved for reargument of Judge Schiller's decision, and Judge Schiller denied their motion on August 29, 2011.

3. On December 13, 2011, this case was reassigned to this Court. After holding a Scheduling Conference on February 29, 2012, the Court entered a Scheduling Order on March 2, 2012. (D.I. 69).

## II. LEGAL STANDARD

4. Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.; Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] As noted in the Amended Complaint, Claim I continues to be included in the Amended Complaint solely to preserve plaintiff's rights. Defendants need not respond to this claim.

2

5. In accordance with Rule 15(a)(2), the Third Circuit encourages a liberal approach to amendment of the pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). Courts should only deny leave to amend where there exists undue delay, bad faith, or dilatory motives on the part of the moving party, or where the amendment is futile or unfairly prejudicial to the non-moving party. See *Foman*, 371 U.S. at 182; *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

### III. ARGUMENT

6. Plaintiff's Amended Complaint clarifies and refines certain factual allegations contained in the original Complaint and, based on the same conduct contained in the original Complaint, adds new claims under Delaware state law and the regulations promulgated by the Securities and Exchange Commission. Alternative pleading is permitted under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 8(d)(2), and leave to amend is frequently granted to allow a plaintiff to plead alternative grounds for recovery. *Rhodes v. Diamond*, 433 Fed. Appx. 78, 80-81 (3d Cir. 2011) (vacating order of the district court denying leave to amend where plaintiff sought to broaden original complaint with the addition of alternative claims for relief); *Capitaliza-T Sociedad de Responsabilidad Limitada de Capital Variable v. Wachovia Bank of Delaware National Assoc.*, 2011 WL 6650329 (D. Del. Dec. 21, 2011) (allowing plaintiff leave to file a second amended complaint that sets forth an unjust enrichment claim as an alternative to a breach of contract claim); *In re Mortgage Lenders Network USA, Inc.*, 395 B.R. 871 (D. Del. Bankr. 2008) (allowing plaintiff leave to amend six months after the close of discovery and more than four months before trial to plead an unjust enrichment claim as an alternative to a breach of contract claim).

7. In addition, Plaintiff's proposed amendments are not futile. "An amendment is

futile if it is frivolous, fails to state a claim upon which relief can be granted, or 'advances a claim or defense that is legally insufficient on its face.'" *Gelof v. Smith*, 2012 WL 394741, * 2 (D. Del. Feb. 3, 2012) (quoting *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006)). Claims IV and V state direct and derivative claims under Delaware law based on the argument that the shareholder vote, which took place on March 8, 2011, was coerced, and that it did not provide shareholders with an actual choice. Delaware courts have held that when shareholders vote they must be allowed an actual choice. *Levitt Corp. v. Office Depot, Inc.*, 2008 Del. Ch. LEXIS 47, at *24 (Del. Ch. Apr. 14, 2008). In addition, Delaware courts have upheld a right of action when a shareholder vote has been interfered with by coercion. *Williams v. Geier*, 1987 Del. Ch. LEXIS 436, at *4 & *19 (Del. Ch. May 20, 1987). Claims VI and VII state direct and derivative claims due to violations of 17 C.F.R. 240.14a-4(a)(3) and 14a-4(b)(1). The Second Circuit and other federal courts have upheld a private right of action for a violation of these SEC Rules. *Koppel v. 4987 Corp.*, 167 F.3d 125, 134-39 (2d Cir. 1998); *In re Real Estate Assocs. P'ship Litig.*, 223 F. Supp. 2d 1109, 1136-37 (C.D. Cal. 2002). Consequently, none of plaintiff's proposed amendments are futile.

8. Plaintiff has not proposed its amendments in bad faith and has not acted with undue delay or dilatory motives. Indeed, this action is still in its very early stages. A Scheduling Order was entered only three weeks ago on March 2, 2012. Approximately eight months of fact discovery remain in the case, and trial is more than a year and half away. (D.I. 69). As a result, Defendants will not suffer unfair prejudice.

9. Accordingly, the Court should grant Plaintiff's leave to amend consistent with Fed. R. Civ. P. 15(a)(2) and the Third Circuit's liberal approach to amendment of the pleadings.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting

Plaintiff leave to file the attached Amended Complaint.

Dated: March 23, 2012

Respectfully submitted,

**FARNAN LLP**

/s/ *Brian E. Farnan*
Joseph J. Farnan, Jr. (Bar No. 100245)
Joseph J. Farnan, III (Bar No. 3945)
Brian Farnan (Bar No. 4089)
919 N. Market Street
12th Floor
Wilmington, Delaware 19801
Tel.: (302) 777-0300
Fax.: (302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*

*Of counsel*

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
Michael A. Toomey
1350 Broadway, Suite 1001
New York, New York 10018
Tel: (212) 688-0782
Fax: (212) 688-0783

BARRACK, RODOS & BACINE
Daniel E. Bacine
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
(215) 963-0600