# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH HOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-217-RGA |
| | ) | |
| BARBARA T. ALEXANDER, et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants, | ) | **PUBLIC VERSION** |
| | ) | |
| -and- | ) | |
| | ) | |
| QUALCOMM INCORPORATED, | ) | |
| | ) | |
| Nominal Defendant. | ) | |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE TIME TO AMEND OR SUPPLEMENT THE PLEADINGS

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Dated: June 18, 2012
1063784-2 / 36664

Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
Matthew D. Stachel (#5419)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com
mstachel@potteranderson.com

*Attorneys for Defendants*

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Brooks v. AAA Cooper Transp., C.A. No. H-10-0818, 2011 WL 644746 (S.D.
    Tex. Feb. 10, 2011).................................................................................................10, 11

E. Minerals & Chems. Co. v. Mahan, 225 F.3d 330 (3d Cir. 2000)..................................10

In re Alpharma Inc. Sec. Litig., 372 F.3d 137 (3d Cir. 2004) ...........................................11

In re ML-Lee Acquisition Fund II, L.P., 151 F.R.D. 37 (D. Del. 1993) ..............................8

Koplove v. Ford Motor Co., 795 F.2d 15 (3d Cir. 1986) ....................................................7

La. Mun. Police Emps.' Ret. Sys. v. Pyott, __ A.3d __, C.A. No. 5795-VCL, 2012
    WL 2087205 (Del. Ch. June 11, 2012)..........................................................................9

McLaughlin v. Copeland, 455 F. Supp. 749 (D. Del. 1978), aff'd, 595 F.2d 1213
    (3d Cir. 1979) ................................................................................................................8

Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000) ..................................1, 7

Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57 (3d Cir. 2010) ..............8

Schreck v. Walmart, C.A. No. 08-5729 (DMC), 2009 WL 4800225 (D.N.J. Dec.
    8, 2009)........................................................................................................................10

St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., C.A.
    No. 04-1436-LPS, 2012 WL 1015993 (D. Del. Mar. 26, 2012)..................................7-8

Sterling v. Trans-Lux Movie Ticker Corp., C.A. No. 1508, 1961 WL 62161 (Del.
    Ch. Nov. 27, 1961) ........................................................................................................8

Unlimited Holdings, Inc. v. Bertram Yacht, Inc., C.A. No. 2005-46, 2008 WL
    4642191 (D.V.I. Oct. 15, 2008)...................................................................................10

Venetec Int'l, Inc. v. Nexus Med. LLC, 541 F. Supp. 2d 612 (D. Del. 2008) ..................10

**Statutes & Rules**

Fed. R. Civ. P. 16(b)........................................................................................................4, 7

Fed. R. Civ. P. 23.1(a).........................................................................................................9

Fed. R. Civ. P. 26(b)(1) ......................................................................................................8

ii

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ii

EXPLANATION OF CITATION FORMS ....................................................................iv

NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

SUMMARY OF ARGUMENT .........................................................................................4

STATEMENT OF FACTS ...............................................................................................4

ARGUMENT ....................................................................................................................7

I.     THE LEGAL STANDARD ..................................................................................7

II.    PLAINTIFF HAS NOT SHOWN GOOD CAUSE ..............................................8

CONCLUSION ...............................................................................................................11

**Other Authorities**

Fed. R. Civ. P. 16 Advisory Committee Note to 1983 Amendments..............................1, 7

Fed. R. Civ. P. 26(b)(1) Advisory Committee Note to 2000 Amendments ........................8

## EXPLANATION OF CITATION FORMS

The following citation forms are used in this brief:

- "Skaistis Declaration" or "Skaistis Decl." for references to the Declaration of Rachel G. Skaistis in Support of Defendants' Opposition to Plaintiff's Motion to Extend the Time to Amend or Supplement the Pleadings, dated June 18, 2012.

- "Ex." for references to documents attached as exhibits to the Skaistis Declaration.

- "Complaint" or "Compl." for references to plaintiff's Verified Complaint, filed on March 11, 2011 (D.I. 1).

- "Scheduling Order" for references to this Court's Scheduling Order, filed on March 2, 2012 (D.I. 69).

- "Pl. Mot." for references to plaintiff's Motion to Extend the Time to Amend or Supplement the Pleadings, filed on May 31, 2012 (D.I. 86).

- "11/29/11 Letter" for references to the November 29, 2011 letter from Rachel G. Skaistis to A. Arnold Gershon and William J. Ban (Ex. A).

- "2/13/12 Letter" for references to the February 13, 2012 letter from A. Arnold Gershon and William J. Ban to Evan R. Chesler and Rachel G. Skaistis (Ex. B).

- "2/29/12 Tr." for references to the transcript of the February 29, 2012, Status Conference (Ex. C).

- "3/13/12 Letter" for references to the March 13, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon and William J. Ban (Ex. D).

- "3/21/12 Letter" for references to the March 21, 2012, letter from A. Arnold Gershon to Rachel G. Skaistis (Ex. E).

- "3/30/12 Letter" for references to the March 30, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon (Ex. F).

- "4/3/12 Letter" for references to the April 3, 2012, letter from A. Arnold Gershon to Rachel G. Skaistis (Ex. G).

- "4/23/12 Letter" for references to the April 23, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon (Ex. H).

- "4/24/12 Letter" for references to the April 24, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon (Ex. I).

- "4/24/12 e-mail" for references to the April 24, 2012, email from A. Arnold Gershon to Rachel G. Skaistis (Ex. J).

- "4/26/12 Letter" for references to the April 26, 2012, letter from Brian E. Farnan to Rachel G. Skaistis (Ex. K).

- "4/27/12 Letter" for references to the April 27, 2012, letter from Rachel G. Skaistis to Brian E. Farnan (Ex. L).

- "5/1/12 Letter" for references to the May 1, 2012, letter from A. Arnold Gershon to Rachel G. Skaistis (Ex. M).

- "5/2/12 Letter" for references to the May 2, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon (Ex. N).

- "Second Request" for references to the plaintiff's Second Request for Production of Documents served on May 11, 2012 (Ex. O).

- "IRA" for references to the Form 886-A Issue Resolution Agreement between Qualcomm Incorporated and the Internal Revenue Service (Ex. P).

Defendants Qualcomm Incorporated ("Qualcomm" or the "Company") and Barbara T. Alexander, Stephen M. Bennett, Donald G. Cruickshank, Raymond V. Dittamore, Thomas W. Horton, Irwin M. Jacobs, Paul E. Jacobs, Robert E. Kahn, Sherry Lansing, Duane Nelles, Francisco Ros, Brent Scowcroft, Marc I. Stern, William E. Keitel, Steven R. Altman, Steven M. Mollenkopf and Donald J. Rosenberg (collectively the "Individual Defendants") respectfully submit this Brief in Opposition to Plaintiff's Motion to Extend the Time to Amend or Supplement the Pleadings.

## NATURE AND STAGE OF THE PROCEEDINGS

More than fifteen months after filing his Complaint, plaintiff continues to search for a viable legal theory. On May 31, 2012, the date set by this Court as the deadline for filing amended pleadings, plaintiff submitted the instant motion seeking yet more time in which to supplement his Complaint -- an additional 41 days -- because he is "still ferreting out" (Pl. Mot. ¶ 6) claims he might potentially wish to assert. Plaintiff, who purports to act derivatively on behalf of all Qualcomm shareholders and not in his individual capacity, has had more than ample time to ferret for claims; he has also forced Qualcomm to expend more than ample corporate resources responding to his various attempts to find new legal theories.

This Court imposed a Scheduling Order pursuant to Rule 16 of the Federal Rules of Civil Procedure, which definitively set May 31, 2012 as the last day on which the parties could seek to amend their pleadings. (See Scheduling Order ¶ 2.) Rule 16 requires courts to limit the time for amendments "to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed'". Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000) (quoting Rule 16 advisory committee note). Consistent with the purpose of Rule 16, and in the interests of Qualcomm and its shareholders, this Court should deny plaintiff's motion and preclude him from filing any further amendments.

Plaintiff initiated this derivative action on March 11, 2011, alleging that certain statements in Qualcomm's January 19, 2011 Proxy Statement ("Proxy Statement") seeking shareholder approval of the Company's Long-Term Incentive Plan, as amended (the "2011 Amended LTIP") violated the relevant Treasury Regulations and rendered the subsequent shareholder approval noncompliant with § 162(m) of the Internal Revenue Code. (See Compl. ¶ 25.) The Complaint contends that the purportedly noncompliant shareholder approval makes it impossible for Qualcomm to take tax deductions pursuant to § 162(m) for compensation paid to senior executives under the 2011 Amended LTIP. (Id.)

In November 2011, the Company alerted the Internal Revenue Service ("IRS") to the claims raised by plaintiff and asked the agency to review whether the contents of the Proxy Statement and the subsequent shareholder approval complied with § 162(m). (See 11/29/11 Letter (Ex. A).) Qualcomm informed plaintiff and the Court that the IRS had agreed to undertake such review. (Id.; 2/29/12 Tr. at 4-5 (Ex. C).) Qualcomm also informed plaintiff and the Court that Defendants believed that a favorable conclusion from the IRS would moot plaintiff's lawsuit because the only purported harm ever claimed by plaintiff is Qualcomm's supposed inability to take tax deductions for payments made under its 2011 Amended LTIP. (2/29/12 Tr. at 5-6 (Ex. C).) An IRS finding that neither the Proxy Statement nor the 2011 shareholder approval challenged by plaintiff prevents Qualcomm from taking these tax deductions fatally undermines that claim.

Apparently concerned that the IRS would concur with the Company's view of the § 162(m) issue, on March 23, 2012, plaintiff filed a motion seeking leave to amend the Complaint, proposing to add four new claims, including claims related to purported technical deficiencies with the form voting card provided to shareholders. (D.I. 76.) On April 20, 2012,

2

Defendants opposed plaintiff's motion for leave to amend the Complaint showing, among other things, that two of the proposed claims were time-barred and all of the proposed claims were legally insufficient. (See D.I. 80 at 3-4.)

On May 1, 2012, plaintiff advised Defendants that he "intend[ed] to withdraw [his] present motion to amend the complaint and will provide a new complaint supplemented with additional allegations based on, inter alia, Qualcomm's . . . recent interactions with the I.R.S.". (5/1/12 Letter at 1 (Ex. M).) Plaintiff formally withdrew his motion on May 7, 2012, claiming that he "received documentation through discovery that suggests additional allegations that are not currently included in the amended complaint" and representing that he "will soon move to amend and supplement the complaint in order to add these additional allegations to those amendments for which he previously moved". (D.I. 83 at 1-2.)

Despite plaintiff's representations, he did not seek to file a second amended complaint based on documents received during discovery. Instead, on May 11, plaintiff served Defendants with a second request for documents (the "Second Request"), which apparently relates to another possible new claim that remains unpleaded. (Pl. Mot. ¶ 8.) On the afternoon of May 31, 2012, the deadline for seeking to amend the pleadings, plaintiff moved for an extension of that deadline until July 11, 2012, asserting that he needs the extra time to review Defendants' production in response to the Second Request before deciding whether to seek to amend the Complaint. (Id.)[1]

On June 13, 2012, the IRS completed its review of the § 162(m) tax issue and entered into an Issue Resolution Agreement ("IRA") with Qualcomm, in which it explicitly

---

[1] Defendants have objected to the Second Request on the grounds, among others, that it seeks discovery only as to a possible new and unpleaded claim, rather than to an existing claim as required by Federal Rule of Civil Procedure 26. (See infra pp. 9-11.)

confirms the Company's position: "Following review of the Taxpayer's analysis of the facts and law, the Government concurs with the Taxpayer's position that the . . . 2011 Shareholder Approval [is] compliant with the requirements of Treas. Reg. Section 1.162-27(e)(4)."[2]  (IRA at 3 (Ex. P).)  Accordingly, and concurrent with its submission of these opposition papers, Qualcomm is today submitting a motion seeking leave to file an early motion for summary judgment based on the IRA, and a stay of discovery pending resolution of that motion.  The issuance of the IRA and the potential resolution of this matter in its entirety is even more reason why the Court should preclude plaintiff from attempting to amend his pleadings yet again.

### SUMMARY OF ARGUMENT

1. Plaintiff's motion should be denied because he has not shown good cause, as required by Federal Rule of Civil Procedure 16(b).  The Second Request cannot support a finding of good cause, because it exceeds the scope of proper discovery.  Moreover, even assuming the Second Request were proper, plaintiff has not demonstrated that he acted diligently in pursuing such discovery.  (See infra pp. 9-11.)

2. The Rule 15(a) standard governing motions for leave to amend pleadings is inapplicable because plaintiff has not moved under Rule 15(a), and because there is a Scheduling Order in place.  Plaintiff's motion is made pursuant to Rule 16(b) and it seeks to change a deadline established in the Scheduling Order.  (See infra p. 11.)

### STATEMENT OF FACTS

On March 2, 2012, the Court entered the parties' agreed-upon Rule 16 Scheduling Order.  (D.I. 69.)  The Scheduling Order set May 31, 2012 as the last day to seek to amend the pleadings.  (Id. ¶ 2; Pl. Mot. ¶ 5.)

---

[2] Although the IRA is dated June 11, 2012, it was entered into on June 13, 2012, when it was formally executed by Qualcomm.

By letter dated February 13, 2012, plaintiff observed that Defendants' document production did not include Board of Directors "[m]inutes approving the proposal [to adopt the 2011 Amended LTIP] for inclusion in the 2011 Proxy" and asked Defendants to produce such documents "[i]f [they] exist . . . or explain their absence otherwise". (2/13/12 Letter at 3 (Ex. B).) Defendants responded on March 13, 2012 that they had "produced all responsive Board material located after a reasonable search". (3/13/12 Letter at 2 (Ex. D).)

On March 21, 2012, plaintiff again requested "minutes of all meetings of the full board and its unanimous written consents concerning the 2011 annual meeting of stockholders [and] business there". (3/21/12 Letter (Ex. E).) On March 30, 2012, Defendants stated for a second time that "[t]o the best of our knowledge, we have produced all Board minutes and unanimous consents relating to" the 2011 Amended LTIP. (3/30/12 Letter (Ex. F).)

On March 23, 2012, plaintiff sought leave to amend the Complaint to add two federal securities law claims and two Delaware law "coercion" claims. The federal securities law claims were based on alleged technical deficiencies with the voting card distributed to shareholders that had never previously been raised by plaintiff. (See D.I. 76 ¶¶ 68-78.)

Throughout April 2012, plaintiff continued to ask for the same documents he had requested in May -- and had been told on numerous occasions did not exist. (See 4/3/12 Letter (Ex. G) (seeking "full board minutes or unanimous written consents" that relate to the 2011 annual meeting and the "business conducted" at that meeting); 4/24/12 e-mail (Ex. J) (seeking "board minutes and consents" regarding the 2011 Amended LTIP and its inclusion in the Notice of Meeting or "confirm[ation] that these documents do not exist"); 5/1/12 Letter (Ex. M) (seeking Board minutes and written consents relating to the 2011 Amended LTIP).)

On April 20, 2012, Defendants opposed plaintiff's motion for leave to amend the Complaint. (D.I. 80.)

On April 23, 2012, Defendants "confirm[ed] again that, to the best of our knowledge, we have produced all responsive Board meeting minutes and unanimous consents", and that "there are no responsive Board minutes or consents from the post-December 2009 time period". (4/23/12 Letter (Ex. H).)

On May 1, 2012, plaintiff advised Defendants by letter that he intended to withdraw his pending motion to amend the Complaint "and will provide a new complaint supplemented with additional allegations based on . . . Qualcomm's recent interactions with the I.R.S.". (5/1/12 Letter at 1 (Ex. M).)[3] Also on May 1, plaintiff announced his intention to add a claim that "the 2006 LTIP, as amended in 2011, was never properly before the shareholders in 2011" due to the lack of the Board documents he was requesting. (Id.)

Defendants responded to plaintiff's May 1 letter, confirming for the fourth time that "there simply are no Board minutes or consents reflecting" approval of the 2011 Proxy Statement, "which is why we have repeatedly stated to you that we have produced all responsive Board minutes". (5/2/12 Letter at 2 (Ex. N).) Defendants also suggested that plaintiff seek

---

[3] On April 24, 2012, Defendants produced Qualcomm's communications with the IRS to plaintiff. (4/24/12 Letter (Ex. I).)

### REDACTED

Plaintiff's letter then went on inexplicably to assert that Qualcomm had misled the IRS and threatened to seek a preliminary injunction prohibiting the entry of an IRA until he was given the chance to make his own presentation to the IRS. (Id. at 1-2.) On April 27, 2012, Defendants explained that Qualcomm provided the IRS with all the relevant pleadings, including the Complaint and plaintiff's brief in support thereof, and that the IRS clearly was conducting its own thorough review of the issues. (4/27/12 Letter at 1 (Ex. L).) Plaintiff ultimately (and correctly) elected not to pursue an injunction.

"proper discovery" -- as opposed to a barrage of discovery letters -- before proceeding with any claim regarding the Board's approval process. (Id.)

Despite his representations on May 1, plaintiff did not move to file a second amended complaint. Instead, on May 7, plaintiff formally withdrew his pending motion to file the first amended complaint and on May 11, less than a week later, he served the Second Request. (See ECF Nos. 83, 84.) The Second Request did not seek production of documents prior to May 31; nor did plaintiff ask Defendants at any time prior to May 31 to extend the deadline for filing an amended complaint so that he could review Defendants' document production. (See Second Request (Ex. O).)

## ARGUMENT

### I.  THE LEGAL STANDARD

Rule 16 requires a court to set a scheduling order governing, among other things, amendments to pleadings. See Fed. R. Civ. P. 16(b). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed'". Parker, 204 F.3d at 339-40 (quoting Rule 16 advisory committee note). The Third Circuit has recognized that Rule 16 "scheduling orders are at the heart of case management", and their "utility will be severely impaired" if "they can be disregarded without a specific showing of good cause". Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986). Plaintiff himself acknowledges that he must show good cause. (See Pl. Mot. ¶ 7 ("Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify a deadline set forth in a scheduling order for good cause."); id. ¶ 9 ("Plaintiff respectfully submits that good cause exists . . . .").)

To establish good cause, plaintiff must "demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner". St. Clair

Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., C.A. No. 04-1436-LPS, 2012 WL 1015993, at *5 (D. Del. Mar. 26, 2012) (quotation omitted).  Good cause "hinges on the diligence of the movant, and not on prejudice to the non-moving party".  Id. (quotation omitted); see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010).

## II.     PLAINTIFF HAS NOT SHOWN GOOD CAUSE

Plaintiff claims he has shown good cause "in light of the on-going discovery in this case and the liberal standard for amendment of pleadings [set] forth in Federal Rule of Civil Procedure 15(a)".  (Pl. Mot. ¶ 9.)  Plaintiff is wrong.

First, the Second Request cannot support a showing of good cause because it is wholly improper.  Plaintiff did not issue the Second Request to obtain documents to support an existing claim or to refute a defense.  Rather, as he explicitly acknowledges, plaintiff is using the Second Request in an attempt to "ferret[] out . . . claims".  (Id. ¶ 6.)  Federal Rule of Civil Procedure 26 is clear that "the scope of discovery" is limited to a "matter that is relevant to any party's claim or defense".  Fed. R. Civ. P. 26(b)(1).  Plaintiff has no right "to [use] discovery to develop new claims . . . that are not already identified in [his] pleadings".  Fed. R. Civ. P. 26(b)(1) Advisory Committee Note to 2000 Amendments; cf. Sterling v. Trans-Lux Movie Ticker Corp., C.A. No. 1508, 1961 WL 62161, at *1 (Del. Ch. Nov. 27, 1961) (discovery improper where sought "to ferret out other causes of action").  As the court recognized in In re ML-Lee Acquisition Fund II, L.P.: "While most discovery involves some 'fishing', as with actual fishing, the hook must first be appropriately baited." 151 F.R.D. 37, 41 (D. Del. 1993).  Thus, a plaintiff "'is not entitled to discovery for the purpose of determining whether or not there may be a factual basis for a claim he has not made'". Id. (quoting McLaughlin v. Copeland, 455 F. Supp. 749, 753 (D. Del. 1978), aff'd, 595 F.2d 1213 (3d Cir. 1979)).

8

Using discovery to "ferret[] out" new claims is especially inappropriate in a derivative action. Just last week, the Delaware Court of Chancery explained that "[r]epresentative litigation plays an important role in protecting the interests of stockholders, but it will not optimally serve investors unless suits are actually filed on the basis of a real concern that wrongdoing has occurred and after a proper investigation". La. Mun. Police Emps.' Ret. Sys. v. Pyott, __ A.3d __, C.A. No. 5795-VCL, 2012 WL 2087205, at *25 (Del. Ch. June 11, 2012) (quotation omitted). Here, the various new theories plaintiff has pursued (including supposed technical issues with Qualcomm's voting card as set forth in the first proposed amended complaint and now supposed issues with the Board process) since learning that the IRS was reviewing the § 162(m) issues he originally raised suggests plaintiff is not pursuing this litigation out of a "real concern that wrongdoing has occurred". See id.[4]

Second, even assuming the discovery sought in the Second Request was proper, plaintiff does not -- because he cannot -- make any attempt to show that he acted with diligence. Plaintiff began inquiring about the Board's approval process in mid-February 2012, more than two months before the May 31 deadline. (See supra p. 5.) On March 13, and then again on March 30, Defendants told plaintiff that the documents he sought did not exist. (See id.) At that point, a diligent plaintiff who believed information about these materials was significant would have, at a minimum, proceeded with targeted discovery, such as interrogatories. Instead, plaintiff chose to barrage Defendants with informal letter requests for documents counsel confirmed several times did not exist. (See supra p. 6.) Peppering Defendants with duplicative letter requests is not diligence.

---

[4] As Defendants have noted previously, plaintiff's actions raise a substantial question whether, as required by Rule 23.1(a), he "fairly and adequately represent[s] the interests of shareholders . . . who are similarly situated in enforcing the right of the corporation". Fed. R. Civ. P. 23.1(a).

Plaintiff also did not ask Defendants to respond to the Second Request on an expedited schedule or ask the Court to order Defendants to do so. (See Second Request (Ex. O).) Indeed, plaintiff took no action regarding the May 31 deadline until that very afternoon, even though he must have known all along that Defendants' response to the Second Request was not due until after May 31. Plaintiff's decision to wait until the last minute to seek the extension further weighs against finding good cause. See Brooks v. AAA Cooper Transp., C.A. No. H-10-0818, 2011 WL 644746, at *1 (S.D. Tex. Feb. 10, 2011) ("Plaintiff does not explain why he waited to file his Motion until one day prior to the discovery deadline. This weighs against extending the deadlines.").

Third, the Rule 15(a) standard governing motions for leave to amend pleadings is irrelevant. Plaintiff has no pending motion for such relief. Rather, he moved "pursuant to Fed. R. Civ. P. 16(b)(4) to extend the deadline to amend the pleadings originally set forth in the ... Scheduling Order". (Pl. Mot. at 1.) In any event, "motions to amend which, in effect, operate to change the scheduling order are controlled by [Rule] 16(b)". Venetec Int'l Inc. v. Nexus Med. LLC, 541 F. Supp. 2d 612, 618 & n.19 (D. Del. 2008) (citing E. Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 & n.18 (3d Cir. 2000)); see also Schreck v. Walmart, C.A. No. 08-5729 (DMC), 2009 WL 4800225, at *1 (D.N.J. Dec. 8, 2009) ("[W]hen the Court has entered a scheduling order ... Rule 16(b) governs the amendment of pleadings."). Thus, in Unlimited Holdings, Inc. v. Bertram Yacht, Inc., the court held that good cause was required to extend certain scheduling order deadlines, even where the motion to extend was made before the deadlines expired. C.A. No. 2005-46, 2008 WL 4642191, at *1, 6-7 (D.V.I. Oct. 15, 2008); see

also <u>Brooks</u>, 2011 WL 644746, at *1 (requiring good cause where motion to amend scheduling order filed day before relevant deadline).[5]

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court deny plaintiff's motion for leave to extend the time to amend or supplement the pleadings.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Dated: June 18, 2012
1063784v2 / 36664

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    Peter J. Walsh, Jr. (#2437)
    Matthew D. Stachel (#5419)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    pwalsh@potteranderson.com
    mstachel@potteranderson.com

*Attorneys for the Individual Defendants*

---

[5] Even if Rule 15(a) somehow applied -- and it does not -- plaintiff could not possibly have satisfied it because he did not provide a proposed amended complaint, without which the Court cannot evaluate whether, for example, permitting amendment would be futile, would prejudice Defendants or would cause undue delay. See In re Alpharma Inc. Sec. Litig., 372 F.3d 137, 153-54 (3d Cir. 2004) (discussing standards for evaluating Rule 15(a) motion).

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on June 25, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on June 25, 2012, the attached document was Electronically Mailed to the following person(s):

Joseph J. Farnan, Jr.
Joseph J. Farnan, III
Brian E. Farnan
FARNAN LLP
919 N. Market Street
12th Floor
Wilmington, DE 19801
farnan@farnanlaw.com
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

Daniel E. Bacine
Julie B. Palley
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
dbacine@barrack.com
jpalley@barrack.com

Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
BARRACK RODOS & BACINE
1350 Broadway, Suite 1001
New York, NY 10018
agershon@barrack.com
wban@barrack.com
mtoomey@barrack.com

By:   /s/ Richard L. Horwitz
        Richard L. Horwitz
        Peter J. Walsh
        Matthew D. Stachel
        POTTER ANDERSON & CORROON LLP
        Tel: (302) 984-6000
        rhorwitz@potteranderson.com
        pwalsh@potteranderson.com
        mstachel@potteranderson.com

1009647 / 36664