## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KENNETH HOCH,                )
                            )
    Plaintiff,          )
                            )
    v.                  )    C.A. No. 11-217-RGA
                            )
BARBARA T. ALEXANDER, et al.,)
                            )    **JURY TRIAL DEMANDED**
    Defendants,         )
                            )    **PUBLIC VERSION**
    -and-               )
                            )
QUALCOMM INCORPORATED,       )
                            )
    Nominal Defendant.  )

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR JOINT MOTION
## FOR LEAVE TO FILE AN EARLY MOTION FOR SUMMARY JUDGMENT AND
## TO STAY DISCOVERY

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Dated: June 18, 2012
1063801 / 36664

Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
Matthew D. Stachel (#5419)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com
mstachel@potteranderson.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................................ii

EXPLANATION OF CITATION FORMS .....................................................................iv

NATURE AND STAGE OF THE PROCEEDINGS........................................................1

SUMMARY OF ARGUMENT.........................................................................................3

STATEMENT OF FACTS................................................................................................4

ARGUMENT....................................................................................................................5

I.    DEFENDANTS SHOULD BE GRANTED LEAVE TO FILE AN EARLY
      MOTION FOR SUMMARY JUDGMENT .......................................................5

II.   DISCOVERY SHOULD BE STAYED UNTIL SUMMARY JUDGMENT
      HAS BEEN RESOLVED....................................................................................7

CONCLUSION ................................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.,
  817 F. Supp. 2d 394 (D. Del. 2011) ...................................................................6

Agostino v. Hicks,
  845 A.2d 1110 (Del. Ch. 2004) .........................................................................6

B & G Enters., Ltd. v. United States,
  220 F.3d 1318 (Fed. Cir. 2000) ........................................................................6

Babalola v. Donegal Mut. Ins. Co.,
  C.A. No. 08-CV-621, 2008 WL 5278393 (M.D. Pa. Dec. 18, 2008)...........................7

Crist v. Phelps,
  810 F. Supp. 2d 703 (D. Del. 2011) ..................................................................5

Hoch v. Alexander,
  C.A. No. 11-217, 2011 WL 2633722 (D. Del. July 1, 2011) .........................................4

Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.,
  C.A. No. 11-176-LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011).............................8

Oy Ajat, Ltd. v. Vatech Am., Inc.,
  C.A. No. 10-4875 (PGS), 2012 WL 1067900 (D.N.J. Mar. 29, 2012).........................7

Perelman v. Perelman,
  C.A. No. 10-5622, 2011 WL 3330376 (E.D. Pa. Aug. 3, 2011) ..............................7, 8

Pretrial Scheduling Order, Perelman v. Perelman,
  C.A. No. 10-5622, (E.D. Pa. Mar. 15, 2011), ECF No. 28..............................................8

Round Rock Research LLC v. Dole Food Co.,
  C.A. No. 11-1239-RGA, 2012 WL 1185022 (D. Del. Apr. 6, 2012) ..........................7

Vitalis v. Sun Constructors, Inc.,
  C.A. No. 10-1698, 2012 WL 1950405 (3d Cir. May 31, 2012) ...................................6

Weisman v. Mediq, Inc.,
  C.A. No. 95-1831, 1995 WL 273678 (E.D. Pa. May 3, 1995).................................7, 8

**Statutes & Rules**

D. Del. L.R. 7.1.1 ...............................................................................................3

Fed. R. Civ. P. 23.1.............................................................................................7

ii

Fed. R. Civ. P. 26(b) ........................................................................................................5

## EXPLANATION OF CITATION FORMS

The following citation forms are used in this brief:

- "Skaistis Declaration" or "Skaistis Decl." for references to the Declaration of Rachel G. Skaistis in Support of Defendants' Joint Motion for Leave to File an Early Motion for Summary Judgment and to Stay Discovery, dated June 18, 2012.

- "Ex." for references to documents attached as exhibits to the Skaistis Declaration.

- "Complaint" or "Compl." for references to plaintiff's Verified Complaint, filed on March 11, 2011 (D.I. 1).

- "Scheduling Order" for references to this Court's Scheduling Order, filed on March 2, 2012 (D.I. 69).

- "Deposition Notice" for references to the plaintiff's Notice of Deposition, served on June 13, 2012 (D.I. 88).

- "Proxy Statement" for references to the Qualcomm Incorporated Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 (Form DEF 14A) (January 19, 2011) (Ex. A).

- "3/14/11 8-K" for references to the Qualcomm Incorporated Current Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 (Form 8-K) (March 14, 2011) (Ex. B).

- "11/29/11 Letter" for references to the November 29, 2011, letter from Rachel G. Skaistis to A. Arnold Gershon and William J. Ban (Ex. C).

- "2/29/12 Tr." for references to the transcript of the February 29, 2012, Status Conference (Ex. D).

- "3/20/12 Letter" for references to the March 20, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon and William J. Ban (Ex. E).

- "4/23/12 Letter" for references to the April 23, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon (Ex. F).

- "Second Request" for references to the Plaintiff's Second Request for Production of Documents to all Defendants, served on May 11, 2012 (Ex. G).

- "IRA" for references to the Form 886-A Issue Resolution Agreement between Qualcomm Incorporated and the Internal Revenue Service (Ex. H).

- "First Interrogatories" for references to the Plaintiff's First Interrogatories to All Defendants, served on June 13, 2012 (Ex. I).

Defendants Qualcomm Incorporated ("Qualcomm" or the "Company") and

Barbara T. Alexander, Stephen M. Bennett, Donald G. Cruickshank, Raymond V. Dittamore,

Thomas W. Horton, Irwin M. Jacobs, Paul E. Jacobs, Robert E. Kahn, Sherry Lansing, Duane

Nelles, Francisco Ros, Brent Scowcroft, Marc I. Stern, William E. Keitel, Steven R. Altman,

Steven M. Mollenkopf and Donald J. Rosenberg (collectively the "Individual Defendants")

respectfully submit this Brief in Support of their Joint Motion for Leave to File an Early Motion

for Summary Judgment and to Stay Discovery.

### NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff's Complaint is premised entirely on his claim that certain statements in

Qualcomm's January 19, 2011 Proxy Statement (the "Proxy Statement") seeking shareholder

approval of the Company's Long-Term Incentive Plan, as amended (the "2011 Amended LTIP")

violated the relevant Treasury Regulations and rendered the subsequent shareholder vote

noncompliant with § 162(m) of the Internal Revenue Code.  The Complaint alleges that the

purportedly noncompliant shareholder vote makes it impossible for Qualcomm to take tax

deductions pursuant to § 162(m) for certain compensation paid to senior executives under the

2011 Amended LTIP.

Of critical relevance, the sole harm asserted by plaintiff -- who is pursuing

derivative claims on behalf of Qualcomm, not individual claims -- is the supposed inability by

Qualcomm to take tax deductions.  Plaintiff has never attempted to articulate, let alone plead, any

other theory of harm to the corporation.

In November 2011, in an effort to resolve this lawsuit without further unnecessary

expense to Qualcomm and its shareholders, the Company alerted the Internal Revenue Service

("IRS") to the claims raised by plaintiff and asked the agency to review whether the 2011

shareholder approval complied with § 162(m). Among other things, Qualcomm provided the IRS with a copy of the Complaint and all other relevant pleadings.

The IRS has now completed its review and arrived at a formal conclusion that fatally undermines plaintiff's theory of harm. On June 13, 2012, the IRS entered into an Issue Resolution Agreement ("IRA")[1] with Qualcomm, in which the IRS explicitly concludes that "the 2006 Shareholder Approval and 2011 Shareholder Approval are compliant with the requirements of Treas. Reg. Section 1.162-27(e)(4)". (IRA at 3 (Ex. H).)[2] As a result of the IRA, it is now indisputable that neither the Proxy Statement nor the 2011 shareholder vote challenged by plaintiff prevents Qualcomm from taking the relevant § 162(m) tax deductions. Plaintiff therefore cannot establish harm to the Company as a matter of law, and because he only asserts derivative claims, there is simply nothing left to litigate. Indeed, plaintiff's continued efforts to avoid this result (for example, his recent motion to extend the deadline for amended pleadings) are solely for the potential benefit of plaintiff and his counsel, not for the Company and its shareholders on whose behalf plaintiff purports to act.

Defendants now move, pursuant to paragraph 7 of the Scheduling Order, for leave to file a motion for summary judgment within 14 days of the Court's order granting such leave. Permitting Defendants to seek summary judgment now would best serve judicial economy, as well as the interests of Qualcomm's shareholders.

---

[1] Although the IRA is dated June 11, 2012, it was entered into on June 13, 2012, when it was formally executed by Qualcomm.

[2] Although plaintiff challenges only the 2011 shareholder vote, the IRS, on its own initiative, reviewed the March 7, 2006, vote pursuant to which Qualcomm shareholders approved the initial Long-Term Incentive Plan ("2006 LTIP"), which was subsequently amended and reapproved in 2011.

2

Defendants also hereby request a stay of discovery pending the Court's decision whether to grant summary judgment. No further discovery is needed in light of the IRA, which represents the IRS's definitive and conclusive determination that the 2011 shareholder vote complied with the relevant Treasury Regulations, and that the statements in the Proxy Statement that plaintiff challenges did not render the vote defective. Defendants already have provided plaintiff with substantial discovery (more than 3,000 pages), including all of Qualcomm's communications with the IRS. (Qualcomm will produce to plaintiff shortly its most recent communications with the IRS.) However, plaintiff recently has requested additional documents, propounded an interrogatory with eight subparts and noticed a Rule 30(b)(6) deposition. Qualcomm and its shareholders (which plaintiff again purports to represent) should not be required to expend any additional resources addressing plaintiff's pending discovery when plaintiff's claims are not viable as a matter of law.[3]

### SUMMARY OF ARGUMENT

1.      The IRA indisputably demonstrates that plaintiff's sole theory of harm is wrong as a matter of law. A motion for summary judgment premised on the IRA would resolve this matter in its entirety, and therefore it is in the interest of judicial economy to grant Defendants leave to file such a motion.

2.      A stay of discovery is appropriate to preserve corporate resources while the potentially case dispositive motion is pending. A stay will not prejudice plaintiff.

---

[3] Pursuant to Local Rule 7.1.1, Defendants asked plaintiff for consent to file an early motion for summary judgment and to stay discovery. Plaintiff declined to consent to either.

## STATEMENT OF FACTS

On January 19, 2011, Qualcomm filed the Proxy Statement seeking approval of the 2011 Amended LTIP. (Proxy Statement at 14 (Ex. A).)  On March 8, 2011, Qualcomm's shareholders overwhelmingly approved the 2011 Amended LTIP. (3/14/11 8-K at 2 (Ex. B).)

On March 11, 2011, plaintiff filed his Verified Complaint.  He asserted three claims:  a direct claim for violations of § 14(a) of the Securities Exchange Act (Count I), and derivative Delaware law claims for breach of fiduciary duty and corporate waste (Counts II and III).  On July 1, 2011, Judge Schiller dismissed the § 14(a) claim, but declined to dismiss the derivative claims, ruling that "[a]lthough it is a close question as to whether Hoch has properly interpreted the proxy statement, this Court cannot conclude at this stage of the proceedings that his Complaint fails to state a claim".  Hoch v. Alexander, C.A. No. 11-217, 2011 WL 2633722, at *5-6 (D. Del. July 1, 2011).

On November 29, 2011, Defendants advised plaintiff that Qualcomm had alerted the IRS to his lawsuit and his allegations concerning the nondeductibility under  § 162(m) of any payments made to Qualcomm executives pursuant to the 2011 Amended LTIP. (11/29/11 Letter (Ex. C).)  Defendants also informed plaintiff that the Company had asked the IRS to review whether the 2011 shareholder approval complied with § 162(m) and to convey its position through an IRA.  (Id.)

During the pendency of the IRS review, Defendants produced documents responsive to plaintiff's then-outstanding discovery requests, as well as additional requests made via letter, including copies of all relevant communications between Qualcomm and the IRS. (See, e.g., 3/20/12 Letter (Ex. E); 4/23/12 Letter (Ex. F).)

On May 11, 2012, plaintiff served a second document request seeking documents related to potential new claims that plaintiff purportedly plans to file.  (Second Request (Ex. G).)

4

On June 13, 2012, plaintiff served Defendants with additional discovery requests, including an interrogatory consisting of eight subparts and a Rule 30(b)(6) deposition notice covering eight topics. (See First Interrogatories at 4-5 (Ex. I); Deposition Notice, D.I. 88.)[4]

Also on June 13, the IRS entered into an IRA with Qualcomm making clear that it concurs with the Company's position that payments under the 2011 Amended LTIP are deductible under § 162(m). Among other things, the IRA states that "the 2006 Shareholder Approval and the 2011 Shareholder Approval are compliant with the requirements of Treas. Reg. Section 1.162-27(e)(4)". (IRA at 3 (Ex. H).)

## ARGUMENT

## I.   DEFENDANTS SHOULD BE GRANTED LEAVE TO FILE AN EARLY MOTION FOR SUMMARY JUDGMENT

Motions for summary judgment promote judicial economy by expediting the resolution of disputed issues. See Crist v. Phelps, 810 F. Supp. 2d 703, 705 (D. Del. 2011) (agreeing to consider a summary judgment motion that was filed without leave of court). Defendants submit that a summary judgment motion is particularly appropriate here because it potentially will resolve the entire matter.

As set forth above, the IRS has reached a definitive agreement with the Company that "[t]he 2006 Shareholder Approval and 2011 Shareholder Approval are fully compliant with the requirements of Treas. Reg. Section 1.162-27(e)(4)". (IRA at 3 (Ex. H).) This means that the Company will not and cannot suffer the harm alleged in the Complaint -- namely that the IRS

---

[4] In addition to seeking a stay of discovery, Qualcomm also has objected to this new discovery as outside the scope of Rule 26(b) of the Federal Rules of Civil Procedure because it relates only to hypothetical unpleaded claims. As addressed more fully in Qualcomm's opposition (also filed today) to plaintiff's motion to extend the deadline for amended pleadings, Qualcomm believes that any attempt to amend by plaintiff is untimely and should be rejected because plaintiff has failed to establish the requisite good cause.

will deny tax deductions for payments made to Qualcomm's executives under the 2011

Amended LTIP due to supposed statements in the Proxy Statement that rendered the 2011

shareholder vote defective. (See, e.g., Compl. ¶ 25 ("[T]he 2006 LTIP as amended will not be

tax-deductible even if the stockholders approve it."); id. ("[N]o vote of the stockholders would

make such payments [under the 2011 Amended LTIP] deductible.").) Because this is the sole

harm articulated by plaintiff, his claims fail as a matter of law. See Agostino v. Hicks, 845 A.2d

1110, 1115-16 (Del. Ch. 2004) (purpose of derivative suits is to "redress harm inflicted upon the

corporation, including harm inflicted upon the corporation by its officers or directors from a

breach of fiduciary duty").

       Additional discovery will not save plaintiff's claims. Now that the IRS has

entered into the IRA there simply are no facts that "have the potential to alter the outcome of the

case". See Vitalis v. Sun Constructors, Inc., C.A. No. 10-1698, 2012 WL 1950405, at *7 (3d

Cir. May 31, 2012); see also Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc., 817

F. Supp. 2d 394, 404 (D. Del. 2011) (quoting B & G Enters., Ltd. v. United States, 220 F.3d

1318, 1322 (Fed. Cir. 2000) ("Summary judgment is particularly appropriate here. There are no

material facts in dispute. The only issue is legal.")).

       Plaintiff's argument at the parties' February 29, 2012 Rule 16(f) conference that

"courts must decide" -- not the IRS -- "what is the correct tax law" is beside the point. (2/29/12

Tr. at 7-8 (Ex. D).) The Complaint is premised on the theory that the Company will be harmed

because the IRS will not allow Qualcomm to deduct payments made under the 2011 Amended

LTIP.  (See Compl. ¶¶ 30-34.)  The IRA renders this assertion demonstrably false and, again, undermines the sole harm articulated by plaintiff.[5]

## II.   DISCOVERY SHOULD BE STAYED UNTIL SUMMARY JUDGMENT HAS BEEN RESOLVED

Defendants submit that a stay of discovery pending resolution of their summary judgment motion (assuming the Court grants leave to file) is appropriate here because the "likelihood" that the motion "may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay".  Weisman v. Mediq, Inc., C.A. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995).  Staying discovery in this matter is a practical way to "avoid[] the needless waste of resources" by the parties and the Court.  Oy Ajat, Ltd. v. Vatech Am., Inc., C.A. No. 10-4875 (PGS), 2012 WL 1067900, at *21 (D.N.J. Mar. 29, 2012); Babalola v. Donegal Mut. Ins. Co., C.A. No. 08-CV-621, 2008 WL 5278393, at *1 (M.D. Pa. Dec. 18, 2008).  This is especially true in light of the considerable resources already expended by the Company in defending this litigation (purportedly brought on its behalf), and the additional resources that would be required to respond to plaintiff's newly served discovery requests, including a Rule 30(b)(6) deposition notice covering eight topics and the plaintiff's second request for documents to which Defendants have objected.  See Round Rock Research LLC v. Dole Food Co., C.A. No. 11-1239-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012) (considering the reduction of costs to be a relevant factor); Perelman v. Perelman, C.A. No. 10-5622, 2011 WL 3330376, at *3 (E.D. Pa. Aug. 3, 2011) (ruling that breadth and cost of complying with pending discovery warranted partial stay).

---

[5] As Qualcomm has noted in previous filings and during the Rule 16(f) conference, it is difficult to understand why a plaintiff who purportedly "represent[s] the interests of shareholders" would want to continue to challenge and oppose a development that is clearly beneficial to the Company and its shareholders. Fed. R. Civ. P. 23.1.

Moreover, plaintiff will not suffer any prejudice if discovery is stayed. As discussed above, plaintiff is in possession of all the facts needed to oppose the summary judgment motion; he has (or will have shortly) copies of all relevant communications between the Company and the IRS, as well as the IRS's final conclusion. Additionally, the possibility that evidence will be lost is remote because all relevant documents have either been produced or preserved, and the length of the requested stay is not such that memories would fade. See Weisman, 1995 WL 273678, at *2.

Finally, with a trial date seventeen months away, and five and a half months before the close of discovery, there is ample time for the parties to adhere to this Court's Scheduling Order should the plaintiff prevail. See Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc., C.A. No. 11-176-LPS, 2011 WL 5523315, at *1 (D. Del. Nov. 14, 2011) (granting stay when discovery was six months from completion); Perelman, 2011 WL 3330376, at *3 (granting stay when discovery was less than two months from completion (see Pretrial Scheduling Order ¶ 1, Perelman, C.A. No. 10-5622 (E.D. Pa. Mar. 15, 2011), ECF No. 28)).[6]

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court grant leave to file an early motion for summary judgment and grant a stay of discovery pending the outcome of the motion.

---

[6] This Court denied Defendants request for a stay at the Rule 16(f) conference, finding that it was unclear how long it would take for the IRS to reach a conclusion. (2/29/12 Tr. at 14 (Ex. D).) Now that the IRS has entered into an IRA with Qualcomm, that concern has been alleviated.

8

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Dated: June 18, 2012
1063801 / 36664

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    Peter J. Walsh, Jr. (#2437)
    Matthew D. Stachel (#5419)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    pwalsh@potteranderson.com
    mstachel@potteranderson.com

*Attorneys for Defendants*

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on June 25, 2012, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on June 25, 2012, the attached document was Electronically Mailed

to the following person(s):

Joseph J. Farnan, Jr.
Joseph J. Farnan, III
Brian E. Farnan
FARNAN LLP
919 N. Market Street
12th Floor
Wilmington, DE 19801
farnan@farnanlaw.com
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

Daniel E. Bacine
Julie B. Palley
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
dbacine@barrack.com
jpalley@barrack.com

Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
BARRACK RODOS & BACINE
1350 Broadway, Suite 1001
New York, NY 10018
agershon@barrack.com
wban@barrack.com
mtoomey@barrack.com

By:   */s/ Richard L. Horwitz*
    Richard L. Horwitz
    Peter J. Walsh
    Matthew D. Stachel
    POTTER ANDERSON & CORROON LLP
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    pwalsh@potteranderson.com
    mstachel@potteranderson.com

1009647 / 36664