IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 11-CV-217-RGA |
| v. ) | |
| ) | |
| BARBARA T. ALEXANDER, et al., ) | |
| ) | |
| Defendants, ) | **FILED UNDER SEAL** |
| ) | |
| -and- ) | |
| ) | |
| QUALCOMM INCORPORATED, ) | |
| ) | |
| Nominal Defendant. ) | |

**REPLY BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO EXTEND THE TIME TO AMEND
OR SUPPLEMENT THE PLEADINGS**

*Of counsel*

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
425 Park Avenue, Suite 3100
New York, New York 10022
Tel: (212) 688-0782

FARNAN LLP
Joseph J. Farnan, III (Bar No. 3945)
Brian Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel.: (302) 777-0300; Fax.: (302) 777-0301

BARRACK, RODOS & BACINE
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 963-0600

*Attorneys for Plaintiff*

Dated: June 28, 2012

# TABLE OF CONTENTS

COUNTER STATEMENT OF FACTS ................................................................................. 1

ARGUMENT ........................................................................................................................... 3

    I.    The Present Discovery Dispute Provides "Good Cause" for an Extension of Time to File the Amended and Supplemented Complaint ................................................................. 4

    II.    Plaintiff's Document Request Is Responsive to Defendant's Asserted Defense ........... 5

    III.    Plaintiff Has Diligently Attempted to File His Amended and Supplemented Complaint within the Scheduled Time ........................................................................................... 7

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Decosta v. English*, 2012 U.S. Dist. LEXIS 20515 (D.N.J. Feb. 16, 2012) .................................. 7

*Dominion Retail, Inc. v. Rogers*, 2012 U.S. Dist. LEXIS 21223 (W.D. Pa. Feb. 21, 2012) ........... 5

*Frederick v. Avantix Labs. Inc.*, 773 F. Supp. 2d 446 (D. Del. 2011) ............................................ 4

*H.F. Ahmanson & Co. v. Great W. Fin. Corp., et al.*, 1997 Del. Ch. LEXIS 55 (Del. Ch. Apr. 25, 1997) .............................................................................................................................................. 6

*Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375 (D. Del. 2009) ....... 6

*Invesco Institutional (N.A.) Inc. v. Johnson*, 2008 U.S. Dist. LEXIS 85295 (W.D. Ky. Oct. 21, 2008) ........................................................................................................................................ 4, 5

*La Chemise Lacoste v. Alligator Company, Inc.*, 60 F.R.D. 164 (D. Del. 1973) ........................... 6

*Russell v. Morris*, 1990 Del. Ch. LEXIS 39 (Del. Ch. Feb. 14, 1990) ........................................... 6

**Statutes**

DEL. CODE ANN. Tit. 8, § 141 (2012) ............................................................................................ 2

I.R.C. § 162(m) (2010) .................................................................................................................. 1

I.R.C. § 7121 (2010) ...................................................................................................................... 6

**Rules**

FED. R. CIV. P. 16 ...................................................................................................................... 3, 5

FED. R. CIV. P. 26 ...................................................................................................................... 4, 5

FED. R. CIV. PRO. 11 ...................................................................................................................... 5

This is plaintiff's first request to extend the dates provided in the scheduling order in this action, and plaintiff makes this timely request with good cause. Plaintiff requests this extension to allow him to acquire a single document – a full board resolution delegating to Qualcomm's Compensation Committee the power to slate matters for a shareholder vote (the "Resolution"). If this document does not exist, then the 2011 shareholder vote that is at the center of this litigation was not valid. Consequently, the existence or non-existence of this document is relevant to refute defendants' only defense to plaintiff's complaint: an Issue Resolution Agreement ("IRA") with the United States Internal Revenue Service ("IRS") stating that the 2011 shareholder vote complied with I.R.C. § 162(m) (2010). Likewise, this will allow plaintiff to present an accurate and sustainable amended complaint.

## COUNTER STATEMENT OF FACTS

Plaintiff's original complaint alleges that defendants made certain misstatements in Qualcomm's 2011 Proxy Statement (the "Proxy Statement") regarding the 2011 shareholder vote to approve the 2006 Long Term Incentive Plan, as amended in 2011 ("2006 LTIP, as amended"). On July 1, 2011, Judge Schiller agreed that plaintiff "has properly pled that a material misstatement interfered with the voting rights of shareholders ...." D.I. 50 at 9.

The Proxy Statement also said, "The Board of Directors has amended the 2006 LTIP, subject to stockholder approval" and "THE BOARD UNANIMOUSLY RECOMMENDS A VOTE "FOR" APPROVAL OF THE 2006 LTIP, AS AMENDED...." Plaintiff's Exhibit ("Ex.") 1 (2011 Prxy.) at 14 & 25 (emphasis in original).

The above two statements appear to be false based on the lack of records. As defendants concede in their brief, there are *no meeting minutes reflecting that the board even discussed the 2006 LTIP at any time in 2010 or in 2011 leading up to the 2011 annual meeting.* D.I. 95 at 6.

Moreover, the apparent falsity of the Proxy Statement was laboriously drawn out of defendants through a series of letters between February 13, 2012 and April 23, 2012 when defendants finally admitted, "[T]here are no responsive Board minutes or consents from the post-December 2009 time period." *See* Ex. 2 (4/23/12 ltr.). Prior to April 23, 2012, defendants had feigned production of such minutes saying, "With respect to the 2011 Amendments, *we produced* all responsive Board material located after a reasonable search," Ex. 3 (3/13/12 ltr.) at 2 (emphasis added), and *"[W]e have produced* all Board minutes and unanimous consents relating to the amendments of the 2006 Long-Term Incentive Plan that Qualcomm's shareholders approved at the 2011 annual meeting." *See* Ex. 4 (3/30/12 ltr.) (emphasis added). These responses insinuated that such materials *existed* and that they had *been produced* among the thousands of pages of production or that defendants believed they had been produced.[1] The eventual revelation that the statements in the Proxy Statement were likely false required plaintiff to withdraw his proposed amended complaint on May 7, 2012, D.I. 83, and prepare a new amended and supplemented complaint.

Notwithstanding, an additional question remains: was the vote properly before shareholders at all? Delaware requires a majority vote of a quorum of directors at a board meeting for any board action to be valid. DEL. CODE ANN. Tit. 8, § 141(b) (2012). While we know the full board did not approve the 2006 LTIP for a shareholder vote in 2011, ▮▮▮ But Qualcomm's bylaw § 5(b) requires, "To be properly brought before an annual

---

[1] Accordingly, plaintiff asked defendants on April 3, 2012 to identify the Bates numbers where these documents were produced. *See* Ex. 5 (4/3/12 ltr.). This was the letter defendants responded to on April 23, 2012.

[2] ▮▮▮

meeting, business must be: (A) specified in the notice of meeting (or any supplement thereto) ***given by or at the direction of the Board of Directors***, (B) otherwise properly brought before the meeting ***by or at the direction of the Board of Directors***, or (C) otherwise properly brought before the meeting by a stockholder." *See* Ex. 7 (bylaws) at 2 (emphasis added). Delaware law allows the delegation of board responsibilities to committees if such delegated powers are recorded in a board resolution. DEL. CODE ANN. Tit. 8, § 141(c)(1); *see also* Ex. 7 (bylaws) at 12 § 25(b) ("committees appointed by the Board of Directors ... shall have such powers and perform such duties as may be prescribed by ***the resolution or resolutions creating such committees***") (emphasis added). Therefore, to determine whether any part of the 2006 LTIP was properly before shareholders at the 2011 annual meeting, it is necessary to know whether a board resolution exists giving the Compensation Committee the power to slate matters for a shareholder vote. Since May 3, 2012, plaintiff has specifically requested the production of this Resolution – first by letter, next by document request and finally by meet & confer telephone call. *See* Ex. 8 (5/3/12 ltr.), Ex. 9 (2d doc. req.) at 5 & Ex. 10 (6/21/12 ltr.). In response, defendants have delayed their answer while warning plaintiff not to file a new complaint without it, *see* Ex. 11 (5/11/12 ltr.), and finally, at the last moment, on June 11, 2012, objecting to any production. Ex. 12 (D's Resp.) at 2.

Consequently, in the interest of economizing the present litigation, we ask that this Court extend plaintiff's time to file his amended and supplemented complaint until two weeks after defendants have produced this Resolution or have confirmed that it does not exist.

### ARGUMENT

FED. R. CIV. P. 16(b)(4) allows the Court to modify a deadline set forth in the scheduling order for "good cause." Here, the good cause for extending this deadline is the ongoing

discovery dispute and the impact this dispute will have on plaintiff's amended and supplemented complaint. Plaintiff dutifully attempted to resolve this dispute before the expiration of the deadline to amend the pleadings, but the defendants have prevented this by delaying and refusing to produce the requested documentation.

### I. The Present Discovery Dispute Provides "Good Cause" for an Extension of Time to File the Amended and Supplemented Complaint

Defendants argue, but provide no support for their view that an ongoing discovery dispute does not form the basis of good cause for an extension of time to amend the pleadings. *See* D.I. 95 at 8-9. Instead, defendants use the present motion to argue against the requested discovery. While defendants assert that plaintiff's discovery requests are improper under FED. R. CIV. P. 26(b)(1), *see* D.I. 95 at 8, they fail to provide a single citation supporting denial of an extension of time to amend until resolution of pending discovery dispute.

To the contrary, the facts here demonstrate "good cause." There are several cases finding analogous demonstrations of good cause. For example, in *Frederick v. Avantix Labs, Inc.*, 773 F. Supp. 2d 446, 450 (D. Del. 2011) (Stark, J.), defendants argued that a motion to extend the time to amend the complaint should be denied because "plaintiff waited over two years from learning [the relevant information to amend the complaint]." This motion was also filed almost three years after the time to amend the pleadings had elapsed. *Id.* at 451. "Plaintiff responded that the delay was justifiable because it was largely due to Defendant's failure to supply timely discovery ...." *Id.* This Court concluded that where "[t]hroughout the discovery period, Plaintiff diligently sought discovery ..." plaintiff had demonstrated good cause. *Id.*.

Similarly, in *Invesco Institutional (N.A.) Inc. v. Johnson*, 2008 U.S. Dist. LEXIS 85295, at *6 (W.D. Ky. Oct. 21, 2008), plaintiff stated that "Defendants 'have engaged in tactics that have delayed the completion of fact discovery....'" In this case, the Court held

4

> Plaintiff has shown good cause to amend the complaint. Plaintiff has been diligent in attempting to meet the Court's scheduling order. This is a complex matter involving intensive discovery, and Plaintiff has been diligently gathering and digesting evidence to support its claims. Due to delays in discovery that were not its fault, Plaintiff only recently discovered the additional facts it now requests to be added to its Complaint....

*Id.* at *7-*8.

In addition, in *Dominion Retail, Inc. v. Rogers*, 2012 U.S. Dist. LEXIS 21223, at *6-*7 (W.D. Pa. Feb. 21, 2012), movants

> attribute[d] their delay to the fact that they lacked – and could not have obtained – information relevant to the counterclaims until after the deadline for filing amended pleadings had passed. According to Defendants, they "were unable to assess the viability of their counterclaims in good faith as required by *Federal Rule of Civil Procedure 11*..."

In response, the non-moving party argued that the new pleadings would be futile. *Id.* at *7-*8.

The Court decided that "good cause" was demonstrated because

> the arguments mounted by the Plaintiff against permitting the Defendants to amend have moved some distance from what *Rule 16(b)* contemplates as a fairly straightforward determination of "good cause" to a point very close to analysis of the merits of the case. At this point in the litigation, the Court is unwilling to venture into that territory, having to guess what Defendants knew three weeks before they asked to amend....

*Id.* at *9. Likewise, defendants' present attack on plaintiff's motion is an attempt to inject a Rule 26(b)(1) argument in place of whether plaintiff has acted with diligence.

## II. Plaintiff's Document Request Is Responsive to Defendant's Asserted Defense

Defendants contend that this motion should be treated as a discovery motion. Although plaintiff disagrees, he is compelled to respond to this contention. In fact, plaintiff's document request directly responds to defendants' only stated defense to plaintiff's original complaint – the IRA.

Rule 26(b)(1) states that "Parties may obtain discovery regarding any nonprivileged

5

matter that is relevant to any party's claim or defense ...." "[D]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *La Chemise Lacoste v. Alligator Company, Inc.*, 60 F.R.D. 164, 171 (D. Del. 1973). As defendants concede, potentially relevant matter includes documentation that would tend to reveal information relevant to the rebuttal of a defense. D.I. 95 at 8; *see also Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 383 (D. Del. 2009).

The existence of the requested Resolution is relevant to show that the 2011 vote was not properly taken, and that therefore the IRA is based on false information supplied to the IRS about the efficacy of the shareholder vote upon which it is based. If the vote was improper, the defense based on the JRA fails. The IRA, which defendants secured from the IRS, clearly states that Qualcomm told the IRS, "Shareholders approved the material terms of the performance goals in a separate majority vote at Taxpayer's annual stockholder meeting on March 8, 2011." Ex. 13 (IRA) at 3. If this fact is untrue because the vote is void, then the IRA is unenforceable by Qualcomm. I.R.C. § 7121 (2010) (a closing agreement based on an IRA is not final if there is a "showing of fraud or malfeasance, or *misrepresentation of a material fact*").

If the Compensation Committee did not have the power to slate this matter for a shareholder vote at the annual meeting, the vote is void. *See Russell v. Morris*, 1990 Del. Ch. LEXIS 39, at *9-*20 (Del. Ch. Feb. 14, 1990) (finding a challenged transaction invalid because the vote for it was conducted during a board meeting that did not comply with bylaws); *see also H.F. Ahmanson & Co. v. Great W. Fin. Corp., et al.*, 1997 Del. Ch. LEXIS 55, at *8-*10 (Del. Ch. Apr. 25, 1997) (the "violation of [a] by-law, without more, is sufficient to support a claim for coercive relief that would enforce the command of that by-law").

Therefore, the requested discovery is relevant to rebut the only defense defendants have offered – the IRA. Confirmation of the existence of this single Resolution is therefore necessary to accurately complete the amended and supplemented complaint. Consequently, this discovery request is proper.

### III. Plaintiff Has Diligently Attempted to File His Amended and Supplemented Complaint within the Scheduled Time

"Good cause" is generally based on the movant's diligence in attempting to comply with the scheduling agreement. *Decosta v. English*, 2012 U.S. Dist. LEXIS 20515, at *9 n.3 (D.N.J. Feb. 16, 2012) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

In *Decosta*, defendants were aware of and in discussions regarding plaintiff's pending motion to amend the complaint when the time to file expired. *Id.* These discussions and plaintiff's diligence in filing at their conclusion were sufficient to find diligence and good cause. *Id.* Defendants here were similarly aware that plaintiff was requesting this final documentation in an attempt to clarify and file a new complaint as early as May 11, 2012. *See* Ex. 8 (5/3/12 ltr.). Rather than deny the request at that time, defendants insisted that plaintiff request the documents formally, *see* Ex. 11 (5/11/12 ltr.), and then denied that formal request exactly thirty days later. Ex. 12 (D's Resp.) at 2. Indeed, while plaintiff has almost immediately responded to all of defendants' communications, defendants have waited weeks to provide even the tersest response. This attempt to avoid a new and accurate complaint through delay should not be encouraged.

The following demonstrates plaintiff's diligence in detail: Soon after defendants began producing documents, plaintiff realized that no full board minutes after December 7, 2009 had been produced. Since the 2011 proxy statement stated that the entire board had amended the

7

2006 LTIP leading up to that meeting and that the board had "unanimously" approved it, plaintiff assumed this was a mere oversight and again requested documents pertaining to these minutes on February 13, 2012. *See* Ex. 14 (2/13/12 ltr.) at 3. Plaintiff asked that if these documents did not exist to please "explain their absence otherwise." *Id.*

From February 13, 2012 until April 23, 2012, defendants failed to confirm that such documents did not exist or "explain their absence otherwise." Rather, despite repeated requests asking for these documents, defendants persisted in stating that they had produced documents responsive to these requests. *See* Ex. 3 (3/13/12 ltr.) at 2 & Ex. 4 (3/30/12 ltr.).

When, on April 23, 2012, defendants finally conceded, "there are no responsive Board minutes or consents from the post-December 2009 time period," *see* Ex. 2 (4/23/12 ltr.), plaintiff responded the next day, April 24, 2012, with an email laying out why this statement must be impossible unless the 2011 proxy statements contained serious misstatements.

> Concerning the second paragraph of the attached letter and your statement that "there are no responsive Board minutes or consents from the post-December 2009 time period," please note that the QCOM 2011 proxy statement says on page 14, *"The Board of Directors has amended the 2006 LTIP, subject to stockholder approval."* ... Therefore, we would again ask that you provide the board minutes and consents demonstrating the Board's actions described above or confirm that these documents do not exist.

*See* Ex. 15 (4/24/12 email) at 1.

Receiving no response, and based in part on this new information, plaintiff informed defendants on May 1, 2012 that he intended to withdraw his current amended complaint and assert a new amended and supplemented complaint based in part on apparent false statements in the 2011 proxy statement. *See* Ex. 16 (5/1/12 ltr.) at 1.

The following day, May 2, defendants agreed to produce some new board minutes by the end of the week and stated, "As you are aware, we have produced Compensation Committee

materials, including minutes and information packages considered by the Committee, related to the 2011 Amendment and Proxy Statement." *See* Ex. 17 (5/2/12 ltr.) at 2. Indeed, plaintiff noted that there were Compensation Committee minutes approving parts of the 2006 LTIP for a shareholder vote in 2011.

One day later, plaintiff called defendants' attention to Qualcomm's bylaws which "require the full board to approve any matters for a shareholder vote at the annual meeting (§5 (b))." *See* Ex. 8 (5/3/12 ltr.) at 1. As such, plaintiff asked defendants to "please send us full board minutes delegating this power to the Compensation Committee ... by May 11, 2012 or confirm they do not exist, and we will refrain from filing our new complaint until that time." *Id.*

On May 11, 2012, the last day to respond, defendants merely replied, "To the extent you have further questions about the process followed by the Compensation Committee or the full Board with respect to approval of the 2011 amendments to the LTIP, ***your should serve proper discovery on that issue, particularly before you allege (without basis) that the Board did not take appropriate action in this regard.***" *See* Ex. 11 (5/11/12 ltr.) (emphasis added). Consequently, defendants insinuated they would provide a Resolution demonstrating the Board took "appropriate action" if plaintiff requested such documentation formally, and that plaintiff should not "allege (without basis)" in his new complaint that such appropriate action did not take place until "proper discovery" was served. Later that day, plaintiff, taking defendants' recommendation, served his second request for documents – specifically requesting the Resolution. *See* Ex. 9 (2d doc. req.) at 5. This left defendants with 30 days to respond, which they did on the 30th day by stating they would not provide any such discovery. *See* Ex. 12 (D's Resp.) at 2.

Finally, on June 21, 2012, during a "meet & confer" telephone conversation with defense

9

counsel, plaintiff's counsel again made it clear that what was needed to finalize the complaint was simply the Resolution, or an admission that the Resolution does not exist. *See* Ex. 10 (6/21/12 ltr.) at 2. In response, defendants stated unequivocally that they refused to provide this Resolution or admit to its non-existence. *Id.*

Plaintiff has diligently attempted over the last three months to request the few documents he needs to determine whether the approval of the 2006 LTIP, as amended in 2011, was properly slated for a shareholder vote according to Delaware law and Qualcomm's bylaws. If defendants have a Resolution delegating to the Compensation Committee the power to slate matters for an annual meeting this would improve the accuracy of the proposed amended and supplemented complaint.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that, good cause being shown, the time to amend the pleadings be extended until two weeks following defendants' production of the requested Resolution or acknowledgment that it does not exist.

Dated: June 28, 2012

Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian Farnan (Bar No. 4089)
919 N. Market Street
12th Floor
Wilmington, Delaware 19801
Tel.: (302) 777-0300
Fax.: (302) 777-0301
bfarnan@farnanlaw.com

*Of counsel*

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
425 Park Avenue, Suite 3100
New York, New York 10022
Tel: (212) 688-0782

BARRACK, RODOS & BACINE
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 963-0600