## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH HOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-217-RGA |
| | ) | |
| BARBARA T. ALEXANDER, et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants, | ) | **PUBLIC VERSION** |
| | ) | |
| -and- | ) | |
| | ) | |
| QUALCOMM INCORPORATED, | ) | |
| | ) | |
| Nominal Defendant. | ) | |

### EXHIBIT TO STIPULATION AND ORDER TO FILE SUR REPLY

Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
Matthew D. Stachel (#5419)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com
mstachel@potteranderson.com

*Attorneys for Defendants*

Dated: July 3, 2012
Public Version Dated: July 10, 2012
1065787 / 36664

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH HOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-217-RGA |
| | ) | |
| BARBARA T. ALEXANDER, et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants, | ) | **PUBLIC VERSION** |
| | ) | |
| -and- | ) | |
| | ) | |
| QUALCOMM INCORPORATED, | ) | |
| | ) | |
| Nominal Defendant. | ) | |

**DEFENDANTS' SUR REPLY IN FURTHER SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE TIME TO AMEND OR SUPPLEMENT THE PLEADINGS**

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Dated:  July 3, 2012
Public Version Dated: July 10, 2012
1065760/ 36664

Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
Matthew D. Stachel (#5419)
Potter Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com
mstachel@potteranderson.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

EXPLANATION OF CITATION FORMS ....................................................... iii

ARGUMENT ...................................................................................................... 1

CONCLUSION ................................................................................................... 5

# TABLE OF AUTHORITIES

**Page**

**Cases**

Dominion Retail, Inc. v. Rogers, C.A. No. 2:11-cv-00233, 2012 U.S. Dist. LEXIS
    21223 (W.D. Pa. Feb. 21, 2012)...................................................................................4

Frederick v. Avantix Labs. Inc., 773 F. Supp. 2d 446 (D. Del. 2011) ...............................4

Invesco Institutional (N.A.), Inc. v. Johnson, C.A. No. 3:07-CV-0175-R, 2008
    U.S. Dist. LEXIS 85295 (W.D. Ky. Oct. 22, 2008) ......................................................4

**Statutes & Rules**

Fed. R. Civ. P. 26.................................................................................................................2

## EXPLANATION OF CITATION FORMS

The following citation forms are used in this brief:

- "Skaistis Declaration" or "Skaistis Decl." for references to the Declaration of Rachel G. Skaistis in Support of Defendants' Opposition to Plaintiff's Motion to Extend the Time to Amend or Supplement the Pleadings, dated June 18, 2012 (D.I. 91).

- "Ex." for references to documents attached as exhibits to the Skaistis Declaration.

- "Gershon Declaration" or "Gershon Decl." for references to the Declaration of A. Arnold Gershon in Support of Plaintiff's Motion to Extend the Time to Amend or Supplement the Pleadings, dated June 28, 2012 (D.I. 101).

- "Pl. Ex." for references to documents attached as exhibits to the Gershon Declaration.

- "Complaint" or "Compl." for references to plaintiff's Verified Complaint, filed on March 11, 2011 (D.I. 1).

- "Pl. Mot." for references to Plaintiff's Motion to Extend the Time to Amend or Supplement the Pleadings, filed on May 31, 2012 (D.I. 86).

- "Opp'n" for references to Defendants' Brief in Opposition to Plaintiff's Motion to Extend the Time to Amend or Supplement the Pleadings, filed on June 18, 2012 (D.I. 90).

- "Reply" for references to plaintiff's Reply Brief in Support of Plaintiff's Motion to Extend the Time to Amend or Supplement the Pleadings, filed on June 28, 2012 (D.I. 100).

- "Scheduling Order" for references to the Court's Scheduling Order, filed on March 2, 2012 (D.I. 69).

- "2/13/12 Letter" for references to the February 13, 2012, letter from A. Arnold Gershon and William J. Ban to Evan R. Chesler and Rachel G. Skaistis (Ex. B).

- "3/13/12 Letter" for references to the March 13, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon and William J. Ban (Ex. D).

- "3/21/12 Letter" for references to the March 21, 2012, letter from A. Arnold Gershon to Rachel G. Skaistis (Ex. E).

- "3/30/12 Letter" for references to the March 30, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon (Ex. F).

- "4/23/12 Letter" for references to the April 23, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon (Ex. H).

- "5/2/12 Letter" for references to the May 2, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon (Ex. N).

- "5/11/12 Letter" for references to the May 11, 2012, letter from Rachel G. Skaistis to A. Arnold Gershon (Pl. Ex. 11).

- "Second Request" for references to Plaintiff's Second Request for Production of Documents, served on May 11, 2012 (Ex. O).

Defendants respectfully submit this Sur Reply in Further Support of Their Opposition to Plaintiff's Motion to Extend the Time to Amend or Supplement the Pleadings.

## ARGUMENT

In his cursory opening papers (just two pages long), plaintiff set forth a single basis for his motion to extend the time to amend the pleadings by more than 40 days:  plaintiff is "still ferreting out" claims and wants to review Defendants' response to his second request for production of documents (the "Second Request") before determining whether he should file yet another amended complaint.[1]  (Pl. Mot. at 2-3.) Defendants clearly demonstrated in opposing the motion that the Second Request cannot, as a matter of law and fact, constitute "good cause" for modifying the Scheduling Order because plaintiff improperly seeks to use the Second Request to identify potential new claims rather than to address existing claims or defenses, and because plaintiff was not diligent in his efforts to obtain this additional discovery in any event.  (Opp'n at 9-10.)

Plaintiff now attempts to recast his motion as one for discovery related to existing claims and defenses, rather than a motion to modify the Scheduling Order.  In his Reply, plaintiff claims he seeks an "extension to allow him to acquire a single document", which purportedly would "refute" the recent conclusion by the Internal Revenue Service ("IRS") that "the 2011 shareholder vote complied with I.R.C. §

---

[1] Plaintiff already attempted to amend his pleadings once. On March 23, 2012, plaintiff filed a motion seeking leave to amend the Complaint, proposing to add four new claims.  Notably, none of those proposed claims had anything to do with the allegations regarding Board process that plaintiff makes now in his Reply, and that he criticizes Defendants for not somehow apprehending earlier. (D.I. 76.)  Plaintiff withdrew his motion to amend on May 7, after Defendants incurred the expense of opposing it. (D.I 83.)

162(m)". (Reply at 1.)  In accordance with this new approach, plaintiff does not even try to show that Rule 26 permits "ferreting", nor does he meaningfully contend that the Second Request would help him plead a new claim.[2]  Plaintiff's abandonment of the relief for which he actually moved -- additional time, almost 15 months into the litigation, to formulate a viable legal claim -- is sufficient reason in and of itself for the Court to deny plaintiff's motion.  A desire to review discovery allegedly related to an existing defense simply does not justify (and indeed has nothing to do with) modifying the Scheduling Order and extending the time in which to file amended pleadings.[3]

The Court also should reject plaintiff's attempt to blame Defendants for his own lack of diligence.  According to plaintiff, Defendants misled him by "feign[ing]" or "insinuat[ing]" that they had produced certain documents.  (Id. at 2.)  But the correspondence clearly shows otherwise, despite plaintiff's use of bold and italics to place undue and unwarranted emphasis on certain words over others.

On February 13, 2012, and March 21, 2012, plaintiff requested Board minutes regarding the approval of Qualcomm's Long-Term Incentive Plan, as amended (the "2011 Amended LTIP").  (Exs. B & E.)  Defendants responded that they had "produced all responsive Board material located after a reasonable search" (3/13/12 Letter at 2 (Ex. D)) and that "[t]o the best of our knowledge, we have produced all Board

---

[2] Plaintiff merely asserts, without elaboration or support, that an extension "will allow plaintiff to present an accurate and sustainable amended complaint".  (Reply at 1.)

[3] Defendants do not attempt in this Sur Reply to explain why materials responsive to the Second Request would not save plaintiff's existing claims from dismissal in light of the IRS's recent rejection of plaintiff's tax position.  At the appropriate time, however, Defendants will show that plaintiff's arguments about Qualcomm's Board procedures are wrong, irrelevant to the IRS's conclusion and the claims alleged in the Complaint and do not warrant further discovery.

minutes and unanimous consents relating to" the 2011 Amended LTIP (3/30/12 Letter

(Ex. F)).  Those statements are indisputably true, and Defendants never suggested that

they produced the documents in question or that such documents even existed.  To the

extent plaintiff had some theory regarding Board approval requirements that he was

trying to explore through the requested discovery, he did not reveal that theory to

Defendants or explain more clearly what he was looking for.  (To the contrary, plaintiff

filed a proposed amended Complaint on March 23 that asserted various new claims but

contained no allegations at all regarding these supposed Board approval issues.  (See

supra note 1.))  It is disingenuous for plaintiff to now accuse Defendants of misleading

him regarding production of Board minutes because they did not somehow figure out and

respond to questions that plaintiff did not ask.[4]

      Moreover, any confusion on plaintiff's part should have been alleviated by

April 23 (more than five weeks before the amendment deadline), when Defendants again

stated that "to the best of our knowledge, we have produced all responsive Board minutes

and unanimous consents", and that "there are no responsive Board meeting minutes or

consents from the post-December 2009 time period".  (4/23/12 Letter (Ex. H); see also

5/2/12 Letter at 2 (Ex. N).)  Yet plaintiff still waited until May 11 to pursue formal

discovery on this issue.  (Second Request (Ex. O).)

      Similarly without merit is plaintiff's accusation that Defendants

"insinuated" that "they would provide a Resolution demonstrating the Board took

---

[4] It is also disingenuous to suggest that Defendants supplied "false information" to
the IRS by not conveying to it plaintiff's unpleaded (and unarticulated prior to the instant
Reply brief) theory about the alleged tax impact of a "void" shareholder vote.  (Reply at
6.)  As plaintiff is well aware, Defendants provided the IRS with the Complaint and with
plaintiff's opposition to Defendants' motion to dismiss the Complaint, showing the
agency every issue plaintiff previously had raised about the relevant tax issues.

'appropriate action' if plaintiff requested such documentation formally". (Reply at 9.) Defendants' May 11 letter simply advised plaintiff that (after three months) the time for repetitive correspondence was over and that proper discovery (like an interrogatory) would be more productive. Indeed, Defendants did not suggest yet another document request: they suggested plaintiff "serve proper discovery" to pursue "further questions". (5/11/12 Letter (Pl. Ex. 11).) Moreover, plaintiff never tries to explain why he did not seek an expedited response to the Second Request or move earlier to extend the deadline for amending the Complaint. (See Opp'n at 9-10.) Under these circumstances, plaintiff has not met his burden of showing diligence.

      As a result, the "good cause" cases plaintiff cites (see Reply at 4-5) are inapposite. None involved a movant who, like plaintiff here, failed diligently to serve and pursue pending discovery. See Frederick v. Avantix Labs. Inc., 773 F. Supp. 2d 446, 450-51 (D. Del. 2011) (good cause where completion of discovery delayed by non-movants' actions and by attempted mediation); Invesco Institutional (N.A.), Inc. v. Johnson, C.A. No. 3:07-CV-0175-R, 2008 U.S. Dist. LEXIS 85295, at *7-8 (W.D. Ky. Oct. 22, 2008) (good cause found "[d]ue to delays in discovery that were not [movant's] fault"); Dominion Retail, Inc. v. Rogers, C.A. No. 2:11-cv-00233, 2012 U.S. Dist. LEXIS 21223, at *7-9 (W.D. Pa. Feb. 21, 2012) (good cause where non-movant improperly delayed discovery, produced wrong documents and "urg[ed]" movant to agree to limited discovery to facilitate mediation).

4

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court

deny plaintiff's motion to extend the time to amend or supplement the pleadings.

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com


Dated:  July 3, 2012
Public Version Dated: July 10, 2012
1065760 / 36664

POTTER ANDERSON & CORROON
LLP

By: */s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
Matthew D. Stachel (#5419)
Potter Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com
mstachel@potteranderson.com

*Attorneys for Defendants*