## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KENNETH HOCH,                                   )
           Plaintiff,                         )
                                )
                                )   C.A. No. 11-cv-217-RGA
           v.                                 )
                                )
BARBARA T. ALEXANDER, et al,                    )
                                )
           Defendants,                        )
                                )
           -and-                              )
                                )
QUALCOMM INCORPORATED,                          )
                                )
           Nominal Defendant.                 )

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE AN EARLY SUMMARY JUDGMENT MOTION AND TO STAY DISCOVERY

FARNAN LLP
Joseph J. Farnan, III (Bar No. 3945)
Brian Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel.:  (302) 777-0300; Fax.:  (302) 777-0301

*Of counsel*

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
425 Park Avenue, Suite 3100
New York, New York 10022
Tel: (212) 688-0782

BARRACK, RODOS & BACINE
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 963-0600

*Attorneys for Plaintiff*

July 5, 2012

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

SUMMARY OF ARGUMENT ............................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 2

ARGUMENT ....................................................................................................................... 4

    I.      Defendants Have Not Demonstrated Good Cause for the Relief They Seek ................... 4

    II.     Summary Judgment is Inappropriate Because the IRA Is Not Binding on the IRS ........ 4

    III.    Summary Judgment and a Discovery Stay Are Inappropriate Because the Facts That the
            IRA Relies on Are Likely False and the Current Discovery Requests Are Narrowly
            Tailored to Resolve This Issue ................................................................................. 6

CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)........................................................................8

*H.F. Ahmanson & Co. v. Great W. Fin. Corp., et al.*, 1997 Del. Ch. LEXIS 55 (Del. Ch. Apr. 25, 1997)........................................................................................................................................7

*Knapp-Monarch Co. v. Commissioner*, 139 F.2d 863 (8th Cir. 1944).........................................5

*Levin v. Commissioner of Internal Revenue*, T.C. Memo. 1990-226, 1990 Tax Ct. Memo LEXIS 260 (T.C. May 7, 1990)......................................................................................................5

*McIlhenny v. Commissioner of Internal Revenue*, 39 F.2d 356 (3d Cir. 1930)..............................6

*Phoenix Finance Corp. v. Iowa-Wisconsin Bridge Co.*, 41 Del. 130 (1940) ................................3

*Russell v. Morris*, 1990 Del. Ch. LEXIS 39 (Del. Ch. Feb. 14, 1990).........................................7

*Sunik v. Comm'r of Internal Revenue*, 321 F.3d 335 (2d Cir. 2003)..........................................5, 6

*U.S. v. Asmar*, 827 F.2d 907 (3d Cir. 1987) ................................................................................6

*Young v. Janas*, 34 Del. Ch. 287 (1954)......................................................................................2

**Statutes**

DEL. CODE ANN. Tit. 8, § 141 (2012) ............................................................................................3

I.R.C. § 7121 (2010).................................................................................................................5, 6

I.R.C. §162(m) (2010) ..................................................................................................................1

**Other Authorities**

IRS Website, *Closing Agreements*, http://www.irs.gov/businesses/article/0,,id=180778,00.html .5

Rev. Proc. 68-16, 1968-1 C.B. 770, 1968 IRB LEXIS 800.........................................................5

**Rules**

Fed. R. Civ. P. 16.........................................................................................................................4

FED. R. CIV. P. 30 ................................................................................................................7

**Regulations**

Treas. Reg. § 1.162-27 (2012) ............................................................................................2

Treas. Reg. § 301.7121-1 (2012) ........................................................................................5

Plaintiff Kenneth Hoch respectfully submits this Brief in Opposition to Defendants' Joint Motion for Leave to File an Early Summary Judgment Motion and to Stay Discovery.

## NATURE AND STAGE OF THE PROCEEDINGS

Defendants ask this Court to allow them to file a motion for summary judgment almost a year ahead of time and to stay discovery six months before discovery is scheduled for conclusion based entirely on their acquisition of a non-binding document, the material facts of which are in dispute and which is the center of the current discovery dispute. Plaintiff respectfully submits that this request is inappropriate.

Defendants' instant motions to allow the early filing of a summary judgment motion and for a stay of discovery are predicated entirely on the notion that the June 11, 2012 Issue Resolution Agreement ("IRA") resolves all outstanding issues regarding Qualcomm, Inc.'s ("Qualcomm" or the "Company") conformity with I.R.C. §162(m) (2010). The IRA does no such thing because (1) it is not binding on the Internal Revenue Service ("IRS"); and (2) discovery has revealed that certain facts presented to the IRS and adopted in the IRA are likely inaccurate. Specifically, the shareholder vote at the center of this litigation and assumed by the IRA appears to have not conformed to Delaware law or Qualcomm's bylaws, making the vote void.

## SUMMARY OF ARGUMENT

1.      Defendants have not shown "good cause" to modify the scheduling order because the IRA is not binding on the IRS.

2.      A discovery stay is inappropriate at this time because the resolution of the current discovery dispute will likely provide information that further calls into question the validity of the IRA. For this reason, the current record is incomplete and acceleration of the time for a

summary judgment motion is inappropriate.

## STATEMENT OF FACTS

The Scheduling Order in this action provides that motions for summary judgment may be brought no sooner than May 24, 2013 and that discovery is scheduled to conclude on November 29, 2012.  D.I. 69 at pp. 2 ¶ 3(a) & 5 ¶ 7.  Defendants' motion seeks to accelerate the time to bring a summary judgment motion solely because Qualcomm received an IRA stating that the 2011 shareholder vote on the 2006 Long Term Incentive Plan ("2006 LTIP") – which is the subject of this action – complied with Treas. Reg. § 1.162-27(e)(4) (2012).  But this IRA is apparently based on inaccurate information.

Plaintiff's original complaint alleges that defendants made certain misstatements in Qualcomm's 2011 Proxy Statement (the "Proxy Statement") regarding the 2011 shareholder vote to approve the 2006 Long Term Incentive Plan, as amended in 2011 ("2006 LTIP, as amended").  On July 1, 2011, Judge Schiller agreed that plaintiff "has properly pled that a material misstatement interfered with the voting rights of shareholders…."  D.I. 50 at 9.

The Proxy Statement also said, "The Board of Directors has amended the 2006 LTIP, subject to stockholder approval" and "THE BOARD UNANIMOUSLY RECOMMENDS A VOTE "FOR" APPROVAL OF THE 2006 LTIP, AS AMENDED…."  Plaintiff's Exhibit ("Ex.") 1 (2011 Prxy.) at 14 & 25 (emphasis in original).

It now appears that the above two statements were untrue.  As defendants concede in their Opposition Brief to Plaintiff's Motion to Extend the Time to Amend or Supplement the Pleadings, there are *no meeting minutes reflecting that the board even discussed the 2006 LTIP at any time in 2010 or in 2011 leading up to the 2011 annual meeting*.  D.I. 95 at 6; *see also Young v. Janas*, 34 Del. Ch. 287, 293-94 (1954) ("The minutes are *prima facie* correct. We must

2

look to see whether the evidence overcomes this presumption.") (citing *Phoenix Finance Corp. v. Iowa-Wisconsin Bridge Co.*, 41 Del. 130, 140 (1940)).  After discovering this information, plaintiff withdrew his then pending motion to amend the complaint on May 7, 2012, D.I. 83, and prepared a new amended and supplemented complaint, which, as described below, requires some additional discovery to complete.

These apparently false statements notwithstanding, an additional question remains: was the vote properly before shareholders at all?  Delaware requires a majority vote of a quorum of directors at a board meeting for any board action to be valid.  DEL. CODE ANN. Tit. 8, § 141(b) (2012).  While it appears that the full board did not approve the 2006 LTIP for a shareholder vote in 2011, ████████████████████████████████████████████ ████████████████████████ But Qualcomm's bylaw § 5(b) requires, "To be properly brought before an annual meeting, business must be: (A) specified in the notice of meeting (or any supplement thereto) *given by or at the direction of the Board of Directors*, (B) otherwise properly brought before the meeting *by or at the direction of the Board of Directors*, or (C) otherwise properly brought before the meeting by a stockholder."  *See* Ex. 3 (bylaws) at 2 (emphasis added).

Delaware law allows the delegation of board responsibilities to committees if such delegated powers are recorded in a board resolution.  DEL. CODE ANN. Tit. 8, § 141(c)(1); *see also* Ex. 3 (bylaws) at 12 § 25(b) ("committees appointed by the Board of Directors … shall have such powers and perform such duties as may be prescribed by *the resolution or resolutions creating such committees*") (emphasis added).  Therefore, to determine whether any part of the 2006 LTIP was properly before shareholders at the 2011 annual meeting, it is necessary to know

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

whether a board resolution exists giving the Compensation Committee the power to slate matters for a shareholder vote.  Since May 3, 2012, plaintiff has specifically requested the production of this resolution (hereinafter "the Resolution") – first by letter, next by document request and finally by a meet & confer telephone call.  *See* Ex. 4 (5/3/12 ltr.), Ex. 5 (2d doc. req.) at 5 & Ex. 6 (6/21/12 ltr.).  In response, defendants have delayed their answer while warning plaintiff not to file a new complaint without it, *see* Ex. 7 (5/11/12 ltr.), and finally, at the last moment, on June 11, 2012, by objecting to any production.  Ex. 8 (D's Resp.) at 2.

On or about June 11, 2012, defendant Qualcomm and the IRS entered into the IRA, which assumed that "[s]hareholders approved the material terms of the performance goals in a separate majority vote at Taxpayer's annual stockholder meeting on March 8, 2011."  Ex. 9 ("IRA") at 3.

## ARGUMENT

### I.      Defendants Have Not Demonstrated Good Cause for the Relief They Seek

The standard here is whether defendants have demonstrated "good cause" for a modification of the schedule.  FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").  Defendants have ignored this rule and turn right to the merits of their contention that summary judgment should be granted.  Plaintiff respectfully submits that defendants have not met this standard.

### II.     Summary Judgment is Inappropriate Because the IRA Is Not Binding on the IRS

A summary judgment motion is premature and inappropriate as the IRA defendants have acquired is non-binding on the IRS because (1) it is not a "closing agreement" on Form 866 or Form 906; and (2) it is not signed by the Secretary of the Treasury or the Commissioner of Internal Revenue.

The only way the IRS can bind itself is with a "closing agreement" compliant with I.R.C. § 7121 (2010). *Levin v. Commissioner of Internal Revenue*, T.C. Memo. 1990-226, 1990 Tax Ct. Memo LEXIS 260, at *8-*9 (T.C. May 7, 1990) (Raum, J.) ("'The very fact that Congress has provided a way in which the Internal Revenue Department may bind itself, precludes the possibility of its being bound by some other procedure'") (quoting *Knapp-Monarch Co. v. Commissioner*, 139 F.2d 863, 864 (8th Cir. 1944)). This "procedure" requires that such an agreement be approved and signed by the Secretary of the Treasury or his delegate, and it must be on either Form 866 or Form 906. *Levin*, 1990 Tax Ct. Memo LEXIS 260, at *8-*9 (citing I.R.C. § 7121(b) & Treas. Reg. § 301.7121-1(d) (2012)); *see also* Rev. Proc. 68-16, 1968-1 C.B. 770, 1968 IRB LEXIS 800, at *21-*23 ("Final determinations of tax liability pursuant to section 7121 of the Code are ordinarily reflected on Form 866"; "Final determinations of specific matters pursuant to section 7121 of the Code are ordinarily reflected on Form 906"); *see also* IRS Website, *Closing Agreements*, http://www.irs.gov/businesses/article/0,,id=180778,00.html. The Secretary's "delegate" refers to the Commissioner of Internal Revenue. Treas. Reg. § 301.7121-1(a) (2012). The IRA here, Ex. 9, is executed on form 886-A, and it is not signed by the Secretary or the Commissioner. The IRA is therefore not binding.

Attempts by taxpayers to argue that documents other than "closing agreements" are binding on the IRS have been unavailing. For example, in *Sunik v. Comm'r of Internal Revenue*, 321 F.3d 335 (2d Cir. 2003), the taxpayers argued that a Letter 987 from the District Director promising that the IRS would make no further changes in the taxpayers' 1995 income tax return constituted a closing agreement under I.R.C. § 7121. The Second Circuit said,

> [R]eading the Letter ***does leave one with the clear impression that no further changes would be made*** to the 1995 return by the IRS absent specified contingencies, none of which came to pass. However, ***regulations promulgated under I.R.C. § 7121 require closing agreements to be executed on forms***

*prescribed by the IRS*.

*Id.* at 337 (citations omitted) (emphasis added).  The court observed that "Letter 987 is not among the prescribed forms" so that it was not a closing agreement under I.R.C. § 7121.  *Id.*

In *McIlhenny v. Commissioner of Internal Revenue*, 39 F.2d 356 (3d Cir. 1930), the Third Circuit held that where the statutory procedure for closing a tax year was not followed, the Commissioner's action was not final, and he could re-open the case.  The Third Circuit held that "the law is that, when a statute limits a thing to be done in a particular mode, it includes a negative of any other mode."  *Id.* at 358.

More recently, the Third Circuit held:

> [W]hen a compromise of tax liability is at issue, the need for rigorous compliance with pertinent regulations may be at its greatest, for not only the integrity of the public fisc but also public faith in the equitable enforcement of tax law hangs in the balance.

*U.S. v. Asmar*, 827 F.2d 907, 915 n.10 (3d Cir. 1987) (citation omitted).

Therefore, this IRA is not binding on the IRS and, as noted below, there is good reason to believe that the IRS will assess a deficiency in spite of the IRA.  Specifically, the shareholder vote on which the IRA is premised has been called into question by defendants' production.

**III.    Summary Judgment and a Discovery Stay Are Inappropriate Because the Facts That the IRA Relies on Are Likely False and the Current Discovery Requests Are Narrowly Tailored to Resolve This Issue**

Even if the IRA were a "closing agreement," such an agreement is not "final and conclusive" if there is a "showing of fraud or malfeasance, or *misrepresentation of a material fact*."  I.R.C. § 7121(b).  As this Court is aware, the parties are engaged in a discovery dispute, which mainly concerns a single document – the Resolution.  If this document exists, part of the 2006 LTIP may have properly been before the shareholders for a vote in 2011.  If this document does not exist, there are no meeting minutes demonstrating that the 2006 LTIP was properly

slated for a shareholder vote in 2011.

The IRA clearly states that Qualcomm told the IRS, "Shareholders approved the material terms of the performance goals in a separate majority vote at Taxpayer's annual stockholder meeting on March 8, 2011." Ex. 9 (IRA) at 3. If this fact is untrue because the vote is void, then the IRA is unenforceable by Qualcomm. I.R.C. § 7121. Because the requested Resolution is relevant to show that the 2011 vote was not properly taken, the IRA that is based on this vote is naturally called into question. Simply said, if the vote was not authorized, then the statement in the IRA that the shareholders approved the 2006 LTIP was inaccurate.

If the Compensation Committee did not have the power to slate this matter for a shareholder vote at the annual meeting, the vote is void. *See Russell v. Morris*, 1990 Del. Ch. LEXIS 39, at *9-*20 (Del. Ch. Feb. 14, 1990) (finding a challenged transaction invalid because the vote for it was conducted during a board meeting that did not comply with bylaws); *see also H.F. Ahmanson & Co. v. Great W. Fin. Corp., et al.*, 1997 Del. Ch. LEXIS 55, at *8-*10 (Del. Ch. Apr. 25, 1997) (the "violation of [a] by-law, without more, is sufficient to support a claim for coercive relief that would enforce the command of that by-law").

In addition, plaintiff's other pending document request seeks documentation that would

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████  If employees made these

changes – rather than directors – the 2011 shareholder vote may be invalid for this additional reason. Moreover, plaintiff's pending FED. R. CIV. P. 30(b)(6) deposition is intended to discover what Company personnel told the IRS about the 2011 shareholder vote in addition to other facts

7

presented to the IRS for the IRA determination. *See* Ex. 10 (30(b)(6) dep.). Therefore, all requested discovery is relevant to rebut the only defense defendants have offered: the IRA.

The Supreme Court holds that a summary judgment motion is inappropriate "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 213 n.5 (1986). Here, until plaintiff has received the requested discovery, the record remains incomplete, and any motion to accelerate the time for a summary judgment is inappropriate.

## CONCLUSION

For the reasons stated above, defendants' motions for leave to file an early summary judgment motion and for a discovery stay should be denied.


Dated:  July 5, 2012                           Respectfully submitted,

                                               **FARNAN LLP**

                                               __/s/ Brian E. Farnan__
                                               Joseph J. Farnan, III (Bar No. 3945)
                                               Brian Farnan (Bar No. 4089)
                                               919 N. Market Street
                                               12th Floor
                                               Wilmington, Delaware 19801
                                               Tel.:  (302) 777-0300
                                               Fax.:  (302) 777-0301
                                               bfarnan@farnanlaw.com

                                               *Attorneys for Plaintiff*

*Of counsel*

BARRACK, RODOS & BACINE          BARRACK, RODOS & BACINE
Alexander Arnold Gershon          Daniel E. Bacine
William J. Ban                    3300 Two Commerce Square
Michael A. Toomey                 2001 Market Street
425 Park Avenue, Suite 3100       Philadelphia, Pennsylvania 19103
New York, New York 10022          Tel: (215) 963-0600
Tel: (212) 688-0782