# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 11-217-RGA |
| | ) |
| BARBARA T. ALEXANDER, et al., | )   **JURY TRIAL DEMANDED** |
| | ) |
| Defendants, | ) |
| | ) |
| -and- | ) |
| | ) |
| QUALCOMM INCORPORATED, | ) |
| | ) |
| Nominal Defendant. | ) |

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR JOINT MOTION FOR LEAVE TO FILE AN EARLY MOTION FOR SUMMARY JUDGMENT AND TO STAY DISCOVERY

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Dated: July 16, 2012
1067251 / 36664

Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
Matthew D. Stachel (#5419)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com
mstachel@potteranderson.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

EXPLANATION OF CITATION FORMS ......................................................................... iii

ARGUMENT ........................................................................................................................ 1

CONCLUSION .................................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Abulkhair v. Citibank & Assocs.,
  434 F. App'x 58 (3d Cir. 2011) ................................................................................................3

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986) ..................................................................................................................3

Doe v. Abington Friends Sch.,
  480 F.3d 252 (3d Cir. 2007) .....................................................................................................3

Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,
  614 F.3d 57 (3d Cir. 2010) .......................................................................................................2

St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.,
  C.A. No. 04-1436-LPS, 2012 WL 1015993 (D. Del. Mar. 26, 2012) ......................................2

**Statutes & Rules**

Fed. R. Civ. P. 56(d) .........................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 56(d) Advisory Committee's Note to 2010 Amendments .......................................3

**EXPLANATION OF CITATION FORMS**

The following citation forms are used in this brief:

- "Skaistis Declaration" or "Skaistis Decl." for references to the Declaration of Rachel G. Skaistis in Support of Defendants' Joint Motion for Leave to File an Early Motion for Summary Judgment and to Stay Discovery, dated June 18, 2012.

- "Ex." for references to documents attached as exhibits to the Skaistis Declaration.

- "Scheduling Order" for references to this Court's Scheduling Order, filed on March 2, 2012 (D.I. 69).

- "Defs. Br." for references to Defendants' Brief in Support of Their Joint Motion for Leave to File an Early Motion for Summary Judgment and to Stay Discovery, filed on June 18, 2012 (D.I. 94).

- "Pl. Br." for references to Plaintiff's Brief in Opposition to Defendants' Joint Motion for Leave to File an Early Summary Judgment Motion and to Stay Discovery, filed on July 5, 2012 (D.I. 104).

- "2/29/12 Tr." for references to the transcript of the February 29, 2012 Status Conference (Ex. D).

- "IRA" for references to the Form 886-A Issue Resolution Agreement between Qualcomm Incorporated and the Internal Revenue Service (Ex. H).

Defendants respectfully submit this Reply Brief in Further Support of Their Joint Motion for Leave to File an Early Motion for Summary Judgment and to Stay Discovery.

**ARGUMENT**

Plaintiff argues that Defendants should not be allowed to move for summary judgment at this time because (i) they have not shown "good cause" to modify the Scheduling Order (Pl. Br. at 4); (ii) the recent conclusion by the Internal Revenue Service ("IRS") that the "2011 Shareholder Approval [is] fully compliant with the requirements of Treas. Reg. Section 1.162-27(e)(4)" (IRA at 3 (Ex. H)) does not justify summary judgment as a substantive matter (Pl. Br. at 4-8); and (iii) plaintiff needs additional discovery to oppose summary judgment (id. at 8). Each of plaintiff's arguments is without merit.

First, Defendants do not, as plaintiff claims (id. at 2, 4), seek to modify the Scheduling Order or otherwise "accelerate" the schedule. To the contrary, the Scheduling Order expressly contemplates the possibility of an early dispositive motion. (See Scheduling Order ¶ 7 (D.I. 69).) Indeed, at the February 29, 2012 Status Conference, the Court recognized that a prompt dispositive motion would be appropriate if Qualcomm received an Issue Resolution Agreement ("IRA") from the IRS. Although the Court denied Defendants' informal request for a 45-day discovery stay, based on its concern that the IRS might not conclude its review within that time, the Court stated: "[I]t would probably be cheapest for Qualcomm [for plaintiff] to just go away, but I don't think they're going to do that. . . . So they filed the suit and . . . if it turns out that it's completely meritless and you find out in 45 days, it will still be a lot cheaper for Qualcomm." (2/29/12 Tr. at 14-15 (Ex. D).)[1]  Plaintiff's counsel expressed a similar

---

[1] Regarding Defendants' requested stay, the Court also observed that some discovery might "turn[] out to be for naught if, in fact, you're right, that this turns out to be case dispositive", and that the parties should "make your initial disclosures and you can send each other interrogatories, and . . . wait 16 days to do it so that if you get to the 45th day and the I.R.S. has resolved it . . . ."

understanding. (Id. at 14 ("MR. GERSHON: Well, of course, if they get a ruling that they like and decide to make a motion . . . .").)

In addition, even if Defendants were seeking to modify the Scheduling Order (which they are not), there can be no doubt that good cause exists here. Good cause "hinges on diligence of the movant". St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., C.A. No. 04-1436-LPS, 2012 WL 1015993, at *5 (D. Del. Mar. 26, 2012) (quotation omitted); see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010). Plaintiff surely does not claim that Defendants, who filed the instant motion on the third business day after receiving the final IRA, were insufficiently diligent.

Second, plaintiff's contentions about the legal effect of the IRA (Pl. Br. at 4-8) have no bearing on whether the Court should permit a summary judgment motion at this time. Defendants have shown that permitting a summary judgment motion now (instead of waiting until June 2013) would serve judicial economy and preserve corporate resources -- something plaintiff, as a purported representative of all shareholders, should be mindful of -- because there is a substantial chance that the proposed motion would end, or at a minimum narrow, the case. (Defs. Br. at 5-7.) Plaintiff ignores that showing. Instead, he argues that, as a substantive matter, the IRA does not entitle Qualcomm to summary judgment. (Pl. Br. at 4-8.) Plaintiff is entitled to disagree with Defendants' view of the IRA, but that disagreement should be the basis of plaintiff's opposition to summary judgment on the merits, not a reason to deny Defendants the opportunity to present their summary judgment position in the first place. This is particularly true here, where ever since Defendants informed plaintiff that Qualcomm had approached the IRS, plaintiff has thrown various different theories, allegations and claims into the mix --

---

(2/29/12 Tr. at 12-13 (Ex. D).) The Court's statements clearly reflect its expectation that Defendants would file a dispositive motion if and when they obtained an IRA.

including in a proposed amended complaint that he later withdrew -- in an attempt to avoid dismissal.[2]

Third, plaintiff's claimed need for additional discovery (id. at 8) also is irrelevant at this juncture. Defendants submit that the summary judgment record is complete, but if plaintiff sees it differently after he receives Defendants' motion papers, he should utilize the procedure set forth in Rule 56(d) by filing the requisite affidavit or declaration attesting that, among other things, he "cannot present facts essential to justify [his] opposition". Fed. R. Civ. P. 56(d); see also, e.g., Abulkhair v. Citibank & Assocs., 434 F. App'x 58, 61 (3d Cir. 2011); Doe v. Abington Friends Sch., 480 F.3d 252, 255 & n.3 (3d Cir. 2007). Entertaining plaintiff's unsworn plea for additional discovery would contravene Rule 56(d). See Doe, 480 F.3d at 255 n.3 ("We have repeatedly noted the need for a party moving under Rule 56(f)[3] to accompany the motion with a supporting affidavit . . . ." (citing cases)). Anderson v. Liberty Lobby, Inc. is in accord, as the excerpt plaintiff quotes from that decision (Pl. Br. at 8) concerned Rule 56(f) -- not whether a summary judgment motion itself was appropriate. See 477 U.S. 242, 250 n.5 (1986). In addition, for the reasons set forth in Defendants' opening brief (Defs. Br. at 7-8), which plaintiff mostly fails even to acknowledge, the Court should stay further discovery unless and until plaintiff properly shows he needs discovery to oppose summary judgment.

---

[2] Not surprisingly, Defendants disagree with plaintiff's interpretation of the IRA and its impact, his claims that the Company somehow misled the IRS and his allegations regarding the Board approval process (raised for the first time more than a year into the litigation). Again, however, these disagreements are appropriately addressed in the summary judgment papers, and plaintiff should not be permitted to interpose them as impediments to the motion itself.

[3] Rule 56(d) was amended in 2010 to "carr[y] forward without substantial change the provisions of former subdivision (f)". Advisory Committee's Note to 2010 Amendments; see also Abulkhair, 434 F. App'x at 62 n.6 ("Rule 56(d) was formerly Rule 56(f).").

3

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court grant leave to file an early motion for summary judgment and grant a stay of discovery pending the outcome of the motion.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Evan R. Chesler<br>Rachel G. Skaistis<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, New York 10019<br>Tel: (212) 474-1000<br>EChesler@cravath.com<br>RSkaistis@cravath.com<br><br>Dated: July 16, 2012<br>1067251 / 36664 | By: */s/ Richard L. Horwitz*<br>Richard L. Horwitz (#2246)<br>Peter J. Walsh, Jr. (#2437)<br>Matthew D. Stachel (#5419)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE19801<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>pwalsh@potteranderson.com<br><br>*Attorneys for Defendants* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on July 16, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 16, 2012, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Joseph J. Farnan, Jr.<br>Joseph J. Farnan, III<br>Brian E. Farnan<br>FARNAN LLP<br>919 N. Market Street<br>12th Floor<br>Wilmington, DE 19801<br>farnan@farnanlaw.com<br>jjfarnan@farnanlaw.com<br>bfarnan@farnanlaw.com | Alexander Arnold Gershon<br>William J. Ban<br>Michael A. Toomey<br>BARRACK RODOS & BACINE<br>1350 Broadway, Suite 1001<br>New York, NY 10018<br>agershon@barrack.com<br>wban@barrack.com<br>mtoomey@barrack.com |

Daniel E. Bacine
Julie B. Palley
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
dbacine@barrack.com
jpalley@barrack.com

By:   */s/ Richard L. Horwitz*
Richard L. Horwitz
Peter J. Walsh
Matthew D. Stachel
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com
mstachel@potteranderson.com

1009647 / 36664