## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KENNETH HOCH,                            )
                                         )
    Plaintiff,                      )
                                         )
    v.                              )    C.A. No. 11-217-RGA
                                         )
BARBARA T. ALEXANDER, et al.,            )    **JURY TRIAL DEMANDED**
                                         )
    Defendants,                     )    **PUBLIC VERSION**
                                         )
    -and-                           )
                                         )
QUALCOMM INCORPORATED,                   )
                                         )
    Nominal Defendant.              )


## REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel:  (212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
Matthew D. Stachel (#5419)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com
mstachel@potteranderson.com

*Attorneys for Defendants*

Dated:  October 25, 2012
Public Version Dated: November 1, 2012
1080820/35624

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

EXPLANATION OF CITATION FORMS ............................................................ iv

ARGUMENT ................................................................................................... 1

I.    COUNTS II AND III SHOULD BE DISMISSED .......................................... 2

      A.    The Court May Properly Consider Defendants' Showing That Plaintiff
            Misreads the Proxy Statement and the Relevant Tax Provisions ............ 2

      B.    The Challenged Statements Are Inactionable Opinion ......................... 4

II.   COUNTS IV AND V FAIL TO STATE DELAWARE LAW COERCION
      CLAIMS ................................................................................................ 5

III.  COUNTS VI AND VII SHOULD BE DISMISSED ....................................... 6

IV.   COUNTS VIII, IX, X, XI, XII AND XIII SHOULD BE DISMISSED BECAUSE
      PLAINTIFF'S "APPROVAL PROCESS" THEORY IS WITHOUT MERIT. .......... 8

CONCLUSION ................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007)......................................................................................................4

CarrAmerica Realty Corp. v. Kaidanow,
  321 F.3d 165 (D.C. Cir. 2003)..................................................................................9, 10

City of Omaha, Neb. Civilian Emps.' Ret. Sys. v. CBS Corp.,
  679 F.3d 64 (2d Cir. 2012)..........................................................................................5

Fait v. Regions Fin. Corp.,
  655 F.3d 105 (2d Cir. 2011).......................................................................................4, 5

Ginx, Inc. v. Soho Alliance,
  720 F. Supp. 2d 342 (S.D.N.Y. 2010)........................................................................3

Glover v. F.D.I.C.,
  __ F.3d __, No. 11-3382, 2012 WL 3834666 (3d Cir. Sept. 5, 2012)........................7

H.F. Ahmanson & Co. v. Great W. Fin. Corp.,
  C.A. No. 15650, 1997 WL 225696 (Del. Ch. Apr. 25, 1997)....................................9

Hoch v. Alexander,
  C. A. No. 11-217, 2011 WL 2633722 (D. Del. July 1, 2011).............................2, 6, 8

Hollinger Int'l, Inc. v. Black,
  844 A.2d 1022 (Del. Ch. 2004)..................................................................................9

In re Burlington Coat Factory Sec. Litig.,
  114 F.3d 1410 (3d Cir. 1997).....................................................................................3

In re Donald J. Trump Casino Sec. Litig.,
  7 F.3d 357 (3d Cir. 1993)...........................................................................................5

In re Foxmeyer Corp.,
  286 B.R. 546 (Bankr. D. Del. 2002) ..........................................................................2

In re Gen. Motors Class H S'holders Litig.,
  734 A.2d 611 (Del. Ch. 1999).................................................................................5, 6

In re NAHC, Inc. Sec. Litig.,
  306 F.3d 1314 (3d Cir. 2002)...................................................................................10

Koppel v. 4987 Corp.,
  167 F.3d 125 (2d Cir. 1999).......................................................................................8

Lacos Land Co. v. Arden Grp., Inc.,
    517 A.2d 271 (Del. Ch. 1986)............................................................................6

Levitt Corp. v. Office Depot, Inc.,
    C.A. No. 3622-VCN, 2008 Del. Ch. LEXIS 47 (Del. Ch. Apr. 14, 2008) ...............................5

Liberis v. Europa Cruises Corp.,
    C.A. No. 13103, 1996 WL 73567 (Del. Ch. Feb. 8, 1996)................................9, 10

Lofland v. DiSabatino,
    C.A. No. 11849, 1991 WL 138505 (Del. Ch. July 25, 1991) ....................................9

Michelson v. Duncan,
    407 A.2d 211 (Del. 1979) ..........................................................................9, 10

Russell v. Morris,
    C.A. No. 10009, 1990 WL 15618 (Del. Ch. Feb. 14, 1990)....................................9

Smith v. Van Gorkom,
    488 A.2d 858 (Del. 1985) ..........................................................................10

STAAR Surgical Co. v. Waggoner,
    588 A.2d 1130 (Del. 1991) ..........................................................................9

United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.,
    316 F.3d 392 (3d Cir. 2003)..........................................................................4

Walsh Sec. Inc. v. Cristo Prop.,
    Civ. A. No. 97-3496, 2008 WL 4792544 (D.N.J. Oct. 31, 2008)............................7

Williams v. Geier,
    C.A. No. 8456, 1987 Del. Ch. LEXIS 436 (Del. Ch. May 20, 1987)...................5, 6

Williams v. Geier,
    671 A.2d 1368 (Del. 1996) ..........................................................................6

## EXPLANATION OF CITATION FORMS

The following citation forms are used in this brief:

- "Skaistis Declaration" or "Skaistis Decl." for references to the Declaration of Rachel G. Skaistis in Support of Defendants' Motion to Dismiss the Amended Complaint, dated September 14, 2012 (D.I. 129).

- "Ex." or "Exs." for references to documents attached as exhibits to the Skaistis Declaration.

- "Supplemental Skaistis Declaration" or "Supp. Skaistis Decl." for references to the Supplemental Declaration of Rachel G. Skaistis in Further Support of Defendants' Motion to Dismiss the Amended Complaint, dated October 25, 2012.

- "Supp. Ex." or "Supp. Exs." for references to documents attached as exhibits to the Supplemental Skaistis Declaration.

- "Gershon Ex." for references to documents attached as exhibits to the Declaration of Alexander Arnold Gershon in Opposition to Defendants' Motion to Dismiss the Amended Complaint, dated October 15, 2012 (D.I. 139).

- "Am. Compl." for references to plaintiff's Verified Amended and Supplemented Complaint, filed on August 13, 2012 (D.I. 122).

## ARGUMENT

Plaintiff fundamentally misunderstands the standards that govern a Rule 12(b)(6)

motion, including what constitutes appropriate argument. On the one hand, plaintiff criticizes

Defendants for not "contradict[ing]" the facts alleged in the Amended Complaint, while on the

other he criticizes Defendants for "ask[ing] the Court to ignore the facts" and for relying on

extrinsic evidence. (E.g., D.I. 138 at 2, 8.) At this stage of the proceedings, Defendants must

accept all well-pleaded allegations as true and demonstrate why plaintiff's claims still fail as a

matter of law. This is precisely what Defendants have done, and why they have not (with limited

permissible exceptions) "contradicted" the facts as asserted by plaintiff.

With respect to extrinsic evidence, it is plaintiff -- not Defendants -- who

improperly relies upon such material. Plaintiff's brief quotes (selectively and misleadingly) from

deposition testimony and interrogatory responses (id. at 5 n.2, 6, 7, 16 n.10), none of which are

referenced in the Amended Complaint, and all of which unquestionably are extrinsic material.

For example, plaintiff takes out of context an isolated portion of Jay Rains's deposition ████

████████████████████████████████████████████████ (Id. at 5

& n.2.) ██████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ (Supp. Ex. A at 8,

22-24, 40, 49, 66, 82-83.) The Court should disregard plaintiff's citations to testimony and

discovery responses. To the extent the Court chooses to consider such material (and in particular

the depositions of Messrs. Rains and Schneck), Defendants respectfully request that the Court

also consider the additional portions of the testimony referenced herein.[1]

---

[1] Plaintiff cites testimony from Howard Schneck (Qualcomm's Director of Tax) ████
████████████████████████████████████

As discussed below, apart from relying on improper extrinsic material, plaintiff's arguments ignore Defendants' opening brief, misstate the law or misunderstand Judge Schiller's opinion, warranting dismissal of the Amended Complaint in its entirety.

## I.   COUNTS II AND III SHOULD BE DISMISSED.

### A.   The Court May Properly Consider Defendants' Showing That Plaintiff Misreads the Proxy Statement and the Relevant Tax Provisions.

In their opening papers, Defendants demonstrated that the Proxy Statement, the relevant case law and the June 2012 Issue Resolution Agreement ("IRA") between Qualcomm and the IRS fatally undermine plaintiff's original § 162(m) tax theory. In response, plaintiff does not challenge the substance of Defendants' argument, contending only (i) that Judge Schiller's July 2011 ruling is the law of the case as to the legal sufficiency of Counts II and III; and (ii) that the Court should disregard the IRA. (D.I. 138 at 13-17.) Both contentions are without merit.

As plaintiff explicitly acknowledges (id. at 14-15), the law-of-the-case doctrine is inapplicable where "a new event occurs that might affect the outcome of an issue". In re Foxmeyer Corp., 286 B.R. 546, 557 (Bankr. D. Del. 2002). The doctrine does not apply here because Defendants' argument for dismissal of Counts II and III is enhanced by a new event -- the June 2012 IRA -- which Judge Schiller obviously did not consider in July 2011. Among other things, the IRA resolves the "close question" Judge Schiller perceived regarding the parties' tax positions "at [that] stage of the proceedings". Hoch v. Alexander, Civ. A. No. 11-217, 2011 WL 2633722, at *6 (D. Del. July 1, 2011); (see also Ex. Q at 3; D.I. 128 at 5-10).



(D.I. 138 at 16 n.10

(Supp. Ex. B at 72-73, 75, 77-79.)

2

Plaintiff's efforts to discredit the IRA also fail.[2]  First, the IRA is not extrinsic to the Amended Complaint (D.I. 138 at 14-15), which refers to the IRA multiple times and even premises a theory of liability (Count X) on the agreement (Am. Compl. ¶¶ 48-64, 115-17).  Such references render the IRA integral to plaintiff's claims and therefore properly considered on a Rule 12(b)(6) motion.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  Plaintiff's attempt to distinguish between communications about the IRA and the IRA itself (D.I. 138 at 15) is disingenuous.  Both in his Amended Complaint and in his arguments to the Court, plaintiff has focused on the IRA itself as evidence of alleged misconduct by Defendants; he cannot now argue that Defendants are precluded from relying on that same document when responding to plaintiff's IRA-based allegations.  See Ginx, Inc. v. Soho Alliance, 720 F. Supp. 2d 342, 352 (S.D.N.Y. 2010) (court may consider "critically important documents that Plaintiff's counsel has elected not to refer to in the complaint [presumably] because they give the lie to several key allegations of 'fact'").

Second, plaintiff's repeated claim that the IRA is "not binding on the IRS" (D.I. 138 at 15-16) misses the point.  Regardless of whether it is formally "binding", the IRA represents the IRS's conclusion, after careful analysis, that Qualcomm's Proxy Statement complies with the relevant tax laws.  The likelihood that the IRS would reverse itself and deny tax deductions as a result of the Proxy Statement is remote, rendering any theory of harm based on such an occurrence fatally speculative.  (D.I. 128 at 8-9.)  In addition, binding or not, the IRA

---

[2] Plaintiff's assertion that Defendants "essentially conceded that the IRA is useless" by filing a Rule 12(b)(6) motion instead of one for summary judgment (D.I. 138 at 17) is perplexing.  The pending motion relies heavily on the IRA and makes clear that Defendants believe the document warrants dismissal of Counts II and III as a matter of law.  Defendants did not move for summary judgment because there was no need once plaintiff incorporated the IRA into the Amended Complaint, and because dismissal on the pleadings is more efficient and less costly.

establishes the reasonableness of Qualcomm's tax position as to the content of the Proxy

Statement, precluding, as a matter of law, any claim that Defendants were grossly negligent

(duty of care standard) or consciously disregarded their responsibilities (duty of loyalty standard)

when disseminating that content. (Id. at 9.)

       Third, the 2010 shareholder vote is irrelevant. (Id.)  The IRA makes no reference

to it. (Ex. Q.) ███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████ E.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007). ████████████████████████████████████████

████████████████████████ (D.I. 128 at 9-10, 17-20).[3]

**B.     The Challenged Statements Are Inactionable Opinion.**

       Plaintiff does not dispute that the challenged statements are opinion. (See D.I.

138 at 14 n.9.)  Instead, he again relies on the law-of-the-case doctrine to oppose dismissal. (Id.)

However, the doctrine simply does not apply to undecided issues, which this is.  See United

Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa., 316 F.3d 392, 398 (3d Cir. 2003).  It

does not matter that Fait v. Regions Financial Corp., 655 F.3d 105 (2d Cir. 2011), a case decided

after Defendants filed both their motion to dismiss the original Complaint and their reargument

---

[3] Plaintiff criticizes Defendants for not responding to the allegation in Count II ████████████

███████████████████████████████ (D.I. 138 at 8.)  However, Defendants
did respond to that allegation in Part IV of their opening brief, where they demonstrated that any
process deficiencies were ratified and thus cured.  To the extent plaintiff now invites Defendants
to engage on the factual accuracy of the statement, Defendants submit that it is accurate. ████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

motion based on demand, involved 1933 Act claims (D.I. 138 at 14 n.9). The reasoning in <u>Fait</u> has been applied to § 10(b) and § 20(a) claims, which have the same material misstatement requirement as § 14(a). <u>City of Omaha, Neb. Civilian Emps.' Ret. Sys. v. CBS Corp.</u>, 679 F.3d 64, 67-68 (2d Cir. 2012).[4]

## II.    COUNTS IV AND V FAIL TO STATE DELAWARE LAW COERCION CLAIMS.

Plaintiff claims the shareholders were coerced into approving the 2011 Amended LTIP because they were told the "plan would continue without their consent, but that it would then cost Qualcomm more" if they disapproved it. (D.I. 138 at 17.) But nowhere does the Proxy Statement even suggest that maintaining the existing 2006 LTIP would be more expensive. The only consequence of failing to approve the 2011 Amended LTIP referenced in the Proxy Statement is that "the shares reserved for issuance will be depleted, and the 2006 LTIP will not achieve its intended objectives of helping to attract and retain employees". (Ex. H at 25.) That is true, and plaintiff has never claimed otherwise, which means that there is no coercion as a matter of law. <u>See</u> <u>In re Gen. Motors Class H S'holders Litig.</u>, 734 A.2d 611, 620-21 (Del. Ch. 1999); (D.I. 128 at 10-12).

Plaintiff attempts to distinguish <u>General Motors</u> by arguing that Qualcomm's shareholders were told it would "cost more to Qualcomm" if shareholders rejected the 2011 Amended LTIP. (D.I. 138 at 18.) Again, Qualcomm's shareholders were told no such thing. The other cases on which plaintiff relies are inapposite. <u>Levitt Corp. v. Office Depot, Inc.</u>, C.A. No. 3622-VCN, 2008 Del. Ch. LEXIS 47, at *10, 24-25 (Del. Ch. Apr. 14, 2008), concerned the ability to nominate directors, not coercion. In <u>Williams v. Geier</u>, C.A. No. 8456, 1987 Del. Ch.

---

[4] Plaintiff's reliance on <u>In re Donald J. Trump Casino Securities Litigation</u> is misplaced. <u>Trump</u> is consistent with <u>Fait</u> and its progeny. 7 F.3d 357, 368 (3d Cir. 1993).

LEXIS 436, at *19 (Del. Ch. May 20, 1987), the court expressed "serious question[s]" about the sufficiency of the coercion claim, only sustaining it because "[t]he parties did not address the merits of this claim in their briefs". Indeed, the Williams plaintiff later voluntarily dismissed the coercion claim, and the Supreme Court of Delaware ultimately held there was no coercion. Williams v. Geier, 671 A.2d 1368, 1375, 1382-84 (Del. 1996). Finally, the court in Lacos Land Co. v. Arden Group, Inc., 517 A.2d 271, 276 (Del. Ch. 1986), found that shareholders were coerced because the CEO "explicit[ly] threat[ened]" to "block" advantageous transactions if they rejected a proposal. See also Gen. Motors, 734 A.2d at 621.

## III.   COUNTS VI AND VII SHOULD BE DISMISSED.

Plaintiff concedes that his direct § 14(a) claim (Count VI) must be dismissed on loss causation grounds, but argues that his derivative § 14(a) claim (Count VII) should survive. (D.I. 138 at 20.) Plaintiff is mistaken for the following reasons.

First, plaintiff cannot maintain Count VII without Count VI, because the only injury plaintiff pleads as to Count VII is Qualcomm's purported damages due to Count VI. (Am. Compl. ¶ 104; D.I. 128 at 15.) Plaintiff does not dispute this but rather argues that Judge Schiller "previously determined that loss causation does not defeat Plaintiff's derivative claims based on § 14(a) because Plaintiff alleged 'interference with the voting rights of stockholders'". (D.I. 138 at 20 (quoting Hoch 2011 WL 2633722, at *6).) This argument is baffling: plaintiff's original § 14(a) claim was dismissed in its entirety, and the quoted language has nothing to do with § 14(a) or loss causation. See Hoch 2011 WL 2633722, at *6.

Second, the relation back doctrine does not make Count VII timely. Plaintiff claims that the allegations concerning misstatements in the 2011 Proxy Statement set forth in the original Complaint provided fair notice that he also believed the Voting Card used for the 2011

shareholder vote was technically deficient. (D.I. 138 at 19.)  Plaintiff contends that his original

and new § 14(a) claims "concern the exact same plan and the exact same shareholder vote".

However, a general subject-matter nexus between two sets of claims is insufficient and "a more

detailed analysis" is required. Walsh Sec. Inc. v. Cristo Prop., Civ. A. No. 97-3496, 2008 WL

4792544, at *9-10 (D.N.J. Oct. 31, 2008); (D.I. 128 at 13-14).  Here, as in Walsh, the Proxy

Statement and Voting Card claims concern different facts, different legal theories and different

grounds for relief.  The relation back doctrine thus does not apply.

Plaintiff also is mistaken that a single passing reference in ¶ 52 of the original

Complaint to unspecified "SEC regulations" (D.I. 138 at 19) provided the requisite fair notice.

The Third Circuit recently rejected a nearly identical argument in Glover v. F.D.I.C., ___ F.3d ___,

No. 11-3382, 2012 WL 3834666, at *5-6 (3d Cir. Sept. 5, 2012), holding that a "[b]uried"

allegation in a prior complaint did not provide fair notice, even where it "referenced" facts

underlying the new claim.  The Third Circuit explained: "Rule 15(c) cannot save a complaint

that obscures the factual predicate and legal theory of the amended claim.  Pleadings are not like

magic tricks, where a plaintiff can hide a claim with one hand, only to pull it from her hat with

the other".  Id. at *6 (citation omitted).

Third, although plaintiff now appears to concede that negligence is an element of

his § 14(a) claim, he makes no attempt to defend the sufficiency of his conclusory negligence

allegations, which are inadequate as a matter of law. (D.I. 128 at 16.)  Plaintiff's only negligence

argument is the statement that "[i]n this Court's earlier decision, very similar language

concerning Plaintiff's Section 14a-9 claim was considered sufficient to survive a motion to

dismiss". (D.I. 138 at 20.)  This statement is odd because, as mentioned above, Judge Schiller

dismissed the original § 14(a) claim in its entirety and, in doing so, he did not mention plaintiff's

negligence allegations.  <u>Hoch</u>, 2011 WL 2633722, at *5.

      <u>Fourth</u>, whether items constitute "separate matters" can be decided on a motion to

dismiss, as the main case plaintiff cites shows.  <u>See</u> <u>Koppel v. 4987 Corp.</u>, 167 F.3d 125, 138 (2d

Cir. 1999) (evaluating sufficiency of complaint at pleading stage).

## IV.   COUNTS VIII, IX, X, XI, XII AND XIII SHOULD BE DISMISSED BECAUSE PLAINTIFF'S "APPROVAL PROCESS" THEORY IS WITHOUT MERIT.

      Even assuming that there was a defect in the process by which the 2010 and 2011

Amended LTIPs were presented to shareholders for vote (which there was not), the Board cured

any such defect by subsequently ratifying the process.  (D.I. 128 at 17-20.)  Plaintiff argues both

that the alleged process errors were not capable of being ratified by the Board, and that they were

not, in fact, ratified by the Board.  Those arguments are unpersuasive.

      Plaintiff tries to frame his grievance as a challenge to the shareholder votes, but

the real gravamen of his process claims is that ███████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

Accordingly, plaintiff simply is wrong that only the shareholders, as opposed to the Board, could

ratify the asserted process deficiencies.  (<u>See</u> D.I. 138 at 11-12.)

      Plaintiff cites no authority for the notion that bylaw violations are <u>per</u> <u>se</u> void.

(<u>Id.</u> at 10.)[5]  That is not surprising.  Voidability turns on whether an action could be lawfully

---

[5] Plaintiff is mistaken that under Qualcomm's bylaws "[o]nly the full Board or individual shareholders are empowered to slate matters for a shareholder vote".  (D.I. 138 at 5, 9 n.4.)  The bylaws plainly state that either the Board or persons acting "at the direction of the Board" -- for example, the Compensation Committee -- can slate matters for shareholder vote.  (Gershon Ex. 6 at § 5(b)(A).)

accomplished by the corporation, in which case it is voidable, or whether it is <u>ultra vires</u> or

fraudulent, in which case it is void. <u>E.g.</u>, <u>Michelson v. Duncan</u>, 407 A.2d 211, 218-19 (Del.

1979); (D.I. 128 at 17-18). Indeed, bylaw violations have been found to be voidable. <u>E.g.</u>,

<u>Lofland v. DiSabatino</u>, C.A. No. 11849, 1991 WL 138505, at *2-3 (Del. Ch. July 25, 1991).

Plaintiff's reliance on <u>Russell v. Morris</u> is misplaced, as it involved a bylaw allegedly "amended"

by implication. C.A. No. 10009, 1990 WL 15618, at *5 (Del. Ch. Feb. 14, 1990). Defendants

make no such claim. Qualcomm's bylaws remain in force as written; Defendants' point is

merely that any alleged technical bylaw violations were reatified, and thus cured, by the Board.[6]

        <u>STAAR Surgical Co. v. Waggoner</u> and <u>Liberis v. Europa Cruises Corp.</u> support,

rather than undermine, Defendants' position. In <u>STAAR</u>, the Board purported to issue preferred

stock that the certificate of incorporation did not authorize the corporation to issue. 588 A.2d

1130, 1135-37 (Del. 1991). As the court in <u>CarrAmerica Realty Corp. v. Kaidanow</u>, 321 F.3d

165, 171 (D.C. Cir. 2003), explained: "<u>STAAR</u> is consistent with the principle that a void result

occurs when a corporate board <u>acts without authorization</u>, while the result of an authorized act

improperly accomplished may be merely voidable." (emphasis added). In <u>Liberis</u>, ratification

was rejected because the beneficiary of an alleged reduced option strike price proffered fictitious

board minutes supposedly reflecting the price reduction. C.A. No. 13103, 1996 WL 73567, at

*6, 8 (Del. Ch. Feb. 8, 1996). It was in that context that the court stated that "the complete

absence of board action is not an irregularity correctable by routine ratification". <u>Id.</u> at *8. Even

---

[6] Plaintiff's other cases are similarly inapposite: <u>H.F. Ahmanson & Co. v. Great W. Fin. Corp.</u>
C.A. No. 15650, 1997 WL 225696, at *3-4 (Del. Ch. Apr. 25, 1997) (concerning whether
injunction should be granted, not voidability); <u>Hollinger Int'l, Inc. v. Black</u>, 844 A.2d 1022,
1078-80 (Del. Ch. 2004) (addressing whether bylaw could be amended by resolution).

so, the court evaluated the purported ratification, holding only that no ratification occurred under those unusual circumstances. Id.

Plaintiff's claim that no ratification actually occurred also is wrong. It is irrelevant that the SEC filings manifesting the Directors' ratification occurred after the shareholder votes (see D.I. 138 at 12); ratification relates back to the time of the original procedurally incorrect action. E.g., Michelson, 407 A.2d at 219. Moreover, almost all the Directors attended the 2010 and 2011 annual meetings (Exs. D, K; D.I. 128 at 20 n.11) and therefore had ample opportunity to object even prior to the shareholder votes. Smith v. Van Gorkom is not to the contrary. 488 A.2d 858, 886-88 (Del. 1985) (board could not ratify improper merger decision because rejecting merger could lead to substantial damages).

Plaintiff asks the Court to disregard the multiple SEC forms showing the Directors knew about and acquiesced in the 2010 and 2011 Amended LTIPs because the forms were not discussed or signed during a formal Board meeting (D.I. 138 at 13). However, plaintiff offers no support for the proposition that implied ratification requires directors to expressly discuss the subject issue; such a rule would largely preclude implied ratification, in contravention of Delaware law. See CarrAmerica, 321 F.3d at 173; (D.I. 128 at 18).[7]

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice.

---

[7] Plaintiff does not dispute that the Court can consider the publicly available transcripts of the 2010 and 2011 annual meetings, the 2010 and 2011 10-Ks or most of the other documents Defendants cited. Plaintiff only objects to the Court's consideration of (i) the IRA (discussed above); and (ii) the registration statements (Exs. F and M). (D.I. 138 at 12 n.7.) The Court can consider the registration statements because, like the 10-Ks plaintiff does not challenge, they are authentic SEC filings. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1331 (3d Cir. 2002).

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel:  (212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Dated:  October 25, 2012
Public Version Dated: November 1, 2012
1080820/36664

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    Peter J. Walsh, Jr. (#2437)
    Matthew D. Stachel (#5419)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    pwalsh@potteranderson.com
    mstachel@potteranderson.com

*Attorneys for Defendants*

11

# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on November 1, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on November 1, 2012, the attached document was Electronically Mailed to the following person(s):

Joseph J. Farnan, Jr.
Joseph J. Farnan, III
Brian E. Farnan
FARNAN LLP
919 N. Market Street
12th Floor
Wilmington, DE 19801
farnan@farnanlaw.com
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

Daniel E. Bacine
Julie B. Palley
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
dbacine@barrack.com
jpalley@barrack.com

Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
BARRACK RODOS & BACINE
1350 Broadway, Suite 1001
New York, NY 10018
agershon@barrack.com
wban@barrack.com
mtoomey@barrack.com

Samuel M . Ward
BARRACK, RODOS & BACINIE
One America Plaza
600 West Broadway, Suite 9 00
San Diego, CA 92101
sward@barrack.com

By:    /s/ Richard L. Horwitz
     Richard L. Horwitz
     Peter J. Walsh
     Matthew D. Stachel
     POTTER ANDERSON & CORROON LLP
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     pwalsh@potteranderson.com
     mstachel@potteranderson.com

1009647 / 36664