**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KENNETH HOCH,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA T. ALEXANDER, et al.,<br><br>Defendants,<br><br>-and-<br><br>QUALCOMM INCORPORATED,<br><br>Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 11-217-RGA<br><br>**JURY TRIAL DEMANDED**<br><br>REDACTED VERSION<br>Dated: January 30, 2013 |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS**

OF COUNSEL:

cc: Clerk of the Court (via hand delivery) (w/encs.)
Counsel of Record (via electronic mail) (w/encs.)

Dated: January 25, 2013
1091613 / 36664

Richard L. Horwitz (#2246)
Peter J. Walsh, Jr. (#2437)
Matthew D. Stachel (#5419)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com
mstachel@potteranderson.com

*Attorneys for Defendants*




1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

January 25, 2013

REDACTED VERSION
Dated: January 30, 2013

**VIA ELECTRONIC FILING**

The Honorable Richard G. Andrews
The United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re: Hoch v. Alexander C.A. No. 11-217-RGA

Dear Judge Andrews:

Defendants write to address three issues that arose during the January 23 oral argument.

First, the Court asked the parties whether the amount in controversy exceeds $75,000 for purposes of federal diversity jurisdiction. Where a plaintiff seeks equitable relief only, the amount in controversy is measured "by the value of the rights which the plaintiff seeks to protect". Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 539 (3d Cir. 1995); see also In re Corestates Trust Fee Litig., 39 F.3d 61, 65 (3d Cir. 1994). In a derivative action, "'the corporation, not the complaining shareholder, is the real party in interest, and the jurisdictional amount is measured by the damage sustained by the corporation'". Sweeney v. Harbin Elec., Inc., No. 3:10-cv-00685-RCJ-VPC, 2011 WL 3236114, at *3 (D. Nev. July 27, 2011) (quoting Bernstein v. Levinson, 437 F.2d 756, 757 (4th Cir. 1971)). Here, plaintiff claims that as a result of the conduct alleged in the Amended Complaint, Qualcomm has suffered damages in excess of $75,000 because it will not be able to take tax deductions for executive compensation paid by the Company under the 2011 Amended Long-Term Incentive Plan (the "2011 Amended LTIP"). (See, e.g., D.I. 122 ¶ 25; id. Prayer for Relief ¶¶ A-D.) Defendants agree that if Qualcomm were in fact precluded from taking tax deductions as alleged, the value of those deductions would exceed $75,000.

Second, despite Mr. Gershon's claim during oral argument, Defendants submit that Counts II and III attempt to plead Delaware law claims and not federal § 14(a) claims. Among other things, Count II in the original complaint asserted a derivative claim alleging that the Individual Defendants "breache[d] . . . [their] . . . respective duties of loyalty to and care for the Company and its stockholders". (D.I. 1 ¶ 49.) Count III in the original complaint asserted a derivative claim alleging that the Individual Defendants' actions "constitute[] waste" (id. ¶ 52), that the Directors breached their "fiduciary duties of loyalty, and good faith under Delaware law" (id. ¶ 53) and that the non-Director Defendants would "enjoy unjust enrichment" (id. ¶ 54).

Counts II and III of the original complaint thus plainly purported to plead only state-law claims, something Judge Schiller explicitly noted in his decision. See Hoch v. Alexander, C.A. No. 11-217, 2011 WL 2633722, at *3 (D. Del. July 1, 2011) (describing Count II as alleging "breach[es]" of the "duties of loyalty and care", and Count III as alleging that Defendants' "actions constitute waste, contravene public policy, and injure Qualcomm"); id. at *6 (ruling that Counts II and III plead "that a material misstatement interfered with the voting rights of shareholders and that the false proxy statement breached Defendants' duties of loyalty and good faith and constituted waste").

Count III in the present complaint is substantively identical to the original Count III; plaintiff only changed the paragraph numbering. (See Redlined Verified Amended and Supplemented Complaint ¶¶ 81-85 (attached as Exhibit A hereto).)[1] In Count II of the present complaint, plaintiff made only two substantive changes. New paragraph 78 alleges that the Directors breached their "respective duties of loyalty to and care for the Company and its stockholders" in connection with the approval process for the 2011 Amended LTIP. (Id. ¶ 78.) That clearly contemplates a state-law claim. New paragraph 79 alleges that

REDACTED

(Id. ¶ 79.) Although ¶ 79 is not a model of clarity, its gravamen appears to be that the

REDACTED

Moreover, plaintiff knows how to plead a § 14(a) claim explicitly when he wants to, having done so elsewhere in the present complaint with respect to the Voting Card. (Id. ¶¶ 94-104.)[2]

Third, at the close of oral argument, the Court expressed the view that, under In re General Motors Class H Shareholders Litigation, 734 A.2d 611 (Del. Ch. 1999), shareholders are not coerced when they are given a choice between making a change or maintaining the status quo, as was the case here. Defendants respectfully submit that the same logic compels the dismissal of plaintiff's tax claims (Counts II and III). The tax claims are based on exactly the same Proxy Statement language as the Delaware law coercion claims -- the statement that the existing long-term incentive plan would remain in place should the shareholders fail to approve the amended plan. (See D.I. 122 ¶ 25.) Like the court in General Motors, the IRS has made clear that such a statement (the truth of which plaintiff has never challenged) is not coercive

---

[1] Plaintiff submitted a redlined version of the present complaint showing its differences with the original complaint. Plaintiff filed the redlined version under seal. He did not file a redacted version on the docket.

[2] Note also that plaintiff already tried to plead a federal claim regarding his tax theory, and Judge Schiller dismissed it. Hoch, 2011 WL 2633722, at *5; (see also D.I. 122 ¶¶ 69-74 (stating that Count I "was dismissed by a court order dated July 1, 2011" and that "plaintiff continues to include it solely to preserve his rights" (capitalization altered))). Plaintiff should not be permitted to evade that ruling REDACTED and then claiming for the first time at oral argument that Count II somehow has been transformed into a federal claim.

under the relevant Treasury Regulations and therefore it cannot form the basis for a claim asserting violation of those regulations. We respectfully ask the Court to consider this point in its further deliberations on Counts II and III.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

msb/1091613 / 36664

Enclosure
cc: Clerk of the Court (via hand delivery) (w/enc.)
Counsel of Record (via electronic mail) (w/enc.)