# FARNAN LLP

February 1, 2013

**Via E-Filing**
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 2325
Wilmington, DE  19801-3555

      Re:    **Hoch v. Alexander, et al. (C.A. No. 11-cv-217)**

Dear Judge Andrews:

This is in response to Defendants' letter to the court dated January 25, 2013.

First, we agree with Defendants concerning the measure of the amount in controversy required for federal jurisdiction based on diversity in a stockholder's derivative action seeking only equitable relief.

Second, Plaintiff has never taken the position that Counts II and III were founded solely on Delaware law, but rather on both federal law and Delaware law.  Indeed, in Plaintiff's Answering Brief to Defendants' first Motion To Dismiss (D.I. 46), Plaintiff references derivative claims based on federal law in both describing this action and in citations to case law within the Brief.  For example, Plaintiff describes this action as a

> stockholder's direct and derivative action . . . based on the distribution of a proxy statement that is materially false or misleading pursuant to § 14(a) of the Securities Exchange Act of 1934 . . . and the adoption of a non-tax deductible compensation plan.  Plaintiff also alleges claims for breach of fiduciary duty, waste and unjust enrichment against the individual defendants.

(D.I. 46 at 1) (emphasis added).  Plaintiff goes on in the same brief to state, "Federal courts considering derivative § 14(a) claims have followed the lead of *Anderson, Clayton* and *Tri-Star*." (D.I. 46 at 9) (emphasis added).  Similarly, Plaintiff cited to *Resnick v. Woertz*, 2011 WL 1184739, at *10, 13 (D. Del. 2011) for the proposition that a "derivative claim pursuant to § 14(a) withstands motion to dismiss and company faces substantial and avoidable tax liability."

919 N. MARKET STREET, 12TH FLOOR, WILMINGTON, DE 19801
PHONE: (302) 777-0300 • FAX: (302) 777-0301 • WWW.FARNANLAW.COM

The Honorable Richard G. Andrews
February 1, 2013
Page 2

(D.I. 46 at 15) (emphasis added). Plaintiff certainly would not have discussed Section 14(a) derivative claims if he did not assert one.

Moreover, in discussing the dismissal of Counts II and III based on the statute of limitations, Plaintiff expressly references the **one year statute of limitations** for federal claims citing *Seinfeld v. Barrett*, 2006 WL 890909, at *4. (D.I. 46 at 19). Notably, and perhaps most importantly, Plaintiff did not cite the three year statute of limitations for state law claims that Defendants cited in their Brief when discussing Counts II and III, further evidencing that Plaintiff has always maintained that his claims were both state and federal law claims.

Indeed, Judge Schiller's July 1, 2011 Order on the Motion To Dismiss only dismissed Plaintiff's direct claim (Count I), and not his federal law derivative claims asserted in Counts II and III. (D.I. 51). In opposition to Defendants' attempt to reargue Judge Schiller's decision, Plaintiff maintained his assertion of derivative claims based on Section 14(a), as he did in his original Answering Brief to Defendants' Motion To Dismiss, further demonstrating that Plaintiff did not abandon, and Judge Schiller did not dismiss, these federal derivative claims. (D.I. 56 at 1) ("This Court having dismissed plaintiff's direct claims, this is now only a stockholder's derivative action concerning Qualcomm Incorporated ("Qualcomm" or the "Company"), a Delaware corporation, based on the distribution of a proxy statement that is materially false or misleading in violation of § 14(a) of the Securities Exchange Act of 1934 . . . and the adoption of an executive compensation plan that claimed to conform to I.R.C. § 162(m) . . . but does not. Plaintiff also alleges claims against the individual defendants for breach of fiduciary duty, waste, and unjust enrichment.") (emphasis added).

In federal court, "[c]omplaints need not plead law or match facts to every element of legal theory." *Weston v. Pennsylvania*, 251 F.3d 420, 429 (3d Cir. 2001), *abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co v. White*, 548 U.S. 53 (2006). And, under the Federal Rules, "the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim." *Northrup v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997) (citation and quotations omitted), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *see Ghebreselassie v. Coleman Sec. Serv.*, 829 F.2d 892, 895 (9th Cir. 1987) ("[A] properly pleaded claim in federal court need not specify under which law it arises."); *In re Oakwood Homes Corp.*, 340 B.R. 510, 526 (D. Del. Bankr. 2006). Accordingly, Plaintiff maintains that Counts II and III have always asserted derivative federal law claims.

Third, Defendants persist in attempting to relitigate Counts II and III, which this Court has already sustained. For the first time in this connection, they now invoke *In re General Motors Class H Shareholders Litigation*, 734 A. 2d 611 (Del. Ch. 1999), which concerns coercion, and an uncited reference to the Internal Revenue Service, asserting that the IRS agrees with the *General Motors* case.

The Honorable Richard G. Andrews
February 1, 2013
Page 3

      The IRS reference may refer to IRS Private Letter Ruling 200617018, 2006 WL 1126274 (April 28, 2006), which defendants cited in their Opening Brief to their second Motion To Dismiss (D.I. 128 at 6). That IRS ruling does not mention "coercion" and is not relevant to the issues presented by the Proxy in this case. Moreover, private letter rulings are not precedential and should not be cited. *See* I.R.C. § 6110(k)(3) (2006); *see also Amergen Energy Co., LLC v. United States*, 94 Fed. Cl. 413 (Fed. Cl. 2010) ("Private letter rulings ... may not be used or cited in any precedential way and thus, a fortiori, may not be used to support, in any fashion, an argument that one interpretation of the Code is more authoritative than another.").

      To support raising *General Motors* and the IRS ruling, Defendants refer to ¶ 25 of the amended complaint (D.I. 122). However, that paragraph is identical to ¶ 25 in the original complaint (D.I. 1) and does not provide Defendants with a new basis to untimely assert an argument concerning a 1999 case of which Defendants were well aware. Indeed, the Court sustained Counts II and III of the original complaint, and the law of the case doctrine bars relitigating them now. Besides, there is no need for coercion to state a violation of Treas. Reg. § 1.162-27(e)(4)(i) ("The requirements of this paragraph (e)(4) are not satisfied if the compensation would be paid regardless of whether the material terms are approved by shareholders.") If the board had a secret intent to pay compensation regardless of stockholder approval, that would vitiate the approval, just as coercion would.

      Respectfully submitted,

      /s/ Brian E. Farnan

      Brian E. Farnan

cc: Counsel of Record (via E-Mail)