## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 11-217-RGA |
| ) | |
| BARBARA T. ALEXANDER, et al., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants, ) | |
| ) | |
| -and- ) | |
| ) | |
| QUALCOMM INCORPORATED, ) | |
| ) | |
| Nominal Defendant. ) | |

### NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, defendants will serve the attached subpoenas (Exs. 1-2) in the above-referenced

action.


POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
EChesler@cravath.com
RSkaistis@cravath.com

Dated: March 21, 2013
1099383 / 36664

By: /s/ Matthew D. Stachel
    Richard L. Horwitz (#2246)
    Peter J. Walsh, Jr. (#2437)
    Matthew D. Stachel (#5419)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    pwalsh@potteranderson.com
    mstachel@potteranderson.com

*Attorneys for Defendants*

# EXHIBIT 1

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| KENNETH HOCH | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11-217-RGA |
| BARBARA T. ALEXANDER, et. al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Farnan, LLP, 919 North Market St. 12th Floor, Wilmington, DE 19801

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached description of documents to be produced.

| Place: Potter Anderson & Corroon LLP<br>1313 North Market Street, 6th Floor<br>Wilmington, Delaware 19801 | Date and Time:<br><br>04/10/2013 2:30 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   03/21/2013

CLERK OF COURT

OR

_____                    /s/ Matthew D. Stachel
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  BARBARA T. ALEXANDER, et. al. _____ , who issues or requests this subpoena, are:

Matthew D. Stachel, Esq., Potter Anderson & Corroon LLP, Hercules Plaza 1313 North Market Street, 6th Floor Wilmington, Delaware 19801, (302) 984-6000

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11-217-RGA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## DESCRIPTION OF DOCUMENTS TO BE PRODUCED

## DEFINITIONS AND INSTRUCTIONS

1.      "Plaintiff" means Kenneth Hoch, including any representatives, advisors, attorneys and agents, and all other persons acting or purporting to act on his behalf.

2.      "Potential New Plaintiff Kaufman" and "Kaufman" mean the individual identified in Arnold Gershon's March 13, 2013 e-mail (the "Gershon e-mail") as a putative "new plaintiff", including any representatives, advisors, attorneys and agents, and all other persons acting or purporting to act on your behalf.

3.      "Law Firm", "you" and "your" mean the law firm of Farnan, LLP counsel for Plaintiff and Potential New Plaintiff Kaufman in the above captioned case.

4.      "Qualcomm" means Qualcomm Inc.

5.      The term "Defendants" means the defendants in this action, including nominal defendant Qualcomm.

6.      The term "document" means any written material and is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. If a copy, reproduction, or facsimile of writing is not identical by reason of handwritten notations, initials, identification marks, or any other modification, regardless of the format in which a modification is reflected, each such non-identical reproduction or copy is a separate writing within the meaning of this term.

7.      The term "communication" means the transmittal of information (in the form of facts, ideas or otherwise).

8.      The terms "concerning", "relating to" and "regarding" mean referring to, constituting, compromising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, discussing or evaluating, whether directly or indirectly.

9.      The term "person" means natural persons, corporations, partnerships, joint ventures, unincorporated associations, trusts, government entities and all other entities.

10.     "Any" shall mean "all" and vice versa, as necessary to bring within the scope of the request all information that might otherwise be interpreted to be outside of its scope.

11.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of any request all information and documents that might otherwise be construed to be outside its scope.

12.     The singular shall include the plural and vice versa, as necessary to bring within the scope of each request all documents that might otherwise be construed to be outside of its scope.

13.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

14.     If you object to a particular request, or portion thereof, you must produce all documents called for that are not subject to that objection.  In the event of a good faith objection, the reasons for such objection shall be stated with specificity.  If you claim any ambiguity in a Request, Definition or Instruction, such claim shall not be utilized as a

2

basis for refusing to respond, but you shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the Request.

15.     If any document, or portion thereof, is withheld or redacted under a claim of privilege or work product, state in reasonable detail the basis for any asserted claim of privilege, and provide the following information:

a)     The date of the document;

b)     The type of document (e.g., memo, handwritten note, etc.). including whether the document has any attachments and whether such attachment(s) have been produced;

c)     The identity of the person who has custody or control of the document;

d)     The author(s) and any recipient(s) of the document;

e)     The nature, general subject matter and substance of the document; and

f)     The nature of the privilege or immunity asserted.

16.     Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to indicate the specific paragraph or paragraphs to which they respond.

17.     If any document requested herein has been lost, discarded or destroyed ("Destroyed Document"), describe each Destroyed Document in the manner set forth in Instruction 15(a)-(e) and also state for each Destroyed Document: (a) the date of its disposal or destruction; (b) the manner of its disposal or destruction; and (c) the persons responsible for disposing of or destroying it.

3

18.     Each Request shall be construed according to its own terms in accordance with these Definitions and Instructions.  Although there may be some overlap, no Request should be understood to limit any other.

19.     These Requests exclude documents produced by Defendants directly to Plaintiff.

20.     These Requests shall be deemed continuing so as to require prompt amendment and supplementation in accordance with Federal Rule of Civil Procedure 26.

21.     Unless otherwise noted, or context otherwise requires, these Requests relate to the period from January 13, 2010 to the present.

## DOCUMENTS REQUESTED

1.     All nonprivileged communications between any partner, associate, counsel, employee, agent or other representative of Law Firm and Mr./Ms. Kaufman regarding this litigation.

2.     All nonprivileged communications between any partner, associate, counsel, employee, agent or other representative of Law Firm and Plaintiff regarding this litigation.

3.     All nonprivileged communications between any partner, associate, counsel, employee, agent or other representative of Law Firm and any putative or potential substitute plaintiff other than Mr./Ms. Kaufman for this litigation.

# EXHIBIT 2

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | | |
|---|---|---|
| KENNETH HOCH | ) | |
| *Plaintiff* | ) | Civil Action No.   11-217-RGA |
| v. | ) | |
| BARBARA T. ALEXANDER, et. al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Barrack, Rodos & Bacine, 425 Park Avenue Suite 3100, New York, NY 10022

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached descirption of documents to be produced.

| Place:  Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 | Date and Time: 04/10/2013 2:30 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  3/21/13

CLERK OF COURT

                                              OR

_____              _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  BARBARA T. ALEXANDER, et. al. _____ , who issues or requests this subpoena, are:

Rachel Skaistis, Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, NY 10019, (212) 474-1934

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11-217-RGA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  _____

was received by me on *(date)*  _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$  _____ .

My fees are $  _____ for travel and $  _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  _____              _____

                                                *Server's signature*

                                   _____

                                                *Printed name and title*

                                   _____

                                                *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## DESCRIPTION OF DOCUMENTS TO BE PRODUCED

## DEFINITIONS AND INSTRUCTIONS

1.     "Plaintiff" means Kenneth Hoch, including any representatives, advisors,
attorneys and agents, and all other persons acting or purporting to act on his behalf.

2.     "Potential New Plaintiff Kaufman", and "Kaufman" mean the individual
identified in Arnold Gershon's March 13, 2013 e-mail (the "Gershon e-mail") as a
putative "new plaintiff", including any representatives, advisors, attorneys and agents,
and all other persons acting or purporting to act on your behalf.

3.     "Law Firm", "you" and "your" mean the law firm of Barrack, Rodos &
Bacine counsel for Plaintiff and Potential New Plaintiff Kaufman in the above captioned
case.

4.     "Qualcomm" means Qualcomm Inc.

5.     The term "Defendants" means the defendants in this action, including
nominal defendant Qualcomm.

6.     The term "document" means any written material and is synonymous in
meaning and equal in scope to the usage of this term in Federal Rule of Civil
Procedure 34(a), including, without limitation, electronic or computerized data
compilations.  A draft or non-identical copy is a separate document within the meaning of
this term.  If a copy, reproduction, or facsimile of writing is not identical by reason of
handwritten notations, initials, identification marks, or any other modification, regardless
of the format in which a modification is reflected, each such non-identical reproduction
or copy is a separate writing within the meaning of this term.

7.      The term "communication" means the transmittal of information (in the form of facts, ideas or otherwise).

8.      The terms "concerning", "relating to" and "regarding" mean referring to, constituting, compromising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, discussing or evaluating, whether directly or indirectly.

9.      The term "person" means natural persons, corporations, partnerships, joint ventures, unincorporated associations, trusts, government entities and all other entities.

10.     "Any" shall mean "all" and vice versa, as necessary to bring within the scope of the request all information that might otherwise be interpreted to be outside of its scope.

11.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of any request all information and documents that might otherwise be construed to be outside its scope.

12.     The singular shall include the plural and vice versa, as necessary to bring within the scope of each request all documents that might otherwise be construed to be outside of its scope.

13.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

14.     If you object to a particular request, or portion thereof, you must produce all documents called for that are not subject to that objection. In the event of a good faith objection, the reasons for such objection shall be stated with specificity. If you claim any

2

ambiguity in a Request, Definition or Instruction, such claim shall not be utilized as a basis for refusing to respond, but you shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the Request.

15.    If any document, or portion thereof, is withheld or redacted under a claim of privilege or work product, state in reasonable detail the basis for any asserted claim of privilege, and provide the following information:

      a)    The date of the document;

      b)    The type of document (e.g., memo, handwritten note, etc.). including whether the document has any attachments and whether such attachment(s) have been produced;

      c)    The identity of the person who has custody or control of the document;

      d)    The author(s) and any recipient(s) of the document;

      e)    The nature, general subject matter and substance of the document; and

      f)    The nature of the privilege or immunity asserted.

16.    Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to indicate the specific paragraph or paragraphs to which they respond.

17.    If any document requested herein has been lost, discarded or destroyed ("Destroyed Document"), describe each Destroyed Document in the manner set forth in Instruction 15(a)-(e) and also state for each Destroyed Document:  (a) the date of its

disposal or destruction; (b) the manner of its disposal or destruction; and (c) the persons responsible for disposing of or destroying it.

18.     Each Request shall be construed according to its own terms in accordance with these Definitions and Instructions.  Although there may be some overlap, no Request should be understood to limit any other.

19.     These Requests exclude documents produced by Defendants directly to Plaintiff.

20.     These Requests shall be deemed continuing so as to require prompt amendment and supplementation in accordance with Federal Rule of Civil Procedure 26.

21.     Unless otherwise noted, or context otherwise requires, these Requests relate to the period from January 13, 2010 to the present.

## DOCUMENTS REQUESTED

1.     All nonprivileged communications between any partner, associate, counsel, employee, agent or other representative of Law Firm and Mr./Ms. Kaufman regarding this litigation.

2.     All nonprivileged communications between any partner, associate, counsel, employee, agent or other representative of Law Firm and Plaintiff regarding this litigation.

3.     All nonprivileged communications between any partner, associate, counsel, employee, agent or other representative of Law Firm and any putative or potential substitute plaintiff other than Mr./Ms. Kaufman for this litigation.

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Matthew D. Stachel, hereby certify that on March 21, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 21, 2013, the attached document was Electronically Mailed to the following person(s):

Joseph J. Farnan, Jr.
Joseph J. Farnan, III
Brian E. Farnan
Farnan LLP
919 N. Market Street
12th Floor
Wilmington, DE 19801
farnan@farnanlaw.com
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
Barrack Rodos & Bacine
425 Park Avenue, Suite 3100
New York, NY 10022
agershon@barrack.com
wban@barrack.com
mtoomey@barrack.com

Daniel E. Bacine
Julie B. Palley
Barrack, Rodos & Bacine
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
dbacine@barrack.com
jpalley@barrack.com

Samuel M . Ward
Barrack, Rodos & Bacinie
One America Plaza
600 West Broadway, Suite 9 00
San Diego, CA 92101
sward@barrack.com

By:   */s/ Matthew D. Stachel*
Richard L. Horwitz
Peter J. Walsh
Matthew D. Stachel
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
pwalsh@potteranderson.com
mstachel@potteranderson.com

1009647 / 36664