IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH HOCH, | ) | |
|     Plaintiff, | ) | |
| | ) | C.A. No. 11-cv-217-RGA |
| v. | ) | |
| | ) | |
| BARBARA T. ALEXANDER, et al, | ) | |
| | ) | |
|     Defendants, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| QUALCOMM INCORPORATED, | ) | |
| | ) | |
|     Nominal Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Again ignoring the law of the case doctrine, for the second time defendants cite non-controlling authority in an attempt to convince the Court to reverse its previous decision. The Court already sustained plaintiff's Counts II and III in the face of defendants' argument – made three separate times[1] – that the Court must wait for a determination by the I.R.S. before holding that Qualcomm Inc.'s ("Qualcomm" or the "Company") proxy statement misrepresented the tax-deductibility of executive compensation. *See* D.I. 50 and 62.

Only a change in controlling authority overrides law of the case. *Beazer East, Inc. v. Mead Corp.*, 525 F.3d 255, 263-64 (3d. Cir. 2008). The case submitted by Defendants, *SC Note Acquisitions, LLC v. Wells Fargo Bank, N.A.*, 2013 WL 1233544 (E.D.N.Y. Mar. 27, 2013), is not controlling authority and, thus, cannot serve as a basis to reverse the Court's prior decision.

Nonetheless, it is clear why the instant case alleges an immediate injury to Qualcomm, whereas the plaintiff in *SC Note Acquisitions, LLC* alleged only a "hypothetical injury that may

---

[1] *See* D.I. 43 at 18-19; D.I. 47 at 10; and D.I. 54 at 8.

never occur." *Id.* at *7. Here, unlike *SC Note Acquisitions, LLC*, the injury to Qualcomm was based on a false proxy statement. As *Seinfeld v. Barrett*, 2006 WL 890909, at *3 (D. Del. 2006) held,

> [I]f Section 14(a) and Rule 14a-9 were violated, they were violated by the making of the allegedly false and misleading statements in order to solicit shareholder approval. There is no additional requirement that a defendant do anything beyond making the false statement.

*See also Resnik v. Woertz*, 774 F. Supp. 2d 614, 628 (D. Del. 2011).[2] Unlike in *SC Note Acquisitions, LLC*, there is nothing hypothetical about the injury to Qualcomm; it occurred when defendants proffered a misleading proxy statement.

Dated:  April 12, 2013

Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Joseph J. Farnan, Jr. (Bar No. 100245)
Joseph J. Farnan, III (Bar No. 3945)
Brian Farnan (Bar No. 4089)
919 N. Market Street
12th Floor
Wilmington, Delaware 19801
Tel.:  (302) 777-0300
Fax.:  (302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*

*Of counsel*

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
425 Park Avenue, Suite 3100
New York, New York 10022
Tel: (212) 688-0782

BARRACK, RODOS & BACINE
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 963-0600

---

[2] The court in *SC Note Acquisitions, LLC* also did not confront this Court's precedent, *Seinfeld v. Barrett* or *Resnik v. Woertz*. *SC Note Acquisitions, LLC*, 2013 WL 1233544, at *6 ("it does not appear that any other court has confronted this exact situation").