IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH,<br>　　　　Plaintiff,<br><br>　　v.<br><br>BARBARA T. ALEXANDER, et al,<br><br>　　　　Defendants,<br><br>　　-and-<br><br>QUALCOMM INCORPORATED,<br><br>　　　　Nominal Defendant. | C.A. No. 11-CV-217-RGA |

**BRIEF IN SUPPORT OF PLAINTIFF HOCH'S RULE 21 MOTION TO BE DROPPED AS THE PARTY-PLAINTIFF AND TO ADD PROPOSED-PLAINTIFF KAUFMAN AND IN SUPPORT OF KAUFMAN'S RULE 24 MOTION TO INTERVENE AND IN OPPOSITION TO DEFENDANTS' RULE 23.1 MOTION TO DISMISS**

Dated: May 10, 2013

*Of Counsel:*

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
425 Park Avenue, Suite 3100
New York, New York 10022
Tel: (212) 688-0782
Fax: (212) 688-0783

BARRACK, RODOS & BACINE
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
(215) 963-0600

Joseph J. Farnan, III (Bar No. 3945)
Brian Farnan (Bar No. 4089)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................................. ii

NATURE AND STAGE OF THE PROCEEDINGS .......................................................................... 1

SUMMARY OF ARGUMENT ........................................................................................................... 3

STATEMENT OF FACTS .................................................................................................................. 4

ARGUMENT ....................................................................................................................................... 5

    I.    The Court Should Substitute Kaufman for Hoch under Rule 21 ..................................... 5

    II.   The Court Should Allow Kaufman to Intervene under Rule 24 ...................................... 6

    III.  Kaufman and Hoch Are Adequate Plaintiffs under Rule 23.1(a), So the Court Should Allow the Substitution or Intervention and Deny the Motion to Dismiss .............................. 7

        A.    Defendants Have the Burden ................................................................................ 7

        B.    The Standards of Adequacy under Rule 23.1(a) .................................................. 7

        C.    Kaufman Is an Adequate Plaintiff ......................................................................... 9

        D.   Hoch Will Remain an Adequate Plaintiff until the Court Adds Kaufman ..... 14

CONCLUSION ................................................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52 (2d Cir. 2000) ................... 10

*Billhofer v. Flamel Techs., S.A.*, 2010 WL 3703838 (S.D.N.Y. Sept. 21, 2010) ........................... 5

*Hoch v. Alexander*, 2011 WL 2633722 (D. Del. July 1, 2011) ........................................................ 1

*Hutchison v. Bernhard*, 220 A.2d 782 (Del. Ch. 1965) ................................................................... 6

*In re Community Bank*, 622 F.3d 275 (3d Cir. 2010) ...................................................................... 8

*In re Fuqua Industries, Inc. S'holder Litig.*, 752 A.2d 126 (Del. Ch. 1999) ................... 8, 9, 10, 12

*In re JPMorgan Chase & Co. S'holder Deriv. Litig.*, 2008 WL 4298588 (S.D.N.Y. Sept. 19, 2008) ............................................................................................................................................ 9

*In re Maxxam Inc./Federated Development S'holder Lit.*, 698 A.2d 949 (Del. Ch. 1996) ... passim

*In re Stone Energy Corp. Sec. Lit.*, 2009 WL 3232786 (W.D. La. Sept. 30, 2009) ........................ 5

*Kelly v. Fuqi Int'l, Inc.*, 2013 WL 135666 (Del. Ch. Jan. 2, 2013) ................................................ 12

*Larson v. AT&T Mobility LLC*, 687 F.3d 109 (3d Cir. 2012) ......................................................... 8

*Lewis v. Curtis*, 671 F.2d 779 (3d Cir. 1982) ............................................................... 7, 10, 11, 13

*Lewis v. Knutson*, 87 F.R.D. 478 (N.D. Tex. 1980), *aff'd.* 699 F.2d 230 (5th Cir. 1983) ............... 6

*Michelson v. Duncan*, 1980 WL 273542 (Del. Ch. April 1, 1980) ................................................. 6

*Morris v. Transouth Financial Corp.*, 175 F.R.D. 694 (M.D. Ala. 1997) .................................... 10

*Mullaney v. Anderson*, 342 U.S. 415 (1952) .................................................................................. 5

*Parfi Holding AB v. Mirror Image Internet, Inc.*, 2006 WL 903578 (Del. Ch. April 3, 2006) ..... 12

*Phillips v. Tobin*, 548 F.2d 408 (2d Cir. 1976) ............................................................................. 12

*Saylor v. Lindsley*, 456 F.2d 896 (2d Cir. 1972) ........................................................................... 12

*Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966) ............................................................ 10, 11

*Sweet v. Bermingham*, 65 F.R.D. 551 (S.D.N.Y. 1975) ................................................................. 9

*Wells Fargo Bank, N.A. v. Hous. Found.*, 2011 WL 1833378 (N.D. Okla. May 6, 2011) ............. 5

**Rules**

Del. Ch. Ct. R. 24 ..........................................................................................................................6

Fed. R. Civ. P. 21 ....................................................................................................................1, 5, 6

Fed. R. Civ. P. 23.1 ............................................................................................................... passim

Fed. R. Civ. P. 24 ....................................................................................................................1, 5, 6

**Treatises**

Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman, Federal Practice & Procedure (3d ed. 2007) .......................................................5

**Regulations**

Treas. Reg. § 1.162-27 ....................................................................................................................2

Plaintiff Kenneth Hoch ("Hoch") and Intervenor-Plaintiff Jeffrey Kaufman ("Kaufman") submit this brief in support of Hoch's motion, pursuant to Rule 21 of the Federal Rules of Civil Procedure, to be dropped as the party-plaintiff and to add Kaufman as the party-plaintiff, and in support of Kaufman's motion, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene as an intervenor-plaintiff.

This brief is also in opposition to defendants' April 23, 2013 motion to dismiss Hoch's Amended Complaint pursuant to Rule 23.1(a) of the Federal Rules of Civil Procedure.

## NATURE AND STAGE OF THE PROCEEDINGS

In his original three count complaint, filed March 11, 2011, Hoch alleged that the 2011 proxy statement (the "2011 Proxy Statement") that Qualcomm Incorporated ("Qualcomm" or the "Company") furnished in connection with its 2011 annual meeting contained false or misleading statements regarding the tax-deductibility of executive compensation under the 2006 Long Term Incentive Plan (the "2006 LTIP"), as amended in 2011. The first count was a direct claim, and the second and third counts were stockholder's derivative claims. Defendants moved to dismiss. (D.I. 42). In *Hoch v. Alexander*, 2011 WL 2633722, at *5-6 (D. Del. July 1, 2011)(D.I. 50), Judge Schiller agreed that for the derivative claims, "Hoch has properly pled that a material misstatement interfered with the voting rights of shareholders and that the false proxy statement breached Defendants' duties of loyalty and good faith and constituted waste." *Id.* at *6. The Court entered an order dismissing Count I, the direct claim, and sustaining Counts II and III, the derivative claims. (D.I. 51). Defendants made a motion for reargument, which was denied. (D.I. 62).

Pursuant to an order of the court entered July 23, 2012 (D.I. 115), Hoch filed a sealed Verified Amended and Supplemented Complaint (the "Amended Complaint") on August 13,

2012. The defendants filed a motion to dismiss, which has been fully briefed, and the Court has held oral argument on the motion.

The original complaint dealt principally with the point that whether or not the stockholders approved the 2006 LTIP, as amended, Qualcomm said in the 2011 Proxy Statement that the Company would nevertheless grant awards under the 2006 LTIP. Under Treas. Reg. § 1.162-27(e)(4)(i), that statement made awards not tax-deductible, even if stockholders approved the plan.

The Amended Complaint adds allegations that the board had not approved the 2006 LTIP, as amended, for inclusion in the 2011 Proxy Statement. The Amended Complaint similarly alleges that the board also failed to approve an amendment to the 2006 LTIP for a shareholder vote at the 2010 Qualcomm annual meeting. Because the board never approved the 2006 LTIP for a shareholder vote in either of these years, these votes were ineffective under Qualcomm's bylaws and Delaware law. In addition, the fact that shareholders were told in both of these years that the board had approved these changes and "unanimously" recommended these votes means both the 2010 and 2011 Proxy Statements were false or misleading.

The defendants argue that these allegations are merely "new 'process' claims [,which] do not concern the content of the Proxy Statement." (D.I. 184, Defendants' Opening Brief ("Defs.' Bf.") at 3). That characterization is incorrect. The Amended Complaint alleges that the 2010 and 2011 Proxy Statements falsely stated that the board "amended" the 2006 LTIP and "unanimously" recommended that shareholders approve the amendment in 2010 and the entire amended plan in 2011. (D.I. 122, Amended Complaint ¶ 78) . Defendants do not argue that these statements were true.

In addition, the new claims not only concern the 2010 and 2011 Proxy Statements, they go to the heart of how the individual defendants manage Qualcomm. Ordinarily, in Delaware a corporation's board of directors controls executive compensation decisions. At Qualcomm, however, the opposite was true; it was the employees who report to senior management who controlled compensation decisions with no oversight by the board at all. (D.I. 122, Amended Complaint ¶¶ 30-38).

Based on these facts, the Amended Complaint alleges that the stockholders never effectively approved the 2006 LTIP, as amended, or the share reserve increases in 2011 and 2010. (D.I. 122, Amended Complaint ¶ 38).

On November 8, 2011, the defendants noticed Hoch's deposition upon oral examination to take place on November 27, 2012. (D.I. 149). As a result of Hoch's illness, the parties agreed to extend the deposition to March 15, 2013 (D.I. 151), and the Court entered the parties' stipulation on November 26, 2012. By March 13, 2013, Hoch had not yet recovered, and plaintiff's counsel proposed to substitute a new plaintiff, Kaufman, who sat for his deposition on April 17, 2013. On April 23, 2013, defendants made the instant motion to dismiss, and Hoch and Kaufman now make their aforesaid motions for substitution of the plaintiff or for intervention.

## SUMMARY OF ARGUMENT

1. Because poor health prevents Hoch from continuing in this action, the court should drop him from the case and add a new party plaintiff.

2. A new plaintiff can be added as a substitute under Rule 21.

3. A new plaintiff can be added by intervention under Rule 24.

4. It is defendants' burden to establish the inadequacy of a plaintiff under Rule 23.1(a). Defendants do not even attempt to meet this burden.

5. The proposed new plaintiff, Kaufman, meets the adequacy requirement of Rule 23.1(a).

6. Hoch will remain an adequate plaintiff under Rule 23.1(a) until such time as the Court adds Kaufman under Rule 21 or Rule 24.

7. The Court should deny defendants April 23, 2013 motion to dismiss the Amended Complaint.

## STATEMENT OF FACTS

When Hoch commenced this action on March 11, 2011, he had some health issues resulting from a heart attack a year earlier, as well as previous heart attacks, and also extensive shoulder surgery six months earlier. But his health problems were not disabling. Then, in the spring of 2012, his leg became numb, and he was unable to walk. This was a disabling problem, and he was unable to sit for a deposition in November 2012. He was then awaiting back surgery, but he hoped to be better by March 2013. He underwent the surgery in December 2012, but he was not well enough by March 2013, and asked to withdraw from this case. *See* Declaration of Alexander Arnold Gershon dated May 10, 2013 ("Gershon Decl."), Exh. 1, pp. 3-4 (Hoch's response to Interrogatory No. 1 of Defendants' Third Set of Interrogatories to Hoch).

Hoch's counsel then sought a new Qualcomm stockholder representative because the existing representative, Hoch, was no longer able to participate. This was consistent with counsel's duty to provide effective representation of Qualcomm's interests.

Kaufman, the proposed new plaintiff, is prepared to be the stockholder representative. His deposition testimony and his accompanying declaration establish that he has an understanding of this case that refutes defendants' contrary assertion pursuant to Rule 23.1(a).

Moreover, he has no conflicts with Qualcomm, nor have defendants accused him of any misconduct.

## ARGUMENT

Where, as here, the named plaintiff in a stockholder's derivative action is no longer able to participate in the litigation due to worsened health, the Court should simply substitute a new plaintiff. The Court can proceed under Rule 21 or Rule 24 of the Federal Rules of Civil Procedure.

### I.   The Court Should Substitute Kaufman for Hoch under Rule 21

Rule 21 is the simplest method to effectuate the requested substitution. In relevant part, it states, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Courts have used Rule 21 to substitute plaintiffs in representative actions. In *Wells Fargo Bank, N.A. v. Hous. Found.*, 2011 WL 1833378 (N.D. Okla. May 6, 2011), an action on behalf of mortgage holders to recover for the mismanagement of property, the court substituted the owner of the property (who had foreclosed on the mortgages, *id.* at *1) for the mortgage servicer and held, "[t]here is no reason why a substitution of parties cannot be made under Rule 21. . . ." *Id.* at 4 (citing ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, RICHARD L. MARCUS, ADAM N. STEINMAN, FEDERAL PRACTICE & PROCEDURE § 1686 (3d ed. 2007)). In *Billhofer v. Flamel Techs., S.A.*, 2010 WL 3703838, at *1, *4 (S.D.N.Y. Sept. 21, 2010), a securities fraud class action, the court substituted lead plaintiffs under Rule 21. In *In re Stone Energy Corp. Sec. Lit.*, 2009 WL 3232786 (W.D. La. Sept. 30, 2009), a securities fraud class action, the court substituted lead plaintiffs, *citing Mullaney v. Anderson*, 342 U.S. 415, 417 (1952), as "recognizing notions of judicial efficiency in allowing plaintiff without standing to substitute proper plaintiff under Rule 21." *Stone*, 2009 WL 3232786, at *5, *6.

Given that Hoch is unable to continue as a plaintiff, and Kaufman, a Qualcomm stockholder since March 3, 2010, is proposing to be substituted as a plaintiff, the court should order that Kaufman be substituted for Hoch in accordance with Rule 21.

## II. The Court Should Allow Kaufman to Intervene under Rule 24

Where the plaintiff in a stockholder's derivative action is no longer able to continue to litigate, a stockholder who is able to litigate can intervene as of right under Rule 24(a)(2) to protect his interest because otherwise there is no party who can "adequately represent that interest," as the Rule itself states. Thus, in *In re Maxxam Inc./Federated Development S'holder Lit.*, 698 A.2d 949, 955 (Del. Ch. 1996), the court held that intervention as of right under DEL. CH. CT. R. 24(a) was appropriate when no plaintiff was a stockholder at the time of the challenged transaction. In *Michelson v. Duncan*, 1980 WL 273542, at *2 (Del. Ch. April 1, 1980), the court ordered intervention as of right under DEL. CH. CT. R. 24(a) where the named plaintiff had sold his stock and could no longer continue the derivative action. In *Hutchison v. Bernhard*, 220 A.2d 782, 784 (Del. Ch. 1965), where plaintiff sold her stock after commencing the derivative suit, the court conditioned dismissal upon the company's giving notice to its stockholders of their right to intervene. In *Lewis v. Knutson*, 87 F.R.D. 478, 479, 483 (N.D. Tex. 1980), *affd.* 699 F.2d 230, 233, 240 (5th Cir. 1983), the court dismissed a stockholder's derivative action where the plaintiff lost standing because of a reverse stock split, which left him with cash in lieu of a fractional share, but the court gave other stockholders the opportunity to intervene.

Kaufman has a right under Rule 24(a)(2) to intervene in this action to protect his interest as a stockholder. The court therefore should grant his motion to intervene.

### III. Kaufman and Hoch Are Adequate Plaintiffs under Rule 23.1(a), So the Court Should Allow the Substitution or Intervention and Deny the Motion to Dismiss

#### A. Defendants Have the Burden

The defendants oppose the substitution of Kaufman as the new plaintiff and move to dismiss the Amended Complaint on the asserted grounds that he and Hoch do not "fairly and adequately represent the interests of shareholders . . . who are similarly situated in enforcing the rights of the corporation," (D.I. 184, Defs.' Bf. at 7) (citing Rule 23.1(a) of the Federal Rules of Civil Procedure). Of course, the defendants in a stockholder's derivative action have the burden of demonstrating that the representation will be inadequate, whether as to an existing plaintiff, *Lewis v. Curtis*, 671 F.2d 779, 788 (3d Cir. 1982), or as to a proposed intervenor or substitute. *Maxxam*, 698 A.2d at 955.

#### B. The Standards of Adequacy under Rule 23.1(a)

The standards governing the adequacy of a plaintiff in a stockholder's derivative action were stated by the Third Circuit in *Lewis,* where it held that adequate representation depended on two factors: "(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Lewis*, 671 F.2d at 788 (citations omitted). Adequacy does not depend on the number of shares that the plaintiff holds, *id.*, or how knowledgeable the plaintiff is. As the Third Circuit held, despite contrary authority, "We do not believe that such a requirement [of knowledge] makes vigorous representation of the class any more likely." *Id.* at 789. Nor does it matter "whether he will personally be able to assist his counsel." *Id.*

In the context of class actions, as opposed to stockholders' derivative actions, a plaintiff provides fair and adequate representation if (1) he has counsel who are able, experienced,

knowledgeable, and prepared to commit resources required for the job, and (2) he does not have any conflicts with the corporation. The purpose of fair and adequate representation is to assure vigorous prosecution of the claims. A class plaintiff with divergent or conflicting interests from the company cannot be an adequate representative. *Larson v. AT&T Mobility LLC*, 687 F.3d 109, 131-34 (3d Cir. 2012). The Third Circuit's requirement of vigorous prosecution in class actions is more than satisfied by the standards of adequacy for stockholders' derivative actions in *Lewis v. Curtis*. The defendants do not even argue that the prosecution of this case has not been vigorous. If anything, they argue that the prosecution has been too vigorous, i.e., that plaintiff's counsel would not stay discovery while defendants sought a non-binding Issue Resolution Agreement from the IRS. (D.I. 184, Defs.' Bf. at 9). And, although defendants say that Hoch's counsel were wrong not to agree to a stay, the Court agreed with Hoch's counsel. (D.I. 185, Skaistis Declaration, Defendants' Exhibit. ("Defs.' Exh.") 2 at 12-14 (Transcript Feb. 29, 2012)).

Commenting on the Third Circuit's view of adequacy in a stockholder's derivative action, the court in *In re Fuqua Industries, Inc. S'holder Litig.*, 752 A.2d 126, 133 (Del. Ch. 1999), said that the standard in the Third Circuit and also in "the preponderance of federal courts [footnote omitted] merely requires plaintiffs to show up to the courthouse with shares of company stock while the lawyers adduce evidence of director misconduct." The court added, "This view may be realistic to the extent it recognizes that lawyers, and not plaintiffs, manage complex litigation." *Id.*[1] The *Fuqua* court then said that only under "extreme facts" should the

---

[1] This statement concerning complex litigation is in accord with the Third Circuit's reiterated observation that it is class counsel and not the plaintiff who directs and manages class actions and that "any statements to the contrary [are] sheer sophistry." *In re Community Bank*, 622 F.3d 275, 292 (3d Cir. 2010).

court "exercise its discretion." *Id.* at 133-34 ("extreme facts" cited by the court were filing a derivative action when plaintiffs were "not even aware of the complaints").

### C. Kaufman Is an Adequate Plaintiff

The defendants have not asserted that Kaufman's counsel are inadequate, that Kaufman or his counsel have a conflict, or that Kaufman or his counsel have engaged in extreme misconduct.[2] So defendants have not even attempted to meet their burden to demonstrate inadequacy of representation under 23.1(a).

Making no challenge to the competence and motivation of Kaufman's counsel and unable to assign any kind of conflict or misconduct to Kaufman or his counsel, defendants reach from a grab bag of assorted, perceived grievances that they hope might work to disqualify Kaufman and Hoch. First, they say, Kaufman and his investment adviser Louis Levine were college fraternity brothers fifty years ago, and they both have remained in contact since then with Daniel E. Bacine, another fraternity brother and a partner in the law firm representing Hoch and Kaufman. (D.I. 184, Defs.' Bf. at 10). This is the exact opposite of what was criticized in the case most heavily relied on by defendants, *In re JPMorgan Chase & Co. S'holder Deriv. Litig.*, 2008 WL 4298588, *1, *3, *7, *9 (S.D.N.Y. Sept. 19, 2008), that the plaintiffs had never met their lawyers. But a plaintiff in a stockholder's derivative action is not inadequate because of a close relationship with the lawyer. In *Sweet v. Bermingham*, 65 F.R.D. 551 (S.D.N.Y. 1975), the court denied a motion to dismiss a stockholder's derivative action, based on inadequate representation, where the plaintiff was the wife of a partner in the law firm that was her counsel.

---

[2] It was not misconduct for Hoch's counsel to seek out Kaufman, but rather it was "[c]onsistent with their duty to provide effective representation of the corporation's interests." *Maxxam*, 698 A.2d at 955.

9

Second, defendants argue that Kaufman owns less than "one hundred-thousandth of one percent" of Qualcomm's stock, that he knows nothing about investing in general and Qualcomm in particular, and that he relies entirely on his investment adviser as to what stocks to buy and how to manage his investments. (D.I. 184 at 10-11). A plaintiff is not inadequate under Rule 23.1(a) because he owns a small number of shares, *Lewis v. Curtis*, 671 F.2d at 788, or relies on help from trusted advisers to manage his accounts because of being unschooled in economics, finance, accounting, executive compensation, tax, law, and general business. *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 368 (1966) (in stockholder's derivative action, plaintiff not inadequate because she was "not able to select stocks for herself. . . . [and] had to receive advice and counsel"); *Morris v. Transouth Financial Corp.*, 175 F.R.D. 694, 698 (M.D. Ala. 1997) ("law does not demand that a class representative understand the intricacies of finance"); *Fuqua*, 752 A.2d at 131 (representative plaintiff is not inadequate for lack of proficiency in law and finance so long as he has competent support from advisers and attorneys and is free of disabling conflicts); *accord Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 61 (2d Cir. 2000) (that 18 year old plaintiff relies on his father and lawyer for advice does not disqualify him as class representative).

Kaufman speaks with Levine twice a week, (D.I. 185, Defs.' Exh. 7 (Kaufman Deposition), Tr. 23:24-24:3), and absolutely trusts his judgment. *Id* at 24:4-19. Kaufman knows that Qualcomm is a Delaware corporation with its main office in California, knows what its business is, and knows "roughly" how many shares it has outstanding, saying 1.6 billion shares instead of 1.7 billion. *Id.* at 27:11-28:4.

Third, defendants argue that Kaufman relies too much on his counsel and does not read the intricate filings in the case for himself. (D.I. 184, Defs.' Br. at 11-12). But Kaufman knows

what the case is about. He knows that the proxy statement falsely represented that the board of directors approved a stock compensation plan and recommended it. He knows that there is an issue about the deductibility of the shares. He knows that Qualcomm has issued too many shares under its stock incentive plan because correct procedures were not followed to increase the share reserve and stockholders were misled to believe that the board approved the increase. (D.I. 185, Defs.' Exh. 7, Tr. 53:2-56:23).

In *Surowitz v. Hilton Hotels Corp.*, 383 U.S. at 370-71, the plaintiff was adequate where she verified the complaint "not on the basis of her own knowledge and understanding, but in the faith that her son-in-law had correctly advised her either that the statements in the complaint were true or to the best of his knowledge he believed them to be true." In *Lewis v. Curtis*, 671 F.2d at 789, the plaintiff was adequate even though he "displayed a complete ignorance of facts concerning the transaction that he was challenging."

In *Maxxam*, 698 A.2d at 955, the court found that the intervenor-plaintiff's "deposition transcript demonstrates his comprehension of the nature of the claimed wrongdoing and the relief requested. Lewis Dep. at 16, 58." At deposition, the intervenor-plaintiff in *Maxxam* testified as follows at pages 16 and 58:

> Q:   And tell me everything you know about the transaction in which they grabbed the money.
>
> A:   The defendant has a president of the corporation I'm interested in, he's the president. He bought some property and he wants, he wanted years ago to develop the property and in order to do that he wanted to get some money from the corporation. So he got through a subsidiary corporation, money from the preceding corporation and the present one. Both of them.
>
> ***
>
> Q:   …. Can you describe the nature of the relief that you seek if you are permitted to intervene.

11

> A: I have been informed that some wrong was imposed upon the minority shareholders of Maxxam because some money should be returned to the corporation.

Gershon Decl., Exh. 2 (Lewis Deposition Transcript). Compared with the intervenor-plaintiff in *Maxxam*, Kaufman's deposition reveals that he has more than an adequate understanding of this case, and, as he is unschooled in the law,[3] he could not improve his understanding by reading the intricate filings, testimony, and exhibits in this case.

Defendants seek to impose much too high a level of knowledge for a stockholder derivative plaintiff. The *Fuqua* court noted another court's expression of "skepticism about any universal requirement that the named plaintiff in a class action must demonstrate familiarity with the underlying facts . . . . Adoption of defendants' position would convert the class action into a device usable only by individuals with such a degree of sophistication that they would be capable of acting as their own attorneys." *Fuqua*, 752 A.2d at 133 n.23. But, if such a sophisticated plaintiff did come forward, he would still require an attorney to carry the weight of the litigation. *Phillips v. Tobin*, 548 F.2d 408, 415 (2d Cir. 1976) (non-lawyer cannot prosecute a stockholder's derivative action without counsel, and "such counsel [must] be more than the alter-ego or 'co-counsel' of . . . [such a] plaintiff [footnote omitted]"); *Kelly v. Fuqi Int'l, Inc.*, 2013 WL 135666, at *7 (Del. Ch. Jan. 2, 2013) ("derivative action may not be brought pro se"); *Parfi Holding AB v. Mirror Image Internet, Inc.*, 2006 WL 903578 (Del. Ch. April 3, 2006) (in stockholder's derivative action court permitted plaintiff's counsel's withdrawal where plaintiff took positions with which counsel had fundamental disagreement); *accord Saylor v. Lindsley*, 456 F.2d 896, 899-900 (2d Cir. 1972) (counsel can settle stockholder's derivative action over plaintiff's objection).

---

[3] Harry Lewis, by contrast, was a lawyer. Gershon Decl., Exh. 2 at 4:20-6:16.

Fourth, defendants assert, "Kaufman candidly admitted that he does not intend to oversee counsel in any meaningful way." (D.I. 184, Defs.' Bf. at 11). But Kaufman said no such thing, and defendants cite to no such candid admission in the Kaufman Deposition Transcript. Indeed, the concordance at page 79 of the transcript, (D.I. 185, Defs.' Exh. 7), reveals the conspicuous absence of the words "oversee" and "oversight" in the transcript. Defendants are engaging in idle speculation of what Kaufman will do or intends to do. What is required of defendants on a motion asserting the inadequacy of a derivative plaintiff — which they fail to supply — is proof of his inadequacy. *Lewis*, 671 F.2d at 788; *Maxxam*, 698 A.2d at 955.

Defendants criticize Kaufman for not reading court filings or SEC filings at issue in this case, (D.I. 184, Defs.' Bf. at 10-11), but he has demonstrated more than an adequate knowledge of Qualcomm and what this case is about. Moreover, he stated, "My duties are to protect the other shareholders, in my opinion." (D.I. 185, Defs.' Exh. 7, Tr. 50:8-9). And although the defendants never asked Kaufman about his oversight duties, he states in his accompanying declaration filed contemporaneously with this brief, that he expects to receive reports from his counsel and to respond when they require his input, such as if a settlement is proposed or if he must respond to an appeal by defendants. Declaration of Jeffrey Kaufman dated May 10, 2013 ("Kaufman Decl.") at ¶ 5. As the privilege log (D.I. 185, Defs.' Exh. 9) reveals, Kaufman and his counsel have been in frequent communication since Kaufman became involved in the case in March.

Fifth, defendants argue that Kaufman does not have a detailed knowledge of the contents of the Amended Complaint or when it was filed or the written and oral arguments made before the court. (D.I. 184, Defs.' Bf. at 12). He is assailed for saying that 100 million shares of Qualcomm stock were overalotted when he should have said 78 million. *Id.* In fact, his

knowledge of this case in terms of the wrongs alleged and the appropriate relief is more than adequate.

And while defendants argue that Kaufman will serve only the interests of his counsel against the interests of Qualcomm, they fail to identify any such interest of Kaufman's counsel. *Id.*

### D. Hoch Will Remain an Adequate Plaintiff until the Court Adds Kaufman

With respect to Hoch, defendants do not assert that his counsel are inadequate, that Hoch and his counsel have a conflict, or that Hoch or his counsel have engaged in extreme misconduct. They do not assert that Hoch or his counsel's prosecution of this case has lacked vigor. So here, too, defendants completely fail to meet their burden to demonstrate inadequacy under Rule 23.1(a).

Instead, they argue that Hoch has not provided proper oversight. But they cite no authority as to what proper oversight requires. They argue that Hoch and his counsel did not discuss defendants' request for a stay of discovery while defendants, *ex parte*, sought an Issue Resolution Agreement, but as noted above, the court rejected such a stay. Defendants argue that opposing such a stay "did not 'protect the interests of the [other shareholders] against the possibly competing interests of the attorney.'" (D.I. 184, Defs.' Bf. at 9). Plaintiff's counsel would be insulted by this accusation but for the fact that defendants do not – and cannot – identify any "competing interests."

Finally, defendants argue that plaintiff's counsel did not consult with Hoch before "threaten[ing]" to seek to enjoin Qualcomm from entering into the IRA. (D.I. 185, Defs.' Bf. at 9). But Qualcomm, acting *ex parte*, withheld from the IRS the fact that the 2011 Proxy

Statement falsely represented that its board of directors approved the 2011 amendments and recommended it to the stockholders. Gershon Decl., Exh. 3 (Schneck Deposition), Tr. 39:20-43:17 (Qualcomm did not inform the IRS that the board had not approved the 2006 LTIP in 2011). The Amended Complaint alleges that this board's dereliction of duty and the egregious, affirmative misrepresentations in the 2011 Proxy Statement destroyed the stockholder "approval" and potentially subjects Qualcomm to a fine from the IRS. (D.I. 122, Amended Complaint, p. 39 (Count X)).

## CONCLUSION

Defendants have failed in their burden to demonstrate that Kaufman and Hoch are inadequate plaintiffs. Kaufman and Hoch, however, have demonstrated that they are adequate plaintiffs, although it is not their burden to make such a demonstration. The Court should order the substitution of Kaufman for Hoch under Rule 21, or allow Kaufman to intervene under Rule 24, and deny the defendants' motion to dismiss the Amended Complaint.

Dated: May 10, 2013

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*

*Of Counsel:*

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
425 Park Avenue, Suite 3100
New York, New York 10022
Tel: (212) 688-0782
Fax: (212) 688-0783

BARRACK, RODOS & BACINE
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
(215) 963-0600

16