# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KENNETH HOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 11-217-RGA |
| v. | ) | |
| | ) | |
| BARBARA T. ALEXANDER, et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| QUALCOMM INCORPORATED, | ) | |
| | ) | |
| Nominal Defendant. | ) | |

**PLAINTIFF KENNETH HOCH'S OBJECTIONS AND RESPONSES**
**TO THE INDIVIDUAL DEFENDANTS' THIRD SET**
**OF INTERROGATORIES DIRECTED TO PLAINTIFF**

Plaintiff Kenneth Hoch hereby objects and responds to the Individual Defendants' Third

Set of Interrogatories Directed to Plaintiff as follows:

**GENERAL OBJECTIONS**

The following objections are incorporated into each individual response.

1.      Plaintiff objects to each Interrogatory to the extent that it seeks disclosure of

information or documents containing privileged communications or attorney work-product

material.  The inadvertent disclosure of such information is not intended to be a waiver of any

privilege or protection and shall not be deemed a waiver of any privilege or protection.

2.      Plaintiff objects to Defendant's Definitions and Instructions and each

Interrogatory to the extent they purport to impose obligations that exceed those imposed by the

Federal Rules of Civil Procedure and the Local Rules.

3.      Plaintiff objects to these Interrogatories to the extent they purport to call for information that is or was in the ordinary course of business outside of the possession, custody or control of plaintiff.

4.      Plaintiff objects to the definition of "Plaintiff," "You" and "Your" to the extent it is vague and ambiguous, overly broad, unduly burdensome and may purport to require discovery responses by or from any person or entity other than plaintiff Kenneth Hoch who are not parties to this lawsuit, including, in particular, plaintiff's attorneys in this action.

5.      A response to an Interrogatory that states that plaintiff will produce responsive documents that are in his possession or control is not a representation that such documents exist or ever have existed, but instead is a representation that plaintiff will conduct an appropriate search for documents, and to the extent that such documents exist and are in the possession, custody, or control of plaintiff, they will be produced in accordance with the terms of plaintiff's response to the specific request.   In addition, plaintiff does not by any response to any interrogatory or request admit to the accuracy of any factual or legal matter asserted or implied in the text of any such interrogatory or request.

6.      The objections and responses herein are based on Plaintiff's present knowledge, information and belief.   Plaintiff reserves the right to amend, revise, correct, supplement and clarify any of the objections or responses herein and to supplement any response without acknowledging any duty to do so, other than as may be required under the Federal Rules of Civil Procedure.

7.      All responses to these Interrogatories are made without waiving or intending to waive:

      a.      Any questions as to the competency, relevancy, materiality, privilege or admissibility for any purpose in any subsequent proceeding or the trial of this action;

      b.      The right to object on any ground to any of these responses, documents produced or the subject matter thereof in any subsequent proceeding or the trial of this action; or

      c.      The right to object on any grounds at any time to a demand for further responses to these Interrogatories or any other requests or other discovery proceeding involving or relating to the subject matter of the Interrogatories answered herein.

8.      Plaintiff objects to these Interrogatories, served March 21, 2013, in that they purport to require service of answers and objections by April 10, 2013, in contravention of Fed. R. Civ. P. 33(b)(2), which allows 30 days after service.

9.      Plaintiff objects to these Interrogatories on the grounds that they are untimely.

**Interrogatory No. 1**

State the nature, extent and duration of the "continuing health issues" referenced in the Gershon e-mail and when you determined that you would not provide a deposition in this matter.

**Response:**

Plaintiff hereby incorporates by reference each of his General Objections as though set forth in their entireties herein. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, plaintiff responds that he has had numerous serious health problems over many years. More recently, in March 2010, he suffered a heart attack, during the treatment of which he was informed that he had actually suffered two heart attacks earlier and that the cumulative effect of the heart attacks had permanently damaged his heart. Since then, plaintiff has been taking numerous medications that have resulted in complications and side effects. Regular adjustments

in dosages to address side effects have created others. Problems with medications continue to today.

In September 2010, plaintiff underwent extensive shoulder surgery, which involved 7 anchors, among other things. Plaintiff's shoulder was immobile for months, following which his doctor discovered that his bicep became detached.

While plaintiff has had back pain for years, in the spring of 2012 plaintiff's leg became numb and he found himself unable to walk. Over the next several months, plaintiff's doctors attempted different therapies, ultimately to no avail. Finally, in December 2012 plaintiff underwent extensive back surgery, including the fusion of two levels, with a cage built around the fusion. Plaintiff is still recovering from that surgery. He experiences continued discomfort and is often in pain. The stress and anxiety caused by his medical problems has made it difficult for plaintiff to concentrate.

Plaintiff determined last November that he could not at that point give a deposition in this matter. Although he had hoped that by March he would be well enough to do so, he concluded last month that he could not.

**Interrogatory No. 2**

State the date, time and, if applicable, duration of all communications, written or oral, between you or any of your counsel and Mr./Ms. Kaufman relating to this litigation including, without limitation, Mr./Ms. Kaufman's potential participation in this matter.

**Response:**

Plaintiff hereby incorporates by reference each of his General Objections as though set forth in their entireties herein. Plaintiff further objects to this Interrogatory on the grounds that it purports to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections,

plaintiff responds that he, himself, had no communications with Kaufman and that he was not privy to any communications between his counsel and Kaufman.

## Interrogatory No. 3

State the date, time and, if applicable, duration of all communications, written or oral, between you and any counsel for you relating to this litigation.

## Response:

Plaintiff hereby incorporates by reference each of his General Objections as though set forth in their entireties herein.  Plaintiff further objects to this Interrogatory on the grounds that it purports to seek information protected by the attorney-client privilege, is duplicative of prior requests and as such is unduly burdensome, that it is vague and ambiguous with respect to alluding to "any counsel for you," to the extent it implies that plaintiff has any counsel in this litigation other than Barrack, Rodos & Bacine and Farnan LLP and the individual attorneys in those firms, and that it purports to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Subject to, as limited by, and without prejudice to these objections, plaintiff responds that he believes he had written and/or oral communications with his counsel in this matter in March 2011, July 2011, March 2012, June 2012, July 2012, August 2012, November 2012, March 2013 and April 2013.

Dated:  April 10, 2013

**FARNAN LLP**

By: _/s/ Brian E. Farnan_____
    Joseph J. Farnan, Jr. (#100245)
    Joseph J. Farnan III (#3945)
    Brian Farnan (#4089)
    919 N. Market Street, 12th Floor
    Wilmington, DE 19801
    Tel:  (302) 777-0300
    Fax:  (302) 777-0301
    farnan@farnanlaw.com
    jjfarnan@farnanlaw.com
    bfarnan@farnanlaw.com

*Attorneys for Plaintiff*

OF COUNSEL:

BARRACK, RODOS & BACINE
A. Arnold Gershon
William J. Ban
Michael A. Toomey
425 Park Avenue, Suite 3100
New York, New York 10022
Tel:  (212) 688-0782
Fax:  (212) 688-0783

BARRACK, RODOS & BACINE
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel:  (215) 963-0600
Fax:  (215) 963-0838

## VERIFICATION

I, KENNETH HOCH, having examined the foregoing Objections and Responses to the Individual Defendants' Third Set of Interrogatories Directed to Plaintiff, hereby verify under penalty of perjury that the facts contained therein are true and correct to the best of my knowledge, information and belief.

Dated: April 10, 2013

_____
KENNETH HOCH

## CERTIFICATE OF SERVICE

I, Brian E. Farnan, hereby certify that on April 10, 2013, a copy of Plaintiff Kenneth

Hoch's Objections and Responses to the Individual Defendants' Third Set of Interrogatories

Directed to Plaintiff was served as indicated on the following:

Via Hand Delivery and E-mail
Richard L. Horwitz
Peter J. Walsh
Matthew D. Stachel
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19899
rhorwitz@potteranderson.com
pwalsh@potteranderson.com
mstachel@potteranderson.com

Via E-Mail
Evan R. Chesler
Rachel G. Skaistis
Cravath, Swaine & Moore LLP
echesler@cravath.com
rskaistis@cravath.com


/s/Brian E. Farnan
Brian E. Farnan (Bar No. 4089)