# EXHIBIT 2

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

IN RE MAXXAM INC./FEDERATED
DEVELOPMENT SHAREHOLDERS
LITIGATION

NL INDUSTRIES, INC., et al.,

        Plaintiffs,

v.

MAXXAM INC., et al.,

        Defendants.

CONSOLIDATED
Civil Action Nos. 12111 and 12353

## NOTICE OF LODGING

PLEASE TAKE NOTICE THAT the following deposition
transcripts have been lodged with the Court herewith:

| Deponent | Date |
|---|---|
| Joseph E. Kassoway | 02/26/96 |
| Harry Lewis | 02/15/96 |

MORRIS, NICHOLS, ARSHT & TUNNELL

A. Gilchrist Sparks, III
R. Judson Scaggs, Jr.
David J. Teklits
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899
(302) 658-9200
Attorneys for Federated Develop-
ment Company, Charles E. Hurwitz
and Barry Munitz

March 5, 1996

L4 000510-473471

```
1
2                          HARRY LEWIS,                    .
3            having been first duly sworn by
4            ANNELIESE R. TURSI, RPR, a Notary Public
5            within and for the State of New York,
6       •    was examined and testified as follows:
7
8                            oOo
9
10                      EXAMINATION CONDUCTED
11      BY MR. TULLY:
12            Q.    Mr. Lewis, will you state your full
13      name.
14            A.    My name is Harry Lewis.
15            Q.    And where do you reside?
16            A.    I reside at 165 West End Avenue, New
17      York, NY 10023.
18            Q.    And are you retired?
19            A.    Semi-retired.
20            Q.    And what business or profession do you
21      engage in?
22            A.    I'm an attorney at law.
23            Q.    And you continue to practice?
24            A.    I'm still in practice.
25            Q.    What kinds of clients do you
```

NOON & PRATT

1                           HARRY LEWIS

2    represent?                                          .

3         A.      I represent clients who are interested

4    in estates and I handle estates.  Also, I handle

5    exchange of property.

6      . Q.      And you are a sole practitioner?

7         A.      Self-employed.

8         Q.      Before you became semi-retired, what

9    did you do?

10        A.      Before I was retired I used to work

11   for the City of New York.

12        Q.      And --

13        A.      As an attorney.

14        Q.      And when did you retire from the City

15   of New York?

16        A.      I retired from the City of New York in

17   1980.

18        Q.      And how old were you when you retired?

19        A.      Let me see.  I was at that time 70 --

20   just a moment now.  16 years ago, so let's see

21   now.  68 years of age when I retired from the City

22   of New York.

23        Q.      And how old are you now?

24        A.      Sorry?   .

25        Q.      How old are you now?

NOON & PRATT

Case 1:11-cv-00217-RGA   Document 192-2   Filed 05/10/13   Page 5 of 7 PageID #: 2968

6

1                          HARRY LEWIS

2          A.    Now I am 84.

3          Q.    And from the time you retired in 1980
4     until now, you have engaged in, on a
5     semi-retirement basis, in the private practice of
6     law?

7          A.    Well, at that time I was self-employed
8     full time as an attorney.

9          Q.    And when did you go on part-time
10    status?

11         A.    About a year ago I left my office and
12    I'm semi-retired now.  Semi.  Still in practice.

13         Q.    And were you a sole practitioner
14    from --

15         A.    Self-employed after I retired from the
16    City of New York.

17         Q.    In the 1986 to '87 period, in
18    approximately how many public companies did you
19    have common stock investments?

20         A.    Specifically, I don't know the number.

21         Q.    Do you have a ballpark?  More than --

22               MR. ROSENTHAL:    The witness does not

23    have to speculate or guess, Mr. Tully.  Is this
24    relevant, by the way? .

25               MR. TULLY:    Yes.

NOON & PRATT

16

1                              HARRY LEWIS

2              Q.    How?

3              A.    By grabbing the money.

4              Q.    When?

5              A.    When?  Beginning about 12 years ago,

6       something like that.  I don't know precisely.

7       Many, many years ago, before the merger.

8              Q.    And tell me everything you know about

9       the transaction in which they grabbed the money.

10             A.    The defendant has a president of the

11      corporation I'm interested in, he's the president.

12      He bought some property and he wants, he wanted

13      years ago to develop the property and in order to

14      do that he wanted to get some money from the

15      corporation.  So he got through a subsidiary

16      corporation, money from the preceding corporation

17      and the present one.  Both of them.

18             Q.    What is the name of the company that

19      he got the money from?

20             A.    MCO and Maxxam.

21             Q.    Maxxam; which Maxxam, Maxxam Group or

22      Maxxam Inc.?

23             A.    Both of them.

24             Q.    And what is the subsidiary that you

25      referred to, what's its name?

NOON & PRATT

1                    HARRY LEWIS

2          A.    Of my decision?                  .

3          Q.    No.  Can you describe the nature of

4     the relief that you seek if you are permitted to

5     intervene.

6        .  A.    I have been informed that some wrong

7     was imposed upon the minority shareholders of

8     Maxxam because some money should be returned to the

9     corporation.

10         Q.    And you were informed by Mr. Gershon

11    of that fact?

12         A.    Correct.

13         Q.    Anybody else?

14         A.    No one else at that time.

15         Q.    Anybody else besides Mr. Gershon

16    inform you of those facts?

17         A.    My representative in Delaware saw me

18    this morning.

19         Q.    And he told you the same thing?

20         A.    The same thing.

21              MR. TULLY:    Let's mark as the next

22    exhibit, a memorandum from Joseph Rosenthal dated

23    February 12, 1996.

24              (Lewis Deposition Exhibit 9 was marked

25    for identification.  Exhibit retained by counsel.)

NOON & PRATT