IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENNETH HOCH,                              )
                                           )
                Plaintiff,                 )
                                           )        C.A. No. 11-CV-217-RGA
        v.                                 )
                                           )
BARBARA T. ALEXANDER, et al,               )
                                           )        **FILED UNDER SEAL**
                Defendants,                )
                                           )
        -and-                              )
                                           )
QUALCOMM INCORPORATED,                     )
                                           )
                Nominal Defendant.         )

**REPLY BRIEF IN SUPPORT OF PLAINTIFF HOCH'S RULE 21 MOTION TO BE
DROPPED AS THE PARTY-PLAINTIFF AND TO ADD PROPOSED-PLAINTIFF
KAUFMAN AND IN SUPPORT OF KAUFMAN'S RULE 24 MOTION TO INTERVENE**

Dated: June 7, 2013                        Joseph J. Farnan, III (Bar No. 3945)
                                           Brian Farnan (Bar No. 4089)
                                           **FARNAN LLP**
                                           919 N. Market Street, 12th Floor
                                           Wilmington, Delaware 19801
                                           Tel: (302) 777-0300
*Of Counsel*                               Fax: (302) 777-0301
                                           Email: bfarnan@farnanlaw.com

Alexander Arnold Gershon
William J. Ban                             *Attorneys for Plaintiff*
Michael A. Toomey
**BARRACK, RODOS & BACINE**
425 Park Avenue, Suite 3100
New York, New York 10022
Tel: (212) 688-0782
Fax: (212) 688-0783

Daniel E. Bacine
**BARRACK, RODOS & BACINE**
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 963-0600

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................1

I.      THE LEGAL STANDARD FOR FAIR AND ADEQUATE REPRESENTATIVES........2

II.     HOCH IS A FAIR AND ADEQUATE REPRESENTATIVE.............................................4

III.    KAUFMAN IS A FAIR AND ADEQUATE REPRESENTATIVE...................................5

CONCLUSION...........................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Armstrong v. Pomerance,*
  423 A.2d 174, 178 (Del. 1980) .............................................................................................. 7

*Bader v. Winkelried,*
  Supr. Ct. N.Y. County Index No. 650157/09, May 21, 2013)
  (now captioned *Korsinsky v. Winkelried*) .......................................................................... 6

*Dewey v. Volkswagon AG,*
  681 F.3d 170, 181 (3d Cir. 2012) ....................................................................................... 3

*Fradkin v. Ernst,*
  571 F. Supp. 829 (N.D. Ohio 1983) ................................................................................ 1, 2

*In re Cmty. Bank,*
  622 F.3d 275 (3d Cir. 2010) ............................................................................................. 3, 6

*In re Fuqua Indus., Inc. S'holder Litig.,*
  752 A.2d 126, 131 (Del. Ch. 1999) ................................................................................. 4, 7

*In re Maxxam, Inc.,*
  Nos. CIV. A. 12111, CIV. A. 12353, 1997 WL 382983 (Del. Ch. July 2, 1997) ..................... 9

*In re Maxxam, Inc./Federated Dev. S'holders Litig.,*
  698 A.2d 949, 955 (Del. Ch. 1996) ................................................................................... 9

*In re Merck & Co., Inc. Sec., Deriv., & ERISA Litig.,*
  Civil Action Nos. 05-1151 SRC, 05-2367 SRC, MDL No. 1658 SRC,
  2013 WL 396117, at *8 (D.N.J. Jan. 30, 2013) .............................................................. 3, 4

*Kalmanovitz v. S.E.C.,*
  449 U.S. 1012 (1980) ........................................................................................................ 1

*Kaufman v. Wolfson,*
  151 N.Y.S. 2d 530, 531 (N.Y. App. Div. 1st Dept. 1956) ................................................. 6

*Larson v. AT & T Mobility LLC,*
  687 F.3d 109 (3d Cir. 2012) .............................................................................................. 3

*Lewis v. Curtis,*
  671 F.2d 779, 788 (3d Cir.), *cert. denied*, 459 U.S. 880 (1982) ........................................ passim

**Cases**                                                                                                 **Page(s)**

*Mwantembe v. TD Bank, N.A.,*
    268 F.R.D. 548, 559 (E.D. Pa. 2010) ............................................................................... 3, 6

*New Directions* cited *Wetzel v. Liberty Mut. Ins. Co.,*
    508 F.2d 239, 247 (3d Cir.), *cert. denied*, 421 U.S. 1011 (1975) ............................................. 3

*New Directions Treatment Serv. v. City of Reading,*
    490 F.3d 293, 313 (3d Cir. 2007) ...................................................................................... 3

*Phillips v. Tobin,*
    548 F.2d 408, 415 (2d Cir. 1976) ...................................................................................... 8

*S.E.C. v. Falstaff Brewing Corp.,*
    629 F.2d 62, 75 (D.C. Cir. 1980) ...................................................................................... 1

*Surowitz v. Hilton Hotels Corp.,*
    383 U.S. 363 (1966) ........................................................................................................ 7

*Sweet v. Bermingham,*
    65 F.R.D. 551, 553 (S.D.N.Y. 1975) .............................................................................. 4, 5

*Vanderbilt v. Geo-Energy, Ltd.,*
    725 F.2d 204, 207 (3d. Cir. 1983) ..................................................................................... 2

Other Authorities

Daniel J. Morrissey, *Shareholder Litigation After The Meltdown,*
    114 W. Va. L. Rev. 531 (2012) ........................................................................................ 7

Rules

Rule 21 .................................................................................................................................. 10

Rule 23(a)(4) ........................................................................................................................... 3

Rule 23.1 ............................................................................................................................. 2, 4

Rule 24 .................................................................................................................................. 10

Regulations

CoBancorp Inc., SEC No-Action Letter,
    1996 WL 80498 (Feb. 22, 1996) ....................................................................................... 2

Plaintiff Kenneth Hoch ("Hoch") and Intervenor-Plaintiff Jeffrey Kaufman ("Kaufman") submit this Reply Brief in support of Hoch's motion to be dropped as the party-plaintiff and to add Kaufman as the party-plaintiff, and in support of Kaufman's motion to intervene as an intervenor-plaintiff.

## PRELIMINARY STATEMENT

In their opposition brief, Defendants ignore the issue at hand and, yet again, argue that Hoch and his counsel have "struggled to articulate a viable theory of harm," (D.I. 199 at 1-2 & n.1). Without belaboring the point, this is simply not the case. This case is principally concerned with the fact that 



Therefore, plaintiff has not only stated a viable theory, but one that has been previously adopted. For this reason and those that follow, the Court should allow Kaufman to intervene to protect the rights of Qualcomm's shareholders and correct the actions described above.

I.    THE LEGAL STANDARD FOR FAIR AND ADEQUATE REPRESENTATIVES

In their Opening Brief, Hoch and Kaufman argued that they, as stockholders suing derivatively, are adequate under Rule 23.1(a) because they have qualified counsel and do not have interests antagonistic to those of the class. (D.I. 190 at 7) (citing *Lewis v. Curtis*, 671 F.2d 779, 788 (3d Cir.), *cert. denied*, 459 U.S. 880 (1982). Defendants contend that Hoch and Kaufman are "wrong" or "mistaken" in citing this standard (D.I. 199 at 4), by citing to *Vanderbilt v. Geo-Energy, Ltd.*, 725 F.2d 204, 207 (3d. Cir. 1983). In *Vanderbilt*, however, the Third Circuit did not modify the standard in *Lewis v. Curtis*. Rather, when discussing "antagonism," the *Vanderbilt* court merely quoted a Sixth Circuit case that "listed ... [eight] important factors" in understanding "antagonism." Defendants focus on only two of these factors, neither of which the Third Circuit addressed. Instead, the *Vanderbilt* court *sustained the adequacy* of the derivative plaintiffs after an analysis that had nothing to do with either of the factors that Defendants highlight.

The Third Circuit has not retreated from *Lewis v. Curtis*. In *New Directions Treatment Serv. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007), the court held that the test for adequacy was that the plaintiff must have qualified attorneys and must "not have interests antagonistic to those of the class." The *New Directions* court cited *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir.), *cert. denied*, 421 U.S. 1011 (1975), for this standard, the same case cited by the *Lewis* court. In *Dewey v. Volkswagen AG*, 681 F.3d 170, 181 (3d Cir. 2012), the court held that adequacy under Rule 23(a)(4) had two components: "(1) concerning the experience and performance of class counsel; and (2) concerning the interests and incentives of the representative plaintiffs."

In *In re Merck & Co., Inc. Sec., Deriv., & ERISA Litig.*, Civil Action Nos. 05-1151 SRC, 05-2367 SRC, MDL No. 1658 SRC, 2013 WL 396117, at *8 (D.N.J. Jan. 30, 2013), the court applied *Dewey*, *New Directions*, and *Lewis*, to hold that adequacy under Rule 23(a)(4) required a plaintiff to have qualified attorneys and no interests antagonistic to those of the class. The court said the plaintiff's "confusion about some of the facts of this case, such as the start date of the class period," *id.* at *9, did not "cast doubt on Lead Plaintiffs' ability to represent and protect the interests of the class nor indicate any reason why their interests would be antagonistic to those of the absent class members." *Id.* at *10.

Defendants cite three other cases where, Defendants contend, the courts "reiterated the significance of a . . . plaintiff's active participation." (D.I. 199 at 4) (citing *In re Cmty. Bank*, 622 F.3d 275 (3d Cir. 2010), *Larson v. AT & T Mobility LLC*, 687 F.3d 109 (3d Cir. 2012), and *Mwantembe v. TD Bank, N.A.*, 268 F.R.D. 548, 559 (E.D. Pa. 2010)). First, none of these cases deals with derivative plaintiffs, nor do any of them provide any support whatsoever for Defendants' proffered standard for assessing the adequacy of derivative plaintiffs. Defendants

use these cases to argue that "plaintiffs' personal claims" are weak in this case, but neither Hoch

nor Kaufman has any "personal claims" in this case because this case, unlike those Defendants

cite to, is brought derivatively.  In *Sweet v. Bermingham*, 65 F.R.D. 551, 553 (S.D.N.Y. 1975),

the court held that because a stockholder suing derivatively does not advance his own personal

claim, but the company's claim, a "more limited analysis must be utilized in considering

representation questions under Rule 23.1."  "The contrasting difference between a stockholder's

suit for his corporation and a suit by him against it is crucial." *Id.* 554.

In sum, Defendants have provided no rationale for this Court to depart from what is

established Third Circuit law as provided by *Lewis* and reaffirmed by *New Directions* and

*Dewey*.

## II.   HOCH IS A FAIR AND ADEQUATE REPRESENTATIVE

Defendants have failed to show that Hoch has not been and will not remain an adequate

plaintiff until the court adds Kaufman.  The Third Circuit holds, "'[T]he adequacy-of-

representation test is not concerned [with] whether plaintiff ... will personally be able to assist his

counsel.'" *In re Merck & Co., Inc.*, 2013 WL 396117, at *9 (quoting *Lewis*, 671 F.2d at 789).  In

addition, in Delaware, "the Court of Chancery will not bar a representative plaintiff from the

courthouse for ... poor health so long as he or she has competent support from advisors and

attorneys and is free from disabling conflicts.  This conclusion is both just and sensible." *In re*

*Fuqua Indus., Inc. S'holder Litig.*, 752 A.2d 126, 131 (Del. Ch. 1999).

Defendants argue that Hoch did not "'speak[] with counsel to ask about progress in this

case ... and expect[s] counsel to inform [him] whenever [his] opinions are required.'" (D.I. 199

at 7).  Defendants provide no support for this statement, and they cannot, since Hoch has never

conceded any such failure to oversee his counsel.  Defendants concede that Hoch and his counsel

were in contact, but they argue that Hoch provided nearly no oversight in this case.  Defendants have not cited a single legal authority concerning Hoch's supposed inadequacy, past or future. The court should reject Defendants invented, unsupported assertions and grant Hoch's motion to be dropped and to add Kaufman in his place as plaintiff, due to Hoch's now ailing health.

## III.    KAUFMAN IS A FAIR AND ADEQUATE REPRESENTATIVE

Defendants do not dispute that it is their burden to establish that Kaufman is inadequate, but they fail to meet this burden in any way.

Defendants' argument that Kaufman is inadequate because he has too close a relationship with Daniel Bacine, one of his attorneys, is wrong.  (D.I. 199 at 8).  Defendants note that Kaufman and Bacine, along with Kaufman's investment adviser, Louis Levine, were "fraternity brothers at Temple University ... from 1962 through 1964."  (D.I. 184 at 6).  Defendants provide no case in which such a relationship disqualified a plaintiff, nor can they.  Indeed, as Plaintiff previously noted, in *Sweet,* the court denied a motion to dismiss challenging the adequacy of the plaintiff in a stockholder's derivative action where the plaintiff was the wife of a partner in her attorneys' law firm.

Defendants argue that the *Sweet* court "itself acknowledged" that it was in the "distinct minority."  (D.I. 199 at 8 n.6) (citing to *Sweet*, 65 F.R.D. at 552-53).  Defendants are simply wrong.  The court never conceded this, neither at the pages Defendants cite, nor in any part of the decision.  Indeed, the court would have been incorrect to make such a statement  because there is no majority holding that a close relationship between counsel and plaintiff in a derivative case is disqualifying.

Indeed, very recently, in *Bader v. Winkelried*, Supr. Ct. N.Y. County Index No. 650157/09, May 21, 2013) (now captioned *Korsinsky v. Winkelried*)[2], the plaintiff, who had commenced a stockholder's derivative action, lost standing when his stockbroker sold the stock against his instructions. Exh. 1 (Tr. 9:8-14). The brother of a named partner in the law firm representing the plaintiff and the intervenor made a motion to intervene. The court determined,

> [W]hen you're dealing with shareholder derivative lawsuits it's a big difference in the sense that I get to decide, the Court decides a lot of the what goes on ....
>
> When there's a relationship with the attorney and the class action lead plaintiff there may be a problem, whereas in a derivative lawsuit, as we have here, there's less of a problem.

*Id.* at Tr. 11:17-26. The court further held, "[A]t this point there's nothing in this record that allows me to think that there is a conflict." *Id.* at Tr. 15:12-14. Accordingly, the court granted the motion to intervene. *Id.* at Tr. 25-27.

Defendants next argue that it is relevant to this Court's analysis that Kaufman holds a "de minimus stake in Qualcomm." D.I. 199 at 10. Defendants cite *Community Bank*, 622 F.3d at 291, 294, for this point, but *Community Bank* never discusses such an issue. Defendants also cited *Mwantembe*, 268 F.R.D. at 559, for this point, but the court in *Mwantembe*, addressing a class action, not a derivative claim, said, "[T]he maximum amount that each named plaintiff could recover is between 2 and 93 cents, which is hardly a large enough financial stake to motivate them to fairly and adequately represent the class." This statement is wholly inapposite to the present case because whether Kaufman held one share or a million, his claims and their result would be the same for him personally. Since he is acting derivatively, the amount of his stock holdings have no relevance. *See Lewis*, 671 F.2d at 788; *see also Kaufman v. Wolfson*, 151 N.Y.S. 2d 530, 531 (N.Y. App. Div. 1st Dept. 1956) (court held that "a stockholder's derivative

---

[2] The record is available at http://iapps.courts.state.ny.us./iscroll. Input Index No. 6501572009.

action is a potent force for remedying certain injuries" and "a powerful prophylaxis against such abuses" and that "a stockholder is not barred from bringing a meritorious cause of action no matter how minuscule his holding"); *see also* Daniel J. Morrissey, *Shareholder Litigation After The Meltdown*, 114 W. Va. L. Rev. 531, 558-59 (2012) (in a stockholder's derivative action, the individual recovery is zero no matter how large the stock position).

Defendants also argue that this Court should not follow *Lewis,* because in that case, the defendant could move by statute for security for costs and expenses, and Delaware has no such statute. (D.I. 199 at 10). The reason Delaware has no such statute is because it is against the public policy of the state. In *Armstrong v. Pomerance*, the court observed that statutes requiring small stockholders to post security for expenses "generally raise significant, often insurmountable, barriers to the bringing of derivative suits," and that the "alternative to a derivative action in Delaware, therefore, may be no derivative action at all." 423 A.2d 174, 178 (Del. 1980) (citations and quotations omitted),

Defendants next argue that Kaufman cannot rely on *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966), and *In re Fuqua Indus., Inc.* because in those cases, the financial advisers were such outstanding individuals. (D.I. 199 at 8-9). Defendants, however, have failed to argue that Mr. Levine, Kaufman's financial adviser, is lacking as a financial adviser. Therefore, their point is without any merit. In addition, Defendants, reversing their previous position, say that Levine does not have a close enough relation to Kaufman to adequately advise him, distinguishing the familial relationships between the plaintiff and his financial adviser in *Surowitz* and *Fuqua.* In sum, Defendants' argument is that Levine is both too close and too distant from Kaufman for Kaufman to act as plaintiff in this case. Unsurprisingly, no court has ever adopted such a standard.

Finally, Defendants selectively parse out one question from Kaufman's deposition to argue that he will not properly represent shareholders. (D.I. 199 at 10). In context, however, it is clear that Kaufman has demonstrated a full understanding of his responsibilities in the case:

> Q: Mr. Kaufman, what do you believe your duties are as a derivative plaintiff?
>
> A: *My duties are to protect the other shareholders, in my opinion.*
>
> Q: *Are you willing to fairly and adequately represent the interests of Qualcomm shareholders?*
>
> A: *Yes.*
>
> *       *       *
>
> Q: How do you intend to protect the interests of shareholders in this matter?
>
> A: *By bringing a lawsuit against the people who I feel have done something wrong.*
>
> Q: By bringing that lawsuit, what sort of involvement by you does that entail?
>
> A: *Testifying to the best of my ability as to what I feel the problem was.*
>
> Q: Beyond testifying, do you have any other responsibilities as a derivative plaintiff?
>
> A: No.

(D.I. 185, Exh. 7 at Tr. 50:6 – 51:3) (emphasis added).

In context, it is quite clear that Kaufman understands it is his duty to "protect the other shareholders." He also understands that he is fulfilling this responsibility by "bringing a lawsuit" and testifying on other shareholders' behalf. When addressing the issue of his "responsibilities as a derivative plaintiff," he is discussing his specific contribution to the record in this case. And, quite correctly, Kaufman does not take responsibility for, for example, preparing motions, arguing in court, or doing anything else which is required of a lawyer. Kaufman correctly depends on his lawyers for matters in this case for which it would be inappropriate for a derivative plaintiff to act. *Phillips v. Tobin*, 548 F.2d 408, 415 (2d Cir. 1976) (derivative plaintiff cannot be co-counsel in the case).

8

Finally, Defendants argue that Kaufman is not sufficiently informed about the case.   But

Defendants are again wrong.   In describing Defendants' misconduct, Kaufman said that ▮▮



▮▮▮▮▮   As Plaintiff previously noted, (D.I. 190 at 11-12), this understanding far exceeds that

of the plaintiff in *In re Maxxam, Inc./Federated Dev. S'holders Litig.*, 698 A.2d 949, 955 (Del.

Ch. 1996).

Defendants argue against the application of *Maxxam* on the grounds that Harry Lewis

was a practicing attorney who was familiar with his investments.  (D.I. 199 at 9, n.8).  As Hoch

and Kaufman previously pointed out, however, Lewis was not overly familiar with the case, and

he certainly had less of an understanding than Kaufman has of the present action.  (D.I. 190 at

11-12).  And, this was the same Harry Lewis who was the plaintiff in *Lewis*, 671 F.2d at 789,

where he "displayed a complete ignorance of facts concerning the transaction that he was

challenging."  Yet, the Court held him to be an adequate plaintiff and found that his ignorance is

not relevant.  Defendants seek to explain away what, for them, is a troubling case by idly

speculating that "the need for an active plaintiff presumably was less acute after trial," (D.I. 199

at 9 n.8).  But, in *Maxxam*, the court still had to engage in post trial motions, *In re Maxxam, Inc.*,

Nos. CIV. A. 12111, CIV. A. 12353, 1997 WL 382983 (Del. Ch. July 2, 1997), and settlement.

If Defendants are correct about the need for an active plaintiff in a stockholder's derivative

action - which they are not - that need would not be reduced after trial.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that the Court should order the

substitution of Kaufman for Hoch under Rule 21, or allow Kaufman to intervene under Rule 24.

Dated:  June 7, 2013

Respectfully submitted,

**FARNAN LLP**

*/s/ Brian E. Farnan*

Joseph J. Farnan, III (Bar No. 3945)
Brian Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel.:  (302) 777-0300
Fax.:  (302) 777-0301
Email: bfarnan@farnanlaw.com

*Attorneys for Plaintiff*

*Of Counsel:*

Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
**BARRACK, RODOS & BACINE**
425 Park Avenue, Suite 3100
New York, New York 10022
Tel: (212) 688-0782

Daniel E. Bacine
**BARRACK, RODOS & BACINE**
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 963-0600

10