IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH HOCH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 11-217-RGA |
| BARBARA T. ALEXANDER, et al., | : |
| Defendants, | : |
| and | : |
| QUALCOMM INCORPORATED, | : |
| Nominal Defendant. | : |

## **MEMORANDUM OPINION**

Brian Farnan, Esq., Farnan LLP, Wilmington, DE; Alexander Arnold Gershon, Esq. (argued), Barrack, Rodos & Bacine, New York, NY, Attorneys for Plaintiff.

Richard L. Horwitz, Esq., Potter Anderson & Corroon LLP, Wilmington, DE; Evan R. Chesler, Esq., Rachel G. Skaistis, Esq. (argued), Cravath Swaine & Moore LLP, New York, NY, Attorneys for Defendants.

July 2, 2013

ANDREWS, U.S. DISTRICT JUDGE:

Kenneth Hoch brings this litigation directly and derivatively against Defendants, who include directors and executive officers of Qualcomm.[1] In his "Verified Amended and Supplemented Complaint" (D.I. 122), he alleges that Defendants violated their duties under federal securities law and Delaware law when they issued a false or misleading proxy statement regarding the tax-deductible status of executives' compensation; that Defendants coerced shareholders to vote to approve the compensation; that the voting card violated federal securities law; that Defendants provided misleading information to the Internal Revenue Service and subjected Qualcomm to a fine and a potentially inaccurate closing agreement with the IRS; and that the process of submitting the compensation to shareholders for approval was invalid. Defendants have filed a motion to dismiss (D.I. 127), which the Court granted in part at oral argument (D.I. 160) and denies in part here.

## BACKGROUND

Hoch's Counts II, III, IV, and V center on Qualcomm's January 19, 2011 Proxy Statement[2] seeking shareholder approval of its 2006 Long-Term Incentive Plan as amended ("2011 LTIP"). (D.I. 122, ¶3; *see* D.I. 129, Ex. H). The Proxy Statement informed shareholders that certain prospective payments to senior management pursuant to the 2011 LTIP would be tax deductible under § 162(m) of the Internal Revenue Code. (D.I. 122, ¶¶ 21-24; *see* D.I. 129, Ex. H, pp. 17-24). Shareholders voted to approve the 2011 LTIP. Hoch claims that the

---

[1] Hoch has subsequently moved to withdraw, and Jeffrey Kaufman has moved to intervene as plaintiff; Defendants have filed an additional motion to dismiss related to Plaintiff's status. (D.I. 183, 188, 189). These motions will be addressed in due course.

[2] At times, the Proxy Statement is also said to be dated January 20, 2011.

2

compensation is not tax deductible. Qualcomm alerted the IRS to Hoch's lawsuit and allegations concerning the nondeductibility. On June 11, 2012, Qualcomm and the IRS entered into an Issue Resolution Agreement ("IRA"), pursuant to which the IRS concurred with Qualcomm that the 2011 LTIP approved by shareholders was compliant with § 162(m). (D.I. 129, Ex. Q). Count X alleges Defendants provided misleading information in pursuit of the IRA.[3]

Counts VI and VII are based on the form voting card used for the 2011 vote. Counts VIII, IX, XI, XII and XIII are based on the process by which Defendants submitted the 2011 LTIP and a 2010 amendment to shareholders for approval.

## DECISION

Defendants moved to dismiss all remaining claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] The Court granted Defendants' Motion with regard to Counts IV, V, and VII at oral argument, and Hoch conceded dismissal of Count VI. (D.I. 138 at 20; D.I. 160 at 39, 51-52). Counts II, III, and VIII through XIII are addressed here.

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). Thus, the Court may grant such a

---

[3] There are no factual allegations naming any Defendant as performing any action in pursuit of the IRA, or even knowing about the communications with the IRS. (*See* D.I. 122, ¶¶ 48-55). The Defendants have not raised any issue about the lack of specificity.

[4] Hoch's Count I was dismissed in July, 2011, and Hoch included it in his Amended Complaint "solely to preserve his rights." (D.I. 122, p. 31).

3

motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (internal quotation marks omitted).

*1. Counts II and III*

Counts II and III are derivative claims for breach of fiduciary duty and waste under Delaware law.[5] Hoch alleges certain statements in the Proxy Statement preclude the 2011 LTIP compensation from being deductible under § 162(m), and that the Proxy Statement's representations that the compensation would be deductible are therefore false and misleading. (D.I. 122, ¶¶ 24-25, 69-80). Specifically, Hoch claims that under the terms of the 2011 vote, Qualcomm would still pay performance-based compensation under the 2006 LTIP regardless of whether the 2011 LTIP plan was approved, and that therefore the 2011 LTIP compensation is not deductible. Treasury Regulation §1.162-27(e)(4)(i) provides that §162(m) is not satisfied "if the compensation would be paid regardless of whether the material terms are approved by shareholders." The Proxy Statement provided:

> Should stockholder approval not be obtained, then the proposed amendments will not be implemented, and the 2006 LTIP will continue in effect pursuant to its current terms. However, the shares reserved for issuance will be depleted, and the 2006 LTIP will not achieve its intended objectives of helping to attract and retain employees.

---

[5] At oral argument, Hoch asserted these were both Delaware state law claims and federal claims under Section 14(a) of the Securities Exchange Act of 1934. (D.I. 160 at 36). The claims allege "breaches of these defendants' respective duties of loyalty to and care for the Company" and that seeking stockholder approval "is irrational and constitutes waste." (D.I. 122, ¶¶ 77, 78, 82, 83). While the claims do mention SEC regulations, they do not state a claim under §14(a). They are pled as state law claims. *Cf. Hoch v. Alexander*, 2011 WL 2633722, *3 (D. Del. July 1, 2011) (characterizing the earlier versions of Counts II and III as state law claims).

(D.I. 129, Ex. H at 25).[6]  Defendants make two main arguments for dismissal: that under a

proper reading of the Proxy Statement and the Treasury Regulation, the compensation is

deductible under § 162(m), as supported by the IRA; and that the Proxy Statement's discussion

about § 162(m) comprises opinion, but Hoch failed to allege that Defendants did not believe the

2011 LTIP would be deductible at the time the Proxy Statement was filed.  (D.I. 128, pp. 5-10).

This is Defendants' second attempt to dismiss Hoch's claim based on whether Hoch's

§ 162(m) tax theory bears out under a proper reading of the Proxy Statement and the law. *See*

*Hoch v. Alexander*, 2011 WL 2633722, \*2 (D. Del. July 1, 2011).  The Court previously held:

> Although it is a close question as to whether Hoch has properly interpreted the
> proxy statement, this Court cannot conclude at this stage of the proceedings that
> his Complaint fails to state a claim. The parties dispute, among other things,
> whether certain treasury regulations apply as well as the meaning of the Proxy
> Statement. But at this stage, Hoch has properly pled that a material misstatement
> interfered with the voting rights of shareholders and that the false proxy statement
> breached Defendants' duties of loyalty and good faith and constituted waste.

*Id.* at \*6.  The parties' disputes, their arguments, and the stage of the case and record remain

largely the same on this issue, providing no basis to disturb the Court's earlier ruling.[7]

Defendants make the additional argument that the IRA, in which the IRS concurred with

Qualcomm that the 2011 LTIP approved by shareholders was compliant with § 162(m), shows

the Proxy Statement was not false or misleading.  (D.I. 129, Ex. Q).  Defendants contend the IRA

---

[6] It is appropriate to consider the Proxy Statement as it is referenced in and integral to the Amended Complaint. *See Seinfeld v. Becherer*, 461 F.3d 365, 367 n.1 (3d Cir. 2006).

[7] The underlying issue of whether the compensation is deductible under Treasury Regulation § 1.162-27(e)(4) does appear to be a question of law. *E.g., Seinfeld v. O'Connor*, 774 F.Supp.2d 660, 665-69 (D. Del. 2011). Defendants' briefing on that issue here is insufficient for the Court to decide that question, perhaps because of page limitations. On summary judgment, the Court requests that the issue be more thoroughly briefed, and will grant additional pages upon request.

makes any harm to Qualcomm - from not being able to deduct the compensation - too speculative for Hoch to maintain Counts II and III.

A threshold issue is whether the Court may consider the IRA in this motion to dismiss. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." *Id.* (internal quotations omitted). The exception also prevents a plaintiff with a legally deficient claim from surviving a motion to dismiss "simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196.

The IRA is referenced by and integral to Hoch's claims of misrepresentation in procuring it. In Count X, Hoch alleges Defendants provided misleading information to the IRS in pursuit of the IRA, and that as a result the IRS "has not confronted the issue discussed in plaintiff's original complaint" and has "based its analysis on false information." (D.I. 122, ¶¶ 48-51, 114-17). Hoch relies on those same allegations in opposing Defendants' motion here, in an attempt to discredit or devalue the IRA, going so far as to quote the IRA itself. (D.I. 138 at 16). Hoch's claims that Defendants made false statements to the IRS in procuring the IRA, and that the IRS'

6

analysis and bases therefore are incomplete as a result, require the final IRA to know what the

IRS finally decided. The Court notes the IRA is dated June 11, 2012; the record indicates Hoch

had notice of the IRA at least as of July 20, 2012, as indicated by a discovery dispute letter

("[T]he IRS has expressly stated that it agrees with Qualcomm that the substance of the 2011

Proxy complies with the relevant tax and Treasury provisions . . . ."); and Hoch's Amended

Complaint alleging misrepresentations in obtaining the IRA was filed August 13, 2012. (D.I.

129, Ex. Q; D.I. 117; D.I. 122). As such, Hoch had notice of the IRA, fulfilling the rationale

behind the exception for documents external to the complaint. The Court will take notice of the

IRA.

> In seeking the IRA, Qualcomm's position was:

> The 2011 Proxy merely stated that, if the 2011 Amended LTIP were not approved,
> the previously approved 2006 LTIP would continue in effect pursuant to its terms.
> The 2011 Proxy makes clear that, in the event of a failed vote, the 2011 Amended
> LTIP would not be adopted and that Taxpayer would suffer adverse consequences.
> Thus, the 2011 Proxy fully complies with Treas. Reg. Section 1.162-27(e)(4)(i).

(D.I. 129, Ex. Q at 3). The Government's position was:

> Following review of the Taxpayer's analysis of the facts and law, the Government
> concurs with the Taxpayer's position that the 2006 Shareholder Approval and
> 2011 Shareholder Approval are compliant with the requirements of Treas. Reg.
> Section 1.162-27(e)(4).

*Id.* The IRS' concurrence squarely opposes Hoch's claims that the 2011 Proxy Statement's

representation that the 2006 LTIP would continue if the 2011 LTIP was not approved violated

§ 1.162-27(e)(4)(i) and precluded deduction of the compensation under § 162(m).

Hoch's next tack is to argue that the IRA is not binding on the IRS because it is not a

"closing agreement" and not signed by the Secretary of the Treasury or the Commissioner of

7

Internal Revenue, under I.R.C. § 7121. (D.I. 138 at 15).

> Section 7121 authorizes the Secretary or his delegate to enter into an agreement in
> writing, referred to as 'closing agreement,' with any person relating to the tax
> liability of such person for any taxable period, and provides that if such agreement
> is approved by the Secretary or his delegate, such agreement shall be final and
> conclusive. . . . It is well established that the statutory procedure provides the
> exclusive method by which a closing agreement may be accorded finality. . . . As
> stated in *Knapp-Monarch Co. v. Commissioner*, 139 F.2d 863, 864 (8th Cir.
> 1944): "The very fact that Congress has provided a way in which the Internal
> Revenue Department may bind itself, precludes the possibility of its being bound
> by some other procedure."

*Levin v. Comm'r*, T.C. Memo. 1990-226, 1990 WL 57569 (T.C. May 7, 1990) (internal citations

omitted). IRS documents that are not closing documents under Section 7121 have been found to

fall short of a final binding IRS opinion. *See id.*; *Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir.

2003).

Defendants do not dispute that the IRA is not a Section 7121 closing agreement and lacks

the formal trappings to make it technically binding on the IRS. Instead, Defendants argue Hoch

has shown no reason for the IRS to change its mind, so the IRA makes any harm to Qualcomm

(from the compensation not being deductible) too speculative to sustain Counts II and III. (D.I.

128 at 8-9; D.I. 143 at 3). Hoch alleges one reason why the IRS might deviate from the IRA such

that harm (nondeductibility) is not speculative: that, in obtaining the IRA, Qualcomm

misrepresented the validity of the shareholder vote to the IRS. (D.I. 122, ¶¶ 48-54; D.I. 138 at

16-17). Hoch also alleges the IRS did not focus on the 2011 vote, and that the IRS misstated in

communications leading up to the IRA that the 2006 Plan was approved at a 2010 meeting. (D.I.

122, ¶¶ 50-51; D.I. 138 at 16-17).

The *likelihood* of the IRS changing its mind is not, in my opinion, the issue; the issue is

8

whether the IRS *could* change its mind. In other words, the issue is whether the IRA definitively

provides, as a matter of law, that the compensation will be deductible, and that therefore

Qualcomm will not suffer the harm Hoch alleges. There is no dispute that the IRA does not

formally bind the IRS; the IRA therefore does not definitively rule out nondeductibility and

resultant harm to Qualcomm, particularly where Hoch has pled reasons the IRA may be

inaccurate.[8]

Defendants' second argument for dismissing Counts II and III is that the Proxy

Statement's discussion about § 162(m) comprises opinion, but that Hoch's failure to allege that

Defendants did not believe the 2011 LTIP would be deductible at the time the Proxy Statement

was filed is fatal to Hoch's claims. Defendants rely upon *Fait v. Regions Financial Corp.*, 655

F.3d 105, 110 (2d Cir. 2011), which requires a statement of opinion to be "both objectively false

and disbelieved by the defendant at the time it was expressed" to state a claim under sections 12

and 13 of the Securities Act of 1933. Hoch concedes that the statements are opinion, but that

such statements "may be actionable when they expressly or impliedly assert something false or

misleading about their subject matter" and that Defendants' argument is an inappropriate request

for reconsideration of the Court's denial of Defendants' previous motion to dismiss. (D.I. 138 at

---

[8] As explained, the issue of whether or not the compensation is actually deductible under § 162(m) is not sufficiently briefed to be decided here. While the IRA does not provide a dispositive, binding basis to dismiss here, it may be informative and may shed light on the probability the IRS would view the compensation to be deductible, in the context of sufficient briefing on the ultimate issue. *See Seinfeld v. O'Connor*, 774 F.Supp.2d 660, 668 (D. Del. 2011).

Hoch may be able to undermine the IRA based on Qualcomm's alleged misrepresentations and the IRS' alleged focus on the wrong shareholder vote, but it is not clear to the Court how doing so would affect the ultimate issue of whether the compensation is actually deductible. It seems the value of undermining the IRA is limited to the secondary argument that the IRA does not rule out nondeductibility and harm to Qualcomm.

9

14-15, n.9) (quoting *In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 372 (3d Cir. 1993)).

Counts II and III are Delaware law claims. Defendants and Hoch both rely on cases providing the elements for a claim based on an opinion under sections 12 and 13 of the 1993 Securities Act. Defendants have not shown Counts II and III should be dismissed for failing to allege any element under Delaware law.

In sum, Defendants have not shown the compensation is deductible and that Hoch is not entitled to relief. The IRA does not demonstrate that the compensation is deductible such that Hoch has failed to allege harm to Qualcomm. Defendants' motion is denied on this basis without prejudice to renew the argument at summary judgment with greater context and more sufficient briefing. Defendants have also not shown the failure to allege any element of Count II or III under Delaware law. Defendants' motion is denied as to Counts II and III.

*2. Counts VIII and IX, XI through XIII*

Counts VIII and IX, and XI through XIII,[9] are direct and derivative Delaware law claims based on Hoch's allegations that Qualcomm did not properly submit amendments to the 2006 LTIP to the shareholders for approval at the 2010 and 2011 votes, and that those votes are therefore void. (D.I. 122, ¶¶ 30-44, 52-53, 105-13, 118-26). Defendants assert any defects relating to the votes are voidable and that the board ratified the defects.

I think how the issue is framed largely determines what the correct result will be. I accept the Defendants' argument that the actions at issue are the actions that led to the amendments

---

[9] Defendants moved to dismiss Count X along with these other Counts, but Count X alleges misrepresentations to the IRS in pursuit of the IRA and does not allege anything pertaining to the processes underlying the 2010 or 2011 shareholder votes. (D.I. 122, ¶¶ 114-17). Defendants' arguments for dismissing the process claims provide no basis for dismissing Count X.

10

being up for a vote, not the votes themselves.  The Court reads Hoch's allegations to claim the

2011 vote is defective because: 1) Qualcomm's Compensation Committee, rather than the full

board, amended the LTIP and slated it for a vote; and 2) that committee approved three

amendments to the 2006 LTIP but slated the entire plan as amended for a vote.  Hoch's

allegations with regard to the 2010 vote are more general, stating the board never reviewed or

discussed the amendment to increase the share reserve and that there are no board minutes or

unanimous written consents regarding the 2006 LTIP.  (D.I. 122, ¶¶ 30-44).

The first issue for the Court is whether the allegedly defective actions are void or

voidable.  "The essential distinction between voidable and void acts is that the former are those

which may be found to have been performed in the interest of the corporation but beyond the

authority of management, as distinguished from acts which are *ultra vires*, fraudulent or gifts or

waste of corporate assets." *Michelson v. Duncan*, 407 A.2d 211, 218-19 (Del. 1979).  There

seems to be no dispute that it was within the board's power and authority to review those

amendments and slate them for a vote; Hoch claims only that the Qualcomm employees who put

the matter up for the votes did so without authority and without following proper procedures.

(D.I. 138 at 11).  If the board's alleged failure to properly slate the votes were the only defect

with the votes – in other words, if the issue were borne out of procedural defects as to how the

matters got up for a vote – *Michelson* would control, and the votes would be voidable.

Hoch also alleges the 2010 and 2011 votes are void because the board's failure to

properly slate the 2006 LTIP for those votes violated Qualcomm's bylaws, specifically § 5(b).

Hoch argues that because the board's failure to act violated the corporation's bylaws, the board's

omission is void, not voidable.  (D.I. 138 at 8-9; D.I. 122, ¶¶ 30-40; D.I. 160 at 31-32).

11

Defendants assert actions that violate bylaws have been found to be voidable, and refer back to the *Michelson* test for whether an act is void or voidable. (D.I. 143 at 9-10) (citing *Lofland v. DiSabatino*, 1991 WL 138505, at \*2-3 (Del. Ch. July 25, 1991)).

*Lofland* applies the *Michelson* test and provides that a defective meeting notice that violated the corporation's bylaws was voidable, not void, because it was not alleged and did not appear "that the defect was the result of bad faith or an attempt to mislead the shareholders" and the defect was "an innocent failure." *Id.* at \*3 (citing *Michelson*, 407 A.2d at 218). *Lofland* therefore refutes Hoch's argument that actions that violate a company's bylaws are *per se* void. There is no dispute that the board had the authority to approve and slate proposed amendments to the LTIP. Hoch provides no other reason why the votes would be void, and specifically, makes no argument that they are *ultra vires*, fraudulent, or gifts or waste of corporate assets under *Michelson*. (*See* D.I. 138, pp. 10-11). The alleged defects in slating matters for the 2010 and 2011 votes are voidable.

The next step of the analysis is whether the voidable actions could be, and were, ratified by the board. Specifically, the issue is whether a voidable action – a corporate action within the board's authority – that resulted in a shareholder vote can be ratified by the board alone, without a new shareholder vote. Defendants assert that the board ratified its approval of the 2010 and 2011 amended LTIPs by performing or executing the amendments, as evidenced by a number of corporate documents. (D.I. 128 at 19-20) (citing *CarrAmerica Realty Corp. v. Kaidanow*, 321 F.3d 165, 173 (D.C. Cir. 2003); *Kalageorgi v. Victor Kamkin, Inc.*, 750 A.2d 531, 539 (Del.Ch. 1999); *Adams v. Calvarese Farms Maintenance Corp.*, 2010 WL 3944961, \*9 (Del. Ch. Sept. 17, 2010)). Hoch claims that if the votes were voidable, Delaware law requires the votes be cured by

12

a new shareholder vote, not by the board.[10] (D.I. 138 at 8-13).

Defendants have not shown that Delaware law requires dismissal because the board

ratified the alleged defects in the 2010 and 2011 amended LTIPs. Defendants' cited cases -

*Kalageorgi, CarrAmerica*, and *Adams, supra* - were all decided upon a complete factual record

(trial, summary judgment, and trial, respectively). Indeed, Defendants' argument that the board

implicitly ratified the defects depends upon proving the board ratified the votes as evidenced by

documents outside the pleadings. (D.I. 128 at 19, Ex. H, M, J, N, C, E, G). The issue of whether

the board implicitly[11] ratified the defective actions relating to board approval and slating matters

for a vote is not properly decided at this motion to dismiss stage. Defendants' motion cannot be

granted on the basis that the board ratified the 2010 and 2011 shareholder votes.

## CONCLUSION

Defendants' motion is denied in part. Regarding Counts II and III, Defendants have not

shown that Hoch is not entitled to relief based on the compensation being deductible and

precluding any harm to Qualcomm, even with the added argument relying on the nonbinding

IRA. Regarding Counts VIII and IX and XI through XIII, while the allegedly defective

shareholder votes are voidable, Defendants have not shown that dismissal is warranted because

the board could and did ratify those votes. Defendants have not shown any grounds for

---

[10] Hoch also asserted as an alternative position that any board ratification failed because the board did not take any ratifying action at a proper meeting. (D.I. 138 at 13; D.I. 160 at 29). At oral argument, Hoch also asserted that there can be no ratification by the board because the defect is a board omission, as opposed to a board action, and that board omissions cannot be ratified. (D.I. 160 at 31-32). Because Defendants have not shown that any board action ratified the allegedly defective shareholder votes, the Court need not reach these arguments.

[11] There is no representation of any express ratifying act by the board.

13

dismissing Count X. The remainder of Defendants' motion, regarding Counts IV, V, and VII, was granted at oral argument. An appropriate order will follow.