**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JEFFREY KAUFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 11-CV-217-RGA |
| v. | ) | |
| | ) | |
| BARBARA T. ALEXANDER, et al, | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendants, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| QUALCOMM INCORPORATED, | ) | |
| | ) | |
| Nominal Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO EXCLUDE THE
EXPERT REPORT AND DISCLOSURE OF BASIL A. IMBURGIA**

Dated: July 3, 2013

*Of Counsel*

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
William J. Ban
Michael A. Toomey
425 Park Avenue, Suite 3100
New York, New York 10022
Tel: (212) 688-0782
Fax: (212) 688-0783

BARRACK, RODOS & BACINE
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, Pennsylvania 19103
Tel: (215) 963-0600

Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
rpiergiovanni@farnanlaw.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ iii

SUMMARY OF ARGUMENT .................................................................................................... 1

LEGAL STANDARD.................................................................................................................. 2

ARGUMENT ............................................................................................................................... 3

    A.   Mr. Imburgia Is Not Qualified to Opine on ███████████████ .. 3

    B.   The Imburgia Report Relies upon an Unscientific, Unverifiable Analysis...................... 5

    C.   The Imburgia Report Invades the Province of the Court .................................................. 9

    D.   The Imburgia Report Usurps the Role of the Fact-Finder ............................................. 13

    E.   The Imburgia Report Should Be Excluded under Rule 37(c)(1) for Improperly Relying
           on Evidence Not Disclosed in Discovery and Which Contradicts the Evidence That
           Was Disclosed ................................................................................................................ 14

CONCLUSION ........................................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, 2012 WL 3579607 (M.D. Pa. Aug. 17, 2012) .................................................................................................................... 3, 7

*Askanase v. Fatjo*, 130 F.3d 657 (5th Cir.1997) ......................................................... 13

*AstraZeneca UK Ltd. v. Watson Laboratories, Inc. (NV)*, 2012 WL 6043266 (D. Del. Nov. 14, 2012) ........................................................................................................................ 9

*Berckeley Inv. Grp. V. Colkitt*, 455 F.3d 195 (3d Cir. 2006) ......................................... 3

*Cantor v. Perelman*, 2006 WL 3462596 (D. Del. Nov. 30, 2006 ............................ 3, 10

*CMI–Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887 (6th Cir.1996) .......................... 9

*Coyne's & Co., Inc. v. Enesco LLC*, 2010 WL 326997 (D. Minn. Aug. 16, 2010)..................... 10

*Cryovac Inc. v. Pechiney Plastic Packaging, Inc.*, 430 F. Supp. 2d 346 (D. Del. 2006) ......... 9, 11

*D2K, Inc. v. American Suzuki Motor Corp.*, 2012 WL 4339386 (N.D. Ala. Sept. 13, 2012) ...... 15

*Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311 (9th Cir. 1995) ...................................... 6, 7

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ......................................... 2

*Fidelity Nat. Title Ins. Co. v. Doubletree Partners, L.P.*, 866 F. Supp. 2d 604 (E.D. Tex. 2011) . 2

*Flickinger v. Toys-R-Us*, 492 Fed. Appx. 217 (3d Cir. 2012) ................................... 3, 10

*Fradkin v. Ernst*, 571 F. Supp. 829 (N.D. Ohio 1983) ................................................ 6

*Frankston v. Aura Sys.*, 1998 U.S. App. LEXIS 20531 (9th Cir. Aug. 19, 1998)........................ 13

*In re TMI Litig.*, 193 F.3d 613 (3d Cir. 1999) ....................................................... 2, 14

*In re Zoran Corp. Derivative Litig.*, C 06-05503 WHA, 2008 WL 941897 (N.D. Cal. Apr. 7, 2008) ................................................................................................................... 4

*Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710 (3d Cir. 1997) ............................ 15

*Lynch v. Vickers Energy Corp.*, 429 A.2d 497 (Del. 1981) ........................................................ 13

*Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505 (2d Cir. 1977) ................................................ 12

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977) .................. 15

*Morales v. Am. Honda Motor Co.*, 151 F.3d 500 (6th Cir.1998) ................................................ 9

*North Am. Philips Corp. v. Aetna Cas. & Sur. Co.*, 1995 WL 628447 (Del. Super. Apr. 22, 1995)

......................................................................................................................................... 11

*OSI Pharmaceuticals, Inc. v. Mylan Pharmaceuticals Inc.*, 858 F. Supp.2d 341 (D. Del. 2012) .. 5

*Pineda v. Ford Motor Co.*, 520 F.3d 237 (3d Cir. 2008) ............................................................ 9

*Roadway Exp., Inc. v. Highway Truck Drivers and Helpers, Local No. 107*, 299 F. Supp. 1058

(E.D. Pa. 1969) .................................................................................................................... 7

*Salas v. Carpenter*, 980 F.2d 299 (5th Cir.1992) ....................................................................... 2

*Salas v. Wang*, 846 F.2d 897 (3d Cir. 1988) ............................................................................ 13

*Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396 (3d Cir. 2003) ........................ 1, 3

*Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 615 F. Supp. 2d

304 (D. Del. 2009), *aff'd in part, vacated in part by* 637 F.3d 1269 (Fed. Cir. 2011) ............. 15

*Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356 (Fed. Cir. 2008) ........................... 5

*Transportes Aereos Pegaso, S.A. DE C.V. v. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518

(D. Del. 2009) ...................................................................................................................... 3

*United States v. Galvin*, 394 F.2d 228 (3d Cir. 1968) .............................................................. 14

*Walker v. Gordon*, 46 Fed. Appx. 691 (3d Cir 2002) ............................................................... 14

*Weinberger v. U.O.P., Inc.*, 457 A.2d 701 (Del. 1983) ............................................................. 13

*XpertUniverse, Inc. v. Cisco Systems, Inc.*, 2013 WL 936449 (D. Del. Mar. 11, 2013) ....... passim

**Other Authorities**

5

4

5

5

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................. 1, 14

Fed. R. Civ. P. 37 ............................................................................................................. 1, 14

Fed. R. Evid. 702 ............................................................................................................... 2, 3

Plaintiff, Jeffrey Kaufman, moves to exclude the Expert Report and Disclosure ("Imburgia Report") of Basil A. Imburgia ("Mr. Imburgia") proffered by Defendants in this derivative action filed by Plaintiff, a shareholder of Qualcomm Incorporated ("Qualcomm" or the "Company"), against Qualcomm's Board of Directors and Senior Executives (collectively, "Defendants") for, *inter alia*, dissemination of a false and misleading proxy statement, breach of fiduciary duties, waste and unjust enrichment in connection with Defendants' solicitation of shareholder approval for an executive compensation plan that is not tax deductible.

## SUMMARY OF ARGUMENT

Defendants have proffered the opinions of Mr. Imburgia in response to the Rule 26(a)(2) Statement of Harris L. Devor, a Certified Public Accountant, retained by Plaintiff as an expert witness for the purpose of ███████████████████████████████ ████████████████████████████████████████. As a threshold matter, Mr. Imburgia's opinions fail to meet the "'trilogy of restrictions on expert testimony:  qualification, reliability and fit.'"  *XpertUniverse, Inc. v. Cisco Systems, Inc.*, 2013 WL 936449, *1 (D. Del. Mar. 11, 2013) (quoting *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404-405 (3d Cir. 2003)).  Mr. Imburgia lacks the expertise required to properly ████████████ ██████████ which is the only expertise relevant to this case.  The information upon which he bases his opinions is not reliable, was not verified by him, and expressly contradicts that which was provided to Plaintiff in discovery, the latter of which alone warrants exclusion of the Imburgia Report under Fed. R. Civ. P. 37(c)(1).  Moreover, Mr. Imburgia's conclusions are based on assumptions, assurances, and suggestions that have no basis in any economic and accounting principles or related literature.  Mr. Imburgia's "trust me, I'm an expert" approach is simply not enough to satisfy the standards for admissibility under Rule 702 of the Federal Rules

of Evidence and the Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

In addition, Mr. Imburgia's so-called expert opinions are improper legal conclusions which invade the province of the Court and inappropriate directives to the fact-finder regarding the weight that should be assigned to evidence.  Indeed, the Imburgia Report is more akin to attorney argument and reads more like an attorney's brief than an expert report.  *See, e.g.,Fidelity Nat. Title Ins. Co. v. Doubletree Partners, L.P.*, 866 F. Supp. 2d 604, 615 (E.D. Tex. 2011) ("[A]n expert should not be permitted to give opinions that reiterate what the lawyers offer in argument.") (citing *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir.1992)).  Accordingly, the Court should exclude the Imburgia Report.

## LEGAL STANDARD

In order to be admissible, expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  It is the responsibility of the trial judge to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert*, 509 U.S. at 597.  However, the burden rests on the party proffering expert testimony to convince the Court, by a preponderance of the evidence, that it meets all the standards for admissibility.  *Id.* at 592 n.10; *In re TMI Litig.*, 193 F.3d 613, 663 (3d Cir. 1999).

Accordingly, Defendants must demonstrate that Mr. Imburgia (1) is qualified as an expert, (2) has used reliable methodology, and (3) has offered relevant testimony and opinions. *XpertUniverse*, 2013 WL 936449 at *1.  A qualified expert witness must possess "specialized expertise" in the relevant field.  *Id.*  The expert's testimony must also be reliable, meaning that "'it must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or her belief.'"  *Id.*  (quoting

2

*Schneider*, 320 F.3d at 404-05) (internal quotations omitted).  Lastly, "'Rule 702 requires that the expert testimony must fit the issues in the case.  In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.'"  *Id.*

An expert's opinion does not assist the trier of fact if it opines on matters of common sense because such matters are within the province of the jury.  *See, e.g., Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, 2012 WL 3579607, *14 (M.D. Pa. Aug. 17, 2012).  In addition, "an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts."  *Transportes Aereos Pegaso, S.A. DE C.V. v. Bell Helicoter Textron, Inc.*, 623 F. Supp. 2d 518, 533 (D. Del. 2009) (citations and quotation omitted); *see also Flickinger v. Toys-R-Us*, 492 Fed. Appx. 217, 224 (3d Cir. 2012); *Berckeley Inv. Grp. V. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) (holding that "an expert witness is prohibited from rendering a legal opinion")*.*  Such testimony usurps the Court's role and is unhelpful to the trier of fact.  *Flickinger*, 492 Fed. Appx. at 224; *see also Cantor v. Perelman*, 2006 WL 3462596, at *3 (D. Del. Nov. 30, 2006) ("I will not be assisted in my role as fact finder in this bench trial by hearing the law explained from the witness stand.  The able attorneys on both sides of this case can articulate the law in their arguments . . . .").  Accordingly, an expert's report or testimony that lacks a reliable basis, states legal conclusions, or offers "common sense" observations is irrelevant, and should be excluded for failing to meet the criteria of Rule 702 and *Daubert.*

## ARGUMENT

**A.**        Not Qualified to Opine on the ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮

The only expert evidence that either party has put forward thus far regards ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Mr. Imburgia's understanding of how ███████████████, however, calls in question

his ability to act as an expert in this regard, and his ability to ████████████████.

    For example, at his deposition, Mr. Imburgia revealed that he has almost no experience

████████████████. Declaration of Rosemary J. Piergiovanni ("Piergiovanni

Decl."), Exh. 1, Deposition Transcript of Basil A. Imburgia. ███████████████

███████████████████████████████████████████████████

    Mr. Imburgia also failed to comprehend the ███████████████████

███████████████████████████████████████████████████



In addition, Mr. Imburgia has never provided an expert opinion about ▮▮▮▮▮

In sum, Mr. Imburgia is not qualified to opine on ▮▮▮▮▮ *Cf. OSI Pharmaceuticals, Inc. v. Mylan Pharmaceuticals Inc.*, 858 F. Supp.2d 341, 360 (D. Del. 2012) (excluding expert witness's testimony in a patent case where witness's credentials were not consistent with the "pertinent art") (quoting *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008).  Accordingly, the Imburgia Report should be excluded because Mr. Imburgia lacks the basic expertise and experience necessary to render the opinions in his Report.

**B.**     The Imburgia Report Relies upon an Unscientific, Unverifiable Analysis



To provide admissible testimony, Mr. Imburgia  may not simply ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, yet he does just that.  *See Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) ("The expert's bald assurance of validity is not enough.   Rather, the party presenting the expert must show that the expert's findings are based on sound science, and this will require some objective, independent

validation of the expert's methodology").  His methodology is based entirely his own flawed

belief that ████████████████████████████████████████████████████████████

██████████████████████████████████████████ Since he provides no support for this

methodology ████████████████████████████████████████████████████████

██████████████████████ – the Imburgia Report itself is speculative and lacking in

any foundation. [4]   Experts should not testify as to "common sense" matters.  *Arlington*

*Industries*, 2012 WL 3579607, at 14.  In addition, Mr. Imburgia's opinions should be excluded

because they are a product of an unreliable and unsupported assumption that ████████████

██████████████████████████████ *Daubert,* 43 F.3d at 1316; *see also*

*XpertUniverse*, 2013 WL 936449 at *2 (recognizing that an expert "may not opine on what he

has only assumed," and such a report is not helpful, such that exclusion of the opinion is

warranted).

        Moreover, Mr. Imburgia bases his ████████████████████████ on wholly unreliable

and undocumented evidence that expressly contradicts that which was provided to Plaintiff by

Defendants in discovery.  Specifically, in analyzing ████████████████████████████

█████████████████████ Mr. Imburgia considers ████████████████████████████

████████████████████████████████████████████████████████████

---

[4] In fact, Mr. Imburgia never even looked at Qualcomm's actual experience ██████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████ This information was not part of the discovery received by Plaintiff.

Upon further inquiry at his deposition, Mr. Imburgia revealed that this information was not even provided directly to him, but to an assistant in his office, Juli Saitz, who added footnote 17 to his report. *Id.,* Exh. 1 at Tr. 33:17-24. Mr. Imburgia did not know if the communication was verbal or written. *Id.* at Tr. 33:24-34:8. He did not know who Ms. Saitz spoke with to obtain this information, *id.* at Tr. 34:9-10, and in fact, he did not even know if the information was provided to Ms. Saitz through counsel or directly from ████████████████████ ██████████ *Id.* at Tr. 34:14-23. And, incredibly, he never took any measures to verify the information upon which he was relying. *Id.* at Tr. 35:18-36:8. This is simply not reliable and sufficient data to support Mr. Imburgia's ██████ *XpertUniverse,* 2013 WL 936449 at *4-5.

In addition to these questions about the reliability of the Imburgia Report, the use of evidence not provided to Plaintiff in discovery alone warrants exclusion of the Imburgia Report under Fed. R. Civ. P. 37(c)(1), as discussed in Section III.E, *infra*. Specifically, in Interrogatory No. 4 from Plaintiff's Second Interrogatories to All Defendants, Plaintiff asked, ██████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

In sum, Mr. Imburgia's opinions do not pass muster under Rule 702 and *Daubert*.  His lack of experience with the main focus of this case, coupled with his unsupported assumptions and the lack of support for his analysis, render his opinions unreliable and ultimately unhelpful to the trier of fact in this case.  Accordingly, the Court should exclude the Imburgia Report for failing to meet the standards of admissibility.

### C.      The Imburgia Report Invades the Province of the Court

In Part A of the Imburgia Report, Mr. Imburgia proffers the wholly legal conclusion that Mr. Devor's report is not an expert report or a damages report.  Piergiovanni Decl., Exh. 9 at 7.  Mr. Imburgia's conclusion (and the related implication that Mr. Devor's opinion is not admissible) goes to the heart of this Court's role as gatekeeper under the Federal Rules of Evidence and *Daubert*, 509 U.S. at 597.  The proper characterization of Mr. Devor's report and the determination of whether it qualifies as an expert report under *Daubert* are matters reserved solely for the Court's determination.  *AstraZeneca UK Ltd. v. Watson Laboratories, Inc. (NV)*, 2012 WL 6043266, *1 (D. Del. Nov. 14, 2012) (citing *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008)); *cf. Cryovac Inc. v. Pechiney Plastic Packaging, Inc*., 430 F. Supp. 2d 346, 364-365 (D. Del. 2006) (expert not permitted to testify that parties' agreement was not a contract); *accord CMI–Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir.1996) (expert not permitted to testify that transaction was a loan rather than a joint venture), *abrogated on other grounds by Morales v. Am. Honda Motor Co*., 151 F.3d 500 (6th Cir.1998).

Similarly, Mr. Imburgia impermissibly attacks Mr. Devor's opinions and calculations on the basis of causation principles.  His own description of his opinion demonstrates why it is inadmissible:

Mr. Imburgia's explanation of the legal concept of "but for" causation is precisely the type of opinion that is routinely excluded for "usurping the District Court's pivotal role in explaining the law to the jury."  *Flickinger*, 492 Fed. Appx. at 224 (excluding expert report and opinions on legal phrases like "exclusive control, "dangerous condition, "substantial cause," and "negligence" because "[t]hese phrases are legal terms of art that courts commonly hold cannot be the subject of expert testimony").  Indeed, as discussed above, it is for the Court to determine whether Mr. Devor's opinion meets the threshold legal standards for admissibility, and this Court does not need to be instructed as to the requirements of but-for causation by any expert, let alone a non-legal expert like Mr. Imburgia.[5]  *Cantor*, 2006 WL 342596, at *3.  Moreover, Plaintiff is not offering Mr. Devor's opinion to establish causation.  And, in fact, he is not required to opine on causation.  *XpertUniverse*, 2013 WL 936449, at *2 (rejecting the expert's but-for damages

---

[5]  Further, the objections Mr. Imburgia makes to Mr. Devor's opinion go to the weight to be afforded to it (and not to its admissibility).  As such, these matters are an appropriate subject for legal cross-examination (or attorney argument on a properly filed *Daubert* motion), and not a basis for an expert to opine on the admissibility of, or weight that should be given to, another expert's opinions.  Indeed, the resolution of these issues is a matter within the province of the Court and the factfinder, respectively.

model "as a stand-in for causation" and holding that "[c]ausation is a factual issue on which [the expert] has not offered any helpful expert testimony," and that plaintiff "must prove causation through fact testimony").  Rather, consistent with Mr. Devor's expertise as an accountant, ███ ███████████████████████████████████████████████████████████████████ ████████  This ██████████ requires Mr. Devor's experience and expertise in the field of accounting, and neither the credibility of ████████████, nor its admissibility, hinges on causation principles, as Mr. Imburgia improperly suggests.

Perhaps most egregiously, Mr. Imburgia renders a plethora of legal conclusions regarding ███████████████████████████████████████████████████████████████ ████████, and the interaction between those two documents, as well as the manner in which the legal obligations expressed therein should constrain and/or obligate the Company.  After providing the text of ███████████████████████████████████████



It is well-established that an expert may not offer testimony or opinions on substantive areas of contract law.  *Cryovac Inc.*, 430 F. Supp. 2d at 364-365 (granting motion to exclude expert testimony that alleged agreements were not supply or requirements contracts and did not obligate the parties to perform certain duties); *see also North Am. Philips Corp. v. Aetna Cas. & Sur. Co.*, 1995 WL 628447, at *3-4 (Del. Super. Apr. 22, 1995) ("In regard to the instant motion,

the proper scope of expert testimony intersects with the law of contract interpretation, which

firmly prohibits expert testimony as to legal duties, standards or ramifications arising from a

contract.  Such testimony is reversible error and is not repaired by cross-examination.") (citing

*Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977) (holding that court erred in

permitting securities expert to testify as to legal obligations of parties under a contract)).

Indeed, Mr. Imburgia's contractual "analysis" and other legal commentary regarding Mr.

Devor's Report provides a perfect example of why experts are not permitted to venture into the

areas of legal opinions and conclusions.  Mr. Imburgia completely ignores



Further, Mr. Imburgia makes the flatly incorrect legal assertion that

Mr. Imburgia's

uninformed legal opinion on this matter ignores the form of, and theory behind, Plaintiff's

action.  Plaintiff's suit is an action against the directors of Qualcomm for their misdeeds against

the Company.  Therefore, Qualcomm is an aggrieved party, and it is the directors who should

correct any problems they have caused ████████████████████████████████

*Frankston v. Aura Sys.*, 1998 U.S. App. LEXIS 20531, at *4 (9th Cir. Aug. 19, 1998) ("Under

Delaware law, it is well recognized that a director owes a fiduciary duty to the corporation and

its shareholders, and can be held liable for the breach of such duty") (citing *Lynch v. Vickers*

*Energy Corp.*, 429 A.2d 497, 503 & n.4 (Del. 1981), *overruled on other grounds*, *Weinberger v.*

*U.O.P., Inc.*, 457 A.2d 701, 703 (Del. 1983).  Accordingly, Mr. Imburgia's legal analysis is not

only substantially incomplete and outside the proper scope of his role as an expert, it is also

incorrect as a matter of law.

     In sum, the Imburgia Report consists primarily of inadmissible legal conclusions that

invade this Court's role as arbiter of the law.  As the Fifth Circuit aptly put it, "There is one, but

only one, legal answer for every cognizable dispute.  There being only one applicable legal rule

for each dispute or issue, it requires only one spokesman of the law, who of course is the judge."

*Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir.1997).[6]  Accordingly, the Court should exclude the

Imburgia Report for its irrelevant, inappropriate and erroneous legal conclusions which invade

the province of the Court.

     **D.**    <u>The Imburgia Report Usurps the Role of the Fact-Finder</u>

     In addition to invading the Court's role as arbiter of the law, Mr. Imburgia also usurps the

factfinder's role by assessing the credibility and weight that should be given to Mr. Devor's

---

[6] The law of the Fifth Circuit with regard to the inadmissibility of expert opinions rendering legal conclusions is consistent with the law of the Third Circuit.  *See Salas v. Wang*, 846 F.2d 897, 905 n.5 (3d Cir. 1988) (noting Fifth Circuit precedent that precludes experts from answering questions and/or testifying as to legal conclusions).

opinions.  Piergiovanni Decl., Exh. 9 at 9 ████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████.  Once the Court determines the admissibility of expert testimony or opinion,

it is for the trier of fact to assess the credibility of the expert witness.  *In re TMI Litig*., 193 F.3d

613, 666 (3d Cir. 1999); *see also Walker v. Gordon*, 46 Fed. Appx. 691, 695 (3d Cir 2002)

("Determinations regarding the weight to be accorded, and the sufficiency of, the evidence relied

upon by the proffered expert, are within the sole province of the jury."); *United States v. Galvin*,

394 F.2d 228, 229 n. 1 (3d Cir. 1968) ("Any reservations in the expressed opinion, as with

shortcomings in an expert's qualifications, go to the weight of the evidence and are a

determination for the jury or fact-finder to make[.]") (citations omitted).    Accordingly, Mr.

Imburgia's opinion should be excluded for eclipsing the fact-finder's role in determining the

weight to be afforded Mr. Devor's expert opinion.

      **E.**     The Imburgia Report Should Be Excluded under Rule 37(c)(1) for Improperly
             Relying on Evidence Not Disclosed in Discovery and Which Contradicts the
             <u>Evidence That Was Disclosed</u>

Pursuant to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a

witness as required by Rule 26(a) or (e), the party is not allowed to use that information or

witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless."   In turn, Fed. R. Civ. P. 26(a)(2)(B)(ii) requires disclosure

of "the facts or data considered by the witness in forming [his or her opinions]."   In determining

whether to preclude evidence under Rule 37, the Court considers five factors: (1) the prejudice to

or surprise of the party against whom the evidence is offered; (2) the ability of the injured party

to cure the prejudice; (3) the likelihood of disruption of trial; (4) the bad faith or willfulness

involved in not complying with the disclosure rules; and (5) the importance of the evidence to the proffering party (the "*Pennypack* factors"). *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)).

As discussed in Part III.B, *supra*, Mr. Imburgia used information outside the scope of the parties' discovery and provided to his assistant privately from an unverified and, as yet, unknown source who represented the information was from ███████████████████ ██████████████ This information is entirely at odds with the information Defendants provided to Plaintiff in discovery in response to Plaintiff's interrogatories.  Defendants should not be permitted to rely on an expert report that is not based on the evidence and discovery in the case, and in fact, contradicts that evidence. *See, e.g., Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.,* 615 F. Supp. 2d 304, 314 (D. Del. 2009) (holding that expert could not rely on testing that was not disclosed to plaintiff during discovery), *aff'd in part, vacated in part by* 637 F.3d 1269, 1286 (Fed. Cir. 2011) (court did not abuse its discretion in precluding expert from testifying regarding testing and test results not given to plaintiff in discovery); *D2K, Inc. v. American Suzuki Motor Corp.*, 2012 WL 4339386, *1 (N.D. Ala. Sept. 13, 2012) (granting motion to strike expert report where expert wrote his report in reliance on data not produced in discovery that, nonetheless, was responsive to plaintiffs' discovery requests).

With respect to the *Pennypack* factors in particular, Defendants' use of this information, as the crux of their expert's report, has both surprised and prejudiced Plaintiff.  Specifically, fact discovery closed in this case on February 28, 2013, yet Plaintiff had no notice, until his recent receipt of the Imburgia Report, that Defendants would be relying on ████████████████

15

███████████   Notably, Defendants have never supplemented their responses to Plaintiff's

Interrogatory or otherwise provided discovery that would substantiate this information.  And,

with fact discovery long since closed, Plaintiff has no opportunity to learn where ████████████

████████████████████████████████████████████████████████████████████████

███████████   Further, the importance ████████████████ to Mr. Imburgia's Report and

Defendants' case, as a whole, cannot be overstated.  In fact, ██████████ is the entire basis of Mr.

Imburgia's criticism of Mr. Devor's Report, and it is the underlying basis for Defendants' flawed

position that ████████████████████████████████████████████ At

this late juncture, any attempt to allow Plaintiff to conduct discovery on this issue would

certainly delay trial, further prejudicing Plaintiff.

Given Defendants' delay in the disclosure of this critical evidence, their failure to

supplement their Interrogatory Responses as required by the Rules of Civil Procedure, and

Plaintiff's inability to cure the prejudice resulting from this contradictory disclosure, Defendants

should not be permitted to rely on the Imburgia Report's use of that evidence.  Accordingly, the

Court should exclude the Imburgia Report for this additional reason.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's

Motion and exclude the Imburgia Report.

Dated: July 3, 2013                           Respectfully submitted,

                                              FARNAN LLP

                                              /s/ Rosemary J. Piergiovanni
                                              Joseph J. Farnan, III (Bar No. 3945)
                                              Brian E. Farnan (Bar No. 4080)
                                              Rosemary J. Piergiovanni (Bar No. 3655)
                                              919 N. Market Street, 12th Floor
                                              Wilmington, DE 19801

16

Telephone: (302) 777-0300
Facsimile: (302) 777-0301
rpiergiovanni@farnanlaw.com


*Of Counsel*:


BARRACK, RODOS & BACINE
Alexander Arnold Gershon
Michael A. Toomey
425 Park Avenue, Suite 3100
New York, New York 10022
Tel: (212) 688-0782
Fax: (212) 688-0783

BARRACK, RODOS & BACINE
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
(215) 963-0600

*Attorneys for Plaintiff*