IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JEFFREY KAUFMAN,** | |
| Plaintiff; | |
| v. | |
| **BARBARA T. ALEXANDER, et al.,** | Civil Action No. 11-00217-RGA |
| Defendants, | |
| v. | |
| **QUALCOMM INCORPORATED** | |
| Nominal Defendant. | |

MEMORANDUM ORDER

The Court now takes up nominal Defendant Qualcomm Incorporated's Motion for Summary Judgment. (D.I. 318). The issue is fully briefed. (D.I. 319, 320, 321).

1. Qualcomm argues that summary judgment should be granted for it for both Counts VIII and XI. Qualcomm argues that the court should grant summary judgment as to Count VIII because the Court already found, "'no reasonable jury would find that' Qualcomm's directors 'failed to properly approve the 2006 LTIP, as amended in 2011, for shareholder vote.'" (D.I. 319 at 5 (citing D.I. 315 at 15)). Qualcomm further argues that summary judgment is appropriate regarding Count XI because the Court already found that the 2011 Amended LTIP was properly approved. *Id.*

2. The Plaintiff argues that, "Simply said, based on the arguments Plaintiff has previously made with regard to these claims, the Court should not grant Qualcomm summary

1

judgment with regard to counts VIII or XI." (D.I. 320 at 5). The Plaintiff further argues that the Court's finding that there was "no evidence that the Directors purported to bind themselves individually to the LTIP" does not apply to Qualcomm and therefore Count XI should not be dismissed. *Id.*

3. The Plaintiff has presented no new arguments regarding Count VIII. Therefore, the Court adopts is previous decision that no reasonable jury would find that the 2011 Amended LTIP was not properly approved, and thus **GRANTS** Qualcomm's Motion for Summary Judgment on Count VIII.

4. Count XI is a breach of contract claim.[1] The Plaintiff's claim relies on the presumption that the "Defendants violated § 16 of the 2006 LTIP by paying out more stock-based compensation than the stockholder approved share reserve that was last properly approved by Qualcomm's shareholders. Since neither the 2010 nor 2011 share reserve increases complied with Delaware law or Qualcomm's bylaws, these share reserve increases are not valid and the share reserve remains where it was before these votes." (D.I. 213 at ¶ 119). However, the Court found that the 2011 Amended LTIP was properly approved and thus the share reserve increases were valid. (D.I. 315 at 11-16). Therefore, as the premise on which the claim depends runs counter to the Court's previous finding in this case, Qualcomm's Motion for Summary Judgment on Count XI is **GRANTED**.

Entered this 11th day of June, 2014.

                                        *Richard G. Andrews*
                                      United States District Judge

---

[1] While the parties seem to agree that Qualcomm is a defendant for the purpose of Count XI, it appears that the only relief sought is against the Defendant Directors and in favor of Qualcomm.